# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREE SPEECH COALITION, INC., et al.** | ) | **CASE NO. 2:09-4607** |
| | ) | |
| Plaintiffs, | ) | **JUDGE MICHAEL M. BAYLSON** |
| | ) | |
| -vs- | ) | |
| | ) | **PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT WITH BRIEF IN SUPPORT** |
| **THE HONORABLE ERIC H. HOLDER, JR.,** Attorney General, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiffs move pursuant to Rule 15 (a)(2) of the Federal Rules of Civil Procedure for leave to amend their complaint. Rule 15 (a)(2) provides that a party may amend its pleadings with leave of court, which, it instructs, should be freely given when justice so requires.

The grounds for Plaintiffs' proposed amendments to their complaint are described in the brief which accompanies this motion pursuant to Rule 7.1 (c) of the Local Rules of Civil Procedure, United States District Court for the Eastern District of Pennsylvania.

Attached are the Amended Complaint and Proposed Order granting this Motion.

Respectfully submitted,

Date: April 5, 2010

/s/ Lorraine R. Baumgardner

J. MICHAEL MURRAY (0019626)
jmmurray@bgmdlaw.com
LORRAINE R. BAUMGARDNER (0019642)
lbaumgardner@bgmdlaw.com
BERKMAN, GORDON, MURRAY & DeVAN
55 Public Square, Suite 2200
Cleveland, Ohio 44113-1949
(216) 781-5245
(216) 781-8207 (Facsimile)

(signature block continued on next page)

KEVIN E. RAPHAEL (72673)
KER@Pietragallo.com
J. PETER SHINDEL, JR. (201554)
JPS@Pietragallo.com
PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, Pennsylvania 19103
(215) 320-6200
(215) 981-0082 (Facsimile)

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREE SPEECH COALITION, INC., et al.** | ) | **CASE NO. 2:09-4607** |
| | ) | |
| Plaintiffs, | ) | **JUDGE MICHAEL M. BAYLSON** |
| | ) | |
| -vs- | ) | |
| | ) | **BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT WITH BRIEF IN SUPPORT** |
| **THE HONORABLE ERIC H. HOLDER, JR.,** Attorney General, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiffs filed their Complaint on October 7, 2009, challenging 18 U.S.C. § 2257 and 18 U.S.C. § 2257A under the First and Fourth Amendments to the United States Constitution. *Docket No.* 1. Specifically, Plaintiffs claim that the statutes' and regulations' inspection scheme which permits warrantless searches and seizures violates the Fourth Amendment. *Complaint*, ¶¶ 16, 72-75.

Defendant filed a Motion to Dismiss the Complaint on December 14, 2009–claiming, among other things, that Plaintiffs' Fourth Amendment challenge was not ripe for review. *Docket No.* 17. Defendant wrote: "As an initial matter, this Court should exercise caution in reviewing the inspection scheme at issue here because plaintiffs do not claim to have been subject to any inspections." *Defendant's Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction and in Support of Defendant's Motion to Dismiss*, pp. 41-42. He reiterated: "Here, there is no allegation that the government has initiated any inspection of records on plaintiffs' premises." *Id*. at 42.

Plaintiffs contend that the allegations of the Complaint do, in fact, present a Fourth Amendment claim that is ripe for review. *See, Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss*, pp. 37-39. *Docket No.* 25. To provide a more complete set of allegations regarding their Fourth Amendment claim, however, Plaintiffs seek leave to permit them to amend their complaint

to allege additional facts relevant to their Fourth Amendment challenge. Specifically, Plaintiffs seek to amend their Complaint to include the following paragraph:

> Several of Free Speech Coalition's members have been subjected to inspections pursuant to 18 U.S.C. § 2257 and its implementing regulations. In each instance, a team of FBI agents came to the member's private business premises, without a warrant or prior notice, gained access under authority of 18 U.S.C. § 2257 and its implementing regulations, entered areas of the business premises not open to the public, searched through the business's files and records owned and possessed by the member pertaining to its sexually explicit expression and made copies of certain records. The agents also took photos of the interior areas of the business premises–again, all without a warrant. Inspections have also been made by FBI agents of producers who are not members of Plaintiff Free Speech Coalition, and in two instances, upon information and belief, inspections were conducted at private residences of the producers because that is where their records were maintained.

*Amended Complaint*, ¶ 20. (Attached).

Rule 15 of the Federal Rules of Civil Procedure reads in relevant part:

> **(a) Amendments before Trial.**
>
> **(1)** ***Amending as a matter of course***. A party may amend its pleading once as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12 (b), (e), or (f), whichever is earlier.
>
> **(2)** ***Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. ***The court should freely give leave when justice so requires.***

(Emphasis added).

