IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., | ) Civil Action No. 2:09-4607 |
| Plaintiffs, | ) Judge Michael M. Baylson |
| v. | ) DEFENDANT'S MEMORANDUM |
| THE HONORABLE ERIC H. HOLDER, JR., Attorney General, | ) IN OPPOSITION TO PLAINTIFFS' ) MOTION FOR LEAVE TO AMEND ) COMPLAINT |
| Defendant. | ) |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................iii

INTRODUCTION ...........................................................................................................1

PROCEDURAL HISTORY AND PROPOSED AMENDED COMPLAINT ...............................1

STANDARD OF REVIEW ................................................................................................2

ARGUMENT .................................................................................................................3

    I.      PLAINTIFFS' FOURTH AMENDMENT CLAIMS CANNOT BE MADE RIPE BASED ON THE ASSERTION THAT UNIDENTIFIED PLAINTIFFS AND NONPLAINTIFFS HAVE BEEN SUBJECT TO INSPECTION ................3

    II.     FSC LACKS STANDING TO ASSERT AN AS-APPLIED FOURTH AMENDMENT VIOLATION ..................................................................5

          A.     FSC Fails To Allege Facts Sufficient To Show Its Members' Standing To Assert An As-Applied Fourth Amendment Claim For Equitable Relief ..............................................................................5

          B.     Because an As-Applied Fourth Amendment Challenge to a 2257/2257A Inspection Calls For Consideration of the Facts of Each Particular Case, the Participation of Individual FSC Members Would Be Required ..............................................................................7

    III.    PLAINTIFFS' FACIAL FOURTH AMENDMENT CHALLENGE IS NOT AFFECTED BY THE ASSERTION THAT UNIDENTIFIED FSC MEMBERS OR NONMEMBERS HAVE BEEN SUBJECT TO INSPECTIONS ..........................................................................................11

CONCLUSION .............................................................................................................13

# TABLE OF AUTHORITIES

## CASES

Alvin v. Suzuki, 227 F.3d 107 (3d Cir. 2000) ...............................................................3

Am. Chemistry Council v. Dep't of Transp., 468 F.3d 810 (D.C. Cir. 2006) ................................4

Brown v. City of Pittsburgh, 586 F.3d 263 (3d Cir. 2009) ...........................................................10

City of Los Angeles v. Lyons, 461 U.S. 95 (1983) ...........................................................6

Clark v. Burger King Corp., 255 F. Supp. 2d 334 (D.N.J. 2003) .....................................................5

Common Cause of Pa. v. Pennsylvania, 558 F.3d 249 (3d Cir. 2009) .........................................5-6

Cornerstone Christian Schs. v. Univ. Interscholastic League, 563 F.3d 127 (5th Cir. 2009) .........7

Forman v. Davis, 371 U.S. 178 (1962) .......................................................................3

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167 (2000) .................6

FW/PBS, Inc. v. Dallas, 493 U.S. 215 (1990) ..................................................................4

Georgia v. Randolph, 547 U.S. 103 (2006) ......................................................................8

Heartland Acad. Cmty. Church v. Waddle, 427 F.3d 525 (8th Cir. 2005) ......................................9

Hunt v. Wash. State Apple Advertising Comm'n, 432 U.S. 333 (1977) .....................................3, 4

Knox County Educ. Ass'n v. Knox County Bd. of Educ., 158 F.3d 361 (6th Cir. 1998) .............10

Marshall v. Barlow's, Inc., 436 U.S. 307 (1978) ..........................................................12

Maryland v. Macon, 472 U.S. 463 (1985) ...............................................................8, 12

Mayfield v. United States, No. 07-35865, 2010 WL 1052341 (9th Cir. Mar. 24, 2010) ...............6

Medelius Rodriguez v. U.S. Citizenship & Immigration Serv.,
      605 F. Supp. 2d 142 (D.D.C. 2009) ..................................................................6

New York v. Burger, 482 U.S. 691 (1987) ..............................................................12

Pa. Bd. of Probation & Parole v. Scott, 524 U.S. 357 (1998) .........................................................6

Pa. Prison Soc'y v. Cortes, 508 F.3d 156 (3d Cir. 2007) ...................................................3, 4, 5, 7

Pa. Psychiatric Soc'y v. Green Spring Health Servs., Inc., 280 F.3d 278 (3d Cir. 2002) ..............4

