IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREE SPEECH COALITION, INC., et al.** ) | CASE NO.   2:09-4607 |
| ) | |
| Plaintiffs, ) | JUDGE MICHAEL M. BAYLSON |
| ) | |
| -vs- ) | |
| ) | **PLAINTIFFS' REPLY TO DEFENDANT'S** |
| **THE HONORABLE ERIC H. HOLDER, JR.,**) | **MEMORANDUM  IN  OPPOSITION  TO** |
| Attorney General, ) | **PLAINTIFFS' MOTION FOR LEAVE TO** |
| ) | **AMEND  COMPLAINT  WITH  BRIEF  IN** |
| Defendant. ) | **SUPPORT** |
| ) | |

**INTRODUCTION**

On April 5, 2010, Plaintiffs moved for leave to amend their complaint to include allegations setting forth facts about Defendant's inspections of Plaintiff Free Speech Coalition, Inc.'s members under 18 U.S.C. § 2257 and its implementing regulations.  Defendant filed a Memorandum in Opposition to Plaintiffs' Motion.  Plaintiffs, in conformance with this Court's Pretrial Procedures, §C. (4), file this reply brief.

The Third Circuit has made clear that a plaintiff should be permitted to amend his or her complaint when it is neither inequitable nor futile to allow the proposed amendment. *Toll Bros., Inc. v. Township of Reading*, 555 F3d 131, 144 n.10 (3rd Cir. 2009).  Failure to allow such amendment is an abuse of discretion. *Id.*

Defendant does not contend that allowing the proposed amendment at this early stage of the proceedings is inequitable.  Indeed, the proposed amendment simply adds factual allegations concerning a subject matter of which Defendant has personal knowledge, *i.e.* its own inspections of producers of sexually explicit expression under 18 U.S.C. §2257.

Rather Defendant argues that allowing the Complaint to be amended to include factual allegations regarding the inspections it has conducted of Plaintiff Free Speech Coalition members

is futile and for that reason, Plaintiffs' Motion for Leave to Amend should be denied.

In support of its Motion to Dismiss, Defendant argued that Plaintiffs' Fourth Amendment claims were not ripe for review because their complaint lacked an allegation "that the government [had] initiated any inspection of records on plaintiffs' premises." *Defendant's Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction and in Support of Defendant's Motion to Dismiss*, pp. 41-42. Now faced with an amendment that sets forth factual allegations detailing Defendant's inspections of Plaintiff Free Speech Coalition's members, Defendant argues that the allegations are insufficient to address the ripeness issue of which it complained earlier because Plaintiff Free Speech Coalition does not have standing to make those allegations on its members' behalf.

Plaintiffs completely disagreed with Defendant's position in its Motion to Dismiss[1] and continue to disagree. Nonetheless, they seek leave to amend their Complaint to remove any ambiguity regarding the occurrence and execution of such inspections pursuant to the inspection regime and to make clear that Defendant has, in fact, conducted a number of warrantless inspections on private business premises of producers of sexually explicit expression, including members of Plaintiff Free Speech Coalition. The amendment is not futile and should be permitted.

**PLAINTIFF FREE SPEECH COALITION HAS STANDING TO ASSERT A FOURTH AMENDMENT CHALLENGE TO 18 U.S.C. § § 2257, 2257A AND THEIR IMPLEMENTING REGULATIONS ON BEHALF OF ITS MEMBERS, AND THEREFORE, THIS COURT SHOULD GRANT LEAVE TO ALLOW PLAINTIFFS TO AMEND THEIR COMPLAINT TO ADD FACTUAL ALLEGATIONS IN SUPPORT OF THEIR CLAIM.**

The Third Circuit, following the test for associational standing established by the United States Supreme Court in *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333 (1977), explained:

---

[1] *See Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss*, pp. 37-38.

> An association must demonstrate that (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Pennsylvania Psychiatric Society v. Green Spring Health Services, Inc.*, 280 F.3d 278, 283 (3rd Cir. 2002) (internal quotations omitted). *See also, Connection Distributing Co. v. Reno,* 154 F.3d 281, 295 (6th Cir. 1998) ("*Connection I*")(finding magazine publisher had *jus tertii* standing to represent its readers in challenge to 18 U.S.C. § 2257).

