May 3, 2010

The Honorable Michael M. Baylson
United States District Court, Eastern District of Pennsylvania
3810 United States Courthouse
Sixth and Market Streets
Philadelphia, Pennsylvania 10106-1741

           Re: *Free Speech Coalition, Inc., et al. v. Holder*
            Case No. 09-4607

Dear Judge Baylson:

  In compliance with your letter order of April 16, 2010, Plaintiffs submit this letter brief.

**I. PORTIONS OF THE STATUTES AND REGULATIONS ARE UNCONSTITUTIONALLY VAGUE.**

  It has long been established that a law is unconstitutional if its provisions are so vague or imprecise that persons of ordinary intelligence must guess at its meaning and may differ in their understanding as to its application. *Coates v. Cincinnati*, 402 U.S. 611, 614 (1971); *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926). Vague laws regulating expression are particularly intolerable because they chill protected speech. Thus, "stricter standards . . . may be applied to a statute having a potentially inhibiting effect on speech; a man may the less be required to act at his peril here, because the free dissemination of ideas may be the loser." *Smith v. California*, 361 U.S. 147, 151 (1959). *See also Kolender v. Lawson*, 461 U.S. 352 (1983) ("concern here is based upon the potential for arbitrarily suppressing First Amendment liberties" *quoting Shuttlesworth v. City of Birmingham*, 382 U.S. 87, 91 (1965)); *United States v. Loy*, 237 F.3d 251, 264 (3rd Cir. 2001) (finding prohibition on the possession of "pornography" was unconstitutionally vague).

Specifically, Plaintiffs challenge on vagueness grounds, the statutory terms, *actual or simulated sadistic or masochistic abuse, simulated lascivious exhibition of the genitals or pubic region*, and *simulated masturbation*–depictions of which trigger the record keeping obligations under 18 U.S.C. §§ 2257, 2257A. They maintain that it is wholly unclear what visual images these terms embrace.

For instance, Plaintiff Nitke wants to expand her work to include pictures of fashion associated with sadomasochism, such as pictures of people in corsets or rope, without any sexual activity being depicted. Because of the sweeping and vague language of 18 U.S.C. § 2257 and 18 U.S.C. § 2257A, Nitke is uncertain about which types of images constitute sadomasochism that trigger the panoply of the statutes' record keeping and labeling requirements. *See Complaint,* ¶ 42. Is there sadistic or masochistic conduct that would not constitute *sadistic or masochistic abuse*? And what expression depicts **simulated** *sadistic or masochistic abuse*?

Similar questions and concerns accompany the application of the terms, *simulated masturbation* and *simulated lascivious exhibition of the genitals or pubic region*. *See Loy*, 237 F.3d at 262-65 (noting that a citizen should be "able to discern, in advance," which materials are subject to regulation.)

Provisions of the regulations also run afoul of the First Amendment because of their vagueness and imprecision. *See* 28 C.F.R. §§ 75.1(c)(1); 75.2(a)(4); 75.6 (a)*; Complaint,* ¶ 68. In defining a producer as one who "digitizes an image," does that phrase refer to digitizing a previously recorded image?§75.1(c). Does it encompass the reformatting of images into "Blu Ray" formats? *Id.*. With regard to § 75.2(a)(4)'s requirement that "[t]he primary producer shall create a record of the date of original production of the depiction," does that requirement apply only to recordings occurring after the effective date of the regulations? And how does § 75.6 (a)'s requirement that the

2

statement identifying the location of the records appear on each web page of a website containing a depiction of sexually explicit conduct apply to a downloadable video clip?

Because of the statutes' and regulations' ambiguity and vagueness, they fail to meet the demands of the First Amendment.

## II. THE RECORD KEEPING STATUTES VIOLATE THE FIFTH AMENDMENT.

Paragraph (d) of both 18 U.S.C. § 2257 and 18 U.S.C. § 2257A reads:

> (d)(1) No information or evidence obtained from records required to be created or maintained by this section shall, except as provided in this section, directly or indirectly, be used as evidence against any person with respect to any violation of law.
>
> (2) Paragraph (1) of this subsection *shall not preclude the use of such information or evidence in a prosecution or other action for a violation of this chapter* [Chapter 110 "Sexual Exploitation and Other Abuse of Children] *or chapter 71* [Obscenity], or for a violation of any applicable provision of law with respect to the furnishing of false information.

(Emphasis added). The statutes allow the use of the information from the records that they compel to be created, maintained, and inspected to be used as evidence in a criminal obscenity prosecution against the person required to create and maintain such records.

