May 3, 2010

The Honorable Michael M. Baylson
3810 U.S. Courthouse
601 Market Street
Philadelphia PA  19106

    Re:    Free Speech Coalition, Inc. et al. v. Holder
            C.A. No. 09-4607

Dear Judge Baylson,

      Defendant submits this letter brief in response to the Court's letter, dated April 16, 2010, requesting that Defendant respond to Plaintiffs' argument concerning collateral estoppel.

      As indicated in Defendant's Second Supplemental Brief in support of Defendant's Motion to Dismiss, Defendant agrees that collateral estoppel does not bar Plaintiffs' claims based on Connection Distributing v. Holder, 557 F.3d 321 (6th Cir. 2009) (en banc), because Plaintiffs were not parties in the Connection case.  Nevertheless, as Defendant has explained in prior briefing, the en banc Sixth Circuit's decision qualifies as persuasive authority and its reasoning and ruling should be accorded considerable weight by this Court. See, e.g., Second Supp. Br. (dkt. #55), at 1-4.

      In regard to Free Speech Coalition et al.  v. Gonzales, Civil Action No. 05-01126 (D. Colo.), Plaintiffs do not contest the fact that both Free Speech Coalition and David Connors were also plaintiffs in that case, but they argue that collateral estoppel cannot properly apply because the District of Colorado court ultimately granted a Rule 41(a)(2) dismissal without prejudice. However, before the District of Colorado granted a Rule 41(a)(2) dismissal, it granted Defendant's dispositive motion in regard to many of the same issues that Plaintiffs raise in this case. Free Speech Coal. et al. v. Gonzales ("FSC II"), 483 F. Supp. 2d 1069, 1082 (D. Colo. 2007).  The fact that the court's order on Defendant's motion did not dispose of all of the issues

raised in that case does not necessarily prevent it from qualifying as a "final judgment" for collateral estoppel purposes under controlling Third Circuit authority. Rather, "finality" in the context of collateral estoppel "'is a more 'pliant' concept than it would be in other contexts.'" Henglein v. Colt Indus. Operating Corp., 260 F.3d 201 (3d Cir. 2001) (quoting Dyndul v. Dyndul, 620 F.2d 409, 412 (3d Cir.1980) (per curiam)). Quoting a Second Circuit opinion by Judge Friendly, the court in Henglein further explained that, "'[u]nlike claim preclusion, the effectiveness of issue preclusion, sometimes called collateral estoppel, does not require the entry of a judgment, final in the sense of being appealable.'" Id. at 210 (quoting In re Brown, 951 F.2d 564, 569 (3d Cir.1991)). In place of that "unduly rigid" interpretation, the court concluded that "'"[f]inality" in the context here relevant may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again.'" Id. (quoting Dyndul, 620 F.2d at 412 n.8 (3d Cir.1980)).

Applying this principle, both the Third Circuit and lower courts have recognized that even "[p]reliminary injunction findings may have preclusive effect 'if the circumstances make it likely that the findings are sufficiently firm to persuade the court that there is no compelling reason for permitting them to be litigated again.'" Bowers v. City of Philadelphia, No. 06-3229, 2008 WL 5234357, at * 4 (E.D. Pa. Dec. 12, 2008) (quoting Hawksbill Sea Turtle v. FEMA, 126 F.3d 461, 474 n. 11 (3d Cir.1997)). The District of Colorado, where the prior Free Speech Coalition case was litigated, has indicated its agreement with the Third Circuit that "the technical requirements of finality must yield to the policies sought to be advanced by issue preclusion," and has accordingly held that issue preclusion barred relitigation of issues with respect to which a district court has previously granted partial summary judgment. Siemens Med. Sys., Inc. v.

Nuclear Cardiology Sys., Inc., 945 F. Supp. 1421, 1435 (D. Colo. 1996).

Here, there is no "really good reason" that plaintiffs Free Speech Coalition and David Connors should be permitted to relitigate the First, Fourth, and Fifth Amendment issues that the District of Colorado already ruled on in its 2007 decision.  By the time the district court issued that decision, it had already permitted two rounds of discovery and conducted an evidentiary hearing (even though, as Defendant has explained, neither discovery nor an evidentiary hearing is required in order to resolve the claims presented here), and had proceeded through separate rounds of preliminary injunction and dispositive motion briefing.

