IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., | ) Civil Action No. 2:09-4607 |
| Plaintiffs, | ) Judge Michael M. Baylson |
| v. | ) |
| THE HONORABLE ERIC H. HOLDER, JR., Attorney General, | ) DEFENDANT'S RESPONSE TO ) PLAINTIFFS' MOTION FOR LEAVE ) TO FILE SUPPLEMENTAL ) AUTHORITY |
| Defendant. | ) |

Defendant, through undersigned counsel, hereby submits this response to Plaintiffs' Motion for Leave to File *Instanter* the Attached Supplemental Authority in Support of Plaintiffs' Motion for a Preliminary Injunction and Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss (dkt. #51). Should the Court accept Plaintiffs' filing, which contains legal argument as to why they believe a recent Supreme Court decision supports their position, Defendant requests that the following also be considered.

Contrary to plaintiffs' contention, the Supreme Court's decision in United States v. Stevens, No. 08-769, 2010 WL 1540082 (Apr. 20, 2010), does not support their claim that the age verification and recordkeeping requirements set forth in 18 U.S.C. §§ 2257 and 2257A are unconstitutionally overbroad. The distinction between the two cases is apparent at the outset because while Stevens involved a statutory ban on all "depiction[s] of animal cruelty," 18 U.S.C. § 48, the statutes at issue in this case do not ban any speech; rather, they impose age verification and recordkeeping requirements, and these requirements apply only to visual depictions that would qualify as child pornography if they were made using children as performers. See 18 U.S.C. §§ 2257, 2257A.

The Supreme Court's overbreadth analysis in Stevens also demonstrates the distinction between that case and this one.  The Court in Stevens, looking at the statutory definition of "depiction of animal cruelty," concluded that that definition could apply to any image of hunting or livestock slaughter, and in general applied to numerous images beyond the two narrow categories – "crush videos and depictions of animal fighting" – in which the government sought to apply the law.  See id. at *14 (concluding that "the Government makes no effort to defend the constitutionality of § 48 as applied beyond" those two categories).  The Court rested its holding that § 48 was overbroad on the conclusion that the quantity of impermissible applications of § 48 "far outnumber any permissible ones." Id. (recognizing that "the markets for crush videos and dogfighting depictions . . . are dwarfed by the market for other depictions, such as hunting magazines and videos," that were presumptively banned under § 48).

Here, in contrast, even assuming that the age verification and recordkeeping requirements could be construed to apply in the context of images made by and shared between intimate associates, and even assuming that the application of the requirements in that context was impermissible, there remains a vast array of other contexts in which the requirements may permissibly be applied.  Indeed, the amount of sexually-explicit imagery that is created, sold, traded, and shared beyond the intimate sphere of a private couple is so large – as can be observed from the large numbers of bookstores, websites, and other businesses devoted to this purpose[1] –

---

[1] Indeed, the District Court for the District of Colorado observed that "plaintiff David Conners, who runs a 'one man' production company, ha[d] produced 41 movies" between the enactment of § 2257 and the court's 2005 decision, while "plaintiff New Beginnings ha[d] sold at least 1 million sexually explicit films" during that period, and "the number of United States-based websites containing sexually explicit speech ha[d] boomed to 500,000." Free Speech Coal. et al. v. Gonzales ("FSC I"), 406 F. Supp. 2d 1196, 1207 (D. Colo. 2005).  Of course, the production of Mr. Connors and New Beginnings' sales represent only a fraction of the total

that it is difficult to imagine a comparable quantity being made and privately shared by intimate associates, and plaintiffs have not suggested that the private production of private couples is comparable in quantity to, much less exceeds, that of producers who sell, trade, or publish such images. Accordingly, the requirements cannot be deemed *substantially* overbroad, and thus cannot be held facially invalid. The en banc Sixth Circuit reached that same conclusion, and rejected an overbreadth challenge on that basis. Connection Distrib. Co. v. Holder ("Connection III"), 557 F.3d 321, 338 (6th Cir. 2009) (en banc) ("Let us . . . assume for the sake of argument that . . . the law's record-keeping and disclosure requirements would apply to sexually explicit images produced by such a couple. And let us assume for the sake of argument that . . . this application of the law would be unconstitutional. Does it follow that . . . this as-applied defect requires the invalidation of § 2257 in its entirety? Not in our view."). Nothing in Stevens requires a different outcome in this case.

May 3, 2010                                           Respectfully submitted,

                                                 TONY WEST
                                                 Assistant Attorney General
                                                 MICHAEL L. LEVY
                                                 United States Attorney
                                                 VINCENT M. GARVEY
                                                 Assistant Branch Director

                                                 /s/ Kathryn L. Wyer
                                                 KATHRYN L. WYER
                                                 U.S. Department of Justice, Civil Division
                                                 20 Massachusetts Avenue, N.W.

---

United States production and sales of sexually-explicit films and photographs, and the number of websites devoted to such images is likely to have grown even higher during the past five years.

                                       Washington, DC 20530
                                       Tel. (202) 616-8475 / Fax (202) 616-8470
                                       kathryn.wyer@usdoj.gov
                                       *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      Pursuant to Local Rule 5.1.2(8)(b), I hereby certify that the foregoing document has been filed electronically and is available for viewing and downloading from the ECF system.  I further certify that the foregoing document was served via ECF on counsel of record for plaintiffs in the above-captioned case.

Dated: May 3, 2010                        /s/ _____
                                          Kathryn L. Wyer