# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREE SPEECH COALITION, INC., et al.** ) | Civil Action No. 2:09-4607 |
| ) | |
| *Plaintiffs,* ) | **JUDGE MICHAEL M. BAYLSON** |
| ) | |
| -vs- ) | **PLAINTIFFS' REPLY TO DEFENDANT'S** |
| ) | **RESPONSE TO PLAINTIFFS' MOTION FOR** |
| **THE HONORABLE ERIC H. HOLDER,** ) | **LEAVE TO FILE** ***INSTANTER*** **THE** |
| **JR.**, Attorney General, ) | **ATTACHED SUPPLEMENTAL AUTHORITY** |
| ) | **IN SUPPORT OF PLAINTIFFS' MOTION** |
| *Defendant.* ) | **FOR A PRELIMINARY INJUNCTION AND** |
| ) | **PLAINTIFFS' MEMORANDUM IN** |
| ) | **OPPOSITION TO DEFENDANT'S MOTION** |
| ) | **TO DISMISS** |

Plaintiffs submit this Reply to Defendant's Response to Plaintiffs' Motion for Leave to File Supplemental Authority in Support of Plaintiffs' Motion for a Preliminary Injunction and Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss pursuant to § C.4 of this Court's Pretrial Procedures.[1]

The government argues that the Supreme Court's recent decision, *United States v. Stevens*, __U.S.__, 2010 WL 1540082 (April 20, 2010), striking down a federal criminal statute on overbreadth grounds under the First Amendment offers no support for Plaintiffs' overbreadth challenge to the federal criminal statutes at issue here. It is wrong.

At the outset, it bears noting that the very arguments that the government has advanced here in support of 18 U.S.C. § 2257 and 18 U.S.C. § 2257A were rejected by the Supreme Court in *Stevens* as "startling and dangerous." *Id* at *6 [4],[5]. The Court explained: "The First Amendment

---

[1] By an unintended oversight, Plaintiffs neglected to attach a proposed order when they filed their Motion for Leave to File *Instanter* the Attached Supplemental Authority in Support of Plaintiffs' Motion for Preliminary Injunction and in Support of Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss. The proposed order is attached to this Reply.

itself reflects a judgment by the American people that the benefits of its restrictions on the Government outweigh the costs." *Id.*

Defendant contends that *Stevens* is distinguishable because the statute at issue in that case imposed a ban on speech as opposed to a restriction burdening expression like that at issue here. *Defendant's Response*, p. 1. The Supreme Court disposed of that argument ten years ago in *United States v. Playboy*, 529 U.S. 803, 812 (2000):

> It is of no moment that the statute does not impose a complete prohibition. The distinction between laws burdening speech and laws banning speech is but a matter of degree.

Defendant also contends that *Stevens* serves as no support for Plaintiffs' overbreadth challenge because it contends the Court in *Stevens* found that the statute at issue before it effected many impermissible applications. Defendant argues that is not the case here–writing: "it is difficult to imagine a comparable quantity [of sexually explicit] expression being made and shared by intimate associates" in comparison to the amount of sexually explicit expression produced by the adult industry, *citing Free Speech Coalition v. Gonzales*, 406 F. Supp. 2d 1196, 1207 (D. Colo. 2005).[2] *Defendant's Response*, pp. 2-3. But the government should have absolutely no difficulty imagining the vast quantity of constitutionally protected sexually explicit expression produced by

---

[2] Defendant continues to insist in the face of clear Supreme Court authority and the Federal Rules of Civil Procedure, that *Free Speech Coalition v. Gonzales* has preclusive effect here. *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001); *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396 (1990); Rule 54, *Federal Rules of Civil Procedure*. Again, Defendant is just plain wrong. *Henglein v. Colt Industries Operating Corporation*, 260 F.3d 201 (3rd Cir. 2001), the decision that Defendant claims supports the premise that collateral estoppel does not require a final judgment on the merits, holds no such thing. After discussing the meaning of the finality factor for issue preclusion which Defendant has quoted here, the Third Circuit in concluding that collateral estoppel applied to preclude re-litigation of the statute of limitations issue, explained: "We need not, however, rely on these applications of the 'finality' factor because **here the basis is an even more compelling one, the actual entry of a final judgment.**" *Id.* at 210. (Emphasis added). The Third Circuit did not, as Defendant suggests, relax the requirement that a judgment must be final for collateral estoppel to apply.

