


# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
MAY 10 2010
MICHAEL E. KUNZ, Clerk
_____ Dep. Clerk

| | |
|---|---|
| FREE SPEECH COALITION, INC., et al. | ) Civil Action No. 2:09-4607 |
| Plaintiffs, | ) JUDGE MICHAEL M. BAYLSON |
| -vs- | ) SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |
| THE HONORABLE ERIC H. HOLDER, JR., Attorney General, | |
| Defendant. | |

Plaintiffs submit *United States v. Stevens*, Case No. 08-769, which was decided by the Supreme Court today, affirming the decision of the Third Circuit *en banc*, 533 F.3d 218 (3rd Cir. 2008), and invalidating a federal statute criminalizing depictions of animal cruelty as unconstitutionally overbroad on its face under the First Amendment, as supplemental authority in support of their Motion for a Preliminary Injunction and their Memorandum in Opposition to Defendant's Motion to Dismiss.

*Stevens*—decided by a nearly unanimous Court— serves as compelling authority in support of Plaintiffs' overbreadth claim.

At the outset, the Court clarified the proper analysis for evaluating a law's overbreadth under the First Amendment. Distinguishing between various standards for evaluating overbreadth, Chief Justice Roberts explained:

> In the First Amendment context, ... this Court recognizes " a second type of facial challenge," whereby a law may be invalidated as overbroad if "a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449, n.6 (2008) (internal quotation marks omitted).

Case 2:09-cv-04607-MMB Document 51-1 Filed 04/20/10 Page 2 of 4

*Slip Op.* at 10.

In proceeding to evaluate the overbreadth of the statute before it, the Court emphasized that "the first step in overbreadth analysis is to construe the challenged statute." *Id.* at 11. It, therefore, turned its attention to the text of the statute–finding no ambiguity in its terms and instructing that its language "should be read according to [its] ordinary meaning." *Id.* Following those parameters, the Court determined that the statute criminalized a substantial amount of protected expression, *Id.* at 12-15. The Court concluded that "[t]he only thing standing between" someone who sells protected expression depicting animal cruelty "and five years in federal prison–other than the mercy of a prosecutor–is the statute's exceptions clause." *Id.* at 15.

The government in *Stevens* attempted to narrow the expansive reach of the statute by arguing that the statute's exceptions clause–exempting depictions with serious religious, political, scientific, educational, journalistic, historical or artistic value–could be read broadly to exclude unconstitutional applications of the statute. The Court rejected that proposed reading as "unrealistically broad" – stating:

> There is simply no adequate reading of the exceptions clause that results in the statute's banning only depictions the Government would like to ban.

*Id.* at 17.

That precise observation can be made about the government's argument here that the statutes' text can be somehow limited to apply only to commercially distributed expression–in the face of language that lends itself to no such reading.

Importantly, the Court went on to observe:

> *Most* (emphasis in the original) of what we say to one another lacks "religious,

- 2 -

political, scientific, educational, journalistic, historical, or artistic value" (let alone serious value), ***but it is still sheltered from government regulation.***

*Id.* (Emphasis added).

The Court moved on to make short work of the government's claim–one that it also makes here[1] and was accepted by the majority in *Connection v. Holder*, 557 F.3d 321 (6th Cir. 2009) *(en banc)*[2]–that the statute need not be held unconstitutionally overbroad because the government had limited and intended to limit prosecutions to those involving constitutionally permissible applications. In rejecting that argument, the Court wrote:

> Not to worry, the Government says: The Executive Branch construes § 48 to reach only "extreme" cruelty, Brief for United States 8, and it "neither has brought nor will bring a prosecution for anything less," Reply Brief 6-7. The Government hits this theme hard, invoking prosecutorial discretion several times. See *id.*, 6-7, 10, and n. 6, 19, 22. But the First Amendment protects against the Government; it does not leave us at the mercy of *noblese oblige*. We would not uphold an unconstitutional statute merely because the Government promised to use it responsibly. Cf. *Whitman v. American Trucking Assns., Inc.*, 531 U.S. 457, 473 (2001).

*Id.* at 18.

Lastly, the Court rejected the government's invitation to impose a limiting construction on the statute to bring it within constitutional boundaries–finding that "[t]o read § 48 as the Government desires requires rewriting, not just reinterpretation." *Id.* at 19. The same can be said here.

---

[1] See, *Defendant's Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction and in Support of Motion to Dismiss*, pp. 26, n. 12; 34; *Defendant's Reply in Support of Motion to Dismiss*, pp. 14-16; *Defendant's Supplemental Brief*, p. 6, n. 6.

[2] See, *Connection*, 557 F.3d at 339-41.

The Court held that the statute was "substantially overbroad and therefore invalid under the First Amendment. In consonance with *Stevens*, this Court should likewise find 18 U.S.C. § 2257 and 18 U.S.C. § 2257A unconstitutionally overbroad.

Respectfully submitted,

/s/ Lorraine R. Baumgardner
J. MICHAEL MURRAY (0019626)
jmmurray@bgmdlaw.com
LORRAINE R. BAUMGARDNER (0019642)
lbaumgardner@bgmdlaw.com
BERKMAN, GORDON, MURRAY & DeVAN
55 Public Square, Suite 2200
Cleveland, Ohio 44113-1949
(216) 781-5245 / (216) 781-8207 (Facsimile)

KEVIN E. RAPHAEL (72673)
KER@Pietragallo.com
J. PETER SHINDEL, JR. (201554)
JPS@Pietragallo.com
PIETRAGALLO   GORDON   ALFANO   BOSICK
 & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, Pennsylvania 19103
(215) 320-6200 / (215) 981-0082 (Facsimile)

*Attorneys for Plaintiffs*