IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., | ) Civil Action No. 2:09-4607 |
| Plaintiffs, | ) Judge Michael M. Baylson |
| v. | ) |
| | ) DEFENDANT'S RESPONSE TO |
| THE HONORABLE ERIC H. HOLDER, JR., Attorney General, | ) PLAINTIFFS' MOTION FOR LEAVE ) TO FILE SUPPLEMENTAL ) AUTHORITY |
| Defendant. | ) |

    Defendant, through undersigned counsel, hereby submits this response to Plaintiffs' second Motion for Leave to File *Instanter* the Attached Supplemental Authority in Support of Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss (dkt. #64). Should the Court accept Plaintiffs' filing, defendant requests that the following also be considered.

    Plaintiffs argue that this Court's recent decision in Kalman v. Cortes, No. 09-684, 2010 WL 2649869 (E.D. Pa. June 30, 2010), demonstrates that dismissal in this case is unwarranted. To the contrary, the Court's analysis in Kalman reveals the clear distinction between that case and this one. Kalman involved a First Amendment challenge to Pennsylvania's Blasphemy Statute, which – unlike the age verification and recordkeeping requirements of 18 U.S.C. §§ 2257 and 2257A – banned an entire category of speech – blasphemy in corporate names. Also unlike this case, Kalman was not a preenforcement challenge but was filed after the state rejected the proposed name of the plaintiff's film company. 2010 WL 2649869, at *11.

    Even aside from these initial differences, Kalman does not support the points for which plaintiffs cite it. The Court in Kalman held that the Blasphemy Statute violated the

Establishment Clause and was also an invalid viewpoint-based restriction on speech because it "only restricts speech that is irreverent to religious ideals." Kalman, 2010 WL 2649869, at *21, 32.  Neither holding is in any way applicable to 18 U.S.C. §§ 2257 or 2257A, and plaintiffs do not contend otherwise.  Yet, plaintiffs mischaracterize isolated statements in these portions of the Court's analysis as somehow applicable in the context of this case, even though they are not.  For example, plaintiffs claim that the state defendant in Kalman argued it would "not enforce the [Blasphemy] Statute as *broadly* as its language permitted."  Pl. Supp. Auth. at 2 (emphasis added).  The issue in Kalman, however, was not the *breadth* of the Statute's applicability at all, but whether its lack of enforcement standards gave rise to an improper entanglement between government and religion.  Kalman, 2010 WL 2659869, at *21.  This Court concluded that it did because state officials would necessarily rely on their subjective determination of whether a proposed corporate name was offensive to their religious beliefs.  Id.  Here, however, there is no issue regarding entanglement.  Moreover, courts have recognized that the age verification and recordkeeping requirements, as written, prevent any such subjective determinations.  E.g., Connection Distrib. Co. V. Holder, 557 F.3d 321, 331 (6th Cir. 2009) (en banc).  The discussion in Kalman on this point does not support plaintiffs' claims of facial overbreadth, or any other claim they assert in this case.

      Similarly, plaintiffs assert that the state defendant in Kalman "urged this Court to construe the Statute to *restrict* its application to profane or obscene language."  Pl. Supp. Auth. at 2 (emphasis added).  The Court at this juncture was considering whether the Blasphemy Statute was an impermissible viewpoint-based restriction.  Kalman, 2010 WL 2659869, at *32.  Contrary to plaintiffs' description, the state had urged a broader construction of the Statute to prohibit *all*

profane or obscene language, while the Court, in concluding that the statute was viewpoint-based, recognized that the language of the statute was more narrowly focused, "*only* restrict[ing] speech that is irreverent to religious ideals."  Id. (emphasis added).  The Court's ultimate concern was that state employees (including the employee that had rejected the plaintiff's proposed corporate name) were left with "unbridled discretion" to interpret the Statute subjectively based on their own religious viewpoints.  Id. at *33.  The Court's analysis is again inapplicable to any issue in this case.  As defendant has argued, the statutory language here does not clearly cover impermissible applications, and the overbreadth analysis warrants consideration of the government's stated construction of the statute not to apply in purely private contexts; moreover, any overbreadth cannot be deemed substantial.  See Def. Op. Br. at 33-34; Def. Supp. Br. at 5-6.

   Plaintiffs also assert that the Court's further conclusion in Kalman that the Blasphemy Statute was not a valid regulation of commercial speech weighs against dismissal in this case.  Pl. Supp. Auth. at 1.  Again, however, the significant differences in the two contexts belie this assertion.  In Kalman, the Court emphasized that the legislative history supporting the Blasphemy Statute was "sparse," and that newspapers covering the statute's enactment in 1977 indicated that it had resulted from numerous complaints by churches about a specific gun dealership named the "God Damn Gun Shop."  Kalman, 2010 WL 2649869, at *8.  During the litigation, the state claimed that corporate names containing blasphemous or profane words created a risk of disrupting the peace.  Id. at *26.  However, in the absence of any supporting legislative materials, or anything showing that corporate names might cause disruption, the Court concluded that the state offered nothing more than conclusory assertions that the Blasphemy Statute advanced the asserted goal of preserving the peace.  Id.

Here, of course, the age verification and recordkeeping requirements seek not simply to "preserve the peace" against a threat that may not even exist, but to prevent the undeniable harms that result when children are used as sexual performers in films and photographs that portray acts of sexual intercourse, sado-masochism, bestiality, masturbation, and lascivious genital display. In enacting the requirements, Congress relied on an extensive record, including the report of the Attorney General's Commission on Pornography and Senate hearing testimony, that established the prevalence of sexually-explicit imagery and their tendency to use youthful-looking performers, and supported the inference that age verification would help prevent the use of underage performers. See Def. Op. Br. at 4-5. And Congress applied the requirements only to images that, if they were made using children, would qualify as illegal child pornography. The defects that the Court identified in the Blasphemy Statute are not present here, and nothing in Kalman establishes that plaintiffs' claims should survive defendant's motion to dismiss.

July 13, 2010                                        Respectfully submitted,

                                        TONY WEST
                                        Assistant Attorney General
                                        ZANE DAVID MEMEGER
                                        United States Attorney
                                        VINCENT M. GARVEY
                                        Deputy Director

                                        /s/ Kathryn L. Wyer
                                        KATHRYN L. WYER
                                        U.S. Department of Justice, Civil Division
                                        20 Massachusetts Avenue, N.W.
                                        Washington, DC 20530
                                        Tel. (202) 616-8475 / Fax (202) 616-8470
                                        kathryn.wyer@usdoj.gov
                                        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      Pursuant to Local Rule 5.1.2(8)(b), I hereby certify that the foregoing document has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that the foregoing document was served via ECF on counsel of record for plaintiffs in the above-captioned case.

Dated: July 13, 2010                         /s/_____
                                                    Kathryn L. Wyer