IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC., et al., <br><br> *Plaintiffs,* <br><br> -vs- <br><br> THE HONORABLE ERIC H. HOLDER, JR., Attorney General, <br><br> *Defendant.* | Civil Action No. 2:09-4607 <br><br> JUDGE MICHAEL M. BAYLSON <br><br> **SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

Plaintiffs submit *Kalman v. Cortes*, 2010 WL 2649869 (E.D. Pa. June 30, 2010), a thoughtful and scholarly decision of this Court striking down 15 Pa. Con. St. § 1303(c)(2)(ii), Pennsylvania's Blasphemy Statute, under the First Amendment, as supplemental authority in support of their Memorandum in Opposition to Defendant's Motion to Dismiss. While the Court in *Kalman* struck down the statute before it on the merits, the question presented here is much narrower: Have Plaintiffs failed even to state a claim, as Defendant maintains, or have they alleged sufficient facts giving rise to plausible claims for the deprivation of constitutional rights to avoid dismissal under FRCP 12? *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3rd Cir. 2009) *citing Ashcroft v. Iqbal*, __U.S.__, 129 S. Ct. 1937, 1949 (2009). *Kalman* lends support to Plaintiffs' opposition to the Defendant's Motion to Dismiss in three respects.

First, as one of the bases for finding Pennsylvania's statute to be unconstitutional, this Court applied the test for commercial expression set forth in *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557 (1980) and determined that it failed under the third and fourth prongs of that test. *Slip Op.* at 47-50. The *Central Hudson* test is essentially the same as the test under intermediate scrutiny, which Defendant maintains is the proper standard by which the constitutionality of 18 U.S.C. § 2257 and 18 U.S.C. § 2257A is to be measured. *Kalman*'s analysis under that test plainly demonstrates that Plaintiffs' complaint easily clears the bar needed to avoid dismissal for failure to state a claim.

Secondly, in *Kalman*, the Defendant maintained–just as Defendant argues here–that it would not enforce the Statute as broadly as its language permitted. This Court rejected that reasoning–finding that the Defendant's "assurance that it will apply the Blasphemy Statute more restrictively than its language" could not save the Statute from its fate as an unconstitutional law. *Id.* at 40.

Thirdly, the defendant in *Kalman* urged this Court to construe the Statute to restrict its application to profane or obscene language. *Id.* at 59. Similarly, Defendant here urges this Court to construe the statute to restrict its application only to expression offered for sale or trade. But as this Court found in *Kalman*, "the statute on its face does not actually say what Defendant would have it say," and would require the Court "to close its eyes to the statute's actual words and application, and instead, consider the statute in a vacuum devoid of both logic and common sense." *Id.* at 59.

Respectfully submitted,

/s/ Lorraine R. Baumgardner
J. MICHAEL MURRAY (0019626)
jmmurray@bgmdlaw.com
LORRAINE R. BAUMGARDNER (0019642)
lbaumgardner@bgmdlaw.com
BERKMAN, GORDON, MURRAY & DeVAN
55 Public Square, Suite 2200
Cleveland, Ohio 44113-1949
(216) 781-5245 / (216) 781-8207 (Facsimile)

KEVIN E. RAPHAEL (72673)
KER@Pietragallo.com
J. PETER SHINDEL, JR. (201554)
JPS@Pietragallo.com
PIETRAGALLO GORDON ALFANO BOSICK
 & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, Pennsylvania 19103
(215) 320-6200 / (215) 981-0082 (Facsimile)
*Attorneys for Plaintiffs*