IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., | ) Civil Action No. 2:09-4607 |
| Plaintiffs, | ) Judge Michael M. Baylson |
| v. | ) |
| | ) DEFENDANT'S MEMORANDUM |
| THE HONORABLE ERIC H. HOLDER, JR., | ) IN OPPOSITION TO PLAINTIFFS' |
| Attorney General, | ) MOTION TO ALTER OR AMEND |
| | ) JUDGMENT PURSUANT TO RULE |
| Defendant. | ) 59(e) |

## INTRODUCTION

Plaintiffs fail to satisfy any accepted standard for altering or amending the Court's final judgment of July 28, 2010. They do not identify an "intervening change in controlling law" or any "new evidence not available previously," nor do they show a need to "correct clear error of law or prevent manifest injustice." McGuffey v. Brink's, Inc., 598 F. Supp. 2d 659, 667 (E.D. Pa. 2009). Rather, plaintiffs improperly seek to rehash arguments that they made previously and to raise other arguments that they could have raised during briefing prior to entry of judgment. Moreover, nothing in plaintiffs' memorandum casts doubt on the Court's conclusion that the age verification and recordkeeping requirements in 18 U.S.C. §§ 2257 and 2257A fully comport with the First Amendment under the applicable intermediate scrutiny standard. Plaintiffs' motion under Rule 59(e) should be denied.

## ARGUMENT

A motion pursuant to Rule 59(e) to alter or amend a final judgment "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior

to the entry of judgment." Exxon Shipping Co. v. Baker, 128 S. Ct. 2605, 2617 n. 5 (2008) (quoting 11 Charles Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); accord McGuffey v. Brink's, Inc., 598 F. Supp. 2d 659, 667 (E.D. Pa. 2009). In light of the judicial interest in the finality of judgments, it is "improper . . . to ask the Court to rethink what [it] had already thought through – rightly or wrongly." PBI Performance Prods., Inc. v. NorFab Corp., 514 F. Supp. 2d 732, 744 (E.D. Pa. 2007). Thus, "'[a] proper motion to alter or amend judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice.'" McGuffey, 598 F. Supp. 2d at 667 (quoting N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

Plaintiffs' memorandum in support of their Rule 59(e) motion fails to identify any of these three grounds as the basis for their motion. They do not identify any intervening change in controlling law, nor do they indicate that they have discovered previously-unavailable new evidence. In such situations, courts sometimes construe a plaintiff's Rule 59(e) motion as urging alteration or amendment based on the third ground – the need to correct clear error or prevent manifest injustice. E.g., McGuffey, 598 F. Supp. 2d at 667 (noting that the plaintiff "does not suggest that the first or second ground applies, but his motion may be read to allege the third ground"). Here, however, plaintiffs' arguments fail to raise a claim of "clear error" or "manifest injustice." Instead, they merely "rehash" the same arguments that "have already been briefed by the parties and considered and decided by the Court." PBI Performance Prods., Inc., 514 F. Supp. 2d at 744 (internal quotation omitted).

Plaintiffs focus their attack primarily on this Court's conclusion that the age verification

and recordkeeping scheme set forth in 18 U.S.C. §§ 2257 and 2257A advances, in a "reasonably tailored way," the governmental interest in protecting children from sexual exploitation. See Mem. Decision, No. 09-4607, 2010 WL 2982985, at *30 (July 27, 2010) (internal quotation omitted). As the Court properly recognized, the universal application of these requirements to all depictions of sexually-explicit images that, if made using children, would constitute child pornography – regardless of the apparent age of a performer and regardless of a producer's views about the artistic or social value of the visual depiction at issue – makes perfect sense. Id. at *30, 34-35. The uniform nature of the scheme prevents subjective determinations from undermining the effectiveness of the requirements. See id. Moreover, the requirements are also "critical to ensuring that secondary producers deny child pornographers access to their markets." Id. at *30 (internal quotation omitted). The Court concluded that "the role of these statutes' age-verification requirements in advancing the government's interest in preventing the sexual exploitation of children is sufficiently substantiated for the purposes of intermediate scrutiny." Id. at *34.

      Plaintiffs suggest that, in reaching these conclusions, the Court has "overlooked a subtle but critical point." Pl. Mem. at 1; see also id. at 3, 6. However, plaintiffs do not identify any genuine distinction that the Court has missed, "subtle" or otherwise. Instead, they simply mischaracterize the governmental interest at issue and then argue that the 2257/2257A requirements do not serve a legitimate governmental interest. Specifically, plaintiffs variously state that the governmental interest at stake is the interest in "requiring producers to prove that their expression is not child pornography," Pl. Mem. at 4, or "having all producers establish that their expression is not child pornography, regardless of the value of the expression, the apparent age of the performers, or any other matter," id. at 6, or "suppressing pornography depicting

*actual* children," id. at 7. But defendant has never attempted to characterize the relevant governmental interest in these terms. Rather, as the Court recognized, the relevant governmental interest is the interest "in protecting children from [the] sexual exploitation" that occurs when they "are used in the production of depictions of actual or simulated sexually explicit conduct." Mem. Decision, 2010 WL 2982985, at *29; see Am. Library Ass'n v. Reno, 33 F.3d 78, 86 (D.C. Cir. 1994) ("[I]t is clear that Congress enacted [§ 2257] not to regulate the content of sexually explicit materials, but to protect children by deterring the production and distribution of child pornography.").

