**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF PENNSYLVANIA
U.S. COURTHOUSE
INDEPENDENCE MALL WEST
601 MARKET STREET
PHILADELPHIA, PA 19106-1797

MICHAEL E. KUNZ
CLERK OF COURT

CLERK'S OFFICE
ROOM 2609
TELEPHONE
(215)597-7704

June 29, 2012

Jay Alan Sekulow
American Center for Law & Justice
201 Maryland Ave NE
Washington, DC 20002

RE:   Free Speech Coalition, Inc. et al v. The Honorable Eric H. Holder, Jr.
Civil Action Number 2:09-cv-04607-MMB

## NOTICE

With regard to your appearance as counsel in the above-captioned matter, this is to advise you that you are not in compliance with Rules 83.5 and/or 83.5.2 of the Local Rules of Civil Procedure of this court. Local Civil Rule 83.5 requires in part that you be a member in good standing of the bar of the Supreme Court of Pennsylvania and that you be admitted to practice as an attorney before this court.

Alternatively, Local Civil Rule 83.5.2 requires in part that "...any attorney who is not a member of the bar of this court shall, in each proceeding in which that attorney desires to appear, have as associate counsel of record a member of the bar of this court upon whom all pleadings, motions, notices and other papers can be served conformably to the Federal Rules of Civil Procedure and rules of this court. An attorney who is not a member of the bar of this Court shall not actively participate in the conduct of any trial or any pre-trial or post-trial proceeding before this Court unless, upon motion of a member of the bar of this Court containing a verified application, leave to do so shall have been granted." Copies of Rules 83.5 and 83.5.2 of the Local Rules of Civil Procedure and an Application for Pro Hac Vice are attached for your information and guidance. Applications for general admission can be obtained at the front counter of the Clerk's Office, 2609 U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106.

**Failure to comply with this notice within 14 days will be brought to the courts attention. If you have any questions, please contact Lisa DeAngelo via e-mail at lisa_deangelo@paed.uscourts.gov or 267-299-7043.**

Very truly yours,

MICHAEL E. KUNZ,
Clerk of Court

By:_____
Deputy Clerk

Enclosure
civ605.frm

## Rule 83.5 Admission to Practice

(a) Any attorney who is a member in good standing of the bar of the Supreme Court of Pennsylvania may, by a verified application and upon motion of a member of the bar of this Court, make application to be admitted generally as an attorney of the Court. A fee established by this court shall be assessed for all such admissions. No admission shall be effective until such time as the fee has been paid.

(b) The petition for admission shall aver, under oath, all pertinent facts. The Court may admit the petitioner upon such petition and motion or may require that the petitioner offer satisfactory evidence of present good moral and professional character.

(c) Upon admission the petitioner shall take and subscribe to the following oath or affirmation:

"I do swear (or affirm) that I will demean myself as an attorney of this Court uprightly and accordingly to law and that I will support and defend the Constitution of the United States."

(d) Upon appropriate motion and the taking of the oath prescribed in subparagraph (c), any attorney admitted to the limited practice provided by Subchapter C of the Pennsylvania Bar Admission Rules may be admitted to a similar limited practice before this court as to all causes in which the defender association or legal services program with which that attorney is affiliated acts as counsel.

1. The right to practice under this rule shall terminate upon termination of admission to practice under Subchapter C of the Pennsylvania Bar Admission Rules.

2. The roll of attorneys maintained by the Clerk of this Court shall be specially noted to show those admitted under the provisions of this subparagraph.

(e) Any attorney who is a member in good standing of the bar of the highest court of any state, territory, or the District of Columbia may, without being admitted generally as an attorney of this Court, act as an attorney in this Court on behalf of the United States Government or any of its departments or agencies.

(f) An attorney applying for first-time admission to the bar of this court must simultaneously inform the court of any previous public discipline by any other court of the United States or the District of Columbia, or by a court of any state, territory, commonwealth or possession of the United States and of any conviction for a "serious crime" as defined in these rules.

Petitions for first-time admission filed by an attorney who has previously been publicly disciplined by another court or convicted of a serious crime shall be filed with the Chief Judge of this court. Upon receipt of the petition, the Chief Judge shall assign the matter for prompt hearing before one or more judges of this court appointed by the Chief Judge. The judge or judges assigned to the matter shall thereafter schedule a hearing at which the petitioner shall have the burden of demonstrating, by clear and convincing evidence, that the petitioner has the moral qualifications, competency and learning in the law required for admission to practice law before this court, and that the petitioner's admission shall not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive of the public interest.

In all the above-described proceedings, the attorney applying for first-time admission shall have the right to counsel. All such petitions shall be accompanied by an advance cost deposit in an amount to be set by the court, from time to time, to cover anticipated costs of the proceeding.

(g) The judge or judges to whom a matter is assigned under Local Rule 83.5(f) shall make a report and recommendation to the court after a hearing. The court shall decide the matter.

### Rule 83.5.2 Associate Counsel

(a) Except for attorneys appearing on behalf of the United States Government or a department or agency thereof pursuant to Rule 83.5(e), **any attorney who is not a member of the bar of this court shall, in each proceeding in which that attorney desires to appear, have as associate counsel of record a member of the bar of this court upon whom all pleadings, motions, notices and other papers can be served conformably to the Federal Rules of Civil Procedure and rules of this court.**

**(b) An attorney who is not a member of the bar of this Court shall not actively participate in the conduct of any trial or any pre-trial or post-trial proceeding before this Court unless, upon motion of a member of the bar of this Court containing a verified application, leave to do so shall have been granted. A fee established by this court shall be assessed for all such admissions. No admission shall be effective until such time as the fee has been paid.**