IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| FREE SPEECH COALITION, INC. et al., | ) Civil Action No. 2:09-4607 |
| Plaintiffs, | ) Judge Michael M. Baylson |
| v. | ) |
| THE HONORABLE ERIC H. HOLDER, JR., Attorney General, | ) DEFENDANT'S PARTIAL ANSWER TO ) PLAINTIFFS' AMENDED COMPLAINT |
| Defendant. | ) |

Defendant the Honorable Eric H. Holder, Jr., in his official capacity as Attorney General, hereby submits this Partial Answer to plaintiffs' Amended Complaint (hereinafter, "Complaint"). This Partial Answer does not address those previously-dismissed counts and claims identified in the Agreed Order, entered by the Court on August 16, 2012 (ECF No. 91), as no longer pending before this Court. This Partial Answer also does not address Count Four of the Amended Complaint, and Count Six to the extent it seeks injunctive relief with respect to Count Four, because defendant is separately filing a Motion to Dismiss in Part for lack of subject matter jurisdiction in regard to those counts. Defendant submits this Partial Answer without assuming the burden of proof on any issue as to which the burden would otherwise rest on plaintiffs, and reserves the right to assert any other defense that may become available or appear during the proceedings in this case.

**FIRST DEFENSE**

Plaintiffs have failed to state a claim on which relief can be granted.

**SECOND DEFENSE**

Defendant answers the numbered paragraphs of the Complaint as follows:

1.      Defendant admits that plaintiffs have filed this lawsuit in order to challenge the constitutionality of 18 U.S.C. §§ 2257 and 2257A (the "Statutes") and the implementing regulations, 28 C.F.R. Part 75. The rest of Paragraph 1 purports to describe the contents of the Statutes, which speak for themselves and to which the Court is referred for a full and accurate statement of their contents. To the extent this paragraph addresses claims covered by the Agreed Order or by defendant's Motion to Dismiss in Part, defendant need not respond. Defendant otherwise admits the existence of the Statutes but denies the accuracy of plaintiffs' characterization to the extent it is inconsistent with the text of the Statutes. The last two sentences of Paragraph 1 state legal conclusions to which no response is required. To the extent a response is required, plaintiffs' allegations in these two sentences are denied.

2.      The first sentence of Paragraph 2 purports to characterize plaintiffs, certain material that plaintiffs allege that they produce, and a Supreme Court opinion. Defendant need not respond to such characterizations and refers the Court to the cited Supreme Court case for a full and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of plaintiffs' assertions in the second and third sentences of this paragraph. The last sentence of this paragraph states legal conclusions to which no response is required. To the extent a response is required, plaintiffs' allegations in this sentence are denied.

3.      The first sentence of Paragraph 3 purports to describe the contents of the Statutes, which speak for themselves and to which the Court is referred for a full and accurate statement of

their contents. Defendant denies the accuracy of plaintiffs' characterization to the extent it is inconsistent with the text of the Statutes. The second sentence of Paragraph 3 states legal conclusions to which no response is required. To the extent a response is required, plaintiffs' allegations in this sentence are denied.

4.      The first sentence of Paragraph 4 is admitted. The existence of the statutory provision cited in the second sentence is admitted, but the allegation made in that sentence is denied. The cited statute speaks for itself, and the Court is referred thereto for a full and accurate statement of its contents.

5.      The existence of the statutory provision cited in Paragraph 5 is admitted, but the allegation made in this paragraph is denied. The cited statute speaks for itself, and the Court is referred thereto for a full and accurate statement of its contents.

6.      The existence of the statutory provision cited in Paragraph 6 is admitted, but the allegation made in this paragraph is denied. The cited statute speaks for itself, and the Court is referred thereto for a full and accurate statement of its contents.

7.      Admitted.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of Paragraph 8. The allegation in the second sentence is admitted. The third sentence states a legal conclusion to which no response is required. To the extent a response is required, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in this sentence.

9.      Paragraph 9 purports to describe and characterize the Statutes, the bills through which they were enacted and amended, and certain judicial decisions that have addressed them. These Statutes, bills, and judicial decisions speak for themselves, and the Court is referred

thereto for a full and accurate statement of their contents. To the extent a further response is required, defendant generally admits the chronology set forth in the first four sentences (excluding citations). The fifth and sixth sentences contain legal conclusions to which no response is required. To the extent a response is requrred, defendant denies the allegations in these sentences. The seventh sentence contains characterizations to which no response is required. To the extent a response is required, plaintiffs' allegations in this sentence are vague, and defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Defendant generally admits the chronology set forth in the eighth sentence and citation. In regard to the ninth sentence, defendant admits that the regulations set forth at 28 C.F.R. Part 75 were amended in 2005 but otherwise denies the allegations in this sentence. Defendant generally admits the chronology set forth in the tenth, eleventh, and twelfth sentences.

