

U.S. Department of Justice

Civil Division, Federal Programs Branch
20 Massachusetts Ave, N.W.
P.O. Box 883 Ben Franklin Station
Washington, D.C. 20530

_____

Kathryn L. Wyer                                                  Tel: (202) 616-8475
Trial Attorney                                                   Fax: (202) 616-8470

November 20, 2012

The Honorable Michael M. Baylson
United States District Judge
Eastern District of Pennsylvania
601 Market Street
Philadelphia PA  19106

    Re: *Free Speech Coalition v. Holder*, No. 2:09-cv-4607

Dear Judge Baylson,

    Defendant submits this letter brief in response to the Court's Scheduling Order of November 15, 2012, requesting that the parties address discovery issues raised in the briefing of Defendant's Motion to Dismiss Plaintiffs' Fourth Amendment claim. In particular, the Court indicated that it would welcome briefing that addressed the parties' dispute over who is obligated, in the first instance, to identify certain producers of sexually-explicit materials as having been subject to records inspections pursuant to 18 U.S.C. § 2257. As the Court indicates, Defendant's position in briefing was that plaintiffs must identify in Initial Disclosures those members of Free Speech Coalition, Inc. ("FSC") that, according to the Amended Complaint ¶ 20, "have been subjected to inspections." In contrast, Plaintiffs had contended that Defendant must first identify the subjects of all 29 inspections that the FBI conducted between 2006 and 2007, in order to assist plaintiffs in "provid[ing] complete information" regarding the FSC members referenced in ¶ 20 of Plaintiffs' Amended Complaint.[1]

    Rules 26 and 11 make clear that the Initial Disclosure obligation here belongs to Plaintiffs in the first instance, without regard to any disclosures that Defendant might make. Fed. R. Civ. P. 26(a)(1)(A)(i), (a)(1)(E); Fed. R. Civ. P. 11(b)(3). At approximately 5:30 p.m. the afternoon before the noon letter brief deadline set by this Court, counsel for Plaintiffs sent undersigned counsel for Defendant a letter by e-mail purporting to identify, by business name, "current members" of FSC who were inspected, as well as entities that Plaintiffs indicated had

---

[1] Plaintiffs originally provided Defendant with Initial Disclosures in March 2010, prior to the Court's ruling, at the 16(b) conference held in conjunction with its March 12, 2010, motions hearing, that discovery would be stayed until the Court ruled on Defendant's Motion to Dismiss. Given the changes in the allegations made in Plaintiffs' Amended Complaint filed on June 29, 2012, undersigned counsel for Defendant inquired of Plaintiffs' counsel whether the 2010 disclosures would be supplemented. The correspondence referenced in the briefing occurred in response to that inquiry, before Defendant filed the pending Motion to Dismiss in Part, and before the parties agreed to stay discovery relating to Plaintiffs' Fourth Amendment claim.

been inspected but were "currently inactive." Undersigned counsel for Defendant attempted to confer with counsel for Plaintiffs regarding whether Plaintiffs would intend to supplement their Initial Disclosures, should proceedings regarding their Fourth Amendment claim go forward, by providing the names of individuals and address information associated with the listed entities, but has not yet received a response.

Should Plaintiffs' Fourth Amendment claim proceed, Defendant acknowledges that Defendant will also likely have information, with respect to that claim, that falls under the initial disclosure obligations of Rule 26(a). Because the parties agreed to stay all discovery relating to Plaintiffs' Fourth Amendment claim until after the Court rules on Defendant's Motion, and because of the uncertainty in how to construe Plaintiffs' Fourth Amendment claim for injunctive relief and its relation to inspections that occurred over five years ago, where there is no inspection program currently in operation, Defendant has not yet determined what information would fall in this category. Should the Court deny Defendant's Motion to Dismiss in Part, the contours of its decision may affect Defendant's determination. Defendant therefore requests that he be given thirty days from the date of the Court's ruling, should the Court deny Defendant's Motion, to make this determination and provide initial disclosures to Plaintiffs.

Due to the issues identified in Defendant's earlier letter of October 12, 2012, regarding discovery deadlines, as well as Hurricane Sandy, the parties had agreed to extend the deadline to respond to the first set of written discovery requests until November 9, 2012. Defendant is still in the process of reviewing Plaintiffs' discovery responses, and the parties have not conferred regarding any disputed issues.

    Respectfully,

    STUART F. DELERY
    Principal Deputy Assistant Attorney General
    ZANE DAVID MEMEGER
    United States Attorney
    VINCENT GARVEY
    Deputy Branch Director

    /s/ Kathryn L. Wyer
    KATHRYN L. WYER
    U.S. Department of Justice, Civil Division
    20 Massachusetts Avenue, N.W.
    Washington, DC 20530
    Tel. (202) 616-8475 / Fax (202) 616-8470
    kathryn.wyer@usdoj.gov
    *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      Pursuant to Local Rule 5.1.2(8)(b), I hereby certify that the foregoing document has been filed electronically and is available for viewing and downloading from the ECF system.  I further certify that the foregoing document was served via ECF on counsel of record for plaintiffs in the above-captioned case.

Dated: November 20, 2012        /s/                
                                          Kathryn L. Wyer