December 10, 2012

The Honorable Michael M. Baylson
United States District Court, Eastern District of Pennsylvania
3810 United States Courthouse
Sixth and Market Streets
Philadelphia, Pennsylvania 10106-1741

                              Re: *Free Speech Coalition, Inc., et al. v. Holder*
                              Case No. 09-4607

Dear Judge Baylson:

      In compliance with your order of November 27, 2012, Plaintiffs submit this letter brief addressing discovery issues in this case.

      The government has lodged objections[1] to each of Plaintiffs' discovery requests. It did not answer any of the interrogatories propounded on it, nor admitted or denied any request for admission. It objected to all of Plaintiffs' Requests for Production of Documents, but produced some documentation and indicated that it did not have documents responsive to a number of the requests. The dispute between the parties, therefore, focuses on the government's objections to all of the Plaintiffs' Interrogatories and Requests for Admission and two of its objections to Plaintiffs' Requests for Production. (Plaintiffs have agreed not to press for the production of documents in response to four Requests for Production of Documents to which Defendant has objected, while reserving the right to pursue the issue if it appears that these documents contain information relevant

---

[1] The government's responses are attached as is Plaintiffs' correspondence regarding the dispute raised by the government's objections to their discovery.

to their claims).

Plaintiffs' counsel wrote to defense counsel on November 30, 2012 about their discovery dispute. Defendant has not responded. A summary of Plaintiffs' position as set forth in that correspondence follows.

**Interrogatories:** Plaintiffs addressed Defendant's objections by category.[2] Plaintiffs contend that Defendant's objections on the ground that the interrogatories call for "purely legal conclusions based on abstract hypotheticals unrelated to the specific facts" are not well-taken. The interrogatories at issue ask the government to explain how 18 U.S.C. §§ 2257, 2257A are narrowly tailored when applied to the factual circumstances of the individual plaintiffs–an issue at the heart of this case. *See, Free Speech Coalition v. Holder,* 677 F.3d 519, 537 (3rd Cir. 2012) (discussing need to develop record regarding whether statutes are narrowly tailored as to individual Plaintiffs). For example, Interrogatory No. 2 g asks Defendant to "explain how 18 U.S.C. § 2257 is narrowly tailored to prevent the use of minors in sexually explicit visual depictions as applied to sexually explicit visual depictions of an adult married couple created by a professional photographer at their request." *See* Amended Complaint (Doc. No. 84) at ¶¶ 23, 24 re: Plaintiff Michael Barone. Others ask the government to explain its position with regard to the statutes' application to purely private conduct–another issue at the heart of this case. *See Free Speech Coalition,* 677 F.3d at 540, n.16.

---

[2] Plaintiffs separately addressed Defendant's objection to Interrogatory No. 1, seeking to learn the identity of the persons who answered the interrogatories and compiled information in responding to Plaintiffs' discovery. The government objected on the ground that the interrogatory was vague, ambiguous, overly broad, unduly burdensome, and sought information protected by attorney client privilege. Plaintiffs explained that the interrogatory did not seek any communications and therefore, attorney-client privilege was not at issue. Moreover, they were entitled to learn the identities of those involved in responding to discovery to allow them to depose those individuals with knowledge about the information provided, including those who may be custodians of documents requested.

Rule 33 of the Federal Rules of Civil Procedure specifically provides "[a]n interrogatory is not objectionable merely because it asks for an opinion or a contention that relates to facts or application of law to facts."

In other instances, the government objected to interrogatories as vague and ambiguous by interpreting them to include various hypotheticals of its own creation. For instance, in objecting to the interrogatory discussed above regarding the photo commissioned by a married adult couple the government stated that "two individuals may be married, or claim to be married, even though one or both of them is under 18. Individuals may make requests under threat, duress or coercion." The interrogatory posed a simple, discrete question; it asked about none of the permutations discussed by the government. Plaintiffs have requested that Defendant answer the interrogatories propounded on it.

Additionally, the government objected to many interrogatories on the ground that specific terms like *textbook*, *documentary*, *transfers*, and *displays* were so vague and ambiguous that the interrogatories that used them could not be answered. Plaintiffs noted that those objections were frivolous, but in the interest of resolving the dispute provided clarification for each of the terms that the government contended were vague and ambiguous.

