IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., | ) Civil Action No. 2:09-4607 |
| | ) |
| Plaintiffs, | ) Judge Michael M. Baylson |
| | ) |
| v. | ) |
| | ) DEFENDANT'S RESPONSES TO |
| THE HONORABLE ERIC H. HOLDER, JR., | ) PLAINTIFFS' FIRST SET OF |
| Attorney General, | ) INTERROGATORIES |
| | ) |
| Defendant. | ) |

Pursuant to Fed. R. Civ. P. 26 and 33, defendant Eric H. Holder, Jr. ("defendant") hereby submits his objections and responses to plaintiffs' First Set of Interrogatories.

## GENERAL OBJECTIONS

1.      Defendant objects to plaintiffs' Interrogatories to the extent they request information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to plaintiffs' Interrogatories to the extent they seek information that exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure and/or the scope of the Third Circuit's mandate when remanding this case, as described in its decision in *Free Speech Coalition, Inc. v. Attorney General*, 677 F.3d 519 (3d Cir. 2012).

2.      Defendant objects to plaintiffs' Interrogatories to the extent they request that defendant identify or provide any files, records, reports, and any other papers and documents pertaining to any individual other than the individually named plaintiffs to the extent that such information is protected by the Privacy Act, 5 U.S.C. § 552a; 18 U.S.C. § 3509; and/or 42 U.S.C. 3789g. Defendant further objects to plaintiffs' Interrogatories to the extent that they could be

- 1 -

construed as seeking information protected from disclosure by the attorney-client privilege, the work product doctrine, the deliberative process privilege, the law enforcement privilege, or any other applicable privilege or immunity recognized under statute, regulation or applicable case law. Defendant does not waive any applicable privilege through the inadvertent or partial disclosure of any otherwise privileged information in response to these Interrogatories. In conformance with Fed. Rule Civ. P. 26(b)(5), defendant will describe the nature of any documents that are withheld as privileged or subject to protection as attorney work product.

3.      Defendant objects to plaintiffs' Interrogatories to the extent they seek information that is publicly available and/or that is obtainable from other sources that are more convenient, more efficient, more practical, less burdensome and/or less expensive, on the grounds that such production would be unduly burdensome and unreasonably cumulative.

4.      Defendant objects to plaintiffs' Interrogatories to the extent they seek information from any individual or entity other than defendant, and to the extent they demand the identification of documents or information not within the possession, custody, or control of defendant.

5.      Defendant objects to plaintiffs' Interrogatories on grounds of overbreadth and undue burden, particularly in that they purport to require defendant to respond with respect to every office within the United States Department of Justice, including all components of the Department of Justice, all United States Attorney's Offices, and all field offices of the Federal Bureau of Investigation, and in that they do not place any reasonable temporal limitation on the scope of the response that they purport to require from defendant.

6.      Defendant objects to the Instructions set forth in plaintiffs' Interrogatories to the extent that they expand, alter or modify the scope of permissible discovery under the Federal Rules

of Civil Procedure and the Rules of Civil Procedure of the United States District Court for the
Eastern District of Pennsylvania.

7.     Defendant objects to plaintiffs' Interrogatories on the grounds that they, together
with their Definitions and Instructions, are so vague, broad, general and all-inclusive that they do
not permit a proper or reasonable response and are therefore unduly burdensome.

8.     The following responses are based upon information currently known to defendant,
and defendant reserves the right to supplement or amend his responses should additional or
different information become available.

9.     Nothing contained in the following responses constitutes a waiver of any applicable
objection or privilege as to the requested discovery. To the extent that defendant identifies
documents, he does not concede that the information requested is relevant to this action.
Defendant expressly reserves the right to object to further discovery of the subject matter of these
Interrogatories and the introduction into evidence of any answer or portion thereof or any
document produced in response to these Interrogatories.

10.   The foregoing objections are incorporated in each of the responses set forth below as
if the same had been repeated in full and are neither limited nor waived by the recital of similar or
different objections in each of the responses, nor by the provision of information – in addition to
the objections – in any of the responses.

