IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., | ) Civil Action No. 2:09-4607 |
| Plaintiffs, | ) Judge Michael M. Baylson |
| v. | ) DEFENDANT'S RESPONSES TO |
| THE HONORABLE ERIC H. HOLDER, JR., Attorney General, | ) PLAINTIFFS' FIRST SET OF ) REQUESTS FOR ADMISSION |
| Defendant. | ) |

Pursuant to Fed. R. Civ. P. 26 and 36, defendant Eric H. Holder, Jr. ("defendant") hereby submits his objections and responses to plaintiffs' First Set of Requests for Admission ("Requests" or "RFAs").

## GENERAL OBJECTIONS

1.    Defendant objects to plaintiffs' Requests to the extent they seek information that is not relevant to the claims or defenses of any party in this action; that exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure; and/or that exceeds the scope of the Third Circuit's mandate when remanding this case, as described in its decision in *Free Speech Coalition, Inc. v. Attorney General*, 677 F.3d 519 (3d Cir. 2012).

2.    Defendant objects to plaintiffs' Requests to the extent the instructions and demands made therein impose obligations beyond those set forth in the Federal Rules of Civil Procedure and the Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania.

3.      Defendant objects to plaintiffs' Requests to the extent that they are vague, ambiguous, overly broad, unintelligible, unreasonably cumulative or duplicative.

4.      The following responses are based upon information currently known to defendant, and defendant reserves the right to supplement or amend his responses should additional or different information become available.

5.      Nothing contained in the following responses constitutes a waiver of any applicable objection or privilege as to the requested discovery.

6.      All of the General Objections set forth herein are incorporated by reference into and made a part of each individual response set forth below.

## SPECIFIC OBJECTIONS AND RESPONSES

**PLAINTIFFS' RFA NO. 1:**  Admit that anyone who creates a photograph, digital image, or video for non-commercial purposes that depicts an actual human being engaged in actual or simulated sexually explicit conduct must comply with the recordkeeping and labeling provisions of 18 U.S.C. § 2257 and/or 18 U.S.C. § 2257A and their implementing regulations.

**OBJECTIONS:**  Defendant incorporates his General Objections by reference. Defendant further objects that this Request calls for a purely legal conclusion based on abstract hypotheticals unrelated to the specific facts of this case. The Court, rather than defendant, is the ultimate authority regarding matters of legal interpretation. Defendant further objects that this Request is vague and ambiguous in its use of the terms "anyone" and "for non-commercial purposes."

**RESPONSE:**  Subject to and without waiving any objections, defendant responds as follows: Defendant denies this Request, except that defendant admits that "producers" of visual depictions of sexually explicit conduct, as defined in 18 U.S.C. § 2257(a)(1) & (h)(2), 18 U.S.C.

- 2 -

§ 2257A(a)(1) & (g), and 28 C.F.R. § 75.1(c), are subject to recordkeeping and labeling

requirements as set forth in 18 U.S.C. §§ 2257 and 2257A and their implementing regulations,

and that the Third Circuit's determination that the statutes are not susceptible to the limiting

construction provided by the Government, as discussed in its April 16, 2012 opinion, 677 F.3d at

538, 540, is binding for purposes of the case on remand before this Court.

**PLAINTIFFS' RFA NO. 2:**  Admit that anyone who creates a photograph, digital image, or
video for non-commercial purposes that depicts an actual human being engaged in actual or
simulated sexually explicit conduct must comply with the recordkeeping and labeling provisions
of 18 U.S.C. § 2257 and/or 18 U.S.C. § 2257A and their implementing regulations even though
the actual human being depicted is obviously a mature adult well beyond the age of 18.

    **OBJECTIONS:**  Defendant incorporates his General Objections by reference.

Defendant further objects that this Request calls for a purely legal conclusion based on abstract

hypotheticals unrelated to the specific facts of this case. The Court, rather than defendant, is the

ultimate authority regarding matters of legal interpretation. Defendant further objects that this

Request is vague and ambiguous in its use of the terms "anyone," "creates," "for non-commercial

purposes," and "obviously a mature adult well beyond the age of 18."

