IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., | ) Civil Action No. 2:09-4607 |
| | ) |
| Plaintiffs, | ) Judge Michael M. Baylson |
| | ) |
| v. | ) |
| | ) DEFENDANT'S RESPONSES TO |
| THE HONORABLE ERIC H. HOLDER, JR., | ) PLAINTIFFS' FIRST SET OF |
| Attorney General, | ) REQUESTS FOR PRODUCTION |
| | ) |
| Defendant. | ) |

Pursuant to Fed. R. Civ. P. 26 and 34, defendant Eric H. Holder, Jr. ("defendant") hereby

submits his objections and responses to plaintiffs' First Set of Requests for Production

("Requests" or "RFPs").

## GENERAL OBJECTIONS

1.      Defendant objects to plaintiffs' Requests to the extent the information contained

in the requested documents is not reasonably calculated to lead to the discovery of admissible

evidence. Defendant further objects to plaintiffs' Requests to the extent the information

contained in the requested documents exceeds the scope of discovery permitted by the Federal

Rules of Civil Procedure and/or the scope of the Third Circuit's mandate when remanding this

case, as described in its decision in *Free Speech Coalition, Inc. v. Attorney General*, 677 F.3d

519 (3d Cir. 2012).

2.      Defendant objects to plaintiffs' Requests to the extent they request that defendant

identify or provide any files, records, reports, and any other papers and documents pertaining to

any individual to the extent that such information is protected by the Privacy Act, 5 U.S.C. §

552a; 18 U.S.C. § 3509; and/or 42 U.S.C. 3789g. Defendant further objects to plaintiffs'

Requests to the extent that they could be construed as seeking information protected from

disclosure by the attorney-client privilege, the work product doctrine, the deliberative process

privilege, the law enforcement privilege, or any other applicable privilege or immunity

recognized under statute, regulation or applicable case law. Defendant does not waive any

applicable privilege through the inadvertent or partial disclosure of any otherwise privileged

information in response to these Requests. In conformance with Fed. Rule Civ. P. 26(b)(5),

defendant will describe the nature of any documents that are withheld as subject to privilege or

protection as attorney work product.

    3.    Defendant objects to plaintiffs' Requests to the extent the requested documents or

information therein is publicly available and/or obtainable from other sources that are more

convenient, more efficient, more practical, less burdensome and/or less expensive, on the

grounds that such production would be unduly burdensome and unreasonably cumulative.

    4.    Defendant objects to plaintiffs' Requests to the extent they seek information from

any individual or entity other than defendant, and to the extent they demand the identification of

documents not within the possession, custody, or control of defendant.

    5.    Defendant objects to plaintiffs' Requests on grounds of overbreadth and undue

burden, particularly in that they purport to require defendant to respond with respect to every

office within the United States Department of Justice, including all components of the

Department of Justice, all United States Attorney's Offices, and all field offices of the Federal

Bureau of Investigation, and in that they do not place any reasonable temporal limitation on the

scope of the response that they purport to require from defendant.

6.     Defendant objects to the Instructions set forth in plaintiffs' Requests to the extent that they expand, alter, or modify the scope of permissible discovery under the Federal Rules of Civil Procedure and the Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania.

7.     Defendant objects to plaintiffs' Requests on the grounds that they, together with their Definitions and Instructions, are so vague, broad, general and all-inclusive that they do not permit a proper or reasonable response and are therefore unduly burdensome.

8.     The following responses are based upon information currently known to defendant, and defendant reserves the right to supplement or amend his responses should additional or different information become available.

9.     Nothing contained in the following responses constitutes a waiver of any applicable objection or privilege as to the requested discovery. To the extent that defendant identifies and/or produces documents, he does not concede that the information in those documents is relevant to this action. Defendant expressly reserves the right to object to further discovery of the subject matter of these Requests and the introduction into evidence of any document produced in response to these Requests, or of any portion thereof.

10.    The foregoing objections are incorporated in each of the responses set forth below as if the same had been repeated in full and are neither limited nor waived by the recital of similar or different objections in each of the responses, nor by the provision of documents – in addition to the objections – in response to any of these Requests.

## SPECIFIC OBJECTIONS AND RESPONSES

**PLAINTIFFS' RFP NO. 1:** Any and all documents identified in or referred to in answering Plaintiffs' Interrogatories Propounded to Eric H. Holder, Jr.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

**RESPONSE:**   Subject to and without waiving those objections, defendant responds as follows: Defendant is not aware of any documents responsive to this Request.

**PLAINTIFFS' RFP NO. 2:** Any and all expert reports, including all drafts, prepared in connection with this matter.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that this Request is premature. Defendant further objects that this request seeks information that may be protected by the attorney work product doctrine, attorney-client privilege, or other applicable privileges. Defendant will produce any expert reports in accordance with, and at the time contemplated under, the Scheduling Order.

**PLAINTIFFS' RFP NO. 3:**   Any and all reports submitted by the Attorney General to Congress concerning the enforcement of 18 U.S.C. § 2257 pursuant to Section 503(k) of the Adam Walsh Protection and Safety Act of 2006.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that this Request seeks documents outside the scope of discovery permissible pursuant to the Third Circuit's mandate in this case. This Request seeks documents containing enforcement information regarding 18 U.S.C. § 2257. Such information is not relevant to the question of whether the requirements of § 2257 are narrowly tailored as applied to plaintiffs or whether, in connection with plaintiffs' facial overbreadth challenge, there are unconstitutional applications of the statute that are substantial in comparison to valid applications, nor is it reasonably calculated to lead to the discovery of admissible evidence on

those issues. To the extent that plaintiffs seek this information in connection with their claim that

§ 2257 does not advance a substantial government interest, the Third Circuit has already rejected

plaintiffs' argument on that point, upholding the district court's conclusion "that the government

adequately demonstrated that the Statutes advance the substantial interest of protecting children."

*Free Speech Coal.*, 677 F.3d at 536. That issue cannot be relitigated here, and discovery in

connection with that issue is beyond the scope of the Third Circuit's mandate.

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as

follows: Defendant has conducted a reasonable search for documents responsive to this Request

and has not found any responsive documents.

