# Berkman, Gordon, Murray & DeVan
Attorneys and Counselors at Law
55 PUBLIC SQ., STE 2200
CLEVELAND, OH 44113-1949

J. MICHAEL MURRAY
LORRAINE R. BAUMGARDNER
MARK R. DeVAN
STEVEN D. SHAFRON
BROOKE F. KOCAB
RAYMOND VASVARI
NANCY C. MARCUS
WILLIAM C. LIVINGSTON

BERNARD A. BERKMAN
(1929-1985)

(216) 781-5245
www.bgmdlaw.com

Fax (216) 781-8207
lbaumgardner@bgmdlaw.com

November 30, 2012

*via email and regular mail*

Kathryn L. Wyer
U. S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington D.C. 20530

Re: *Free Speech Coalition, et al., v. Holder,*
Case No. 2:09-4607

Dear Kathy,

I am writing in consonance with Judge Baylson's order of November 27, 2012 and Rule 37, Federal Rules of Civil Procedure and Rule 26, Rules of the United States District Court for the Eastern District of Pennsylvania in an effort to resolve issues raised by your objections to Plaintiffs' first set of discovery served upon you on September 10, 2012.

## INTERROGATORIES

You've objected to and refused to answer all of the interrogatories that we've propounded. I will address the various objections you've lodged. I've confined discussion to your objections to particular interrogatories as opposed to your general objections since the court asked us to focus on those.

### Identification of Persons Who Assisted in Compiling Information Used in Responding to Plaintiffs' Discovery

Interrogatory No. 1 simply asks you to identify the people who answered the interrogatories and who were involved in compiling information used in responding to our discovery requests. You claim that this request is vague, ambiguous, overly broad, and unduly burdensome. You've also claimed that it seeks information protected by the attorney client privilege. Your objections are groundless. For clarification, it does not ask you to identify "every person who assisted in any way in compiling information in response" to Plaintiffs' discovery requests. It simply seeks the identity of those persons who "assisted in compiling information *used* in responding to" Plaintiffs' discovery

*via email and regular mail*
Kathryn L. Wyer
U. S. Department of Justice, Civil Division
November 30, 2012
page 2

requests, so that we can depose those individuals with knowledge about information provided, including those who may be custodians of documents requested, and issues on which the Third Circuit has directed that discovery proceed . It does not ask you to reveal any communications that are subject to privilege; it simply asks you to identify those persons who assisted in compiling information used to respond to our discovery requests. *See Alexander v. Federal Bureau of Investigation*, 192 F.R.D. 50, 54-55 (D.D.C. 2000). Please answer the question.

### Objections on the Ground that the Interrogatories Call for "Purely Legal Conclusions Based on Abstract Hypotheticals Unrelated to the Specific Facts"

You have objected to Interrogatories Nos. 2 (a)-(i), 3, 4, 5, 6, 7, and 8 on the ground that they seek "purely legal conclusions based on abstract hypotheticals unrelated to specific facts of any plaintiff's as-applied challenge." Your objections are not well-taken.

Rule 33 specifically provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or application of law to fact." That is precisely what these interrogatories do. Interrogatory Nos. 2a., 2c., 2f., 2g., 2h., 2i., seek the government's opinions or contentions regarding how the law at issue here is narrowly tailored to expression that each of the various plaintiffs produce, e.g. 2a, "obviously mature adults," (all plaintiffs), 2c., on websites restricted to adults (Free Speech Coalition, Marie Levine, Betty Dodson and Carlin Ross), 2d., "textbook on human sexuality" (Sinclair Institute), 2f., "depictions produced by a commercial producer who maintains business records verifying age," (Free Speech Coalition, Dave Conners), 2.g., "photographs of a married couple by a professional photographer," (Michael Barone, American Society of Media Photographers, David Steinberg), and 2h., 2i., "documentaries on rape and war atrocities," (American Society of Media Photographers). Indeed, it is on this very issue that the Third Circuit instructed that "Plaintiffs should be afforded the opportunity to conduct discovery and develop the record regarding whether the Statutes are narrowly tailored."*Free Speech Coalition v. Holder*, 677 F.3d 519, 636 (3rd Cir. 2012); *Id.* at 537 ("Plaintiffs must be afforded the opportunity to conduct discovery and develop a record supporting their claim that the Statutes burden more speech than is necessary.").

Interrogatory Nos. 2b. and 2e. seek to learn the government's contention regarding how the statutes are narrowly tailored to "purely private conduct." 2b., texting between couples, 2e., emails. The Third Circuit explicitly stated that "Plaintiffs should be permitted to develop the record as to whether the Statutes are unconstitutionally overbroad based on their purported regulation of purely private conduct." *Id.* at 538. "Overbreadth analysis– like the question whether a statute is narrowly tailored to serve a compelling governmental interest–examines whether a statute encroaches upon speech in a constitutionally overinclusive manner." *Am. Civil Liberties Union v. Ashcroft*, 322 F.3d 240, 266 (3d Cir. 2003) *aff'd and remanded*, 542 U.S. 656 (2004).

