

U.S. Department of Justice

Civil Division, Federal Programs Branch
20 Massachusetts Ave, N.W.
P.O. Box 883 Ben Franklin Station
Washington, D.C. 20530

_____

Kathryn L. Wyer                                     Tel: (202) 616-8475
Trial Attorney                                      Fax: (202) 616-8470

December 11, 2012

The Honorable Michael M. Baylson
United States District Judge
Eastern District of Pennsylvania
601 Market Street
Philadelphia PA  19106

    Re: *Free Speech Coalition v. Holder*, No. 2:09-cv-4607

Dear Judge Baylson,

    The Court's Scheduling Order of November 27, 2012, indicated that the parties should submit to the Court letters identifying any discovery disputes by close of business December 10, 2012. Defendant hereby submits this letter belatedly and respectfully requests that the Court consider this letter and the attached letter that undersigned counsel sent to counsel for Plaintiffs on December 10, 2012.[1]

I.    Defendant responded to plaintiffs' letter as follows:

    1.    In general, Defendant emphasized that none of the issues that the Third Circuit identified as appropriate for discovery involve factual information that is likely to be in the possession of the Department of Justice. Instead, those issues involve comparisons of how much of certain kinds of sexually-explicit expression are produced by plaintiffs or by others. *See Free Speech Coal. v. Holder*, 77 F.3d 519, 537 (3d Cir. 2012) (Plaintiffs' as-applied challenge required factual development on the narrow tailoring prong, in order to compare "the amount of Plaintiffs' constitutionally-protected speech that does not implicate the government's interest in protecting children" to "the amount of Plaintiffs' speech that implicates the government's interest"); *id.* at 538 (Plaintiffs' overbreadth challenge required factual development in regard to "the amount of speech that implicates the government's interest in protecting children," on the one hand, and "the amount of speech that is burdened but does not further the government's

---

[1] Undersigned counsel for Defendant apologizes to the Court that she did not notice the deadline set forth in its Order of November 27, 2012, until December 11, 2012. Undersigned counsel has had an unusually heavy schedule of briefing deadlines in several other cases over the past two weeks, including responses to three applications for temporary restraining orders, and several deadlines on December 10, 2012, that prevented counsel from responding to plaintiffs' letter regarding discovery until December 10, 2012. Undersigned counsel is fully committed to avoiding any further inadvertent errors of this kind.

interest," on the other, so that "the likelihood and frequency of invalid applications of the statute" could be "compared to valid applications").

2. Most of Plaintiffs' Interrogatories and Requests for Admission set forth abstract hypotheticals. They did not ask about the application of law to the specific facts of this case. Instead, they called for pure conclusions of law. Courts have held that such requests are inappropriate. *See Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006); *Abbott v. United States*, 177 F.R.D. 92, 93 (N.D.N.Y. 1997). Such requests would require Defendant to imagine and address every possible scenario that might fit the vague contours of the general categories that Plaintiffs attempt to describe. The facts of the case here have to do with the specific plaintiffs who are raising as-applied First Amendment challenges, and the characteristics of the visual depictions that they produce. The question of how the statutory and regulatory requirements are narrowly tailored as applied to Plaintiffs is the ultimate issue in their as-applied challenge. Defendant is still in the process of seeking discovery regarding the nature of Plaintiffs' productions of visual depictions of sexually-explicit conduct.

3. Some of Plaintiffs' requests seek information beyond the scope of discovery that the Third Circuit identified as appropriate on remand. In particular, the Third Circuit has already held that the statutory and regulatory requirements "advance the government's interest of protecting children in a direct and effective way," and has rejected Plaintiffs' argument "that the government failed to demonstrate that the Statutes advance [those] interest[s] or that the problems identified are real, not conjectural." *Free Speech Coal.*, 677 F.3d at 535-36 & n.12. It would be inappropriate to relitigate this issue after the Third Circuit has already decided it. Yet Plaintiffs' Interrogatories No. 9, 10, and 11 are aimed at that very question – seeking information about the enforcement history of § 2257 and about instances where child pornography prosecutions either were aided or might have been aided by records kept pursuant to § 2257. These requests have to do with the general effectiveness of the requirements and are therefore beyond the scope of the Third Circuit's remand.

Plaintiffs have argued that they "are entitled to probe the extent of the problem the statutes address in evaluating whether they are narrowly tailored to it." However, the Third Circuit's decision is clear that the narrow tailoring question in the as-applied context here has to do with whether there is some unique feature of a plaintiff's production of visual depictions of sexually-explicit conduct – for example, if a plaintiff were engaged in activity such as producing an "illustrated sex manual for the elderly," which by its nature would contain depictions only of elderly individuals – such that that plaintiff could be excluded from the generally effective §§ 2257/2257A requirements. *Free Speech Coal.*, 677 F.3d at 537.

II. Defendant has also raised some issues regarding plaintiffs who failed to respond sufficiently to requests regarding the ages of performers used in the visual depictions of sexually-explicit conduct that they produce.

III. In regard to discovery on Plaintiffs' Fourth Amendment claim, Defendant had anticipated that Plaintiffs would include requests for FBI reports in the next round of written discovery. In anticipation of this, Defendant has begun the process of attempting to locate such reports, and is in the process of reviewing the information that has been located.

- 3 -

Respectfully,

STUART F. DELERY
Principal Deputy Assistant Attorney General
ZANE DAVID MEMEGER
United States Attorney
VINCENT GARVEY
Deputy Branch Director

/s/ Kathryn L. Wyer
KATHRYN L. WYER
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC 20530
Tel. (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      Pursuant to Local Rule 5.1.2(8)(b), I hereby certify that the foregoing document has been filed electronically and is available for viewing and downloading from the ECF system.  I further certify that the foregoing document was served via ECF on counsel of record for plaintiffs in the above-captioned case.

Dated: December 11, 2012        /s/
                                                    Kathryn L. Wyer