In *Toll Bros., Inc. v. Township of Reading*, 555 F.3d 131 (3rd Cir. 2009), the Third Circuit held that the district court abused its discretion by refusing to grant the plaintiff leave to amend its complaint under Rule 15 (a) (2), Federal Rules of Civil Procedure. *Id*. at 144, n.10. The plaintiff in *Toll Bros.* filed suit against various governmental entities alleging violations of its constitutional

rights in connection with a township zoning ordinance. *Id.* at 136. Defendants moved to dismiss for lack of standing. *Id.* Plaintiff opposed the motion and also sought leave to amend its complaint. *Id.*

The district court dismissed plaintiff's complaint–finding, among other things, that its claimed injury was not "concrete and particularized" and rejected plaintiff's request for leave to amend. *Id.*

The Third Circuit reversed. The court reviewed the factual allegations of the complaint and determined that the plaintiff's allegations challenging the constitutionality of the township's zoning restrictions satisfied the constitutional standing elements. *Id.* at 143. It explained that Plaintiff Toll Brothers had alleged cognizable injuries that were traceable to the defendants' challenged actions and that those injuries were likely to be redressed by a decision favorable to the plaintiff. *Id.* at 144. The court also concluded:

> We also hold that the District Court abused its discretion by refusing to grant Toll Brothers leave to amend its complaint. Under Federal Rule of Civil Procedure 15(a), leave to amend should be "freely given when justice so requires," and we have recognized that "a district court ***must*** permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3rd Cir. 2008). Toll Brothers' proposed amendment would not have been inequitable and was not futile. In fact the proposed amended complaint would have, *inter alia*, added Readington Properties as a plaintiff and the addition of that entity as a plaintiff would likely have solved any standing problem.

*Id.* (Emphasis added).

Under *Toll Bros.*, this Court should grant Plaintiffs' motion for leave to amend their complaint.

Permitting Plaintiffs' proposed amendment to their Complaint is neither inequitable nor futile. The litigation is in its preliminary stages; no discovery has taken place, and Defendant will suffer no prejudice by permitting the Complaint to be amended as proposed.

Nor is the proposed amendment futile. Defendant has specifically challenged the ripeness of Plaintiffs' Fourth Amendment claim on the ground that allegations regarding specific inspections

conducted pursuant to the statutes and regulations are absent from the Complaint. The proposed amendment adds specific allegations regarding inspections that have been conducted of Plaintiff Free Speech Coalition's members pursuant to the challenged inspection regime and thus makes clear that the constitutional issues are ripe for adjudication.

Plaintiffs respectfully request that this Court grant their motion for leave to amend their Complaint as proposed.

A copy of the Amended Complaint is attached.

Respectfully submitted,

Date: April 5, 2010

/s/ Lorraine R. Baumgardner
J. MICHAEL MURRAY (0019626)
jmmurray@bgmdlaw.com
LORRAINE R. BAUMGARDNER (0019642)
lbaumgardner@bgmdlaw.com
BERKMAN, GORDON, MURRAY & DeVAN
55 Public Square, Suite 2200
Cleveland, Ohio 44113-1949
(216) 781-5245
(216) 781-8207 (Facsimile)

KEVIN E. RAPHAEL (72673)
KER@Pietragallo.com
J. PETER SHINDEL, JR. (201554)
JPS@Pietragallo.com
PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, Pennsylvania 19103
(215) 320-6200
(215) 981-0082 (Facsimile)

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREE SPEECH COALITION, INC., et al.** | ) | **CASE NO. 2:09-4607** |
| | ) | |
| Plaintiffs, | ) | **JUDGE MICHAEL M. BAYLSON** |
| | ) | |
| -vs- | ) | |
| | ) | |
| **THE HONORABLE ERIC H. HOLDER, JR.,** | ) | **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT** |
| Attorney General, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

AND NOW this __ day of _____, 2010, upon consideration of Plaintiffs' Motion for Leave to Amend Their Complaint with Brief in Support, it is hereby **ORDERED** and **DECREED** that Plaintiffs' Motion for Leave to Amend Complaint is **GRANTED**. Plaintiffs may file their Amended Complaint forthwith.

______________________________
**HON. MICHAEL M. BAYLSON**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2010, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Lorraine R. Baumgardner
J. MICHAEL MURRAY (0019626)
LORRAINE R. BAUMGARDNER (0019642)
BERKMAN, GORDON, MURRAY & DeVAN

KEVIN E. RAPHAEL (72673)
J. PETER SHINDEL, JR. (201554)
PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP

Attorneys for Plaintiffs