Policemen's Benev. Ass'n of N.J., Local 318 v. Wash. Tp., 850 F.2d 133 (3d Cir. 1988) ..........10

Shoemaker v. Handel, 795 F.2d 1136 (3d Cir. 1986) ...................................................................10

Sibron v. New York, 392 U.S. 40 (1968) .......................................................................................7

Skinner v. Ry. Labor Executives Ass'n, 489 U.S. 602 (1989) .....................................................10

Summers v. Earth Island Inst., 129 S. Ct. 1142 (2009) .............................................................4, 5

Toll Bros., Inc. v. Tp. of Readington, 555 F.3d 131 (3d Cir. 2009) ..............................................6

United States v. Comprehensive Drug Testing, Inc., 513 F.3d 1085 (9th Cir. 2008) ...............9-10

United States v. Price, 558 F.3d 270 (3d Cir. 2009) ......................................................................8

United States v. Salerno, 481 U.S. 739 (1987) ............................................................................11

United States v. Sczubelek, 402 F.3d 175 (3d Cir. 2005) ............................................................12

United States v. Whitted, 541 F.3d 480 (3d Cir. 2008) ..................................................................9

Warth v. Seldin, 422 U.S. 490 (1975) ............................................................................................3

Winer Family Trust v. Queen, 503 F.3d 319 (3d Cir. 2007) ..........................................................2

Wash. State Grange v. Wash. State Republican Party, 552 U.S. 442 (2008) ..........................10, 11

**STATUTES**

18 U.S.C. § 2257 ......................................................................................................*passim*

18 U.S.C. § 2257A .....................................................................................................*passim*

**REGULATIONS**

28 C.F.R. § 75.4 .................................................................................................................8

## <u>INTRODUCTION</u>

Plaintiffs' attempt to resuscitate their Fourth Amendment claim by amending their Complaint should be rejected. Plaintiffs seek leave to amend their Complaint in order to add an assertion that "several" unidentified members and nonmembers of an organizational plaintiff, the Free Speech Coalition ("FSC"), "have been subjected to inspections pursuant to 18 U.S.C. § 2257 and its implementing regulations." <u>See</u> Proposed Amended Comp. ¶ 20. Plaintiffs explain that the purpose of their proposed amendment is to "allege additional facts relevant to their Fourth Amendment challenge" in order to respond to defendant's argument, in its Motion to Dismiss, that plaintiffs' Fourth Amendment claim is unripe. Brief in Support of Plaintiffs' Motion for Leave to Amend Complaint (dkt. #49), at 2. However, plaintiffs' proposed amendment does not cure the jurisdictional defect that defendant has identified because the proposed amendment does not name any FSC member that allegedly was subject to inspection. Moreover, FSC lacks standing to assert an as-applied Fourth Amendment challenge on behalf of these unidentified members and non-members, and the proposed new allegations would have no bearing on plaintiffs' facial Fourth Amendment claim. Accordingly, the Court should deny plaintiffs' Motion for Leave to Amend as futile.

## <u>PROCEDURAL HISTORY AND PROPOSED AMENDED COMPLAINT</u>

Plaintiffs filed this action on October 7, 2009, challenging the age verification and recordkeeping requirements set forth in 18 U.S.C. §§ 2257 and 2257A and their implementing regulations as invalid under the First, Fourth, and Fifth Amendments. Defendant moved to dismiss their claims under Fed. R. Civ. P. 12(b)(1) and (b)(6). As relevant here, defendant argued that plaintiffs' Fourth Amendment claim was unripe because plaintiffs did not claim to

- 1 -

have been subject to an unconstitutional inspection themselves but relied on the speculative

notion that individuals' homes would be subject to warrantless entry, despite the statutory and

regulatory language of the inspection scheme which contemplated entry of "business premises"

and allowed producers subject to the recordkeeping requirements to maintain the required

records with a third-party custodian.  Defendant's Memorandum in Opposition to Plaintiffs'

Motion for Preliminary Inunction and in Support of Defendant's Motion to Dismiss (dkt. #17), at

41-44.  Defendant's Motion remains pending before the Court.

Following oral argument on defendant's Motion to Dismiss, plaintiffs filed the instant

Motion for Leave to Amend Complaint, seeking to add a new Paragraph 20 to the original

Complaint.  Specifically, plaintiffs contend in the proposed Paragraph 20 that "several

[unidentified] members" of plaintiff FSC "have been subjected to inspections pursuant to 18

U.S.C. § 2257 and its implementing regulations."  Proposed Amended Complaint ("Am.