In this case, the Amended Complaint alleges that Plaintiff Free Speech Coalition members produce sexually explicit expression, are subject to the record keeping statutes, and that various members have been subject to inspection under the statute and regulations. Plaintiffs' members who have been and are subject to such warrantless inspections have standing to sue in their own right; the injury to their First and Fourth Amendment rights is actual, concrete, and direct. *Compare, Common Cause of Pennsylvania v. Pennsylvania*, 558 F.3d 262 (3rd Cir. 2009). Therefore, the first prong for associational representation is met.

Free Speech Coalition also meets the second requirement for associational standing: it seeks to protect interests germane to its purpose. Paragraph 18 of the Complaint reads:

> Plaintiff Free Speech Coalition, Inc. is a trade association founded in 1991 and organized under the laws of and incorporated in the State of California with its principal place of business in Canoga Park, California. Plaintiff represents more than 1,000 businesses and individuals throughout the United States engaged in the production, distribution, sale and presentation of non-obscene, adult-oriented materials that include visual depictions of adults engaged in actual and/or simulated sexually explicit conduct and/or candidly displaying their genitals. The mission of the Free Speech Coalition is to assist its members in the exercise of their First Amendment rights and in the defense of those rights against censorship. *See Free Speech Coalition v. Ashcroft*, 535 U.S. 234 (2002). Neither it nor its members tolerate the production or distribution of child pornography, and they have actively assisted in its eradication.

As Plaintiffs have stressed in their *Memorandum in Support of Motion for Preliminary Injunction*,

pp. 49, 55; *Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss*, p. 43, n. 19; and *Plaintiffs' Supplemental Brief*, pp. 22-23, the Fourth Amendment issues raised here are ineluctably intertwined with Plaintiffs' First Amendment rights. In advancing the Fourth Amendment challenge on behalf of its members here, Plaintiff Free Speech Coalition is acting in furtherance of its mission "to assist its members in the exercise of their First Amendment rights and in the defense of those rights against censorship." *Complaint,* ¶ 18. Thus, the second prong of representational standing is met.

Lastly, "neither the claim[s] asserted nor the relief requested requires the participation of individual members in the lawsuit." The court in *Pennsylvania Psychiatric Society* found that the district court erred in dismissing the action before it on the ground that the claims asserted by the Plaintiff Society "would require a level of individual participation that preclude[d] associational standing." 280 F.3d at 284-87.

Following *Hunt*, the Third Circuit found that while the claims asserted by the Society would require some participation by its members, that fact did not serve as a basis to deny associational standing. *Id.* at 284-85. Rather, it determined that the Society could establish its claims "with sample testimony." *Id.* at 286. The Third Circuit explained:

> If the Pennsylvania Psychiatric Society can establish these claims with limited individual participation, it would satisfy the requirements for associational standing. While we question whether the Society can accomplish this, ***at this stage of the proceedings on a motion to dismiss for lack of standing,*** we review the sufficiency of the pleadings and must accept as true all material allegations of the complaint in favor of the plaintiff....***For this reason, we believe the Society's suit should not be dismissed before it is given the opportunity to establish the alleged violations without significant individual participation***....Because this appeal arises on a motion to dismiss, the Pennsylvania Psychiatric Society should be allowed to ***move forward with its claims*** within the boundaries of associational standing.

*Id.* at 286-87. (Citations omitted) (internal quotations omitted) (Emphasis added).

Here, Plaintiffs simply seek to amend their complaint to address Defendant's claims that they

4

have not alleged a factual predicate for challenging inspections of Plaintiff Free Speech Coalition's members conducted by the Defendant itself. As the Third Circuit found in *Pennsylvania Psychiatric Society*, Plaintiff Free Speech Coalition should be given an opportunity to establish the violations of its members' rights and its standing to assert them on their behalf. *See also, Liberty Resources, Inc. v. Philadelphia Housing Authority*, 528 F. Supp. 2d 553, 563-64 (E.D. Pa. 2007).