That was not always the case. The original version of the statute prohibited the use of the records as evidence in other prosecutions. That prohibition, in fact, stemmed from the *United States Department of Justice's position that this prohibition was constitutionally required to avoid violating the Fifth Amendment*. In responding to questions by Senator Grassley, H. Robert Showers, Executive Director of the Justice Department's National Obscenity Enforcement Unit, wrote:

> The basic prohibition on the use of information in the records themselves in prosecution of child pornography and obscenity cases is constitutionally required and is derived from 26 U.S.C. 5848 which places similar restrictions on the evidentiary use of information contained in firearms registration records. In *United States v. Freed*, 401 U.S. 601 (1971) the Supreme Court upheld the regulatory scheme

3

>involved against a claim that requiring the information violated the Self-incrimination Clause of the Fifth Amendment, noting that under 26 U.S.C. 5848 the use of information in the registration records was severely limited. 401 U.S. at 605-606. In other cases, however, where the use of information required from a group of persons highly suspect of criminal activities has not been so limited, the Supreme Court has found that requiring the submission of the information violated the person's privilege against self incrimination under the Fifth Amendment. *See Marchetti v. United States*, 390 U.S. 39 (1968) and *Albertson v. Subversive Activities Control Board*, 382 U.S. 70 (1965). **[The prohibition against such use in] [s]ubsection 2257(d) is thus constitutionally required to sustain the validity of the record keeping requirements.**

*Hearing before the Committee on the Judiciary*, United States Senate, 100th Cong. Second Session, on S. 703 and S. 2033, June 8, 1988. (Emphasis added).

When a law mandates that a select group of persons, whom the government suspects of criminal activity, create and maintain records relative to that activity and allows the government to use information contained in those records to prosecute related criminal violations, it violates the Fifth Amendment's prohibition against compelled self-incrimination. *Albertson v. Subversive Activities Control Board*, 382 U.S. 70 (1965); *Marchetti v. United States*, 390 U.S. 39 (1968); *Grosso v. United States*, 390 U.S. 62 (1968); *Haynes v. United States*, 390 U.S. 85 (1968); *Leary v. United States*, 395 U.S. 6 (1969); *Cf., California v. Byers*, 402 U.S. 424 (1971) (plurality opinion noting that where statute is aimed at general public and is part of a non-criminal, regulatory scheme, Fifth Amendment is not violated). The statutes at issue here are, therefore, constitutionally flawed.

Citizens like the Plaintiffs who engage in the creation of legal, constitutionally protected expression depicting adults feel the full weight of the statutes' unconstitutional burdens by being compelled to produce information that the government can use in prosecuting them for crossing the "dim and uncertain line" between constitutionally protected expression and obscenity. *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 66 (1963).

Plaintiffs' Fifth Amendment challenge is ripe for review. *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, (1979); *Steffel v. Thompson*, 415 U.S. 452, 459 (1974); *Abbott*

*Laboratories v. Gardner*, 387 U.S. 136, 154 (1967) *abrogated on other grounds* (holding a business's challenge to a labeling statute ripe even though the company had not been threatened specifically with prosecution); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 129 (2007); *Surrick v. Killon*, 449 F.3d 520, 527 (3rd Cir. 2006).

Here, violations of Plaintiffs' Fifth Amendment rights are concrete and non-speculative: they are compelled to create records containing certain information in connection with their sexually explicit expression and are compelled to allow the government to view and retain such information upon inspection and use it in a criminal prosecution. *See,* 18 U.S.C. §§ 2257 (f); 2257A(f). Their Fifth Amendment challenge is ripe for review.

Date:  May 3, 2010

/s/ J. Michael Murray
J. MICHAEL MURRAY (0019626)
jmmurray@bgmdlaw.com
LORRAINE. R. BAUMGARDNER (0019642)
lbaumgardner@bgmdlaw.com
BERKMAN GORDON, MURRAY & DeVAN
55 Public Square, Suite 2200
Cleveland, Ohio 44113-1949
(216) 781-5245 / (216) 781-8207 (Facsimile)

*Attorneys for Plaintiffs*

KEVIN E. RAPHAEL (72673)
KER@Pietragallo.com
J. PETER SHINDEL, JR. (201554)
JPS@Pietragallo.com
PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, Pennsylvania 19103
(215) 320-6200 / (215) 981-0082 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2010, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ J. Michael Murray
J. MICHAEL MURRAY (0019626)
LORRAINE R. BAUMGARDNER (0019642)
BERKMAN, GORDON, MURRAY & DeVAN

KEVIN E. RAPHAEL (72673)
J. PETER SHINDEL, JR. (201554)
PIETRAGALLO GORDON ALFANO BOSICK
 & RASPANTI, LLP

Attorneys for Plaintiffs