Moreover, in its 2007 decision as well as its earlier 2005 decision on the plaintiffs' motion for preliminary injunction, the court carefully considered the issues that the plaintiffs raised with respect to their First and Fifth Amendment claims, and made an independent determination that the issues raised with respect to plaintiffs' Fourth Amendment claim were without merit, even though the plaintiffs failed to present arguments in support of that claim. See Free Speech Coal. et al. v. Gonzales ("FSC I"), 406 F. Supp. 2d 1196, 1207-08 (D. Colo. 2005) (concluding that Congress was justified in enacting the age verification and recordkeeping requirements based on its conclusion that there was "a substantial risk that performers under the age of 18 will be used" in visual depictions of sexually-explicit conduct, and that plaintiffs had failed to show any "noticeable impact on the quantity of sexually explicit speech" following the enactment of § 2257 and its implementing regulations); FSC II., 483 F. Supp. 2d at 1076 (rejecting general First Amendment claim), 1076-80 (rejecting vagueness and overbreadth claims in regard to specific aspects of § 2257), 1080-81 (rejecting Fifth Amendment self-incrimination claim); 1081 (rejecting Fourth Amendment claim, which the plaintiffs did not

defend, after concluding that Defendant had met his burden of production under the summary judgment standard).  Thus, the same issues that Plaintiffs raise here were fully litigated and decided by the District of Colorado.  Indeed, even though Plaintiffs here raise claims with respect to 18 U.S.C. § 2257A, which was not enacted at the time of the District of Colorado's decisions, as well as § 2257, many of the issues involved are the same with respect to both statutory provisions.  See, e.g., Defendant's Second Supplemental Brief (dkt #55), at 7.  While the District of Colorado court granted plaintiffs' subsequent Rule 41(a)(2) motion to dismiss the case without prejudice, the import of that ruling was simply that there would be no further litigation of the remaining issues that the plaintiffs had raised and that the court had not ruled on in its 2007 decision.  The court did not vacate either of its prior published orders in the case, and those decisions can therefore be accorded preclusive effect.[1]

Even if the Court disagrees that collateral estoppel bars plaintiffs Free Speech Coalition and David Connors from relitigating issues they already raised in the District of Colorado, the

---

[1] Defendant argued in its Supplemental Brief that the claims of Free Speech Coalition and David Connors were barred by res judicata.  Res judicata encompasses both claim preclusion and issue preclusion (or collateral estoppel).  Venuto v. Witco Corp., 117 F.3d 754, 758 n.5 (3d Cir. 1997).  Here, because the relevant First, Fourth, and Fifth Amendment issues that Plaintiffs have raised in this case were actually litigated in the District of Colorado case, collateral estoppel, and the "more pliant" finality standard discussed above, properly applies.  Significantly, plaintiffs have cited no authority for the notion that collateral estoppel cannot apply to a partial grant of summary judgment or a ruling denying a preliminary injunction in a case where there was ultimately a Rule 41(a)(2) dismissal; rather, Semtek Intl. Inc. v. Lockheed Martin Corp., 531 U.S. 497, 509 (200), simply held that a federal court's dismissal on statute of limitations grounds did not necessarily preclude the plaintiff's state court action, and Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 389 (1990), held that a Rule 41(a)(1) notice of voluntary dismissal, filed before the district court had ruled on the defendant's motion to dismiss, did not deprive the district court of continuing jurisdiction over pending Rule 11 issues.  While the Court in Cooter & Gell observed that a Rule 41(a)(1) dismissal itself had no res judicata effect, id. at 396, it did not consider whether relitigation of issues already disposed of through prior court rulings was precluded; indeed, no such rulings had occurred in that case.

District of Colorado's published decisions, like the en banc Sixth Circuit's decision in Connection III, and the D.C. Circuit's decision in Am. Library Ass'n v. Reno ("ALA III"), 33 F.3d 78 (D.C. Cir. 1994), do remain as persuasive authority that this Court should consider in evaluating the merits of Plaintiffs' claims in this case.  As set forth above, the District of Colorado addressed First, Fourth, and Fifth Amendment arguments in its two decisions, and upheld the age verification and recordkeeping requirements of 18 U.S.C. § 2257, following the same reasoning that the Sixth and D.C. Circuits have adopted.  This Court should reject the claims asserted in this case, with respect to both §§ 2257 and 2257A, for the same reasons.

    Sincerely,

    TONY WEST
    Assistant Attorney General
    MICHAEL L. LEVY
    United States Attorney
    VINCENT M. GARVEY
    Deputy Branch Director

    /s/ Kathryn L. Wyer
    KATHRYN L. WYER
    U.S. Department of Justice, Civil Division
    20 Massachusetts Avenue, N.W.
    Washington, DC 20530
    Tel. (202) 616-8475 / Fax (202) 616-8470
    kathryn.wyer@usdoj.gov
    *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

  Pursuant to Local Rule 5.1.2(8)(b), I hereby certify that the foregoing document has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that the foregoing document was served via ECF on counsel of record for plaintiffs in the above-captioned case.

Dated: May 3, 2010          /s/ _____
                Kathryn L. Wyer