2

private individuals that is regulated by the statutes, since the government itself conducted a search in 2005 of a ***portion of a single website*** on which adults could exchange this very type of expression which yielded ***13 million personal non-commercial messages*** containing sexually explicit text and images. *See, Connection v. Holder,* 557 F.3d 321, 370 (2009) (White, J., dissenting). Add to this huge body of private speech, the expression shared by the millions of adults who upload sexually explicit expression on tube sites and who post sexually explicit expression on other social networking sites, (both of which the government in the Preamble to the regulations agrees is covered by the statutes, 73 Fed. Reg at 77437, 77439, 77461) as well as those who send "sext" messages on their cell phones to one another and the constitutionally protected speech by the various Plaintiffs in this case, and the number of impermissible applications is enormous.

        Respectfully submitted,

May 4, 2010

/s/ Lorraine R. Baumgardner
J. MICHAEL MURRAY (0019626)
jmmurray@bgmdlaw.com
LORRAINE R. BAUMGARDNER (0019642)
lbaumgardner@bgmdlaw.com
BERKMAN, GORDON, MURRAY & DeVAN
55 Public Square, Suite 2200
Cleveland, Ohio 44113-1949
(216) 781-5245 / (216) 781-8207 (Facsimile)

KEVIN E. RAPHAEL (72673)
KER@Pietragallo.com
J. PETER SHINDEL, JR. (201554)
JPS@Pietragallo.com
PIETRAGALLO GORDON ALFANO BOSICK
    & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, Pennsylvania 19103
(215) 320-6200 / (215) 981-0082 (Facsimile)

*Attorneys for Plaintiffs*

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREE SPEECH COALITION, INC., et al.** ) | CASE NO. 2:09-4607 |
| ) | |
| Plaintiffs, ) | **JUDGE MICHAEL M. BAYLSON** |
| ) | |
| -vs- ) | **ORDER GRANTING PLAINTIFFS'** |
| ) | **MOTION FOR LEAVE TO FILE** |
| **THE HONORABLE ERIC H. HOLDER, JR.,** ) | ***INSTANTER* THE ATTACHED** |
| Attorney General, ) | **SUPPLEMENTAL AUTHORITY IN** |
| ) | **SUPPORT OF PLAINTIFFS' MOTION** |
| Defendant. ) | **FOR A PRELIMINARY INJUNCTION** |
| ) | **AND PLAINTIFFS' MEMORANDUM IN** |
| ) | **OPPOSITION TO DEFENDANT'S** |
| ) | **MOTION TO DISMISS** |

AND NOW this ___ day of _____, 2010, upon consideration of Plaintiffs' Motion for Leave to File *Instanter* the Attached Supplemental Authority in Support of Plaintiffs' Motion for a Preliminary Injunction and Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss, it is hereby **ORDERED** and **DECREED** that Plaintiffs' Motion for Leave to File *Instanter* the Attached Supplemental Authority in Support of Plaintiffs' Motion for a Preliminary Injunction and Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss is **GRANTED**.

_____
**HON. MICHAEL M. BAYLSON**

**CERTIFICATE OF SERVICE**

     I hereby certify that on May 4, 2010, the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

          /s/ Lorraine R. Baumgardner
          J. MICHAEL MURRAY (0019626)
          LORRAINE R. BAUMGARDNER (0019642)
          BERKMAN, GORDON, MURRAY & DeVAN

          KEVIN E. RAPHAEL (72673)
          J. PETER SHINDEL, JR. (201554)
          PIETRAGALLO GORDON ALFANO BOSICK
           & RASPANTI, LLP