Plaintiffs claim that there is some misalignment between any legitimate governmental interest and the interest actually served by the 2257/2257A requirements. Pl. Mem. at 6. But in fact the interest that the Court properly identified is the very same interest that is advanced by the 2257/2257A age verification and recordkeeping requirements. And the Court's decision clearly explains why the requirements serve that interest. Mem. Decision, 2010 WL 2982985, at *30, 34-35. Specifically, the Court observed that "the artistic or social value of a given depiction, or the duration of that depiction, does not eliminate the potential harm suffered by a child who may be used in the production of that depiction." Id. at *35. For that reason, the universal age-verification and recordkeeping requirements in §§ 2257 and 2257A apply to all those that produce films or photographs of sexually-explicit conduct that would qualify as child pornography if children were used, with the limited exception set forth in § 2257A(h) for those who are already subject to similar requirements. Again, the Court held that the 2257/2257A requirements are narrowly tailored to serve the government's legitimate interest in protecting children from sexual exploitation. Mem. Decision, 2010 WL 2982985, at *35.

Curiously, after engaging in a lengthy discussion contesting the Court's intermediate scrutiny holding by mischaracterizing the governmental interest at stake, plaintiffs proceed to acknowledge that comprehensive age verification and recordkeeping requirements do serve legitimate governmental interests when they are applied to those who initially *create* films and photographs depicting sexually-explicit conduct. Pl. Mem. at 14.[1] Plaintiffs then attempt to limit their challenge by claiming that the requirements are only invalid insofar as they apply to the "dissemination, republication, or circulation" of such films and photographs, rather than their initial creation. Pl. Mem. at 13. The thrust of plaintiffs' argument here appears to be that Congress's extension of the requirements to producers other than those who initially create such films and photographs is somehow evidence that Congress was seeking to reinstate an evidentiary presumption which had briefly existed in an earlier version of 18 U.S.C. § 2257, and which a district court overturned two decades ago, in Am. Library Ass'n v. Thornburgh, 713 F. Supp. 469 (D.D.C. 1989), judgment vacated by Am. Library Ass'n v. Barr, 956 F.2d 1178 (D.C. Cir. 1992).

Plaintiffs failed to raise any such argument during the extensive briefing, relating to defendant's Motion to Dismiss and plaintiffs' Motion to Amend, that preceded the Court's July 27, 2010, final order. "A motion for reconsideration may not be used to present a new legal theory for the first time or to raise new arguments that could have been made in support of the

---

[1] Specifically, plaintiffs acknowledge that such requirements may well "serve the prophylactic purposes of helping to prevent inadvertent creation of child pornography . . . and of making it more difficult for underage persons who wish to perform to deceive the creators of sexually explicit images." Id. This concession, of course, disposes of the as-applied claims of most of these plaintiffs, who allege that they do create such films and photographs. Compl. ¶¶ 22-27, 30-49.

original motion." Federico v. Charterers Mut. Assur. Ass'n Ltd., 158 F. Supp. 2d 565, 578 (E.D. Pa. 2001) (internal quotation omitted). Their attempt to raise this new argument in support of their Rule 59(e) motion is therefore improper, and the argument should be deemed waived. See id.[2]

In addition, this new argument is odd, to say the least. For one thing, the original version of § 2257, at issue in Thornburgh, already applied to producers other than the initial "creator" of an image. See Thornburgh, 713 F. Supp. at 475-76 (recognizing the original § 2257 applied to "anyone who 'produces,' which includes anyone who manufactures, publishes, reproduces, or reissues a book, magazine, periodical, film, videotape, or 'other matter'"). Indeed, the court in Thornburgh described the burdens on such producers, under the original § 2257, as greater than they are under the current version, where, pursuant to Department of Justice regulations, those who qualify as "secondary" rather than "primary" producers can satisfy the age verification requirement by "accepting . . . copies" of the relevant records from the primary producer. Compare 28 C.F.R. § 75.2, with Thornburgh, 713 F. Supp. at 476 (foreseeing various scenarios under which a publisher, printer, or film editor might have to "personally re-contact the model" years after the original photograph or film was created).