10.     Paragraph 10 purports to describe and characterize the contents of 18 U.S.C. § 2257 and 28 C.F.R. § 75.2(a), which speak for themselves and to which the Court is referred for a full and accurate statement of their contents. To the extent a response is required, defendant denies the allegations of this paragraph insofar as they are inconsistent with the text of the cited provisions or the statute's implementing regulations. In particular, defendant specifically denies the characterization of the first sentence insofar as it suggests that "lascivious exhibition of genitals   is not included in the category of "actual sexually explicit conduct.   Defendant also specifically denies the characterizations of this paragraph insofar as they omit the applicable dates of the requirements, fail to distinguish between the requirements that apply to primary producers versus secondary producers, and fail to acknowledge that producers may rely in good faith on representations by performers regarding accuracy of the names they use, other than legal

names.

11.     Paragraph 11 purports to describe and characterize the contents of 18 U.S.C. §
2257A, which speaks for itself and to which the Court is referred for a full and accurate
statement of its contents. To the extent a response is required, defendant denies the allegations of
this paragraph insofar as they are inconsistent with the text of the cited provision or its
implementing regulations.

12.     Paragraph 12 purports to describe and characterize the regulations implementing
the Statutes, which speak for themselves and to which the Court is referred for a full and accurate
statement of their contents. To the extent a response is required, defendant denies the allegations
of this paragraph insofar as they are inconsistent with the text of the cited provisions. In
particular, defendant specifically denies the allegation of the last sentence of this paragraph
insofar as it suggests that the requirements of the Statutes apply in identical ways to primary and
secondary producers.

13.     Paragraph 13 purports to describe and characterize the Statutes, which speak for
themselves and to which the Court is referred for a full and accurate statement of their contents.
To the extent a response is required, defendant denies the allegations of this paragraph insofar as
they are inconsistent with the text of the cited provisions or their implementing regulations.

14.     Paragraph 14 purports to describe and characterize the Statutes, which speak for
themselves and to which the Court is referred for a full and accurate statement of their contents.
To the extent a response is required, defendant admits that the Department of Justice may use any
relevant business record when prosecuting violations of federal obscenity laws and otherwise
denies the allegations of this paragraph insofar as they are inconsistent with the text of the cited

provisions or their implementing regulations.

15.     Paragraph 15 purports to describe and characterize the regulations implementing the Statutes, which speak for themselves and to which the Court is referred for a full and accurate statement of their contents. To the extent a response is required, defendant denies the allegations of this paragraph insofar as they are inconsistent with the text of the cited provisions.

16.     The allegations in Paragraph 16 are related to Count Four of the Complaint, which is subject to a pending motion to dismiss for lack of subject matter jurisdiction; therefore, no response is required at this time.

17.     Paragraph 17 purports to describe and characterize the Statutes and their implementing regulations, which speak for themselves and to which the Court is referred for a full and accurate statement of their contents. To the extent a response is required, defendant admits that the penalties identified in this paragraph are generally consistent with the text of the Statutes and denies the allegations of this paragraph insofar as they are inconsistent with the text of the cited provisions.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 18. Defendant need not respond to the allegations in the fourth and fifth sentences, pursuant to the Agreed Order, because they relate to a claim that has been dismissed. The sixth sentence purports to describe and characterize the Statutes, which speak for themselves and to which the Court is referred for a full and accurate statement of their contents. To the extent a response is required, defendant denies

the allegations of this paragraph insofar as they are inconsistent with the text of the cited provisions and their implementing regulations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of this paragraph.

20. The allegations in Paragraph 20 are related to Count Four of the Complaint, which is subject to a pending motion to dismiss for lack of subject matter jurisdiction; therefore, no response is required at this time.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, except that the assertion in the second to last sentence of this paragraph is admitted.

22-26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs, except that with respect to the last sentence of Paragraph 24, the allegations in that sentence are related to Count Four of the Complaint, which is subject to a pending motion to dismiss for lack of subject matter jurisdiction; therefore, no response to that sentence is required at this time.

27-32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

33-34. Defendant need not address the allegations in Paragraphs 33 and 34 because the plaintiff to which the allegations relate has voluntarily dismissed its claims in this lawsuit.

35-50. Defendant need not respond to the allegations in the last sentence of Paragraph 43, pursuant to the Agreed Order, because they relate to a claim that has been dismissed. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs, except that, with respect to Paragraphs 25, 36, and 42, defendant

denies that the requirements of 18 U.S.C. §§ 2257 or 2257A apply to images produced prior to the effective dates of those requirements, simply because they are included in compilations that also include images to which the requirements of 18 U.S.C. §§ 2257 or 2257A do apply.