Finally, the government objected to three interrogatories on the ground that they were beyond the scope of discovery on remand and were overly burdensome. These interrogatories sought information about 18 U.S.C. § 2257's enforcement history and child pornography prosecutions that failed because the government could not shoulder its burden of showing that the person depicted was a minor or in which documentation required by 18 U.S.C. § 2257 was used. Plaintiffs explained that this information was relevant in measuring whether the statutes were narrowly tailored to meet their

purported goals of aiding the prosecution of child pornography. The government contended it was not. In response to the government's contention that the interrogatories were overly burdensome, Plaintiffs clarified it was their intent that the government make a good faith effort to cull information from particular databases and from other readily available sources to answer these interrogatories.

**Requests for Admission:** The government has neither admitted nor denied any of the requests for admission propounded on it. The gist of its objection is that the requests call for "purely legal conclusions based on abstract hypotheticals unrelated to the specific facts." Rule 36 of the Federal Rules of Civil Procedure specifically instructs that a party may serve requests for admission "relating to...facts, the application of law to fact, or opinions about either." Like the interrogatories to which the government interposed a similar objection, Plaintiffs' Requests for Admission relate directly to Plaintiffs' as-applied and overbreadth claims.

**Requests for Production of Documents:** Two Requests for Production are in dispute. Request No. 4 requests production of "any and all documentary evidence regarding the use of underage performers in expression produced by the adult industry in the United States." The government claimed the terms, *documentary evidence*, *expression*, and *adult industry* were vague and ambiguous; Plaintiffs, while not agreeing, defined them. Defendant also objected on the ground that the request was overly burdensome and beyond the scope of discovery on remand. In asserting that the statutes are narrowly tailored in the Third Circuit, the government argued that the statutes are necessary to ensure that "industry participants" do not use underage performers. Appellee's Br. at 39-40. Plaintiffs are entitled to test the factual basis for that claim in evaluating whether they are narrowly tailored to that purpose.

Request No. 23 requests data in that Defendant may have regarding the percentage of sexually explicit visual depictions of persons who are less than 18 years of age exchanged by

4

electronic mail compared to such depictions of persons who are more than 18 years of age exchanged by electronic mail.  This information is relevant to Plaintiffs' overbreadth claim, requiring the examination of the amount of protected expression that is burdened by the statutes compared to unprotected expression permissibly regulated by the statutes. The government objected on the ground that it required the government to search thousands of case files in the United States Attorneys Offices and in field offices of the FBI. The request–as Plaintiffs clarified in their discussions on September 24, 2012–does not encompass the universe of materials with information about the subject matter of the Request–but rather seeks production of any studies or other similar data compilations that the government has in its possession and control.  It does not require the search that the government contends it does.

**Discovery on Plaintiffs' Fourth Amendment Claim:** Plaintiffs are in the process of preparing discovery requests on the Fourth Amendment Claim.  They intend to serve those requests on the government in advance of the December 19, 2012 deadline.  Plaintiffs have received no communication from Defendant about its intention to produce the FBI reports of the inspections, any redaction policy, or proposed protective order.

Date:   December 10, 2012


s/ J. Michael Murray
 J. MICHAEL MURRAY (0019626)
jmmurray@bgmdlaw.com
LORRAINE. R. BAUMGARDNER (0019642)
lbaumgardner@bgmdlaw.com
BERKMAN GORDON, MURRAY & DeVAN
55 Public Square, Suite 2200
Cleveland, Ohio  44113-1949
(216) 781-5245 / (216) 781-8207 (Facsimile)

KEVIN E. RAPHAEL (72673)
KER@Pietragallo.com
J. PETER SHINDEL, JR. (201554)
JPS@Pietragallo.com
PIETRAGALLO  GORDON   ALFANO
BOSICK & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, Pennsylvania 19103
(215)320-6200/(215) 981-0082 (Facsimile)

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that on December 10, 2012, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                        s/ J. Michael Murray
                        J. MICHAEL MURRAY (0019626)
                        BERKMAN GORDON, MURRAY & DeVAN

                        *Attorney for Plaintiffs*