## SPECIFIC OBJECTIONS AND RESPONSES

**PLAINTIFFS' INTERROGATORY NO. 1:**   Identify by full name, address and job title, the
person or persons answering these interrogatories as well as any other persons who assisted in
compiling information used in responding to these Interrogatories, Plaintiffs' Requests for
Production, and Plaintiffs' Requests for Admission.

   **OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant

- 3 -

further objects that this Interrogatory is vague and ambiguous in its use of the phrase "assisted in compiling information used in responding." Defendant further objects that this Interrogatory seeks information responsive to Interrogatories Nos. 2 through 12, and Requests for Production and Requests for Admission, to which defendant has specifically objected. Defendant further objects that this Interrogatory is overly broad and unduly burdensome in that it seeks to require defendant to identify every person who assisted in any way in compiling information in response to these Interrogatories as well as plaintiffs' Requests for Production and Requests for Admission. Defendant further objects that this Interrogatory seeks information that is protected by the attorney-client privilege and work product doctrine and that is not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, any documents produced will speak for themselves.

**PLAINTIFFS' INTERROGATORY NO. 2:**   Explain how 18 U.S.C. § 2257 is narrowly tailored to prevent the use of minors in sexually explicit visual depictions as applied to:
   a.      sexually explicit visual depictions of obviously mature adults;

   **OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant further objects to the extent that plaintiffs mischaracterize the as-applied narrow tailoring analysis that applies to plaintiffs' claims and/or inappropriately limit the description of the Government's substantial interest. Defendant further objects that this Interrogatory calls for a purely legal conclusion based on abstract hypotheticals unrelated to the specific facts of any plaintiff's as-applied challenge. Defendant further objects that this Interrogatory is vague and ambiguous in its use of the term "obviously mature adults." If taken to mean "sexual maturity," an individual may appear to be "obviously mature" even if the individual is under 18 years of age. An individual may seem "obviously mature" to one person and not to another. The "obviously mature adult" that

this Interrogatory references may be the only individual appearing in the only sexually explicit visual depiction that a particular producer has ever produced, or that producer may produce thousands of sexually explicit visual depictions of individuals of all different ages. This Interrogatory is unduly burdensome and overbroad in that a full response would require defendant to identify and address all possible hypothetical situations that might fall under plaintiffs' description, and would be neither relevant to the issues that remain pending in this action nor reasonably calculated to lead to the discovery of admissible evidence.

      b.     sexually explicit visual depictions produced by an adult of himself or herself and sent to a spouse or significant other using a multimedia messaging service;

**OBJECTIONS:**  Defendant incorporates his General Objections by reference. Defendant further objects to the extent that plaintiffs mischaracterize the as-applied narrow tailoring analysis that applies to plaintiffs' claims and/or inappropriately limit the description of the Government's substantial interest. Defendant further objects that this Interrogatory calls for a purely legal conclusion based on abstract hypotheticals unrelated to the specific facts of any plaintiff's as-applied challenge. Defendant further objects that this Interrogatory is vague and ambiguous in its use of the terms "produced by an adult of himself or herself and sent to a spouse or significant other." A sexually explicit visual depiction "of" a particular individual may include depictions of other individuals as well. A sexually explicit visual depiction sent to one individual may be sent to others as well. Defendant is unaware of any mechanism for determining that a visual depiction sent through a multimedia messaging service is a depiction of the sender, or that the individual who receives the message is the spouse or significant other of the sender. Phones, computers, and similar devices are sometimes lost or stolen, and accounts are sometimes created or accessed by individuals other than the purported account owner. An individual may claim to be sending a

visual depiction of himself or herself when the visual depiction is in fact of a different individual. This Interrogatory is unduly burdensome and overbroad in that a full response would require defendant to identify and address all possible hypothetical situations that might fall under plaintiffs' description, and would be neither relevant to the issues that remain pending in this action nor reasonably calculated to lead to the discovery of admissible evidence.