    **RESPONSE:**  Subject to and without waiving any objections, defendant responds as

follows: Defendant denies this Request, except that defendant admits that "producers" of visual

depictions of sexually explicit conduct, as defined in 18 U.S.C. § 2257(a)(1) & (h)(2), 18 U.S.C.

§ 2257A(a)(1) & (g), and 28 C.F.R. § 75.1(c), are subject to recordkeeping and labeling

requirements as set forth in 18 U.S.C. §§ 2257 and 2257A and their implementing regulations,

and that the Third Circuit's determination that the statutes are not susceptible to the limiting

construction provided by the Government, as discussed in its April 16, 2012 opinion, 677 F.3d at

538, 540, is binding for purposes of the case on remand before this Court.

**PLAINTIFFS' RFA NO. 3:**   Admit that anyone who creates a digital image, photograph, or video for non-commercial purposes taken with a cellular phone that depicts an actual human being engaged in actual or simulated sexually explicit conduct must comply with the recordkeeping and labeling provisions of 18 U.S.C. § 2257 and/or 18 U.S.C. § 2257A and their implementing regulations.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that this Request calls for a purely legal conclusion based on abstract

hypotheticals unrelated to the specific facts of this case. The Court, rather than defendant, is the

ultimate authority regarding matters of legal interpretation. Defendant further objects that this

Request is vague and ambiguous in its use of the terms "anyone," "creates," and "for

non-commercial purposes."

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as

follows: Defendant denies this Request, except that defendant admits that "producers" of visual

depictions of sexually explicit conduct, as defined in 18 U.S.C. § 2257(a)(1) & (h)(2), 18 U.S.C.

§ 2257A(a)(1) & (g), and 28 C.F.R. § 75.1(c), are subject to recordkeeping and labeling

requirements as set forth in 18 U.S.C. §§ 2257 and 2257A and their implementing regulations,

and that the Third Circuit's determination that the statutes are not susceptible to the limiting

construction provided by the Government, as discussed in its April 16, 2012 opinion, 677 F.3d at

538, 540, is binding for purposes of the case on remand before this Court.

**PLAINTIFFS' RFA NO. 4:**   Admit that anyone who creates a digital image or video with a web camera for non-commercial purposes that depicts an actual human being engaged in actual or simulated sexually explicit conduct must comply with the recordkeeping and labeling provisions of 18 U.S.C. § 2257 and/or 18 U.S.C. § 2257A and their implementing regulations.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that this Request calls for a purely legal conclusion based on abstract

- 4 -

hypotheticals unrelated to the specific facts of this case. The Court, rather than defendant, is the ultimate authority regarding matters of legal interpretation. Defendant further objects that this Request is vague and ambiguous in its use of the terms "anyone," "creates," and "for non-commercial purposes."

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as follows: Defendant denies this Request, except that defendant admits that "producers" of visual depictions of sexually explicit conduct, as defined in 18 U.S.C. § 2257(a)(1) & (h)(2), 18 U.S.C. § 2257A(a)(1) & (g), and 28 C.F.R. § 75.1(c), are subject to recordkeeping and labeling requirements as set forth in 18 U.S.C. §§ 2257 and 2257A and their implementing regulations, and that the Third Circuit's determination that the statutes are not susceptible to the limiting construction provided by the Government, as discussed in its April 16, 2012 opinion, 677 F.3d at 538, 540, is binding for purposes of the case on remand before this Court.