**PLAINTIFFS' RFP NO. 4:**   Any and all documentary evidence regarding the use of underage
performers in expression produced by the adult industry in the United States.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that the Request is vague in its use of the terms "documentary evidence

regarding the use of," "expression," and "adult industry." Defendant further objects that this

Request is overbroad and unduly burdensome, in that it would require defendant to search

multiple Department of Justice components, including thousands of individual case files in

United States Attorney's Offices and in field offices of the Federal Bureau of Investigation

throughout the country, in order, first, to find materials regarding the use of underage individuals,

and second, to determine whether the depictions in which such individuals appear were

"produced by the adult industry." Defendant is unaware of any method for making the latter

determination. Among other things, the contours of what constitutes the "adult industry" are

vague and insufficiently defined. Defendant further objects that the Request seeks information

that is not relevant to any issues properly before the Court on remand and not reasonably

calculated to lead to the discovery of admissible evidence. Whether defendant has any

documentary evidence that the "adult industry" uses underage individuals in its production of

visual depictions of sexually-explicit conduct is outside the scope of issues before the Court on

remand. The Third Circuit has already held that the requirements of 18 U.S.C. §§ 2257 and

2257A directly advance the Government's substantial interest in, among other things, preventing

the use of underage individuals in visual depictions of sexually-explicit conduct, and that the

government has already adequately demonstrated that "the problems identified are real, not

conjectural." *Free Speech Coal.*, 677 F.3d at 535. The only issues properly before the Court are

whether the requirements are narrowly tailored as applied to plaintiffs, and whether, in

connection with plaintiffs' facial overbreadth challenge, there are unconstitutional applications of

the statute that are substantial in comparison to valid applications.

**PLAINTIFFS' RFP NO. 5:**  U.S. Department of Justice, "The National Strategy for Child
Exploitation Prevention and Interdiction," A Report to Congress (August 2010) and any and all
drafts.

   **OBJECTIONS:**  Defendant incorporates his General Objections by reference.

Defendant further objects that this Request is unduly burdensome, in that the requested document

is already publicly available at http://www.projectsafechildhood.gov/docs/natstrategyreport.pdf.

Defendant further objects that the information contained in the requested document is outside the

scope of issues before the Court on remand, is not relevant to any issues properly before the

Court on remand, and is not reasonably calculated to lead to the discovery of admissible

evidence. The Third Circuit has already held that the requirements of 18 U.S.C. §§ 2257 and

2257A directly advance the Government's substantial interest in, among other things, preventing

the use of underage individuals in visual depictions of sexually-explicit conduct, and that the government has already adequately demonstrated that "the problems identified are real, not conjectural." *Free Speech Coal.*, 677 F.3d at 535. The contents of a report describing the Attorney General's national strategy for preventing and prosecuting occurrences of child exploitation are not related to the question of whether the requirements of 18 U.S.C. §§ 2257 and 2257A are narrowly tailored as applied to plaintiffs, and whether, in connection with plaintiffs' facial overbreadth challenge, there are unconstitutional applications of the statute that are substantial in comparison to valid applications.

Defendant further objects that the request for "any and all drafts" is unduly burdensome in that it requires defendant to search multiple Department of Justice components for drafts of a publicly-available final document that itself is not relevant to, and outside the scope of, issues properly before the Court on remand. In addition, to the extent any drafts contain information duplicative and cumulative of information in the final document, such information is already publicly available in the final document. As to the drafts that have been located, defendant further objects to the production of those that are identified on the accompanying privilege log as protected by the deliberative process privilege. Defendant reserves the right to object to production of any additional drafts that may be located on the basis of any applicable privilege or on any other basis.

**PLAINTIFFS' RFP NO. 6:**   U.S. Department of Justice, "Project Safe Childhood Fact Sheet" and any and all drafts.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant further objects that this Request is unduly burdensome, in that the requested document

is already publicly available at http://www.justice.gov/psc/fact-sheet.html. Defendant further

objects that the information contained in the requested document is outside the scope of issues

before the Court on remand, is not relevant to any issues properly before the Court on remand,

and is not reasonably calculated to lead to the discovery of admissible evidence. The Third

Circuit has already held that the requirements of 18 U.S.C. §§ 2257 and 2257A directly advance

the Government's substantial interest in, among other things, preventing the use of underage

individuals in visual depictions of sexually-explicit conduct, and that the government has already

adequately demonstrated that "the problems identified are real, not conjectural." *Free Speech

Coal.*, 677 F.3d at 535. The contents of a fact sheet describing the Project Safe Childhood

initiative are not related to the question of whether the requirements of 18 U.S.C. §§ 2257 and

2257A are narrowly tailored as applied to plaintiffs, and whether, in connection with plaintiffs'

facial overbreadth challenge, there are unconstitutional applications of the statute that are

substantial in comparison to valid applications.

Defendant further objects that the request for "any and all drafts" is unduly burdensome

in that it requires defendant to search multiple Department of Justice components for drafts of a

publicly-available final document that itself is not relevant to, and outside the scope of, issues

properly before the Court on remand. In addition, to the extent any drafts contain information

duplicative and cumulative of information in the final document, such information is already

publicly available in the final document. As to the drafts that have been located, defendant

further objects to the production of those that are identified on the accompanying privilege log as

protected by the deliberative process privilege. Defendant reserves the right to object to

production of any additional drafts that may be located on the basis of any applicable privilege or

- 8 -

on any other basis.

**PLAINTIFFS' RFP NO. 7:**  Any and all written recommendations to the Attorney General by Dr. Michael Bourke, Dr. Michael Seto, and/or Dr. Joe Sullivan to consider in the Department's fight to stop child exploitation and abuse.

**OBJECTIONS:**  Defendant incorporates his General Objections by reference.

Defendant further objects that the information contained in the requested document is outside the

scope of issues before the Court on remand, is not relevant to any issues properly before the

Court on remand, and is not reasonably calculated to lead to the discovery of admissible

evidence. The Third Circuit has already held that the requirements of 18 U.S.C. §§ 2257 and

2257A directly advance the Government's substantial interest in, among other things, preventing

the use of underage individuals in visual depictions of sexually-explicit conduct, and that the

government has already adequately demonstrated that "the problems identified are real, not

conjectural." *Free Speech Coal.*, 677 F.3d at 535. The contents of any recommendations "to

consider in the Department's fight to stop child exploitation and abuse" would not be related to

the question of whether the requirements of 18 U.S.C. §§ 2257 and 2257A are narrowly tailored

as applied to plaintiffs, and whether, in connection with plaintiffs' facial overbreadth challenge,

there are unconstitutional applications of the statute that are substantial in comparison to valid

applications.