*via email and regular mail*
Kathryn L. Wyer
U. S. Department of Justice, Civil Division
November 30, 2012
page 3

As for Interrogatory Nos. 3, 4, 5, 6, 7, and 8, each of these interrogatories seeks to learn the government's position regarding the statutes' and regulations' application to purely private conduct for the purpose of developing a record on Plaintiffs' overbreadth claim. The interrogatories do not call for legal conclusions on abstract hypotheticals, but rather seek to explore the government's contentions about and opinions of the statutes' and regulations' scope and breadth with regard to purely private protected expression–the very issue the Court of Appeals remanded for development of a record. Therefore, they are not objectionable. *See Parsons v. Best Buy Stores, L.P.*, 3:09-CV-00771, 2010 WL 2243980 (S.D.W. Va. May 19, 2010).

You also interposed a related objection to Interrogatory No. 12, which asks you to set forth the basis for your denials in response to Plaintiffs' First Set of Requests for Admission. Again, it is no basis to object to an interrogatory on the ground that it asks for the application of law to fact. Each of the Requests for Admission sets forth precise factual questions at the heart of Plaintiffs' as-applied and overbreadth challenges. We are entitled to an answer to this interrogatory.

### Objections on the Ground of Vagueness and Ambiguity

You have objected to a number of interrogatories on the ground that the terms used are vague and ambiguous and that they require you to address a number of possible hypothetical situations. Interrogatories 2a., 2b., 2c., 2d., 2e., 2f., 2g.

Many of your objections are posed to interrogatories that the plaintiffs haven't propounded. For instance, 2b. asks you to explain how 18 U.S.C. § 2257 is narrowly tailored to "sexually explicit visual depictions produced by an adult of himself or herself and sent to a spouse or significant other using a multimedia messaging service." (We defined multimedia messaging service in the definitions preceding the interrogatories). In objecting, you've stated that the depiction "may include depictions of other individuals as well." We didn't ask about those. You've also stated that the depiction "may be sent to others as well." Again, we didn't ask about that. And you've told us that you are "unaware of any mechanism for determining that a depiction sent through a multimedia messaging service is a depiction of the sender." (We suggest that one mechanism is looking at the depiction). But again we didn't ask about that. You've added that phones, computers, and similar devices are sometimes lost or stolen and accounts can be created or accessed by someone other than the purported owner. That is all true, but we did not ask about a message sent from a stolen or lost device or by someone other than the account owner. You also note that an individual may claim to be sending a visual depiction of himself or herself when the visual depiction is in fact of a different individual. (Presumably the spouse or significant other about whom the interrogatory asks would certainly notice that the individual is not his or her partner.) But again, we did not ask about that. The interrogatory cannot logically be interpreted to ask for the multiple permutations your objection embraces.

*via email and regular mail*
Kathryn L. Wyer
U. S. Department of Justice, Civil Division
November 30, 2012
page 4

Similarly, Interrogatory No. 2g. asks the government to explain how the statutes are narrowly tailored as applied to sexually explicit visual depictions of an adult married couple created by a professional photographer at their request. You've objected on the ground that "two individuals may be married, or may claim to be married, even though one or both of them is under 18. Individuals may make requests under threat, duress, or coercion." The interrogatory asks about an "adult couple"–which means that they are both over the age of 18–who are "married"–not simply claiming to be married–who make a request–free of threat, duress, or coercion--of a professional photographer to create a sexually visual depiction of them. Your objections are interposed to questions that we simply did not ask.

Objections you've interposed to the other sub-parts of Interrogatory No. 2 suffer from the same flaw. I will not enumerate them all since I believe the examples discussed above give you the gist of our dispute. Please answer the questions posed. We are entitled to know the government's position with regard to the application and enforcement of the statutes and regulations being challenged here.

### Clarification of Particular Terms and Interrogatories Claimed to Be Vague and Ambiguous

You have also claimed that a number of the terms used in the interrogatories are vague and ambiguous–although you did not raise the issue during our discussion on September 24, 2012. I will admit that many of your objections left me non-plused. You have claimed that the terms, *textbook, documentary, transfers,* and *displays* are vague and ambiguous. They are not. But for the purpose of resolving any doubt or question you may have and in an effort to allow us to secure answers to the interrogatories we've propounded, I offer the following clarifications.

Many of the terms that you claim are vague and ambiguous are used in the statutes, regulations, and preamble to the regulations prepared by the Department of Justice or defined in the definitional section of the interrogatories. *See e.g.* "Tube site," "display," "social networking site," "transfer," "create," "posts," "commercial." I ask you to assume for the purposes of our interrogatories that these words have the same meaning as when they are used in the statutes, regulations, and preamble or set forth in the definitions that we provided to you.