Comp.") ¶ 20.  Plaintiffs further contend that the records of "producers who are not members" of

FSC have also been inspected, and that some of these non-member producers, "upon information

and belief," kept their records at their private residences.  Id.

## STANDARD OF REVIEW

"The decision to grant a motion for leave to amend is within the sound discretion of the

District Court."  Winer Family Trust v. Queen, 503 F.3d 319, 331 (3d Cir. 2007).  Rule 15(a)

provides that a district court should "freely give leave" to amend a complaint "when justice so

requires."  Fed. R. Civ. P. 15(a)(2).  However, a district court may properly deny a motion for

leave to amend when "amendment would cause undue delay or prejudice, or . . . amendment

would be futile."  Winer Family Trust, 503 F.3d at 330-31 (internal quotation omitted); accord

Forman v. Davis, 371 U.S. 178, 182 (1962).  In particular, where a proposed amendment "fails to

cure the jurisdictional defect[s]" in the original complaint, or where "the amended complaint

would not survive a motion to dismiss for failure to state a claim upon which relief could be

granted," a plaintiff's motion for leave to amend is futile and should be denied.  Alvin v. Suzuki,

227 F.3d 107, 121 (3d Cir. 2000) (internal quotation omitted).

## ARGUMENT

## I.    PLAINTIFFS' FOURTH AMENDMENT CLAIMS CANNOT BE MADE RIPE BASED ON THE ASSERTION THAT UNIDENTIFIED PLAINTIFFS AND NONPLAINTIFFS HAVE BEEN SUBJECT TO INSPECTION

Plaintiffs' proposed Amended Complaint has no bearing on the ripeness of plaintiffs'

claims because it still fails to assert that any *plaintiffs* have been subject to inspection.  A

plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to

relief on the legal rights or interests of third parties."  Warth v. Seldin, 422 U.S. 490, 499 (1975).

One exception to this rule is where an organization seeks to "assert claims on behalf of its

members."  Pa. Prison Soc'y v. Cortes, 508 F.3d 156, 162 (3d Cir. 2007).  It appears that,

through the addition of paragraph 20 in their proposed Amended Complaint, plaintiffs intend to

invoke the representational standing of plaintiff FSC by asserting that unidentified members and

nonmembers of FSC have been subject to inspections.

However, FSC cannot establish representational standing on the basis of these assertions.

In order for an organization to assert representational standing, it must satisfy certain

prerequisites, as set forth in Hunt v. Wash. State Apple Advertising Comm'n, 432 U.S. 333, 343

(1977).  Pa. Prison Soc'y, 508 F.3d at 162.  Specifically, (1) the organization's members "must

have standing to sue on their own," (2) "the interests the organization seeks to protect" must be

"germane to its purpose," and (3) "neither the claim asserted nor the relief requested" can "require[] individual participation by its members." Id. at 162 n.10 (citing Hunt, 432 U.S. at 343). Needless to say, any assertions regarding nonmembers are irrelevant to FSC's claims since FSC cannot establish standing based on alleged injuries of nonmembers. Pa. Psychiatric Soc'y v. Green Spring Health Servs., Inc., 280 F.3d 278, 287 (3d Cir. 2002) ("Because the patients are not members of, or otherwise directly associated with, the Pennsylvania Psychiatric Society, the Society does not have associational standing to assert their claims.").

Moreover, the Supreme Court has recently reaffirmed that in order to establish standing, "plaintiff-organizations [must] make specific allegations establishing that at least one *identified* member had suffered or would suffer harm." Summers v. Earth Island Inst., 129 S. Ct. 1142, 1151 (2009) (emphasis added). The Court concluded that the plaintiff organization in that case lacked standing because no named member had alleged a cognizable injury. Id.; see also FW/PBS, Inc. v. Dallas, 493 U.S. 215, 234-35 (1990) (an affidavit that failed to identify by name the individuals whose licenses were allegedly revoked was insufficient to establish standing to challenge a city ordinance provision that barred those with certain criminal convictions from holding licenses); Am. Chemistry Council v. Dep't of Transp., 468 F.3d 810, 820 (D.C. Cir. 2006) ("[A]n organization bringing a claim based on associational standing must show that at least one specifically-identified member has suffered an injury-in-fact. . . . the identity of the party suffering an injury in fact must be firmly established.").