Defendant contends, however, that Plaintiffs' Motion for Leave to Amend Their Complaint must be denied because they have not specifically identified those members by name who have been subject to inspection, *citing Summers v. Earth Island Inst.*, __U.S.__, 129 S.Ct. 1142, 151 (2009); *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 234-35 (1990); *American Chemistry Council v. Dep't of Transportation*, 468 F. 3d 810, 820 (D.C. Cir. 2006). *Defendant's Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend Complaint*, p. 4.

The authority offered by Defendant does not support the weight of its contention, however. None of cases cited by the Defendant stands for the proposition that a Complaint in an action brought by a Plaintiff organization on behalf of its members must identify, by name, a particular member who has suffered a particularized injury-in-fact, and is subject to dismissal if it does not. As the Third Circuit explained in *Pennsylvania Psychiatric Society*, the Plaintiff organization who sues on behalf of its members must be given an opportunity to establish the violations within the boundaries of associational standing; dismissal of its claim before being afforded that opportunity is error. 280 F.3d at 286-87.

*Summers*, *FW/PBS*, and *American Chemistry Council* all reached the conclusion that Plaintiffs before them had not established *jus tertii* standing only **after** the Plaintiffs were given an opportunity to adduce evidence and create a record on the associational standing issue. And only after reviewing the record evidence did these courts determine that the Plaintiffs had been unable to

5

identify a particular member who had suffered an injury in fact.

Plaintiffs will certainly be able to adduce evidence making it quite clear that members of Plaintiff Free Speech Coalition have been subject to warrantless searches and seizures in violation of the Fourth Amendment. Defendant is well aware of that fact.

While the Plaintiffs will be able to support these allegations with testimony from its members, the bulk of the evidence in support of Plaintiffs' Fourth Amendment claim (and establishing the very facts alleged in the proposed amendment to Plaintiffs' Complaint) will come from ***Defendant itself***–in response to Requests for Admission, Requests for Production of Documents, Interrogatories and the deposition testimony of the FBI agents who have performed the inspections of members of the adult industry. Again, from the evidence that the government itself will supply, the record will show that FBI agents have appeared unannounced on the premises of several of the Free Speech Coalition's members without a warrant, have demanded to inspect their private records created and maintained in conformance with 18 U.S.C. § 2257, have entered areas of their premises not open to the public, have searched through their private records in the private areas of their premises, made and seized copies of those records, and have photographed the interiors of their premises.[2] Plaintiff Free Speech Coalition will fully meet the criteria set forth in *Hunt* and *Pennsylvania Psychiatric Society* to advance the Fourth Amendment claim on behalf of its members who have been subject to unconstitutional records inspections.

Defendant argues that this case is ill-suited for representational standing. On the contrary, Plaintiff Free Speech Coalition is perfectly suited to represent the interests of it members in

---

[2] Thus, the situation here is pointedly different from that presented in *Summers* where the question was: which of the Sierra Club's 700,000 members "use and enjoy the Sequoia National Forest." *Summers*, 129 S.Ct. at 1152. Here, the government knows full well who it has inspected under the record keeping statutes–as well as when, where and how.

connection with the Fourth Amendment challenge to the statutes and their implementing regulations.

The statutes require that anyone producing sexual imagery must maintain records of those depicted in such imagery "at their business premises, or at such other place as the Attorney General may be regulation prescribe for inspection at all reasonable times." 18 U.S.C. §§ 2257 (c); 2257A (c). 28 C.F.R. § 75.4 (requiring records to be maintained "at place of business" and requiring that records be maintained for five years after business ceases). The regulations further provide that the government is authorized to enter the premises where the records are maintained without notice or delay and to inspect the records. 28 C.F.R. § 75.5. No warrant is required, nor is probable cause. The victim of such a search is afforded no opportunity to object to the inspection on his premises or to test its propriety–for refusal to permit the inspection is a felony under the statutes. 18 U.S.C. §§ 2257 (f)(5); 2257A (f)(5).