Most significantly, there is no reason to credit plaintiffs' theory regarding Congress's alleged hidden motives for applying the requirements to secondary producers because the application to secondary producers serves the same legitimate governmental purpose, in the same

---

[2]In a footnote in their memorandum, plaintiffs include a citation to the oral argument transcript where counsel for plaintiffs used the phrase "shifting the burden." Pl. Mem. at 7 n.3. However, this passing reference to burden-shifting certainly did not amount to an argument that Congress was attempting to reinstate the evidentiary presumption that the court in Thornburgh had overturned.

way, and for the same reasons, that the Court has already explained and upheld.  In particular, the Court has specifically observed that the requirements "permit[] secondary producers (who rarely will know the performers) to ensure that the individuals depicted in their publications are of age." Mem. Decision, 2010 WL 2982985, at *30 (internal quotation omitted).  This serves the governmental interest in protecting children from sexual exploitation because it deters secondary producers from agreeing to disseminate child pornography.  If it were otherwise, and the age verification requirements did not apply to secondary producers, such producers could simply claim not to know the origin of the images that they were disseminating.  Indeed, such a rule would allow anyone to circumvent the requirements by claiming not to be the original creator of an image.  On the other hand, imposing the requirements on secondary producers serves to "ensur[e] that secondary producers deny child pornographers access to their markets." Id. (internal quotation omitted).  There can be no doubt that a requirement that reduces the demand for child pornography and prevents circumvention of the age verification requirements imposed on the original creators, which plaintiffs now concede are legitimate, directly advances the government's compelling interest in preventing the sexual exploitation of children.[3]

Finally, plaintiffs are wrong in asserting that this case presents an issue that, until now, has not been "noticed." See Pl. Mem. at 17.  Plaintiffs here are again attempting to assert that

---

[3]Plaintiffs attempt to bolster their argument regarding Congress's allegedly improper motivations by suggesting that the penalties imposed for failure to comply with the age verification and recordkeeping requirements are essentially the same as the penalties imposed on "actual child pornography offenses." Pl. Mem. at 15 n.10.  Again, plaintiffs failed to raise any such argument in prior briefing.  Moreover, plaintiffs lack standing to challenge a particular sentence, and any such challenge is unripe, since none of these plaintiffs claim to have ever been charged or convicted under any of these statutes.  In any case, plaintiffs' claim that a potential term of imprisonment of no more than two or five years is the same as potential terms of imprisonment that range from five to thirty years is without substance.

they are actually challenging an evidentiary presumption – a presumption that does not, in fact, appear in the statutory or regulatory text but that plaintiffs now claim to have identified for the first time based on the lengthy discussion, complete with terminology drawn from mathematical set theory, in the first section of their memorandum.[4] See id. Again, plaintiffs failed to raise these arguments in prior briefing. At the same time, plaintiffs raise these arguments here simply as a means of restating other arguments that they have previously made, and that this Court has properly rejected.

Specifically, while plaintiffs claim to be challenging an evidentiary presumption that was removed from § 2257 two decades ago, but that, according to plaintiffs, was "never really eliminated," Pl. Mem. at 18, they are actually attempting, once again, to impose a "least restrictive means" requirement that is inapplicable in the intermediate scrutiny context. Thus, plaintiffs urge that Congress should have chosen a different, less burdensome method to advance its compelling interest in protecting children from sexual exploitation. Pl. Mem. at 17. Again, plaintiffs appear to suggest that Congress should have applied the 2257/2257A requirements only to the initial creation of films and photographs depicting sexually-explicit conduct. But as just explained, imposing the requirements on secondary producers serves the same interests that are served by imposing the requirements on primary producers. The two "factual questions" that

---

[4]Should the Court wish to explore this terminology at greater length, counsel for defendant has located a publicly-available glossary that defines certain terms, such as "superset" and "subset," that plaintiffs employ in their discussion. See http://math.comsci.us/sets/glossary.html . (The term "iff," as employed in this glossary, appears to mean "if and only if.")  The Court need not spend significant efforts in deciphering this discussion, however, because, as explained above, the point that plaintiffs seek to make – that the 2257/2257A requirements are overinclusive – relies on their mischaracterization of the governmental interest that the requirements serve.

plaintiffs identify, Pl. Mem. at 18-19, have no bearing on the analysis.[5] The Court properly held that the 2257/2257A requirements, as written, are narrowly tailored to advance a legitimate governmental interest. The Court thus properly upheld the requirements under the First Amendment, and plaintiffs' Rule 59(e) motion provides no legitimate basis for overturning the Court's decision.

## CONCLUSION

For the foregoing reasons, plaintiffs' Motion to Alter or Amend Pursuant to Rule 59(e) should be denied.

September 7, 2010

Respectfully submitted,

TONY WEST
Assistant Attorney General
ZANE DAVID MEMEGER
United States Attorney
VINCENT M. GARVEY
Deputy Branch Director

/s/ Kathryn L. Wyer
KATHRYN L. WYER
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC 20530
Tel. (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Defendant*

---

[5] Specifically, plaintiffs suggest that the "respective sizes" of the "superset" and "subset" that they previously identified must be determined and compared, id. at 18, and that the burdens imposed on those who do not produce child pornography must be identified. However, for the same reasons explained above, plaintiffs' identification of a "superset" and "subset" is not meaningful when the actual governmental interest at stake – to protect children from sexual exploitation – is acknowledged. The Court has already properly rejected the need for factual development through discovery or an evidentiary hearing in order to resolve this case. Mem. Decision, 2010 WL 2982985, at *33-34.

**CERTIFICATE OF SERVICE**

      Pursuant to Local Rule 5.1.2(8)(b), I hereby certify that the foregoing Memorandum has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that the foregoing document was served via ECF on counsel of record for plaintiffs in the above-captioned case.

Dated: September 7, 2010                /s/           
                                                           Kathryn L. Wyer