51. Defendant need not respond to the allegations in Paragraph 51, pursuant to the Agreed Order, because they relate to a claim that has been dismissed.

52. Paragraph 52 sets forth legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations set forth in the first sentence of this paragraph. Defendant admits the allegations set forth in the second and third sentences to the extent that these sentences allege that, if plaintiffs are subject to the age verification and labeling requirements of the Statutes, the Statutes require them to comply with those requirements.

53-54. Defendant need not respond to the allegations in Paragraphs 53 and 54, pursuant to the Agreed Order, because they relate to claims that have been dismissed.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 55. The second sentence of this paragraph purports to describe and characterize the Statutes, which speak for themselves and to which the Court is referred for a full and accurate statement of their contents. To the extent a response is required, defendant denies the allegations of this sentence insofar as they are inconsistent with the text of the cited provisions and their implementing regulations.

56. Defendant need not respond to the allegations set forth in Paragraph 56, pursuant to the Agreed Order, because they relate to claims that have been dismissed.

57. The allegations in Paragraph 57 are related to Count Four of the Complaint, which is subject to a pending motion to dismiss for lack of subject matter jurisdiction; therefore, no

response to this paragraph is required at this time.

58.     Defendant admits that, to the extent plaintiffs keep records that are admissible under applicable evidentiary rules and that demonstrate that they have violated federal laws, those records might be used against plaintiffs if plaintiffs are subject to criminal prosecution. Defendant otherwise denies the allegations set forth in Paragraph 58.

59.     To the extent Paragraph 59 addresses claims covered by the Agreed Order or the subject of defendant's motion to dismiss, defendant need not respond. Paragraph 59 otherwise sets forth legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations set forth in this paragraph.

60.     The responses set forth above to Paragraphs 1 through 59 are incorporated as if fully rewritten herein.

61.     Paragraph 61 sets forth legal conclusions to which no response is required. In addition, defendant need not respond to the allegations in subsections C, D, E, G, I, J, and K, pursuant to the Agreed Order, because they relate to claims that have been dismissed. To the extent a response is otherwise required, defendant denies the allegations set forth in this paragraph.

62.     Denied.

63-70.  Defendant need not respond to the allegations in Paragraphs 63 through 70, pursuant to the Agreed Order, because they relate to claims that have been dismissed.

71-75.  The allegations in Paragraphs 71 through 75 constitute Count Four of the Complaint, which is subject to a pending motion to dismiss for lack of subject matter jurisdiction; therefore, no response is required at this time.

76-79.  Defendant need not respond to the allegations in Paragraphs 76 through 79, pursuant to the Agreed Order, because they relate to claims that have been dismissed.

80.     The responses set forth above to Paragraphs 1 through 79 are incorporated as if fully rewritten herein.

81.     Paragraph 81 sets forth legal conclusions to which no response is required. To the extent a response is otherwise required, defendant denies the allegations set forth in this paragraph.

82-83.  Defendant need not respond to the allegations in Paragraph 82 and 83, pursuant to the Agreed Order, because they relate to claims that have been dismissed.

84.     Paragraph 84 is that portion of Count Six that seeks injunctive relief with respect to Count Four of the Complaint, which is subject to a pending motion to dismiss for lack of subject matter jurisdiction; therefore, no response is required at this time.

85.     Paragraph 85 sets forth legal conclusions to which no response is required. To the extent a response is otherwise required, defendant denies the allegations set forth in this paragraph.

Any allegation in plaintiffs' Amended Complaint that has not been specifically addressed above is denied.

WHEREFORE, defendant denies that plaintiffs are entitled to the relief requested in their Amended Complaint, or to any relief whatsoever, and requests that the Court enter judgment dismissing this action with prejudice and award defendant costs and attorney's fees as allowed under applicable law and such other relief as the Court may deem appropriate.

August 20, 2012                    Respectfully submitted,

                                   STUART F. DELERY
                                   Acting Assistant Attorney General
                                   ZANE DAVID MEMEGER
                                   United States Attorney
                                   VINCENT M. GARVEY
                                   Deputy Branch Director

                                   /s/ Kathryn L. Wyer
                                   KATHRYN L. WYER
                                   U.S. Department of Justice, Civil Division
                                   20 Massachusetts Avenue, N.W.
                                   Washington, DC 20530
                                   Tel. (202) 616-8475 / Fax (202) 616-8470
                                   kathryn.wyer@usdoj.gov
                                   *Attorneys for Defendant*


## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.1.2(8)(b), I hereby certify that the foregoing document has been

filed electronically and is available for viewing and downloading from the ECF system.  I further

certify that the foregoing document was served via ECF on counsel of record for plaintiffs in the

above-captioned case.


Dated: August 20, 2012              /s/
                                    Kathryn L. Wyer


- 11 -