    c.  sexually explicit visual depictions produced by adults inserted on a computer site or service restricted to adults for the purpose of communicating with other adults about sexual conduct;

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant further objects to the extent that plaintiffs mischaracterize the as-applied narrow tailoring analysis that applies to plaintiffs' claims and/or inappropriately limit the description of the Government's substantial interest. Defendant further objects that this Interrogatory calls for a purely legal conclusion based on abstract hypotheticals unrelated to the specific facts of any plaintiff's as-applied challenge. Defendant further objects that this Interrogatory is vague and ambiguous in its use of the terms "produced by adults inserted on a computer site or service restricted to adults for the purpose of communicating with other adults about sexual conduct." Adults may produce sexually explicit visual depictions of children and insert these depictions on a computer site "for the purpose of communicating with other adults about sexual conduct." Defendant is unaware of any mechanism for determining that a website is in fact "restricted to adults for the purpose of communicating with other adults about sexual conduct." This Interrogatory is unduly burdensome and overbroad in that a full response would require defendant to identify and address all possible hypothetical situations that might fall under plaintiffs' description, and would be neither relevant to the issues that remain pending in this action nor reasonably calculated to lead to the discovery of

- 6 -

admissible evidence.

      d.      sexually explicit visual depictions in a textbook on human sexuality;

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant further objects to the extent that plaintiffs mischaracterize the as-applied narrow tailoring analysis that applies to plaintiffs' claims and/or inappropriately limit the description of the Government's substantial interest. Defendant further objects that this Interrogatory calls for a purely legal conclusion based on abstract hypotheticals unrelated to the specific facts of any plaintiff's as-applied challenge. Defendant further objects that this Interrogatory is vague and ambiguous in its use of the terms "textbook on human sexuality." Whether a particular work qualifies as a "textbook" is a subjective determination, and any producer who includes sexually explicit visual depictions in any book could regard that book as a textbook. This Interrogatory is unduly burdensome and overbroad in that a full response would require defendant to identify and address all possible hypothetical situations that might fall under plaintiffs' description, and would be neither relevant to the issues that remain pending in this action nor reasonably calculated to lead to the discovery of admissible evidence.

      e.      sexually explicit visual depictions produced by an adult of himself or herself and sent to a spouse or significant other by electronic mail;

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant further objects to the extent that plaintiffs mischaracterize the as-applied narrow tailoring analysis that applies to plaintiffs' claims and/or inappropriately limit the description of the Government's substantial interest. Defendant further objects that this Interrogatory calls for a purely legal conclusion based on abstract hypotheticals unrelated to the specific facts of any plaintiff's as-applied challenge. Defendant further objects that this Interrogatory is vague and ambiguous in

its use of the terms "produced by an adult of himself or herself and sent to a spouse or significant other." A sexually explicit visual depiction "of" a particular individual may include depictions of other individuals as well. A sexually explicit visual depiction sent to one individual may be sent to others as well. Defendant is unaware of any mechanism for determining that a visual depiction sent through electronic mail is a depiction of the sender, or that the individual who receives the message is the spouse or significant other of the sender. Phones, computers, and similar devices are sometimes lost or stolen, and accounts are sometimes created or accessed by individuals other than the purported account owner. An individual may claim to be sending a visual depiction of himself or herself when the visual depiction is in fact of a different individual. This Interrogatory is unduly burdensome and overbroad in that a full response would require defendant to identify and address all possible hypothetical situations that might fall under plaintiffs' description, and would be neither relevant to the issues that remain pending in this action nor reasonably calculated to lead to the discovery of admissible evidence.