**PLAINTIFFS' RFA NO. 5:**   Admit that anyone who creates a digital image or video with a video camera for non-commercial purposes that depicts an actual human being engaged in actual or simulated sexually explicit conduct must comply with the recordkeeping and labeling provisions of 18 U.S.C. § 2257 and/or 18 U.S.C. § 2257A and their implementing regulations.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant further objects that this Request calls for a purely legal conclusion based on abstract hypotheticals unrelated to the specific facts of this case. The Court, rather than defendant, is the ultimate authority regarding matters of legal interpretation. Defendant further objects that this Request is vague and ambiguous in its use of the terms "anyone," "creates," and "for non-commercial purposes."

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as

- 5 -

follows: Defendant denies this Request, except that defendant admits that "producers" of visual

depictions of sexually explicit conduct, as defined in 18 U.S.C. § 2257(a)(1) & (h)(2), 18 U.S.C.

§ 2257A(a)(1) & (g), and 28 C.F.R. § 75.1(c), are subject to recordkeeping and labeling

requirements as set forth in 18 U.S.C. §§ 2257 and 2257A and their implementing regulations,

and that the Third Circuit's determination that the statutes are not susceptible to the limiting

construction provided by the Government, as discussed in its April 16, 2012 opinion, 677 F.3d at

538, 540, is binding for purposes of the case on remand before this Court.

**PLAINTIFFS' RFA NO. 6:**   Admit that anyone who knowingly creates a digital image, photograph, or video for non-commercial purposes that depicts himself or herself engaged in actual or simulated sexually explicit conduct and transfers such depiction to another using a multimedia messaging service must comply with the recordkeeping and labeling provisions of 18 U.S.C. § 2257 and/or 18 U.S.C. § 2257A and their implementing regulations.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that this Request calls for a purely legal conclusion based on abstract

hypotheticals unrelated to the specific facts of this case. The Court, rather than defendant, is the

ultimate authority regarding matters of legal interpretation. Defendant further objects that this

Request is vague and ambiguous in its use of the terms "anyone," "creates," "for non-commercial

purposes," and "transfers."

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as

follows: Defendant denies this Request, except that defendant admits that "producers" of visual

depictions of sexually explicit conduct, as defined in 18 U.S.C. § 2257(a)(1) & (h)(2), 18 U.S.C.

§ 2257A(a)(1) & (g), and 28 C.F.R. § 75.1(c), are subject to recordkeeping and labeling

requirements as set forth in 18 U.S.C. §§ 2257 and 2257A and their implementing regulations,

and that the Third Circuit's determination that the statutes are not susceptible to the limiting

construction provided by the Government, as discussed in its April 16, 2012 opinion, 677 F.3d at 538, 540, is binding for purposes of the case on remand before this Court.

**PLAINTIFFS' RFA NO. 7:**  Admit that anyone who knowingly creates a digital image, photograph, or video for non-commercial purposes that depicts his or her spouse engaged in actual or simulated sexually explicit conduct and transfers such depiction to another using a multimedia messaging service must comply with the recordkeeping and labeling provisions of 18 U.S.C. § 2257 and/or 18 U.S.C. § 2257A and their implementing regulations.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant further objects that this Request calls for a purely legal conclusion based on abstract hypotheticals unrelated to the specific facts of this case. The Court, rather than defendant, is the ultimate authority regarding matters of legal interpretation. Defendant further objects that this Request is vague and ambiguous in its use of the terms "anyone," "creates," "for non-commercial purposes," and "transfers."

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as follows: Defendant denies this Request, except that defendant admits that "producers" of visual depictions of sexually explicit conduct, as defined in 18 U.S.C. § 2257(a)(1) & (h)(2), 18 U.S.C. § 2257A(a)(1) & (g), and 28 C.F.R. § 75.1(c), are subject to recordkeeping and labeling requirements as set forth in 18 U.S.C. §§ 2257 and 2257A and their implementing regulations, and that the Third Circuit's determination that the statutes are not susceptible to the limiting construction provided by the Government, as discussed in its April 16, 2012 opinion, 677 F.3d at 538, 540, is binding for purposes of the case on remand before this Court.