**RESPONSE:**  Subject to and without waiving any objections, defendant responds as

follows: Defendant has conducted a reasonable search for documents responsive to this Request

and has not found any responsive documents.

**PLAINTIFFS' RFP NO. 8:**  U.S. Department of Justice, "Juvenile Justice Bulletin," December 2004, Office of Juvenile Justice and Delinquency Programs, Office of Justice Programs, by David Finkelhor and Richard Ormrod, and any and all drafts.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant further objects that this Request is unduly burdensome, in that the requested document is already publicly available at http://www.unh.edu/ccrc/statistics/papers.html. Defendant further objects that the information contained in the requested document is outside the scope of issues before the Court on remand, is not relevant to any issues properly before the Court on remand, and is not reasonably calculated to lead to the discovery of admissible evidence. The Third Circuit has already held that the requirements of 18 U.S.C. §§ 2257 and 2257A directly advance the Government's substantial interest in, among other things, preventing the use of underage individuals in visual depictions of sexually-explicit conduct, and that the government has already adequately demonstrated that "the problems identified are real, not conjectural." *Free Speech Coal.*, 677 F.3d at 535. The contents of a report regarding patterns in child pornography-related crimes discernible from the FBI's National Incident-Based Reporting System are not related to the question of whether the requirements of 18 U.S.C. §§ 2257 and 2257A are narrowly tailored as applied to plaintiffs, and whether, in connection with plaintiffs' facial overbreadth challenge, there are unconstitutional applications of the statute that are substantial in comparison to valid applications.

Defendant further objects that the request for "any and all drafts" is unduly burdensome in that it requires defendant to search multiple Department of Justice components for drafts of a publicly-available final document that itself is not relevant to, and outside the scope of, issues properly before the Court on remand. In addition, to the extent any drafts contain information duplicative and cumulative of information in the final document, such information is already publicly available in the final document.

**PLAINTIFFS' RFP NO. 9:**   U.S. Department of Justice, "Child Pornography Possessors Arrested in Internet-Related Crimes: Findings from the National Juvenile Online Victimization Study," 2005, Office of Juvenile Justice and Delinquency Prevention, Office of Justice Programs, and any and all drafts.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that this Request is unduly burdensome, in that the requested document

is already publicly available at https://www.ncjrs.gov/App/publications/

Abstract.aspx?id=210701. Defendant further objects that the information contained in the

requested document is outside the scope of issues before the Court on remand, is not relevant to

any issues properly before the Court on remand, and is not reasonably calculated to lead to the

discovery of admissible evidence. The Third Circuit has already held that the requirements of 18

U.S.C. §§ 2257 and 2257A directly advance the Government's substantial interest in, among

other things, preventing the use of underage individuals in visual depictions of sexually-explicit

conduct, and that the government has already adequately demonstrated that "the problems

identified are real, not conjectural." *Free Speech Coal.*, 677 F.3d at 535. The contents of a report

regarding those who possess child pornography and have been arrested for internet-related crimes

are not related to the question of whether the requirements of 18 U.S.C. §§ 2257 and 2257A are

narrowly tailored as applied to plaintiffs, and whether, in connection with plaintiffs' facial

overbreadth challenge, there are unconstitutional applications of the statute that are substantial in

comparison to valid applications.

Defendant further objects that the request for "any and all drafts" is unduly burdensome

in that it requires defendant to search multiple Department of Justice components for drafts of a

publicly-available final document that itself is not relevant to, and outside the scope of, issues

- 11 -

properly before the Court on remand. In addition, to the extent any drafts contain information

duplicative and cumulative of information in the final document, such information is already

publicly available in the final document. Defendant reserves the right to object to production of

any drafts that may be located on the basis of any applicable privilege or on any other basis.

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as

follows: Defendant has conducted a reasonable search for drafts responsive to this Request and

has not found any responsive drafts.

**PLAINTIFFS' RFP NO. 10:**   Bureau of Justice Statistics: Special Report, "Federal Prosecution
of Child Sex Exploitation Offenders, 2006," (December 2007) and any and all drafts.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that this Request is unduly burdensome, in that the requested document

is already publicly available at http://www.bjs.gov/content/pub/pdf/fpcseo06.pdf. Defendant

further objects that the information contained in the requested document is outside the scope of

issues before the Court on remand, is not relevant to any issues properly before the Court on

remand, and is not reasonably calculated to lead to the discovery of admissible evidence. The

Third Circuit has already held that the requirements of 18 U.S.C. §§ 2257 and 2257A directly

advance the Government's substantial interest in, among other things, preventing the use of

underage individuals in visual depictions of sexually-explicit conduct, and that the government

has already adequately demonstrated that "the problems identified are real, not conjectural." *Free

Speech Coal.*, 677 F.3d at 535. The contents of a report regarding the federal prosecution of those

who have been identified as having violated federal laws prohibiting child pornography, and

other forms of sexual exploitation of children, are not related to the question of whether the

requirements of 18 U.S.C. §§ 2257 and 2257A are narrowly tailored as applied to plaintiffs, and

whether, in connection with plaintiffs' facial overbreadth challenge, there are unconstitutional

applications of the statute that are substantial in comparison to valid applications.

Defendant further objects that the request for "any and all drafts" is unduly burdensome

in that it requires defendant to search multiple Department of Justice components for drafts of a

publicly-available final document that itself is not relevant to, and outside the scope of, issues

properly before the Court on remand. In addition, to the extent any drafts contain information

duplicative and cumulative of information in the final document, such information is already

publicly available in the final document. As to the drafts that have been located, defendant

further objects to the production of those that are identified on the accompanying privilege log as

protected by the deliberative process privilege. Defendant reserves the right to object to

production of any additional drafts that may be located on the basis of any applicable privilege or

on any other basis.

**PLAINTIFFS' RFP NO. 11:**   U.S. Department of Justice, "Review of Child Pornography and Obscenity Crimes," Report Number I-2001-07, July 19, 2001, Report of the Inspector General and any and all drafts.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that this Request is unduly burdensome, in that the requested document

is already publicly available at http://www.justice.gov/oig/reports/plus/e0107/results.htm.