As for your objections to other terms that you claim are ambiguous or vague:

With respect to Interrogatory No. 2a., assume that "obviously mature adult," refers to a person whose appearance is such that a reasonable person would not confuse him or her as a minor. It does not ask for an appraisal of anyone's sexual maturity.

*via email and regular mail*
Kathryn L. Wyer
U. S. Department of Justice, Civil Division
November 30, 2012
page 5

With respect to Interrogatory No. 2d, assume that "textbook" means "a book used in the study of a subject: as ... one containing a presentation of the principles of a subject." http://www.merriam-webster.com/dictionary/textbook(last visited November 30, 2012).

With regard to Interrogatory Nos. 2h and 2i, "documentary" means a "[f]act-based film that depicts actual events and persons. Documentaries can deal with scientific or educational topics, can be a form of journalism or social commentary, or can be a conduit for propaganda or personal expression." http://www.merriam-webster.com/dictionary/documentary (last visited November 30, 2012). For the purposes of these interrogatories, "rape" and "sexual abuse" are confined to conduct involving adults.

With respect to Interrogatory No. 3, assume that the website operator knowingly sells or otherwise transfers materials or knowingly offers for sale or transfers materials subject to the requirements of 18 U.S.C. § 2257. As for whether he qualifies for exclusion from the regulatory definition of producer, I believe that fact is immaterial to the question, since 18 U.S.C. § 2257(f)(4)'s requirements are not confined to producers, but apply to producers and non-producers alike.

With respect to Interrogatory No. 4, assume that the person is a producer of a sexually explicit depiction subject to 18 U.S.C. § 2257 (a) who inserts the depiction on a tube site and that the statutory mens rea requirement is satisfied.

With respect to Interrogatory No. 5, assume that the website operator knowingly sells or otherwise transfers materials or knowingly offers for sale or transfers materials subject to the requirements of 18 U.S.C. § 2257. As for whether he qualifies for exclusion from the regulatory definition of producer, I believe that fact is immaterial to the question, since 18 U.S.C. § 2257(f)(4)'s requirements are not confined to producers, but apply to producers and non-producers alike.

With respect to Interrogatory No. 6, assume that the person is a producer of a sexually explicit depiction subject to 18 U.S.C. § 2257 (a) who inserts the depiction on a social networking site and that the statutory mens rea requirement is satisfied.

With respect to Interrogatory No. 7, assume that the person is a producer of a sexually explicit depiction subject to 18 U.S.C. § 2257 (a) who sends the depiction to another via a multimessaging service (also known as sexting) and that the statutory mens rea requirement is satisfied.

With respect to Interrogatory No. 8, assume that the person is a producer of a sexually explicit depiction subject to 18 U.S.C. § 2257 (a) who sends the depiction via electronic mail–either as an attachment to or in the body of the message itself– and that the statutory mens rea requirement is satisfied.

*via email and regular mail*
Kathryn L. Wyer
U. S. Department of Justice, Civil Division
November 30, 2012
page 6

### Objections on the Ground that the Interrogatories Are Beyond the Scope of Discovery and Overly Burdensome

Interrogatory No. 9 seeks information about the enforcement of 18 U.S.C. § 2257. You have objected on the basis that it seeks information beyond the scope of discovery–namely, whether the statutes and regulations are narrowly tailored and/or whether they encroach upon speech in an unconstitutionally overinclusive manner. In arguing that the statute is narrowly tailored, the government has advanced the argument that a universal age verification requirement is necessary to advance the statutory goals of preventing the production of child pornography and to aid law enforcement in prosecuting offenders. Defendant's Memorandum in Support of Motion to Dismiss and in Opposition to Plaintiffs' Motion for Preliminary Injunction (Doc. No. 17) at 2, 4, 5, 14, 25, 27, 28. The enforcement history of the statute is relevant in assessing the government's claim that a universal age verification requirement on all expression is narrowly tailored to meet that statutes' goals. It, therefore, seeks information that is within the scope of discovery on remand.

The same is true of Interrogatory Nos. 10 and 11 which seek information about prosecutions for child pornography which either failed because the government could not shoulder its burden of proving that the person depicted was a minor or in which documentation required by 18 U.S.C. § 2257 was used in meeting this burden. Both interrogatories seek information about the scope of one of the problems that the statutes were purportedly designed to address (law enforcement's difficulty in establishing that the person depicted is underage); it is the statutory objective by which the statutes' tailoring is measured. Thus, plaintiffs are entitled to probe the extent of the problem the statutes address in evaluating whether they are narrowly tailored to it. These interrogatories seek information for that purpose.