In this Circuit, a district court dismissed an organizational plaintiff's claim asserting Americans with Disabilities Act violations against Burger King for lack of standing where the complaint failed to identify "which members visited which restaurants on which dates and when

such members plan to return to these Burger King restaurants." <u>Clark v. Burger King Corp.</u>, 255 F. Supp. 2d 334, 345 (D.N.J. 2003).

Here, the proposed Amended Complaint fails to *identify* any FSC member who has been subject to inspection, but simply asserts that "[s]everal" unidentified members have. It therefore fails to meet the "requirement of naming the affected members." <u>Summers</u>, 129 S. Ct. at 1152. As a result, plaintiffs' proposed amendment has no bearing on the defects that defendant has identified in its briefing in support of its Motion to Dismiss, and the proposed amendment would thus be futile.

## II.   FSC LACKS STANDING TO ASSERT AN AS-APPLIED FOURTH AMENDMENT VIOLATION

### A.   FSC Fails To Allege Facts Sufficient To Show Its Members' Standing To Assert An As-Applied Fourth Amendment Claim For Equitable Relief

Even if the proposed Amended Complaint were not insufficient for that reason alone, it cannot establish FSC's representational standing to assert an as-applied Fourth Amendment claim because it fails to indicate how the relief sought – which is limited to declaratory and injunctive relief – could redress any injury of an FSC member based on an allegedly unreasonable inspection that occurred in the past. As indicated above, one prerequisite for FSC to demonstrate standing on behalf of one or more of its members to raise an as-applied Fourth Amendment claim is that an identified member have standing. <u>Pa. Prison Soc'y</u>, 508 F.3d at 162 n.10. To establish this prong of representational standing, FSC must show that (1) a member has suffered an "injury in fact," (2) the injury is "fairly traceable" to some conduct of the defendant, and (3) the injury is "redressable" because "it is 'likely' and not 'merely speculative' that the [member's] injury will be remedied by the relief [FSC] seeks in bringing suit." <u>Common Cause</u>

of Pa. v. Pennsylvania, 558 F.3d 249, 258 (3d Cir. 2009) (internal quotation omitted).   A

plaintiff "'must demonstrate standing separately for each form of relief sought.'"   Toll Bros., Inc.

v. Tp. of Readington, 555 F.3d 131, 138 n.5 (3d Cir. 2009) (quoting Friends of the Earth, Inc. v.

Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 185 (2000)).

     Where the asserted injury is a Fourth Amendment violation, courts have recognized that

an illegal search or seizure that has occurred in the past cannot be "cured" by future equitable

relief.  Pa. Bd. of Probation & Parole v. Scott, 524 U.S. 357, 362 (1998) (exclusion of evidence

does not cure a Fourth Amendment violation); City of Los Angeles v. Lyons, 461 U.S. 95, 103-

04 (1983) (plaintiff's "assertion that he may again be subject to an illegal chokehold does not

create the actual controversy that must exist for a declaratory judgment to be entered"); Mayfield

v. United States, No. 07-35865, 2010 WL 1052341, at *6 (9th Cir. Mar. 24, 2010) (no

"substantial likelihood" that a declaratory judgment would redress the Fourth Amendment injury

that plaintiff alleged even where the government continued to possess items seized from

plaintiff); see also Medelius Rodriguez v. U.S. Citizenship & Immigration Serv., 605 F. Supp. 2d

142, 146 (D.D.C. 2009) ("A declaratory judgment that the defendant violated plaintiff's rights

would not provide any redress for plaintiff's claimed injuries of the USCIS's past violations of

his privacy and due process rights.").  Thus, the declaratory and inunctive relief requested by

FSC cannot redress any injury that its members may have suffered due to a past Fourth

Amendment violation.  FSC therefore lacks standing to assert an as-applied Fourth Amendment

challenge on behalf of its members, even if a member claiming to have been subject to an

unconstitutional 2257 inspection were identified by name.