The statutes and regulations, on their face, thus authorize searches and seizures that directly and unambiguously offend the Fourth Amendment; there is no construction of the inspection regime that can bring it into conformance with the Fourth Amendment's mandates. The allegations of the proposed amendment to Plaintiffs' complaint set forth the facts demonstrating Defendant's execution of this unconstitutional inspection scheme. Every inspection conducted in conformity with the statutes and regulations will violate the Fourth Amendment; the scheme is unconstitutional on its face and cannot survive the Court's decision in *Marshall v. Barlow's Inc.,* 436 U.S. 307, 325 (1978), holding that the Plaintiff there was entitled to a declaratory judgment that the Occupational Health and Safety Act that similarly permitted warrantless inspections was unconstitutional on its face and an injunction enjoining its enforcement as such.

The Third Circuit in *Pennsylvania Psychiatric Society* stressed that where, as here, a

plaintiff seeks only prospective relief, representational standing is appropriate. The court observed that the Society had abandoned its claim for damages stemming from the various torts and contract violations alleged in its complaint and sought only prospective relief in the form of an injunction and declaratory judgment. *Id.* at 284. The court relied on the Supreme Court's guidance, directing:

> Whether an association has standing to invoke the court's remedial powers on behalf of its members depends in substantial measure on the nature of the relief sought. ***If in a proper case the association seeks a declaration, injunction or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured.*** Indeed, in all cases in which we have expressly recognized standing in associations to represent their members, the relief sought has been of this kind.

*Id.* quoting *Hunt*, 432 U.S. at 343 (quoting *Warth v. Seldin*, 422 U.S. 490, 515 (1975)) (Emphasis added).

Plaintiffs here seek only prospective declaratory and injunctive relief–just as the Plaintiff did in *Marshall v. Barlow's Inc.,* 436 U.S. 307 (1978). *See also, Heartland Academy Community Church v. Waddle*, 427 F.3d 525, 533 (8th Cir. 2005) (finding school had standing to raise claims regarding Fourth Amendment violations of its students' rights because it sought "only declaratory and prospective relief.") The remedy sought by Free Speech Coalition will inure to the benefit of those members who have been victims of unconstitutional inspections under the statutes' and regulations' inspection regime as well as those who face potential inspection.

Thus, it would be wholly improper to deny Plaintiffs' motion for leave to amend their complaint based on Defendant's claim that Plaintiff Free Speech Coalition does not meet the requirements for representational standing. The proposed amendment is not futile, but supplies additional factual allegations in support of Plaintiffs' Fourth Amendment claim regarding the Defendant's performance of inspections in conformance with the challenged inspection scheme.

## CONCLUSION

Plaintiffs should be permitted to amend their Complaint as proposed.

                Respectfully submitted,


Date: April 29, 2010       /s/ Lorraine R. Baumgardner
                J. MICHAEL MURRAY (0019626)
                jmmurray@bgmdlaw.com
                LORRAINE R. BAUMGARDNER (0019642)
                lbaumgardner@bgmdlaw.com
                BERKMAN, GORDON, MURRAY & DeVAN
                55 Public Square, Suite 2200
                Cleveland, Ohio  44113-1949
                (216) 781-5245 / (216) 781-8207 (Facsimile)

                KEVIN E. RAPHAEL (72673)
                KER@Pietragallo.com
                J. PETER SHINDEL, JR. (201554)
                JPS@Pietragallo.com
                PIETRAGALLO GORDON ALFANO BOSICK
                 & RASPANTI, LLP
                1818 Market Street, Suite 3402
                Philadelphia, Pennsylvania 19103
                (215) 320-6200 / (215) 981-0082 (Facsimile)

                 Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 29, 2010, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

            /s/ Lorraine R. Baumgardner
            J. MICHAEL MURRAY (0019626)
            LORRAINE R. BAUMGARDNER (0019642)
            BERKMAN, GORDON, MURRAY & DeVAN

            KEVIN E. RAPHAEL (72673)
            J. PETER SHINDEL, JR. (201554)
            PIETRAGALLO GORDON ALFANO BOSICK
             & RASPANTI, LLP

            Attorneys for Plaintiffs