> f.     sexually explicit visual depictions of adults by a commercial producer who regularly and in the normal course of business collects and maintains individually identifiable information regarding performers pursuant to federal and state laws and industry standards;

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant further objects to the extent that plaintiffs mischaracterize the as-applied narrow tailoring analysis that applies to plaintiffs' claims and/or inappropriately limit the description of the Government's substantial interest. Defendant further objects that this Interrogatory calls for a purely legal conclusion based on abstract hypotheticals unrelated to the specific facts of any plaintiff's as-applied challenge. Defendant further objects that this Interrogatory is vague and ambiguous in its use of the terms "commercial producer," "collects and maintains individually identifiable

- 8 -

information," and "pursuant to federal and state laws and industry standards." Different industries may have different standards, and different states may have different laws, and defendant lacks sufficient information to know what all the potentially relevant industries, standards, and state laws might be. This Interrogatory is unduly burdensome and overbroad in that a full response would require defendant to identify and address all possible hypothetical situations that might fall under plaintiffs' description, and would be neither relevant to the issues that remain pending in this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as seeking information outside the scope of issues before the Court on remand to the extent that it asks defendant to show that the requirements in 18 U.S.C. § 2257 are the least restrictive means that could be employed to achieve the Government's interests. The Third Circuit has held that only intermediate scrutiny applies to plaintiffs' as-applied First Amendment claim.

        g.     sexually explicit visual depictions of an adult married couple created by a professional photographer at their request;

**OBJECTIONS:**  Defendant incorporates his General Objections by reference. Defendant further objects to the extent that plaintiffs mischaracterize the as-applied narrow tailoring analysis that applies to plaintiffs' claims and/or inappropriately limit the description of the Government's substantial interest. Defendant further objects that this Interrogatory calls for a purely legal conclusion based on abstract hypotheticals unrelated to the specific facts of any plaintiff's as-applied challenge. Defendant further objects that this Interrogatory is vague and ambiguous in its use of the terms "sexually explicit visual depictions adult married couple created by a professional photographer at their request." Two individuals may be married, or may claim to be married, even though one or both of them is under 18. Individuals may make requests under threat,

- 9 -

duress, or coercion by other individuals. One or both married individuals may ask to be photographed while engaged in sexually-explicit conduct for the purpose of selling or otherwise disseminating the photograph. This Interrogatory is unduly burdensome and overbroad in that a full response would require defendant to identify and address all possible hypothetical situations that might fall under plaintiffs' description, and would be neither relevant to the issues that remain pending in this action nor reasonably calculated to lead to the discovery of admissible evidence.

     h.    sexually explicit visual depictions in a documentary on rape;

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant further objects to the extent that plaintiffs mischaracterize the as-applied narrow tailoring analysis that applies to plaintiffs' claims and/or inappropriately limit the description of the Government's substantial interest. Defendant further objects that this Interrogatory calls for a purely legal conclusion based on abstract hypotheticals unrelated to the specific facts of any plaintiff's as-applied challenge. Defendant further objects that this Interrogatory is vague and ambiguous in its use of the terms "documentary on rape." "Rape" can involve individuals under the age of 18, and visual depictions of such conduct would qualify as child pornography. Whether a particular work qualifies as a "documentary on rape" is a subjective determination, and any producer who produces visual depictions of one or more individuals raping another individual could regard that production as a "documentary." Indeed, this Interrogatory calls upon defendant to engage in pure speculation about why or whether a "documentary," as defendant understands that term, would ever include visual depictions of a rape actually occurring, or visual depictions of genitals that would qualify as a "lascivious display." This Interrogatory is unduly burdensome and overbroad in that a full response would require defendant to identify and address all possible hypothetical

- 10 -

situations that might fall under plaintiffs' description, and would be neither relevant to the issues that remain pending in this action nor reasonably calculated to lead to the discovery of admissible evidence.