**PLAINTIFFS' RFA NO. 8:**  Admit that anyone who knowingly creates a digital image, photograph, or video for non-commercial purposes that depicts himself or herself engaged in actual or simulated sexually explicit conduct and transfers it to another using electronic mail must comply with the recordkeeping and labeling provisions of 18 U.S.C. § 2257 and/or 18 U.S.C. § 2257A and their implementing regulations.

- 7 -

**OBJECTIONS:** Defendant incorporates his General Objections by reference. Defendant further objects that this Request calls for a purely legal conclusion based on abstract hypotheticals unrelated to the specific facts of this case. The Court, rather than defendant, is the ultimate authority regarding matters of legal interpretation. Defendant further objects that this Request is vague and ambiguous in its use of the terms "anyone," "creates," "for non-commercial purposes," and "transfers."

**RESPONSE:** Subject to and without waiving any objections, defendant responds as follows: Defendant denies this Request, except that defendant admits that "producers" of visual depictions of sexually explicit conduct, as defined in 18 U.S.C. § 2257(a)(1) & (h)(2), 18 U.S.C. § 2257A(a)(1) & (g), and 28 C.F.R. § 75.1(c), are subject to recordkeeping and labeling requirements as set forth in 18 U.S.C. §§ 2257 and 2257A and their implementing regulations, and that the Third Circuit's determination that the statutes are not susceptible to the limiting construction provided by the Government, as discussed in its April 16, 2012 opinion, 677 F.3d at 538, 540, is binding for purposes of the case on remand before this Court.

**PLAINTIFFS' RFA NO. 9:** Admit that anyone who knowingly creates a digital image, photograph, or video for non-commercial purposes that depicts his or her spouse or significant other engaged in actual or simulated sexually explicit conduct and transfers it to another using electronic mail must comply with the recordkeeping and labeling provisions of 18 U.S.C. § 2257 and/or 18 U.S.C. § 2257A and their implementing regulations.

**OBJECTIONS:** Defendant incorporates his General Objections by reference. Defendant further objects that this Request calls for a purely legal conclusion based on abstract hypotheticals unrelated to the specific facts of this case. The Court, rather than defendant, is the ultimate authority regarding matters of legal interpretation. Defendant further objects that this Request is vague and ambiguous in its use of the terms "anyone," "creates," "for non-commercial

purposes," and "transfers."

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as follows: Defendant denies this Request, except that defendant admits that "producers" of visual depictions of sexually explicit conduct, as defined in 18 U.S.C. § 2257(a)(1) & (h)(2), 18 U.S.C. § 2257A(a)(1) & (g), and 28 C.F.R. § 75.1(c), are subject to recordkeeping and labeling requirements as set forth in 18 U.S.C. §§ 2257 and 2257A and their implementing regulations, and that the Third Circuit's determination that the statutes are not susceptible to the limiting construction provided by the Government, as discussed in its April 16, 2012 opinion, 677 F.3d at 538, 540, is binding for purposes of the case on remand before this Court.

**PLAINTIFFS' RFA NO. 10:**   Admit that anyone who knowingly inserts a digital image or video for non-commercial purposes that depicts an actual human being engaged in actual or simulated sexually explicit conduct on a computer site or service must comply with the recordkeeping and labeling provisions of 18 U.S.C. § 2257 and/or 18 U.S.C. § 2257A and their implementing regulations.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant further objects that this Request calls for a purely legal conclusion based on abstract hypotheticals unrelated to the specific facts of this case. The Court, rather than defendant, is the ultimate authority regarding matters of legal interpretation. Defendant further objects that this Request is vague and ambiguous in its use of the terms "anyone," "inserts," and "for non-commercial purposes."