Defendant further objects that the information contained in the requested document is outside the

scope of issues before the Court on remand, is not relevant to any issues properly before the

Court on remand, and is not reasonably calculated to lead to the discovery of admissible

evidence. The Third Circuit has already held that the requirements of 18 U.S.C. §§ 2257 and

- 13 -

2257A directly advance the Government's substantial interest in, among other things, preventing the use of underage individuals in visual depictions of sexually-explicit conduct, and that the government has already adequately demonstrated that "the problems identified are real, not conjectural." *Free Speech Coal.*, 677 F.3d at 535. The contents of a report regarding the number of federal child pornography and obscenity prosecutions that occurred between 1980 and 2000 are not related to the question of whether the requirements of 18 U.S.C. §§ 2257 and 2257A are narrowly tailored as applied to plaintiffs, and whether, in connection with plaintiffs' facial overbreadth challenge, there are unconstitutional applications of the statute that are substantial in comparison to valid applications.

Defendant further objects that the request for "any and all drafts" is unduly burdensome in that it requires defendant to search multiple Department of Justice components for drafts of a publicly-available final document that itself is not relevant to, and outside the scope of, issues properly before the Court on remand. In addition, to the extent any drafts contain information duplicative and cumulative of information in the final document, such information is already publicly available in the final document. Defendant reserves the right to object to production of any drafts that may be located on the basis of any applicable privilege or on any other basis.

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as follows: Defendant has conducted a reasonable search for drafts responsive to this Request and has not found any responsive drafts.

**PLAINTIFFS' RFP NO. 12:**   The data compiled by computer forensic specialist Kristi Witsman and described in her declaration submitted in Connection Distributing Co. v. Gonzalez, Case No. 1:95 CV1993, U.S.Dist.Ct., N.D. Ohio (Manos, J.) (attached).

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that this Request is unduly burdensome, in that the underlying data would have come from a third party (Connection Distributing Co.) to which plaintiffs are equally or better able to gain access. Defendant further objects that the Request seeks information that is not relevant to any issues properly before the Court on remand and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Subject to and without waiving any objections, defendant responds as follows: Defendant has conducted a reasonable search for data responsive to this Request and has not found any responsive data.

**PLAINTIFFS' RFP NO. 13:** Any data in your custody, possession, or control regarding the production of visual depictions of actual human beings engaged in actual or simulated sexually explicit conduct during the last ten years.

**OBJECTIONS:** Defendant incorporates his General Objections by reference. Defendant further objects that the Request is vague in its use of the terms "data . . . regarding the production of." Defendant further objects that this Request is overbroad and unduly burdensome, in that it would require defendant to search multiple Department of Justice components, including thousands of individual case files in United States Attorney's Offices and in field offices of the Federal Bureau of Investigation throughout the country in order to determine if individual case or investigation files contain information responsive to this Request. As discussed by counsel on September 24, 2012, plaintiffs have modified their request to seek only quantitative data or statistics, either alone or when contained in reports. However, defendant objects that this Request as modified [hereinafter, "Request"] continues to be overbroad and unduly burdensome to the extent it requires defendant to search reports and other publications that are publicly available on the Department of Justice National Institute of Justice or Bureau of

Justice Statistics websites, the National Criminal Justice Reference Service website, or other websites, and/or to attempt to locate underlying data that may be referenced in such reports and other publications. Defendant further objects that this Request is overbroad and unduly burdensome to the extent it seeks production of reports or publications that include data or statistics that are duplicative or cumulative of data or statistics that will be provided or that can be obtained elsewhere, or to the extent that it seeks production of reports or publications that contain data about visual depictions of sexually explicit conduct, from which information about the "production" of such visual depictions cannot be isolated. A large number of reports or publications may contain references to data or statistics regarding visual depictions of sexually-explicit images (for example, the number of child pornography convictions during a certain period), but defendant is unaware of any reasonable method of searching all reports or publications in its possession, custody, or control in a manner that could identify all such reports or publications; rather, to the extent such a search were possible at all, it would require a highly burdensome manual review of each potentially-responsive document. Defendant further objects to the extent the Request seeks information about individuals that is protected by the Privacy Act, 5 U.S.C. § 552A; 18 U.S.C. § 3509; and/or 42 U.S.C. 3789g. Defendant further objects to the extent the Request seeks data or statistics that are or are contained in material that is protected by the attorney-client privilege, work product doctrine, deliberative process privilege, or law enforcement privilege. Defendant further objects that the Request seeks information that is not relevant to any issues properly before the Court on remand and not reasonably calculated to lead to the discovery of admissible evidence. As to the documents that have been located, defendant further objects to the production of those that are identified on the accompanying privilege log as

protected by the deliberative process privilege and/or law enforcement privilege.

**RESPONSE:**   Subject to and without waiving any objections, defendant will provide

nonprivileged documents that he understands to be responsive to this Request and that have been

located, and that defendant has not identified as publicly available. Defendant has identified the

following documents in his possession as publicly available:

http://journals.lww.com/ajnonline/Fulltext/2011/07000/Original_Research__Online_Social_Net
working.21.aspx

http://www.apa.org/pubs/journals/releases/amp-632111.pdf

http://www.unh.edu/ccrc/pdf/CV201.pdf

http://pediatrics.aappublications.org/content/129/1/13.full.html

http://pediatrics.aappublications.org/content/129/1/4.full

http://www.missingkids.com/en_US/documents/law-enforcement-bulletin-4.pdf

http://www.unh.edu/ccrc/pdf/CV270_Child%20Porn%20Production%20Bulletin_4-13-12.pdf

http://www.unh.edu/ccrc/pdf/CV204%20CP%20possessors.pdf

http://www.unh.edu/ccrc/pdf/jvq/CV81.pdf

https://web.cs.umass.edu/publication/docs/2012/UM-CS-2012-016.pdf

**PLAINTIFFS' RFP NO. 14:**   Any data in your custody, possession, or control regarding
communications that contain visual depictions of actual human beings engaged in actual or
simulated sexually explicit conduct that are transferred by multimedia messaging services during
the last ten years.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that the Request is vague in its use of the terms "data . . . regarding

communications that contain visual depictions . . . that are transferred by." Defendant further

objects that this Request is overbroad and unduly burdensome, in that it would require defendant

- 17 -

to search multiple Department of Justice components, including thousands of individual case files in United States Attorney's Offices and in field offices of the Federal Bureau of Investigation throughout the country in order to determine if individual case or investigation files contain information responsive to this Request. As discussed by counsel on September 24, 2012, plaintiffs have modified their request to seek only quantitative data or statistics, either alone or when contained in reports. However, defendant objects that this Request as modified [hereinafter, "Request"] continues to be overbroad and unduly burdensome to the extent it requires defendant to search reports and other publications that are publicly available on the Department of Justice National Institute of Justice or Bureau of Justice Statistics websites, the National Criminal Justice Reference Service website, or other websites, and/or to attempt to locate underlying data that may be referenced in such reports and other publications, and to the extent the Request seeks duplicative or cumulative information where the same aggregate data or statistics are reported in more than one report or publication. A large number of reports or publications may contain references to data or statistics regarding visual depictions of sexually-explicit images (for example, the number of child pornography convictions during a certain period), but defendant is unaware of any reasonable method of searching all reports or publications in its possession, custody, or control in a manner that could identify all such reports or publications that reference such data in connection with the transfer of such visual depictions by multimedia messaging services; rather, to the extent such a search were possible at all, it would require a highly burdensome manual review of each potentially- responsive document. Defendant further objects to the extent the Request seeks information about individuals that is protected by the Privacy Act, 5 U.S.C. § 552A; 18 U.S.C. § 3509; and/or 42 U.S.C. 3789g.