As for producing the information that these interrogatories seek, let me clarify the requests. The Bureau of Justice Statistics of the U.S. Department of Justice and the United States Courts, appear to keep statistics that would allow you to provide some if not all of the information sought in Interrogatory No. 10 without engaging in the effort that you describe in your objection. See, e.g., Bureau of Statistics, Special Report, "Federal Prosecution of Child Sex Exploitation Offenders, 2006; http://www.uscourts.gov/Statistics.aspx; United States Government Accountability Office, Report to Congressional Committees, "Combating Child Pornography," March 2011. We ask that you make a good faith effort using these and other resources readily available to you to answer these interrogatories.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

Although you've objected to all of our requests for production of documents, you have

*via email and regular mail*
Kathryn L. Wyer
U. S. Department of Justice, Civil Division
November 30, 2012
page 7

indicated that there are no documents responsive to Request Nos. 1,[1] 3, 7, 12, 15, 17, 18, 19, 20, 21, 22, and 24. As to others, you have objected on the ground that production of a particular document is unduly burdensome because it is already publicly available. Request Nos. 4, 5, 6, 8, 9, 10, 11. That is not a recognized reason to fail to produce a particular requested document. However, if you agree to stipulate to the authenticity of the documents to which you've interposed an objection based on their public availability, we will agree to accept your response.

You have objected to our requests for drafts of the documents requested by Request Nos. 5, 6, 8 and 10 on the ground that the drafts are privileged or production would be unduly burdensome. We will agree not to press for production of these drafts at this point, but reserve the right to pursue the issue if during the course of discovery, it appears they contain information relevant to our claims.

We believe your objections to Request Nos. 4 and 23 are not well-taken. Request No. 4 asks you to produce "any and all documentary evidence regarding the use of underage performers in expression produced by the adult industry in the United States." First, you've objected to the terms, "documentary evidence," "expression," and "adult industry" as vague. These terms are not vague. To resolve any doubt, however, for the purpose of these requests, "documentary evidence" means documents, "expression" means "visual depictions," and "adult industry" means commercial producers of sexually explicit visual depictions. The information sought by this request is relevant to the government's claim that the statutes are narrowly tailored to address the production of sexually explicit material using underage performers. In asserting that the statutes are narrowly tailored, the government has argued that the statutes are necessary to ensure that "industry participants" do not use underage performers. Appellee's Br. at 39-40. Plaintiffs are entitled to test the factual basis for that claim. The documents requested are, therefore, relevant and likely to lead to the discovery of admissible evidence.

Request No. 23 requests data–which we've agreed is limited to quantitative data or statistics– regarding the percentage of sexually explicit visual depictions of persons who are less than 18 years of age exchanged by electronic mail compared to such depictions of persons who are more than 18 years of age exchanged by electronic mail. This information is clearly relevant to our overbreadth claim, requiring the examination of the amount of protected expression that is burdened by the statutes compared to unprotected expression permissibly regulated by the statutes. Based on your answer, the government has documentation from which this information can be culled. We ask that

---

[1] You have not answered any of the interrogatories propounded on you. Thus, your response that you are not aware of any documents identified or referred to in answering Plaintiffs' interrogatories is no surprise. We anticipate, however, being able to resolve the basis for some if not all of your objections to our interrogatories, and when we do so, anticipate that you will produce any documents used in answering them.

*via email and regular mail*
Kathryn L. Wyer
U. S. Department of Justice, Civil Division
November 30, 2012
page 8

you produce that documentation.

**REQUESTS FOR ADMISSION**

You have objected to each of our requests on the ground that they call for a purely legal conclusion based on abstract hypotheticals. As explained above with regard to that same objection that you interposed to Interrogatory Nos. 2 (a)-(i), 3, 4, 5, 6, 7, and 8, the requests properly relate to the application of law to fact and/or your opinion about the application of law to fact as permitted by Rule 36(a)(1)(A), Federal Rules of Civil Procedure. A number of the requests seek admission directly relevant to Plaintiffs' as-applied challenge. (Request No. 2, all plaintiffs; Request No. 13, Sinclair Institute; Request No. 14, American Society of Media Photographers; Request No. 15, Michael Barone, American Society of Media Photographers, David Steinberg); Request No. 16 (Thomas Hymes); Request No. 17 (Barbara Alper, Barbara Nitke, David Steinberg). Request Nos. 3-12 seek information relevant to Plaintiffs' overbreadth claim.

You have not admitted or denied Plaintiffs' requests nor offered any acceptable explanation why you cannot truthfully admit or deny them. It is no answer to say that the court is the ultimate authority regarding the statutes' legal interpretation. We are entitled to learn the opinion of the government regarding the application of federal law to the facts at issue in this lawsuit.

Very truly yours,

BERKMAN, GORDON, MURRAY & DeVAN

Lorraine R. Baumgardner

LRB/sb