**B.**   **Because an As-Applied Fourth Amendment Challenge to a 2257/2257A Inspection Calls For Consideration of the Facts of Each Particular Case, the Participation of Individual FSC Members Would Be Required**

FSC is also precluded from establishing representational standing to assert an as-applied Fourth Amendment challenge because any such challenge would require the participation of those individual FSC members who claim that a past inspection of their statutorily required records was conducted in a manner that violated the Fourth Amendment.  Where "the claim asserted" requires "individual participation" by an organization's members, representational standing is inappropriate.  Pa. Prison Soc'y, 508 F.3d at 162 n.10.  Applying this rule, the Fifth Circuit recently held that a school organization lacked standing to assert free exercise violations on behalf of parents and students because the involvement of the parents and students themselves was "essential to the resolution of the individualized element of coercion" within a free exercise claim.  Cornerstone Christian Schs. v. Univ. Interscholastic League, 563 F.3d 127, 134 (5th Cir. 2009).  In doing so, the court rejected the argument that, simply because the organizational plaintiff in that case requested only equitable relief, rather than damages, the participation of individual claimants was not required, noting that the test set forth in Hunt requires examination not only of the "relief requested" but also of the "claim asserted."  Id. at 134 n.5.  The situation is similar for as-applied Fourth Amendment claims.

Indeed, the same factors that generally militate against considering a preenforcement facial Fourth Amendment challenge also make it necessary to consider, in an as-applied challenge, the specific circumstances that an individual asserts gave rise to a Fourth Amendment violation, which in turn requires the participation of the individual asserting this violation.  See Sibron v. New York, 392 U.S. 40, 59-62 (1968) ("The constitutional validity of a warrantless

- 7 -

search is pre-eminently the sort of question which can only be decided in the concrete factual

context of the individual case."); United States v. Price, 558 F.3d 270, 278 n.6 (3d Cir. 2009)

("Fourth Amendment tests nearly always involve examination of the totality of the

circumstances, because the Amendment 'recognizes that no single set of legal rules can capture

the ever changing complexity of human life.'" (quoting Georgia v. Randolph, 547 U.S. 103, 125

(2006) (Breyer, J., concurring))).

      That principle is certainly applicable with respect to any as-applied challenge to a

2257/2257A inspection, for a number of reasons.  First, as explained in defendant's Second

Supplemental Brief (at 12-13), the threshhold question of whether a "search" has occurred will

depend on whether the inspection involves entry into premises in which the particular producer

asserting a Fourth Amendment violation has a reasonable expectation of privacy.[1]  The

2257/2257A scheme allows producers to keep their records with a third-party custodian, in which

case the producer's premises will never be entered.  See 28 C.F.R. § 75.4 (records may be made

available "at the place of business of a non-employee custodian of records").  Even where a

producer keeps records at his own business premises, his reasonable expectation of privacy will

depend on where and when inspectors enter those premises.  E.g., Maryland v. Macon, 472 U.S.

463, 469 (1985) (holding that a bookseller had no reasonable expectation of privacy "in areas of

---

      [1]As defendant has explained, producers have no reasonable expectation of privacy in the
records themselves because these records are created for the sole purpose of complying with
2257/2257A requirements, and must be segregated from any "business records" that a producer
keeps for business purposes other than 2257/2257A compliance.  See Defendant's Memorandum
in Opposition to Plaintiffs' Motion for Preliminary Injunction and in Support of Defendant's
Motion to Dismiss ("Def. Op. Br.") (dkt. #17), at 44; Defendant's Reply in Support of Motion to
Dismiss ("Reply") (dkt. #33), at 34-35; Defendant's Second Supplemental Brief ("Def. Second
Supp. Br."), at 14-15.

the store where the public was invited to enter and to transact business").

The Third Circuit analyzed a similar situation in <u>United States v. Whitted</u>, 541 F.3d 480 (3d Cir. 2008), noting that whether a search that occurs on a cruise ship qualifies as a "routine" border search depends on where, exactly, on the ship the search occurs.  <u>Id.</u> at 485.  The Third Circuit analyzed "whether the border search *at issue* was routine or non-routine" by reference to the specific details of the search that occurred in that case, concluding that because the search occurred in a passenger's living quarters on the ship, that passenger did have a reasonable expectation of privacy at stake.  <u>Id.</u> (emphasis added).  Applying the same rule here, given the need to determine in each instance whether a reasonable expectation of privacy exists, the participation of each producer who claims an as-applied Fourth Amendment violation is necessary to the consideration of that producer's claim.