i.   sexually explicit visual depictions in a documentary on sexual abuse in war-torn countries.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant further objects to the extent that plaintiffs mischaracterize the as-applied narrow tailoring analysis that applies to plaintiffs' claims and/or inappropriately limit the description of the Government's substantial interest. Defendant further objects that this Interrogatory calls for a purely legal conclusion based on abstract hypotheticals unrelated to the specific facts of any plaintiff's as-applied challenge. Defendant further objects that this Interrogatory is vague and ambiguous in its use of the terms "documentary on sexual abuse in war-torn countries." "Sexual abuse" can involve individuals under the age of 18, and visual depictions of such conduct may qualify as child pornography. Whether a particular work qualifies as a "documentary on sexual abuse in war-torn countries" is a subjective determination, and any producer who produces visual depictions of sexual abuse could regard that production as a "documentary." Indeed, this Interrogatory calls upon defendant to engage in pure speculation about why or whether a "documentary," as defendant understands that term, would ever include visual depictions of sexual abuse actually occurring, or visual depictions of genitals that would qualify as a "lascivious display." This Interrogatory is unduly burdensome and overbroad in that a full response would require defendant to identify and address all possible hypothetical situations that might fall under plaintiffs' description, and would be neither relevant to the issues that remain pending in this action nor reasonably calculated to lead to the discovery of admissible evidence.

- 11 -

**PLAINTIFFS' INTERROGATORY NO. 3:**   In the preamble to the regulations implementing 18 U.S.C. § 2257, the Department of Justice indicated that a producer of a sexually explicit depiction who posts such depiction on a computer tube site such as YouTube is required "to affix a disclosure notice" in compliance with the labeling provisions. 73 FR 77439. State whether the operator of a tube site violates 18 U.S.C. § 2257(f)(4) if it displays a sexually explicit depiction posted to the tube site that does not have the label required by the labeling provision.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant

further objects that this Interrogatory calls for a purely legal conclusion based on abstract

hypotheticals, and that it calls for speculation as to what a court's determination might be

regarding whether a statutory violation has occurred. Defendant further objects that this

Interrogatory uses terminology, including the terms "operator of a tube site," "displays," "posts,"

and "posted," that is vague and ambiguous. For example, it is unknown whether the "operator of a

tube site" referenced in plaintiffs' Interrogatory is engaged solely in activities that meet the criteria

set forth in 28 C.F.R. § 75.1(c)(4)(v) for exclusion from the regulatory definition of "producer," or

is "knowingly . . . sell[ing] or otherwise transfer[ring], or offer[ing] for sale or transfer," materials

that are subject to the requirements of 18 U.S.C. § 2257, as described in 18 U.S.C. § 2257(f)(4).

This Interrogatory is unduly burdensome and overbroad in that a full response would require

defendant to identify and address all possible hypothetical situations that might fall under

plaintiffs' description, and would be neither relevant to the issues that remain pending in this

action nor reasonably calculated to lead to the discovery of admissible evidence.

**PLAINTIFFS' INTERROGATORY NO. 4:**   State whether the producer of a sexually explicit depiction who posts such a depiction to a tube site without the label required by the labeling provisions violates 18 U.S.C. § 2257(f)(3).

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant

further objects that this Interrogatory calls for a purely legal conclusion based on abstract

hypotheticals, and that it calls for speculation as to what a court's determination might be

- 12 -

regarding whether a statutory violation has occurred. Defendant further objects that this

Interrogatory uses terminology, including the terms "posts," that is vague and ambiguous. For

example, it is unknown whether the producer or the depiction referenced in plaintiffs'

Interrogatory is subject to the labeling requirement set forth in 18 U.S.C. § 2257(e), or whether the

mens rea requirement for a violation under 18 U.S.C. § 2257 is satisfied. This Interrogatory is

unduly burdensome and overbroad in that a full response would require defendant to identify and

address all possible hypothetical situations that might fall under plaintiffs' description, and would

be neither relevant to the issues that remain pending in this action nor reasonably calculated to lead

to the discovery of admissible evidence.