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as follows: Defendant denies this Request, except that defendant admits that "producers" of visual depictions of sexually explicit conduct, as defined in 18 U.S.C. § 2257(a)(1) & (h)(2), 18 U.S.C. § 2257A(a)(1) & (g), and 28 C.F.R. § 75.1(c), are subject to recordkeeping and labeling

requirements as set forth in 18 U.S.C. §§ 2257 and 2257A and their implementing regulations,

and that the Third Circuit's determination that the statutes are not susceptible to the limiting

construction provided by the Government, as discussed in its April 16, 2012 opinion, 677 F.3d at

538, 540, is binding for purposes of the case on remand before this Court.

**PLAINTIFFS' RFA NO. 11:**   Admit that anyone who knowingly inserts a digital image or video for non-commercial purposes that depicts an actual human being engaged in actual or simulated sexually explicit conduct on an online social networking service or website must comply with the recordkeeping and labeling provisions of 18 U.S.C. § 2257 and/or 18 U.S.C. § 2257A and their implementing regulations.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that this Request calls for a purely legal conclusion based on abstract

hypotheticals unrelated to the specific facts of this case. The Court, rather than defendant, is the

ultimate authority regarding matters of legal interpretation. Defendant further objects that this

Request is vague and ambiguous in its use of the terms "anyone," "inserts," and "for

non-commercial purposes."

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as

follows: Defendant denies this Request, except that defendant admits that "producers" of visual

depictions of sexually explicit conduct, as defined in 18 U.S.C. § 2257(a)(1) & (h)(2), 18 U.S.C.

§ 2257A(a)(1) & (g), and 28 C.F.R. § 75.1(c), are subject to recordkeeping and labeling

requirements as set forth in 18 U.S.C. §§ 2257 and 2257A and their implementing regulations,

and that the Third Circuit's determination that the statutes are not susceptible to the limiting

construction provided by the Government, as discussed in its April 16, 2012 opinion, 677 F.3d at

538, 540, is binding for purposes of the case on remand before this Court.

**PLAINTIFFS' RFA NO. 12:**   Admit that anyone who knowingly produces or publishes a textbook on human sexuality that contains one or more visual depictions of an actual human

- 10 -

being engaged in actual or simulated sexually explicit conduct must comply with the recordkeeping and labeling provisions of 18 U.S.C. § 2257 and/or 18 U.S.C. § 2257A and their implementing regulations.

**OBJECTIONS:** Defendant incorporates his General Objections by reference.

Defendant further objects that this Request calls for a purely legal conclusion based on abstract

hypotheticals unrelated to the specific facts of this case. The Court, rather than defendant, is the

ultimate authority regarding matters of legal interpretation. Defendant further objects that this

Request is vague and ambiguous in its use of the terms "anyone," "produces," "publishes," and

"textbook on human sexuality."

**RESPONSE:** Subject to and without waiving any objections, defendant responds as

follows: Defendant denies this Request, except that defendant admits that "producers" of visual

depictions of sexually explicit conduct, as defined in 18 U.S.C. § 2257(a)(1) & (h)(2), 18 U.S.C.

§ 2257A(a)(1) & (g), and 28 C.F.R. § 75.1(c), are subject to recordkeeping and labeling

requirements as set forth in 18 U.S.C. §§ 2257 and 2257A and their implementing regulations,

and that the Third Circuit's determination that the statutes are not susceptible to the limiting

construction provided by the Government, as discussed in its April 16, 2012 opinion, 677 F.3d at

538, 540, is binding for purposes of the case on remand before this Court.

**PLAINTIFFS' RFA NO. 13:** Admit that anyone who knowingly produces a videotape, DVD, book or other material for the purposes of sex education or therapy that contains one or more visual depictions of an actual human being engaged in actual or simulated sexually explicit conduct must comply with the recordkeeping and labeling provisions of 18 U.S.C. § 2257 and/or 18 U.S.C. § 2257A and their implementing regulations.