- 18 -

Defendant further objects to the extent the Request seeks data or statistics that are or are contained in material that is protected by the attorney-client privilege, work product doctrine, deliberative process privilege, or law enforcement privilege. Defendant further objects that the Request seeks information that is not relevant to any issues properly before the Court on remand and not reasonably calculated to lead to the discovery of admissible evidence. As to the documents that have been located, defendant further objects to the production of those that are identified on the accompanying privilege log as protected by the deliberative process privilege and/or law enforcement privilege.

**RESPONSE:**   Subject to and without waiving any objections, defendant will provide nonprivileged documents that he understands to be responsive to this Request and that have been located, and that defendant has not identified as publicly available. Defendant has identified the following documents in his possession as publicly available:

http://journals.lww.com/ajnonline/Fulltext/2011/07000/Original_Research__Online_Social_Net working.21.aspx

http://www.apa.org/pubs/journals/releases/amp-632111.pdf

http://www.unh.edu/ccrc/pdf/CV201.pdf

http://pediatrics.aappublications.org/content/129/1/13.full.html

http://pediatrics.aappublications.org/content/129/1/4.full

http://www.missingkids.com/en_US/documents/law-enforcement-bulletin-4.pdf

http://www.unh.edu/ccrc/pdf/CV270_Child%20Porn%20Production%20Bulletin_4-13-12.pdf

http://www.unh.edu/ccrc/pdf/CV204%20CP%20possessors.pdf

http://www.unh.edu/ccrc/pdf/jvq/CV81.pdf

https://web.cs.umass.edu/publication/docs/2012/UM-CS-2012-016.pdf

**PLAINTIFFS' RFP NO. 15:**   Any data in your custody, possession, or control regarding communications that contain visual depictions of actual human beings engaged in actual or simulated sexually explicit conduct that are transferred by electronic mail during the last ten years.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant further objects that the Request is vague in its use of the terms "data . . . regarding communications that contain visual depictions . . . that are transferred by." Defendant further objects that this Request is overbroad and unduly burdensome, in that it would require defendant to search multiple Department of Justice components, including thousands of individual case files in United States Attorney's Offices and in field offices of the Federal Bureau of Investigation throughout the country in order to determine if individual case or investigation files contain information responsive to this Request. As discussed by counsel on September 24, 2012, plaintiffs have modified their request to seek only quantitative data or statistics, either alone or when contained in reports. However, defendant objects that this Request as modified [hereinafter, "Request"] continues to be overbroad and unduly burdensome to the extent it requires defendant to search reports and other publications that are publicly available on the Department of Justice National Institute of Justice or Bureau of Justice Statistics websites, the National Criminal Justice Reference Service website, or other websites, and/or to attempt to locate underlying data that may be referenced in such reports and other publications, and to the extent the Request seeks duplicative or cumulative information where the same aggregate data or statistics are reported in more than one report or publication. A large number of reports or publications may contain references to data or statistics regarding visual depictions of sexually-explicit images (for example, the number of child pornography convictions during a

certain period), but defendant is unaware of any reasonable method of searching all reports or

publications in its possession, custody, or control in a manner that could identify all such reports

or publications that reference such data in connection with the transfer of such visual depictions

by electronic mail; rather, to the extent such a search were possible at all, it would require a

highly burdensome manual review of each potentially-responsive document. Defendant further

objects to the extent the Request seeks information about individuals that is protected by the

Privacy Act, 5 U.S.C. § 552A; 18 U.S.C. § 3509; and/or 42 U.S.C. 3789g. Defendant further

objects to the extent the Request seeks data or statistics that are or are contained in material that

is protected by the attorney-client privilege, work product doctrine, deliberative process

privilege, or law enforcement privilege. Defendant further objects that the Request seeks

information that is not relevant to any issues properly before the Court on remand and not

reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as

follows: Defendant has conducted a reasonable search for data responsive to this Request and has

not found any responsive data.

**PLAINTIFFS' RFP NO. 16:**  Any data in your custody, possession, or control regarding
communications that contain visual depictions of actual human beings engaged in actual or
simulated sexually explicit conduct that are inserted on a computer site or service during the last
ten years.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that the Request is vague in its use of the terms "data . . . regarding

communications that contain visual depictions . . . that are inserted." Defendant further objects

that this Request is overbroad and unduly burdensome, in that it would require defendant to

search multiple Department of Justice components, including thousands of individual case files

in United States Attorney's Offices and in field offices of the Federal Bureau of Investigation

throughout the country in order to determine if individual case or investigation files contain

information responsive to this Request. As discussed by counsel on September 24, 2012,

plaintiffs have modified their request to seek only quantitative data or statistics, either alone or

when contained in reports. However, defendant objects that this Request as modified

[hereinafter, "Request"] continues to be overbroad and unduly burdensome to the extent it

requires defendant to search reports and other publications that are publicly available on the

Department of Justice National Institute of Justice or Bureau of Justice Statistics websites, the

National Criminal Justice Reference Service website, or other websites, and/or to attempt to

locate underlying data that may be referenced in such reports and other publications, and to the

extent the Request seeks duplicative or cumulative information where the same aggregate data or

statistics are reported in more than one report or publication. A large number of reports or

publications may contain references to data or statistics regarding visual depictions of

sexually-explicit images (for example, the number of child pornography convictions during a

certain period), but defendant is unaware of any reasonable method of searching all reports or

publications in its possession, custody, or control in a manner that could identify all such reports

or publications that reference such data in connection with the insertion of such visual depictions

on a computer site or service; rather, to the extent such a search were possible at all, it would

require a highly burdensome manual review of each potentially-responsive document. Defendant

further objects to the extent the Request seeks information about individuals that is protected by

the Privacy Act, 5 U.S.C. § 552A; 18 U.S.C. § 3509; and/or 42 U.S.C. 3789g. Defendant further

objects to the extent the Request seeks data or statistics that are or are contained in material that is protected by the attorney-client privilege, work product doctrine, deliberative process privilege, or law enforcement privilege. Defendant further objects that the Request seeks information that is not relevant to any issues properly before the Court on remand and not reasonably calculated to lead to the discovery of admissible evidence. As to the documents that have been located, defendant further objects to the production of those that are identified on the accompanying privilege log as protected by the deliberative process privilege and/or law enforcement privilege.