Second, even where a producer can demonstrate a reasonable expectation of privacy, the details of the inspection that occurred are clearly relevant to the question of whether the inspection violated the Fourth Amendment.  Again, the producer's participation would be required in order to consider those issues.  This is not a situation such as that considered by the Eighth Circuit in <u>Heartland Acad. Cmty. Church v. Waddle</u>, 427 F.3d 525 (8th Cir. 2005), where every student on whose behalf a school asserted representational standing had essentially an identical Fourth Amendment claim because this group of students had been removed from the school *en masse* in a single incident, though authorities had court removal orders for some students and not others.  <u>See id.</u> at 528-29, 533.  The court's conclusion in that case that the "claims asserted" did not require the individual participation of each student, <u>id.</u> at 532-33, is thus inapplicable here.  Similarly, in <u>United States v. Comprehensive Drug Testing, Inc.</u>, 513 F.3d

1085 (9th Cir. 2008), the Ninth Circuit concluded that Major League Baseball Players

Association, the baseball players' union, had representational standing, but again the union sought

to challenge a single discrete incident – the government's seizure of players' drug test results and

specimens from a diagnostic laboratory.  Id. at 1096.[2]  Here, in contrast, the relevant as-applied

challenges presumably involve different inspections, conducted at different premises at different

times, possibly by different inspectors.  A proper Fourth Amendment analysis requires access to

the specific facts of each inspection, in order to determine, for example, the nature of the intrusion

that occurred, and whether the inspector's entry was consensual.  The participation of each

producer would therefore be necessary.  Accordingly, FSC  lacks representational standing to

assert any as-applied Fourth Amendment challenge relating to 2257/2257A inspections, and

plaintiffs' proposed amendment would therefore not allow them to proceed with such a challenge.

---

[2]The Sixth Circuit has also concluded that a teachers' union had representational standing
to challenge a drug testing policy applicable to its members.  Knox County Educ. Ass'n v. Knox
County Bd. of Educ., 158 F.3d 361, 379 n. 24 (6th Cir. 1998).  The issue in Knox was the facial
constitutionality of a suspicionless drug testing policy.  Id. at 364.  As explained in defendant's
Second Supplemental Brief (at 12-13), there is no real dispute in such drug testing policy cases
in regard to the threshhold question of whether a reasonable expectation of privacy is at stake.
Thus, courts have been willing not only to recognize representational standing in such cases but
also to conduct a facial analysis of the constitutionality of such policies under the Fourth
Amendment.  E.g., Skinner v. Ry. Labor Executives Ass'n, 489 U.S. 602, 611-12 (1989);
Policemen's Benev. Ass'n of N.J., Local 318 v. Wash. Tp., 850 F.2d 133, 134-35 (3d Cir. 1988);
Shoemaker v. Handel, 795 F.2d 1136, 1139 (3d Cir. 1986).  Here, in contrast, the threshhold
question of reasonable expectation of privacy itself depends on the particular circumstances of a
specific case.  Thus, not only is representational standing inappropriate, but the 2257/2257A
inspection scheme cannot be held facially invalid at all because it cannot be deemed
"unconstitutional in all of its applications."  Wash. State Grange v. Wash. State Republican
Party, 552 U.S. 442, 449 (2008); accord Brown v. City of Pittsburgh, 586 F.3d 263, 269 (3d Cir.
2009).

III.   **PLAINTIFFS' FACIAL FOURTH AMENDMENT CHALLENGE IS NOT
       AFFECTED BY THE ASSERTION THAT UNIDENTIFIED FSC MEMBERS OR
       NONMEMBERS HAVE BEEN SUBJECT TO INSPECTIONS**

Plaintiffs' proposed amendment to their complaint is also futile because it has no ultimate

effect on their facial Fourth Amendment challenge.  Plaintiffs' proposed amendment adds an

assertion that several unidentified FSC members and FSC nonmembers have been subject to

2257/2257A inspections.  In regard to plaintiffs' facial Fourth Amendment challenge, the only

possible effect this assertion might have is in regard to whether such a facial claim is ripe.

However, as defendant has argued, even if plaintiffs' facial Fourth Amendment claim is ripe, it

still fails as a matter of law under the relevant standard for a facial challenge.  See Def. Op. Br. at

45-48; Def. Reply at 33-37; Def. Supp. Br. at 9-10; Def. Second Supp. Br. at 13-15.  Under that

standard, a plaintiff bears the burden to establish "'that no set of circumstances exists under

which the Act would be valid,' i.e., that the law is unconstitutional in all of its applications."