**PLAINTIFFS' INTERROGATORY NO. 5:**   In the preamble to the regulations implementing
18 U.S.C. § 2257, the Department of Justice indicated that a producer of a sexually explicit
depiction who displays a sexually explicit depiction on a social networking site must comply with
the recordkeeping and labeling provisions. 73 FR 77461. State whether the operator of a social
networking site violates 18 U.S.C. § 2257(f)(4) if it makes accessible for viewing a sexually
explicit depiction posted to that site that does not have a label required by the labeling provisions.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant

further objects that this Interrogatory calls for a purely legal conclusion based on abstract

hypotheticals, and that it calls for speculation as to what a court's determination might be

regarding whether a statutory violation has occurred. Defendant further objects that this

Interrogatory uses terminology, including the terms "operator of a social networking site,"

"displays," "makes accessible for viewing," and "posted," that is vague and ambiguous. For

example, it is unknown whether the "operator of a social networking site" referenced in plaintiffs'

Interrogatory qualifies as a "producer" as defined in 28 C.F.R. § 75.1(c)(1) and (2); whether this

"operator of a social networking site" is engaged solely in activities that meet the criteria listed in

28 C.F.R. § 75.1(c)(4) as exceptions to the definition of "producer"; or whether this "operator of a

social  networking site" is "knowingly . . . sell[ing] or otherwise transfer[ring], or offer[ring] for

sale or transfer," materials that are subject to the requirements of 18 U.S.C. § 2257, as described in

18 U.S.C. § 2257(f)(4). This Interrogatory is unduly burdensome and overbroad in that a full

response would require defendant to identify and address all possible hypothetical situations that

might fall under plaintiffs' description, and would be neither relevant to the issues that remain

pending in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**PLAINTIFFS' INTERROGATORY NO. 6:**   State whether the producer of a sexually explicit
depiction who posts such depiction to a social networking site without the label required by the
labeling provisions violates 18 U.S.C. § 2257(f)(3).

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant

further objects that this Interrogatory calls for a purely legal conclusion based on abstract

hypotheticals, and that it calls for speculation as to what a court's determination might be

regarding whether a statutory violation has occurred. Defendant further objects that this

Interrogatory uses terminology, including the term "posts," that is vague and ambiguous. For

example, it is unknown whether the producer or the depiction referenced in plaintiffs'

Interrogatory is subject to the labeling requirement set forth in 18 U.S.C. § 2257(e), or whether the

mens rea requirement for a violation under 18 U.S.C. § 2257 is satisfied. This Interrogatory is

unduly burdensome and overbroad in that a full response would require defendant to identify and

address all possible hypothetical situations that might fall under plaintiffs' description, and would

be neither relevant to the issues that remain pending in this action nor reasonably calculated to lead

to the discovery of admissible evidence.

**PLAINTIFFS' INTERROGATORY NO. 7:**   State whether a producer of a sexually explicit
visual depiction who transfers such depiction to another by multimedia messaging service without
the label required by the labeling provisions violates 18 U.S.C. § 2257(f)(4).

**OBJECTIONS:**  Defendant incorporates his General Objections by reference. Defendant further objects that this Interrogatory calls for a purely legal conclusion based on abstract hypotheticals, and that it calls for speculation as to what a court's determination might be regarding whether a statutory violation has occurred. Defendant further objects that this Interrogatory uses terminology, including the term "transfers," that is vague and ambiguous. For example, it is unknown whether the producer or the depiction referenced in plaintiffs' Interrogatory is subject to the labeling requirement set forth in 18 U.S.C. § 2257(e), or whether the mens rea requirement for a violation under 18 U.S.C. § 2257 is satisfied. This Interrogatory is unduly burdensome and overbroad in that a full response would require defendant to identify and address all possible hypothetical situations that might fall under plaintiffs' description, and would be neither relevant to the issues that remain pending in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**PLAINTIFFS' INTERROGATORY NO. 8:**  State whether a producer of a sexually explicit visual depiction who transfers such depiction to another by electronic mail without the label required by the labeling provisions violates 18 U.S.C. § 2257.