**OBJECTIONS:** Defendant incorporates his General Objections by reference.

Defendant further objects that this Request calls for a purely legal conclusion based on abstract

hypotheticals unrelated to the specific facts of this case. The Court, rather than defendant, is the

ultimate authority regarding matters of legal interpretation. Defendant further objects that this

Request is vague and ambiguous in its use of the terms "anyone," "produces," and "for the

purposes of sex education or therapy."

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as

follows: Defendant denies this Request, except that defendant admits that "producers" of visual

depictions of sexually explicit conduct, as defined in 18 U.S.C. § 2257(a)(1) & (h)(2), 18 U.S.C.

§ 2257A(a)(1) & (g), and 28 C.F.R. § 75.1(c), are subject to recordkeeping and labeling

requirements as set forth in 18 U.S.C. §§ 2257 and 2257A and their implementing regulations,

and that the Third Circuit's determination that the statutes are not susceptible to the limiting

construction provided by the Government, as discussed in its April 16, 2012 opinion, 677 F.3d at

538, 540, is binding for purposes of the case on remand before this Court.

**PLAINTIFFS' RFA NO. 14:**   Admit that anyone who knowingly produces a videotape,
DVD, book, or other material documenting the atrocities of rape or sexual abuse in worn-torn
areas of the world that contains one or more visual depictions of an actual human being engaged
in actual or simulated sexually explicit conduct must comply with the recordkeeping and labeling
provisions of 18 U.S.C. § 2257 and/or 18 U.S.C. § 2257A and their implementing regulations.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that this Request calls for a purely legal conclusion based on abstract

hypotheticals unrelated to the specific facts of this case. The Court, rather than defendant, is the

ultimate authority regarding matters of legal interpretation. Defendant further objects that this

Request is vague and ambiguous in its use of the terms "anyone," "produces," and "documenting

the atrocities of rape or sexual abuse in worn-torn areas of the world."

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as

follows: Defendant denies this Request, except that defendant admits that "producers" of visual

depictions of sexually explicit conduct, as defined in 18 U.S.C. § 2257(a)(1) & (h)(2), 18 U.S.C.

§ 2257A(a)(1) & (g), and 28 C.F.R. § 75.1(c), are subject to recordkeeping and labeling

requirements as set forth in 18 U.S.C. §§ 2257 and 2257A and their implementing regulations,

and that the Third Circuit's determination that the statutes are not susceptible to the limiting

construction provided by the Government, as discussed in its April 16, 2012 opinion, 677 F.3d at

538, 540, is binding for purposes of the case on remand before this Court.

**PLAINTIFFS' RFA NO. 15:**   Admit that anyone who knowingly creates a portrait of an
adult married couple, at their request, engaged in actual or simulated sexually explicit conduct
must comply with the recordkeeping and labeling provisions of 18 U.S.D. § 2257 and/or 18
U.S.C. § 2257A and their implementing regulations.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that this Request calls for a purely legal conclusion based on abstract

hypotheticals unrelated to the specific facts of this case. The Court, rather than defendant, is the

ultimate authority regarding matters of legal interpretation. Defendant further objects that this

Request is vague and ambiguous in its use of the terms "anyone," "creates," "portrait of an adult

married couple" and "at their request."

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as

follows: Defendant denies this Request, except that defendant admits that "producers" of visual

depictions of sexually explicit conduct, as defined in 18 U.S.C. § 2257(a)(1) & (h)(2), 18 U.S.C.

§ 2257A(a)(1) & (g), and 28 C.F.R. § 75.1(c), are subject to recordkeeping and labeling

requirements as set forth in 18 U.S.C. §§ 2257 and 2257A and their implementing regulations,

and that the Third Circuit's determination that the statutes are not susceptible to the limiting

construction provided by the Government, as discussed in its April 16, 2012 opinion, 677 F.3d at

- 13 -

538, 540, is binding for purposes of the case on remand before this Court.