**RESPONSE:**   Subject to and without waiving any objections, defendant will provide nonprivileged documents that he understands to be responsive to this Request and that have been located, and that defendant has not identified as publicly available. Defendant has identified the following documents in his possession as publicly available:

http://journals.lww.com/ajnonline/Fulltext/2011/07000/Original_Research__Online_Social_Net working.21.aspx

http://www.apa.org/pubs/journals/releases/amp-632111.pdf

http://www.unh.edu/ccrc/pdf/CV201.pdf

http://pediatrics.aappublications.org/content/129/1/13.full.html

http://pediatrics.aappublications.org/content/129/1/4.full

http://www.missingkids.com/en_US/documents/law-enforcement-bulletin-4.pdf

http://www.unh.edu/ccrc/pdf/CV270_Child%20Porn%20Production%20Bulletin_4-13-12.pdf

http://www.unh.edu/ccrc/pdf/CV204%20CP%20possessors.pdf

http://www.unh.edu/ccrc/pdf/jvq/CV81.pdf

https://web.cs.umass.edu/publication/docs/2012/UM-CS-2012-016.pdf

**PLAINTIFFS' RFP NO. 17:**   Any data in your custody, possession, or control regarding the production of visual depictions of actual human beings who are obviously mature adults engaged in actual or simulated sexually explicit conduct during the last ten years.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that the Request is vague in its use of the terms "data . . . regarding the

production" and vague and ambiguous in its use of the term "obviously mature adults."

Defendant further objects that this Request is overbroad and unduly burdensome, in that it would

require defendant to search multiple Department of Justice components, including thousands of

individual case files in United States Attorney's Offices and in field offices of the Federal Bureau

of Investigation throughout the country in order to determine if individual case or investigation

files contain information responsive to this Request. As discussed by counsel on September 24,

2012, plaintiffs have modified their request to seek only quantitative data or statistics, either

alone or when contained in reports. However, defendant objects that this Request as modified

[hereinafter, "Request"] continues to be overbroad and unduly burdensome to the extent it

requires defendant to search reports and other publications that are publicly available on the

Department of Justice National Institute of Justice or Bureau of Justice Statistics websites, the

National Criminal Justice Reference Service website, or other websites, and/or to attempt to

locate underlying data that may be referenced in such reports and other publications, and to the

extent the Request seeks duplicative or cumulative information where the same aggregate data or

statistics are reported in more than one report or publication. Defendant further objects to the

extent the Request seeks information about individuals that is protected by the Privacy Act, 5

U.S.C. § 552A; 18 U.S.C. § 3509; and/or 42 U.S.C. 3789g. Defendant further objects to the

extent the Request seeks data or statistics that are or are contained in material that is protected by

the attorney-client privilege, work product doctrine, deliberative process privilege, or law

enforcement privilege. Defendant further objects that the Request seeks information that is not

relevant to any issues properly before the Court on remand and not reasonably calculated to lead

to the discovery of admissible evidence.

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as

follows: Defendant has conducted a reasonable search for data responsive to this Request and has

not found any responsive data.

**PLAINTIFFS' RFP NO. 18:**   Any data in your custody, possession, or control regarding
communications that contain visual depictions of actual human beings who are obviously mature
adults engaged in actual or simulated sexually explicit conduct that are transferred by multimedia
messaging services during the last ten years.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that the Request is vague in its use of the terms "data . . . regarding

communications that contain visual depictions . . . that are transferred by" and vague and

ambiguous in its use of the term "obviously mature adults." Defendant further objects that this

Request is overbroad and unduly burdensome, in that it would require defendant to search

multiple Department of Justice components, including thousands of individual case files in

United States Attorney's Offices and in field offices of the Federal Bureau of Investigation

throughout the country in order to determine if individual case or investigation files contain

information responsive to this Request. As discussed by counsel on September 24, 2012,

plaintiffs have modified their request to seek only quantitative data or statistics, either alone or

when contained in reports. However, defendant objects that this Request as modified

[hereinafter, "Request"] continues to be overbroad and unduly burdensome to the extent it requires defendant to search reports and other publications that are publicly available on the Department of Justice National Institute of Justice or Bureau of Justice Statistics websites, the National Criminal Justice Reference Service website, or other websites, and/or to attempt to locate underlying data that may be referenced in such reports and other publications, and to the extent the Request seeks duplicative or cumulative information where the same aggregate data or statistics are reported in more than one report or publication. Defendant further objects to the extent the Request seeks information about individuals that is protected by the Privacy Act, 5 U.S.C. § 552A; 18 U.S.C. § 3509; and/or 42 U.S.C. 3789g. Defendant further objects to the extent the Request seeks data or statistics that are or are contained in material that is protected by the attorney-client privilege, work product doctrine, deliberative process privilege, or law enforcement privilege. Defendant further objects that the Request seeks information that is not relevant to any issues properly before the Court on remand and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Subject to and without waiving any objections, defendant responds as follows: Defendant has conducted a reasonable search for data responsive to this Request and has not found any responsive data.

**PLAINTIFFS' RFP NO. 19:** Any data in your custody, possession, or control regarding communications that contain visual depictions of actual human beings who are obviously mature adults engaged in actual or simulated sexually explicit conduct that are transferred by electronic mail during the last ten years.