Wash. State Grange, 552 U.S. at 449 (quoting United States v. Salerno, 481 U.S. 739, 745

(1987)).

Plaintiffs cannot meet that standard here because, first of all, as noted above and discussed

in prior briefing, producers have no reasonable expectation of privacy in the 2257/2257A records

themselves.  See, e.g., Second Supp. Br. at 14-15.  Aside from the records themselves, a producer

might claim an expectation of privacy in the premises where an inspection occurs.  However, as

discussed above, the 2257/2257A inspection scheme allows producers to keep these records with

a third-party custodian.  28 C.F.R. § 75.4.  In that case, the producer would have no reasonable

expectation of privacy in any premises that might be entered during an inspection.  Even if the

producer's own place of business is entered, it would depend on the specific nature of the

premises accessed whether any expectation of privacy that a producer might claim is reasonable. <u>Maryland</u>, 472 U.S. at 469.[3]  Thus, there is no basis for the Court to conclude that the 2257/2257A inspection scheme is unconstitutional in every application.

Even if the Court were to conclude that – despite the fact that third-party custodians may be used, and that producers' premises may be otherwise publicly accessible – the reasonable expectation of privacy of a producer is implicated in every 2257/2257A inspection, the 2257/2257A inspection scheme is still valid as a matter of law under the Fourth Amendment, as explained in defendant's prior briefing.  Def. Op. Br. at 46-48; Def. Reply at 31-37; Def. Supp. Br. at 9-10.  At least with respect to the records at issue, producers of visual depictions of sexually-explicit conduct qualify as closely regulated, and the 2257/2257A inspection scheme easily satisfies the standards set forth in <u>New York v. Burger</u>, 482 U.S. 691, 702-03 (1987).  The inspection scheme also satisfies the "totality of the circumstances" standard set forth in <u>United States v. Sczubelek</u>, 402 F.3d 175, 184-87 (3d Cir. 2005), because the intrusion authorized by the scheme is minimal (if it constitutionally cognizable at all), and the government has an undeniably compelling interest in ensuring that underage performers are not used to make films and photographs that, if they were used, would qualify as child pornography.  Plaintiffs'

---

[3]Significantly, in <u>Marshall v. Barlow's, Inc.</u>, 436 U.S. 307 (1978), a case relied upon by plaintiffs in their supplemental brief, the Supreme Court did not suggest that an OSHA inspector's initial entry into a "customer service area" implicated a business's reasonable expectation of privacy in that case, but held a warrant was required because the inspector had sought to inspect a "nonpublic area" of the business.  <u>See id.</u> at 309-10.  Moreover, the inspection scheme at issue in <u>Barlow's</u> involved inspection of workplace premises, not simply of records statutorily required to be maintained; thus, the import of the Court's holding in the as-applied context of <u>Barlow's</u> was that warrants would generally be required for OSHA inspections.  <u>Id.</u> at 315.  The same is not true here because nothing in the statutory and regulatory scheme requires inspection of anything other than the records that the statutes require be maintained.

proposed amendment to their complaint does not change this result.  Accordingly, their motion

for leave to file an amended complaint should be denied.

## <u>CONCLUSION</u>

For the reasons set forth above, defendant respectfully requests that plaintiffs' Motion for

Leave to Amend Complaint be denied.


April 22, 2010                                          Respectfully submitted,

                                                        TONY WEST
                                                        Assistant Attorney General
                                                        MICHAEL L. LEVY
                                                        United States Attorney
                                                        VINCENT M. GARVEY
                                                        Deputy Branch Director

                                                        /s/ Kathryn L. Wyer
                                                        KATHRYN L. WYER
                                                        U.S. Department of Justice, Civil Division
                                                        20 Massachusetts Avenue, N.W.
                                                        Washington, DC 20530
                                                        Tel. (202) 616-8475 / Fax (202) 616-8470
                                                        kathryn.wyer@usdoj.gov
                                                        *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Local Rule 5.1.2(8)(b), I hereby certify that the foregoing Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend Complaint has been filed electronically and is available for viewing and downloading from the ECF system.  I further certify that the foregoing document was served via ECF on counsel of record for plaintiffs in the above-captioned case.

Dated: April 22, 2010                    /s/ _____
                                          Kathryn L. Wyer