**OBJECTIONS:**  Defendant incorporates his General Objections by reference. Defendant further objects that this Interrogatory calls for a purely legal conclusion based on abstract hypotheticals, and that it calls for speculation as to what a court's determination might be regarding whether a statutory violation has occurred. Defendant further objects that this Interrogatory uses terminology, including the term "transfers," that is vague and ambiguous. For example, it is unknown whether the producer or the depiction referenced in plaintiffs' Interrogatory is subject to the labeling requirement set forth in 18 U.S.C. § 2257(e), or whether the mens rea requirement for a violation under 18 U.S.C. § 2257 is satisfied. This Interrogatory is

unduly burdensome and overbroad in that a full response would require defendant to identify and address all possible hypothetical situations that might fall under plaintiffs' description, and would be neither relevant to the issues that remain pending in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**PLAINTIFFS' INTERROGATORY NO. 9:**   From the time of 18 U.S.C. § 2257's enactment to the present, identify by name, case number, and court, all prosecutions brought charging a violation of 18 U.S.C. § 2257's provisions.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant further objects that this Interrogatory seeks information outside the scope of discovery permissible pursuant to the Third Circuit's mandate in this case. This Interrogatory seeks enforcement information regarding 18 U.S.C. § 2257. Such enforcement information is not relevant to the question of whether the requirements of § 2257 are narrowly tailored as applied to plaintiffs or whether they are overbroad, nor is it reasonably calculated to lead to the discovery of admissible evidence on those issues. Instead, plaintiffs presumably seek this information in the hope of bolstering their claim that § 2257 does not advance a substantial government interest. However, the Third Circuit has already rejected plaintiffs' argument on that point, and it cannot be relitigated here. Defendant further objects that the information plaintiffs seek through this Interrogatory is protected by the Privacy Act, 5 U.S.C. § 552A.

**PLAINTIFFS' INTERROGATORY NO. 10:**       Identify, by case name, case number and court, all child pornography prosecutions brought by the United States Department of Justice that have resulted in an acquittal or dismissal based on the inability of the prosecution to establish that the person depicted in the sexually explicit material at issue was underage.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant further objects that this Interrogatory seeks information outside the scope of discovery permissible pursuant to the Third Circuit's mandate in this case. This Interrogatory is aimed at whether the

- 16 -

requirements of § 2257 advance the government's interest in avoiding situations where it cannot establish the age element in a child pornography prosecution. However, the Third Circuit has already held that § 2257 does advance that interest as well as other government interests, and that issue cannot be relitigated here. The information sought in this Interrogatory is not relevant to whether the requirements of § 2257 are narrowly tailored as applied to plaintiffs or whether they are overbroad, nor is this information reasonably calculated to lead to the discovery of admissible evidence on those issues. Defendant further objects that the information plaintiffs seek through this Interrogatory is protected by the Privacy Act, 5 U.S.C. § 552A. Defendant further objects that this Interrogatory is overbroad and unduly burdensome because it contains no time limitation. Defendant further objects that this Interrogatory is vague in its use of the phrases "resulted in an acquittal or dismissal based on" and "inability of the prosecution to establish." Defendant further objects that it would be overly burdensome to attempt to identify child pornography prosecutions in which an acquittal or dismissal was due to an inability to establish that the person depicted in the sexually explicit material at issue was underage. The LIONS database maintained by the Executive Office of United States Attorneys contains data relating to prosecutions that have been filed since approximately 1992, and the lead charge and disposition of prosecutions, but the disposition codes that indicate an acquittal or dismissal do not identify whether the acquittal or dismissal was based on the inability of the prosecution to establish that the person depicted in sexually explicit material was underage. It is therefore impossible to conduct an automated search of LIONS for responsive information. The information that this Interrogatory specifies is also not recorded on the case jacket of EOUSA case files. In order to search for responsive information, defendant would therefore have to manually review the contents of every individual case file,

- 17 -

which would exist only in paper form, for each case in which a charge was brought related to child pornography. There are thousands of such files, if not tens of thousands. There is no certainty that the information that this Interrogatory requests could be found through such a search. For example, the reasons for an acquittal by a jury may not be known. Moreover, in instances where the case file for a case has been destroyed pursuant to regular record retention procedures, it would not be possible to search the files of those cases.