**PLAINTIFFS' RFA NO. 16:**   Admit that anyone who knowingly inserts a digital image that depicts an actual human being engaged in actual sexually explicit conduct on a computer site or service as part of an online news story covering the adult film industry must comply with the recordkeeping and labeling provisions of 18 U.S.C. § 2257 and its implementing regulations.

   **OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that this Request calls for a purely legal conclusion based on abstract

hypotheticals unrelated to the specific facts of this case. The Court, rather than defendant, is the

ultimate authority regarding matters of legal interpretation. Defendant further objects that this

Request is vague and ambiguous in its use of the terms "anyone," "inserts," and "online news

story covering the adult film industry." Defendant further objects that this Request seeks an

opinion regarding the legal interpretation of statutes and regulations. These statutes and

regulations speak for themselves, and the Court, rather than defendant, is the ultimate authority

regarding matters of legal interpretation.

   **RESPONSE:**   Subject to and without waiving any objections, defendant responds as

follows: Defendant denies this Request, except that defendant admits that "producers" of visual

depictions of sexually explicit conduct, as defined in 18 U.S.C. § 2257(a)(1) & (h)(2), 18 U.S.C.

§ 2257A(a)(1) & (g), and 28 C.F.R. § 75.1(c), are subject to recordkeeping and labeling

requirements as set forth in 18 U.S.C. §§ 2257 and 2257A and their implementing regulations,

and that the Third Circuit's determination that the statutes are not susceptible to the limiting

construction provided by the Government, as discussed in its April 16, 2012 opinion, 677 F.3d at

538, 540, is binding for purposes of the case on remand before this Court.

**PLAINTIFFS' RFA NO. 17:**   Admit that anyone who knowingly produces a book of erotic photography that contains one or more visual depictions of an actual human being engaged in actual or simulated sexually explicit conduct must comply with the recordkeeping and labeling

- 14 -

provisions of 18 U.S.C. § 2257 and/or 18 U.S.C. § 2257A and their implementing regulations.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant further objects that this Request calls for a purely legal conclusion based on abstract hypotheticals unrelated to the specific facts of this case. The Court, rather than defendant, is the ultimate authority regarding matters of legal interpretation. Defendant further objects that this Request is vague and ambiguous in its use of the terms "anyone," "produces," and "book of erotic photography."

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as follows: Defendant denies this Request, except that defendant admits that "producers" of visual depictions of sexually explicit conduct, as defined in 18 U.S.C. § 2257(a)(1) & (h)(2), 18 U.S.C. § 2257A(a)(1) & (g), and 28 C.F.R. § 75.1(c), are subject to recordkeeping and labeling requirements as set forth in 18 U.S.C. §§ 2257 and 2257A and their implementing regulations, and that the Third Circuit's determination that the statutes are not susceptible to the limiting construction provided by the Government, as discussed in its April 16, 2012 opinion, 677 F.3d at 538, 540, is binding for purposes of the case on remand before this Court.

**PLAINTIFFS' RFA NO. 18:**   Admit that more than 95% of all visual depictions subject to 18 U.S.C. § 2257 depict persons who are 18 years of age or older.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant further objects that the Request seeks information that is not relevant to any issues properly before the Court on remand and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as

- 15 -

follows: Defendant lacks information or knowledge sufficient to admit or deny this Request.

Defendant has made reasonable inquiry and the information known or readily obtainable by him

is insufficient to enable him to admit or deny.

November 9, 2012

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General
ZANE DAVID MEMEGER
United States Attorney
VINCENT M. GARVEY
Deputy Branch Director

KATHRYN L. WYER
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC 20530
Tel. (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Defendant*

- 16 -

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Defendant's Responses to Plaintiffs' First

Set of Requests for Admission has been served upon counsel for plaintiffs Lorraine Baumgardner

and J. Michael Murray, Berkman, Gorden, Murray & DeVan, by email (lbaumgardner@

bgmdlaw.com, jmmurray@bgmdlaw.com) on this 9th day of November, 2012.

Kathryn L. Wyer

- 17 -