**OBJECTIONS:** Defendant incorporates his General Objections by reference. Defendant further objects that the Request is vague in its use of the terms "data . . . regarding

communications that contain visual depictions . . . that are transferred by" and vague and ambiguous in its use of the term "obviously mature adults." Defendant further objects that this Request is overbroad and unduly burdensome, in that it would require defendant to search multiple Department of Justice components, including thousands of individual case files in United States Attorney's Offices and in field offices of the Federal Bureau of Investigation throughout the country in order to determine if individual case or investigation files contain information responsive to this Request. As discussed by counsel on September 24, 2012, plaintiffs have modified their request to seek only quantitative data or statistics, either alone or when contained in reports. However, defendant objects that this Request as modified [hereinafter, "Request"] continues to be overbroad and unduly burdensome to the extent it requires defendant to search reports and other publications that are publicly available on the Department of Justice National Institute of Justice or Bureau of Justice Statistics websites, the National Criminal Justice Reference Service website, or other websites, and/or to attempt to locate underlying data that may be referenced in such reports and other publications, and to the extent the Request seeks duplicative or cumulative information where the same aggregate data or statistics are reported in more than one report or publication. Defendant further objects to the extent the Request seeks information about individuals that is protected by the Privacy Act, 5 U.S.C. § 552A; 18 U.S.C. § 3509; and/or 42 U.S.C. 3789g. Defendant further objects to the extent the Request seeks data or statistics that are or are contained in material that is protected by the attorney-client privilege, work product doctrine, deliberative process privilege, or law enforcement privilege. Defendant further objects that the Request seeks information that is not relevant to any issues properly before the Court on remand and not reasonably calculated to lead

to the discovery of admissible evidence.

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as follows: Defendant has conducted a reasonable search for data responsive to this Request and has not found any responsive data.

**PLAINTIFFS' RFP NO. 20:**   Any data in your custody, possession, or control regarding communications that contain visual depictions of actual human beings who are obviously mature adults engaged in actual or simulated sexually explicit conduct that are inserted on a computer site or service during the last ten years.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference. Defendant further objects that the Request is vague in its use of the terms "data . . . regarding communications that contain visual depictions . . . that are inserted" and vague and ambiguous in its use of the term "obviously mature adults." Defendant further objects that this Request is overbroad and unduly burdensome, in that it would require defendant to search multiple Department of Justice components, including thousands of individual case files in United States Attorney's Offices and in field offices of the Federal Bureau of Investigation throughout the country in order to determine if individual case or investigation files contain information responsive to this Request. As discussed by counsel on September 24, 2012, plaintiffs have modified their request to seek only quantitative data or statistics, either alone or when contained in reports. However, defendant objects that this Request as modified [hereinafter, "Request"] continues to be overbroad and unduly burdensome to the extent it requires defendant to search reports and other publications that are publicly available on the Department of Justice National Institute of Justice or Bureau of Justice Statistics websites, the National Criminal Justice Reference Service website, or other websites, and/or to attempt to locate underlying data that

- 28 -

may be referenced in such reports and other publications, and to the extent the Request seeks

duplicative or cumulative information where the same aggregate data or statistics are reported in

more than one report or publication. Defendant further objects to the extent the Request seeks

information about individuals that is protected by the Privacy Act, 5 U.S.C. § 552A; 18 U.S.C. §

3509; and/or 42 U.S.C. 3789g. Defendant further objects to the extent the Request seeks data or

statistics that are or are contained in material that is protected by the attorney-client privilege,

work product doctrine, deliberative process privilege, or law enforcement privilege. Defendant

further objects that the Request seeks information that is not relevant to any issues properly

before the Court on remand and not reasonably calculated to lead to the discovery of admissible

evidence.

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as

follows: Defendant has conducted a reasonable search for data responsive to this Request and has

not found any responsive data.

**PLAINTIFFS' RFP NO. 21:**   Any data in your custody, possession, or control regarding the
production of visual depictions of actual human beings who are less than 18 years of age engaged
in actual or simulated sexually explicit conduct compared to the production of visual depictions
of actual human beings who are more than 18 years of age engaged in actual or simulated
sexually explicit conduct during the last ten years.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that the Request is vague in its use of the terms "data . . . regarding the

production . . . compared to." Defendant further objects that this Request is overbroad and unduly

burdensome, in that it would require defendant to search multiple Department of Justice

components, including thousands of individual case files in United States Attorney's Offices and

in field offices of the Federal Bureau of Investigation throughout the country in order to

determine if individual case or investigation files contain information responsive to this Request.

As discussed by counsel on September 24, 2012, plaintiffs have modified their request to seek

only quantitative data or statistics, either alone or when contained in reports. However, defendant

objects that this Request as modified [hereinafter, "Request"] continues to be overbroad and

unduly burdensome to the extent it requires defendant to search reports and other publications

that are publicly available on the Department of Justice National Institute of Justice or Bureau of

Justice Statistics websites, the National Criminal Justice Reference Service website, or other

websites, and/or to attempt to locate underlying data that may be referenced in such reports and

other publications, and to the extent the Request seeks duplicative or cumulative information

where the same aggregate data or statistics are reported in more than one report or publication.

Defendant further objects to the extent the Request seeks information about individuals that is

protected by the Privacy Act, 5 U.S.C. § 552A; 18 U.S.C. § 3509; and/or 42 U.S.C. 3789g.

Defendant further objects to the extent the Request seeks data or statistics that are or are

contained in material that is protected by the attorney-client privilege, work product doctrine,

deliberative process privilege, or law enforcement privilege. Defendant further objects that the

Request seeks information that is not relevant to any issues properly before the Court on remand

and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as

follows: Defendant has conducted a reasonable search for data responsive to this Request and has

not found any responsive data.

**PLAINTIFFS' RFP NO. 22:**   Any data in your custody, possession, or control regarding the
amount or percentage of communications that contain visual depictions of actual human beings
who are less than 18 years of age engaged in actual or simulated sexually explicit conduct that
are transferred by multimedia messaging services compared to the amount of such

communications that contain visual depictions of actual human beings who are more than 18 years of age engaged in actual or simulated sexually explicit conduct that are transferred by multimedia messaging services during the last ten years.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that the Request is vague in its use of the terms "data . . . regarding the amount or percentage of communications . . . compared to the amount of such communications." Defendant further objects that this Request is overbroad and unduly burdensome, in that it would require defendant to search multiple Department of Justice components, including thousands of individual case files in United States Attorney's Offices and in field offices of the Federal Bureau of Investigation throughout the country in order to determine if individual case or investigation files contain information responsive to this Request. As discussed by counsel on September 24, 2012, plaintiffs have modified their request to seek only quantitative data or statistics, either alone or when contained in reports. However, defendant objects that this Request as modified [hereinafter, "Request"] continues to be overbroad and unduly burdensome to the extent it requires defendant to search reports and other publications that are publicly available on the Department of Justice National Institute of Justice or Bureau of Justice Statistics websites, the National Criminal Justice Reference Service website, or other websites, and/or to attempt to locate underlying data that may be referenced in such reports and other publications, and to the extent the Request seeks duplicative or cumulative information where the same aggregate data or statistics are reported in more than one report or publication. Defendant further objects to the extent the Request seeks information about individuals that is protected by the Privacy Act, 5 U.S.C. § 552A; 18 U.S.C. § 3509; and/or 42 U.S.C. 3789g. Defendant further objects to the extent the Request seeks data or statistics that are or are contained in material that is protected by

- 31 -

the attorney-client privilege, work product doctrine, deliberative process privilege, or law

enforcement privilege. Defendant further objects that the Request seeks information that is not

relevant to any issues properly before the Court on remand and not reasonably calculated to lead

to the discovery of admissible evidence.