**PLAINTIFFS' INTERROGATORY NO. 11:**      Identify, by case name, case number and court, all child pornography prosecutions brought by the United States Department of Justice in which information from records kept pursuant to 18 U.S.C. § 2257 was used as evidence by the prosecution.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant further objects that this Interrogatory seeks information outside the scope of discovery permissible pursuant to the Third Circuit's mandate in this case. This Interrogatory is aimed at the question of whether the requirements of § 2257 advance the government's interest in facilitating child pornography prosecution. However, the Third Circuit has already held that § 2257 does advance that interest as well as other government interests, and that issue cannot be relitigated here. The information sought in this Interrogatory is not relevant to the question of whether the requirements of § 2257 are narrowly tailored as applied to plaintiffs or whether they are overbroad, nor is this information reasonably calculated to lead to the discovery of admissible evidence on those issues. Defendant further objects that the information plaintiffs seek through this Interrogatory is protected by the Privacy Act, 5 U.S.C. § 552A. Defendant further objects that this Interrogatory is overbroad and unduly burdensome because it contains no time limitation. Defendant further objects that this Interrogatory is vague in its use of the phrase "used as evidence." Defendant further objects that it would be overly burdensome to attempt to identify child pornography

- 18 -

prosecutions in which information from records kept pursuant to 18 U.S.C. § 2257 was used as evidence by the prosecution. The LIONS database maintained by the Executive Office of United States Attorneys contains data relating to prosecutions that have been filed since approximately 1992, and the lead charge and disposition of prosecutions, but there is no data field in the database that identifies specific evidence used or whether that evidence derived from records kept pursuant to 18 U.S.C. § 2257. It is therefore impossible to conduct an automated search of LIONS for responsive information. The information that this Interrogatory specifies is also not recorded on the case jacket of EOUSA case files. In order to search for responsive information, defendant would therefore have to manually review the contents of every individual case file, which would exist only in paper form, for each case in which a charge was brought related to child pornography. There are thousands of such files, if not tens of thousands. There is no certainty that the information that this Interrogatory requests could be found through such a search. For example, it is possible that law enforcement agents might have seized materials that are used as evidence in a case without knowledge that those materials consist of records kept pursuant to 18 U.S.C. § 2257. Moreover, in instances where the case file for a case has been destroyed pursuant to regular record retention procedures, it would not be possible to conduct such a search.

**PLAINTIFFS' INTERROGATORY NO. 12:**     Set forth the basis for any denials you assert in response to Plaintiffs' First Set of Requests for Admission.

     **OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant further objects that this Interrogatory calls for defendant to explain the basis for purely legal conclusions that plaintiffs have sought in their Requests for Admissions. Defendant has denied plaintiffs' Requests for Admission Nos. 1 through 17 to the extent plaintiffs' stated interpretations of 18 U.S.C. §§ 2257 and 2257A and their implementing regulations are not in accord with those

provisions, which speak for themselves. This Interrogatory is unduly burdensome and overbroad in that a full response would require defendant to identify and address all possible hypothetical situations that might fall under plaintiffs' description, and would be neither relevant to the issues that remain pending in this action nor reasonably calculated to lead to the discovery of admissible evidence.

November 9, 2012                                Respectfully submitted,

                                                STUART F. DELERY
                                                Acting Assistant Attorney General
                                                ZANE DAVID MEMEGER
                                                United States Attorney
                                                VINCENT M. GARVEY
                                                Deputy Branch Director


                                                KATHRYN L. WYER
                                                U.S. Department of Justice, Civil Division
                                                20 Massachusetts Avenue, N.W.
                                                Washington, DC 20530
                                                Tel. (202) 616-8475 / Fax (202) 616-8470
                                                kathryn.wyer@usdoj.gov
                                                *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendant's Responses to Plaintiffs' First Set of Interrogatories has been served upon counsel for plaintiffs Lorraine Baumgardner and J. Michael Murray, Berkman, Gorden, Murray & DeVan, by email (lbaumgardner@ bgmdlaw.com, jmmurray@bgmdlaw.com) on this 9th day of November, 2012.

Kathryn L. Wyer