**RESPONSE:**   Subject to and without waiving any objections, defendant responds as

follows: Defendant has conducted a reasonable search for data responsive to this Request and has

not found any responsive data.

**PLAINTIFFS' RFP NO. 23:**   Any data in your custody, possession, or control regarding the
amount or percentage of communications that contain visual depictions of actual human beings
who are less than 18 years of age engaged in actual or simulated sexually explicit conduct hat are
transferred by electronic mail compared to the amount of such communications that contain
visual depictions of actual human beings who are more than 18 years of age engaged I actual or
simulated sexually explicit conduct that are transferred by electronic mail during the last ten
years.

**OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that the Request is vague in its use of the terms "data . . . regarding the

amount or percentage of communications . . . compared to the amount of such communications."

Defendant further objects that this Request is overbroad and unduly burdensome, in that it would

require defendant to search multiple Department of Justice components, including thousands of

individual case files in United States Attorney's Offices and in field offices of the Federal Bureau

of Investigation throughout the country in order to determine if individual case or investigation

files contain information responsive to this Request. As discussed by counsel on September 24,

2012, plaintiffs have modified their request to seek only quantitative data or statistics, either

alone or when contained in reports. However, defendant objects that this Request as modified

[hereinafter, "Request"] continues to be overbroad and unduly burdensome to the extent it

requires defendant to search reports and other publications that are publicly available on the

Department of Justice National Institute of Justice or Bureau of Justice Statistics websites, the

National Criminal Justice Reference Service website, or other websites, and/or to attempt to

locate underlying data that may be referenced in such reports and other publications, and to the

extent the Request seeks duplicative or cumulative information where the same aggregate data or

statistics are reported in more than one report or publication. Defendant further objects to the

extent the Request seeks information about individuals that is protected by the Privacy Act, 5

U.S.C. § 552A; 18 U.S.C. § 3509; and/or 42 U.S.C. 3789g. Defendant further objects to the

extent the Request seeks data or statistics that are or are contained in material that is protected by

the attorney-client privilege, work product doctrine, deliberative process privilege, or law

enforcement privilege. Defendant further objects that the Request seeks information that is not

relevant to any issues properly before the Court on remand and not reasonably calculated to lead

to the discovery of admissible evidence.

**PLAINTIFFS' RFP NO. 24:**  Any data in your custody, possession, or control regarding the
amount or percentage of communications that contain visual depictions of actual human beings
who are less than 18 years of age engaged in actual or simulated sexually explicit conduct that
are inserted on a computer site or service compared to the amount of such communications that
contain visual depictions of actual human beings who are more than 18 years of age engaged in
actual or simulated sexually explicit conduct that are inserted on a computer site or service
during the last ten years.

      **OBJECTIONS:**   Defendant incorporates his General Objections by reference.

Defendant further objects that the Request is vague in its use of the terms "data . . . regarding the

amount or percentage of communications . . . compared to the amount of such communications."

Defendant further objects that this Request is overbroad and unduly burdensome, in that it would

require defendant to search multiple Department of Justice components, including thousands of

individual case files in United States Attorney's Offices and in field offices of the Federal Bureau

of Investigation throughout the country in order to determine if individual case or investigation

files contain information responsive to this Request. As discussed by counsel on September 24,

2012, plaintiffs have modified their request to seek only quantitative data or statistics, either

alone or when contained in reports. However, defendant objects that this Request as modified

[hereinafter, "Request"] continues to be overbroad and unduly burdensome to the extent it

requires defendant to search reports and other publications that are publicly available on the

Department of Justice National Institute of Justice or Bureau of Justice Statistics websites, the

National Criminal Justice Reference Service website, or other websites, and/or to attempt to

locate underlying data that may be referenced in such reports and other publications, and to the

extent the Request seeks duplicative or cumulative information where the same aggregate data or

statistics are reported in more than one report or publication. Defendant further objects to the

extent the Request seeks information about individuals that is protected by the Privacy Act, 5

U.S.C. § 552A; 18 U.S.C. § 3509; and/or 42 U.S.C. 3789g. Defendant further objects to the

extent the Request seeks data or statistics that are or are contained in material that is protected by

the attorney-client privilege, work product doctrine, deliberative process privilege, or law

enforcement privilege. Defendant further objects that the Request seeks information that is not

relevant to any issues properly before the Court on remand and not reasonably calculated to lead

to the discovery of admissible evidence.

 **RESPONSE:** Subject to and without waiving any objections, defendant responds as

follows: Defendant has conducted a reasonable search for data responsive to this Request and has

not found any responsive data.

November 9, 2012                    Respectfully submitted,

                                   STUART F. DELERY
                                   Acting Assistant Attorney General
                                   ZANE DAVID MEMEGER
                                   United States Attorney
                                   VINCENT M. GARVEY
                                   Deputy Branch Director

                                   KATHRYN L. WYER
                                   U.S. Department of Justice, Civil Division
                                   20 Massachusetts Avenue, N.W.
                                   Washington, DC 20530
                                   Tel. (202) 616-8475 / Fax (202) 616-8470
                                   kathryn.wyer@usdoj.gov
                                   *Attorneys for Defendant*

- 35 -

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendant's Responses to Plaintiffs' First

Set of Requests for Production has been served upon counsel for plaintiffs Lorraine Baumgardner

and J. Michael Murray, Berkman, Gorden, Murray & DeVan, by email (lbaumgardner@

bgmdlaw.com, jmmurray@bgmdlaw.com) on this 9th day of November, 2012.

Kathryn L. Wyer