

U.S. Department of Justice

Civil Division, Federal Programs Branch
20 Massachusetts Ave, N.W.
P.O. Box 883 Ben Franklin Station
Washington, D.C. 20530

_____
Kathryn L. Wyer                                    Tel: (202) 616-8475
Trial Attorney                                     Fax: (202) 616-8470


BY E-MAIL

December 10, 2012

Lorraine Baumgardner
55 Public Sq., Ste. 2200
Cleveland OH  44113
lbaumgardner@bgmdlaw.com

      Re: *Free Speech Coalition v. Holder*, No. 2:09-cv-4607

Dear Lorraine,

      I am writing to respond to issues raised in your letter of November 30, 2012, as well as to seek to resolve outstanding issues in the responses that Plaintiffs have provided to Defendant's first set of discovery requests.

**DEFENDANTS' RESPONSES TO PLAINTIFFS' DISCOVERY REQUESTS**

**I.    Plaintiffs' Interrogatory No. 1**

      You contend that Defendant is obligated to identify individuals who assisted in compiling information used to response to Plaintiffs' discovery requests because those individuals may have knowledge about issues on which the Third Circuit directed that discovery proceed. However, your Interrogatory does not ask for the identities of individuals with knowledge about the issues that the Third Circuit identified as requiring factual development, and courts have drawn a distinction between interrogatories that ask for the identities of individuals with knowledge of relevant information and those that ask for the identities of individuals who have "actually participated in [defendant's] case preparation." *See Weiss v. Nat'l Westminster Bank, PLC*, 242 F.R.D. 33, 62 (E.D.N.Y. 2007). Your Interrogatory No. 1 clearly falls in the latter category and the information sought is protected as attorney work product and attorney-client privileged information. There is no reason to assume that individuals who have assisted in searching for and compiling responsive documents would have any particular knowledge regarding information that might be contained in those documents, and none of the individuals who did assist in Defendant's discovery responses qualify as individuals with information relevant to Plaintiff's outstanding claims. Indeed, the documents that Defendant located and produced consisted primarily of articles that were written by individuals outside the Department of Justice.

Case 2:09-cv-04607-MMB   Document 119-1   Filed 12/11/12   Page 2 of 7

- 2 -

Moreover, none of the issues that the Third Circuit identified as appropriate for discovery involve factual information that is likely to be in the possession of the Department of Justice. Instead, those issues involve comparisons of how much of certain kinds of sexually-explicit expression are produced by plaintiffs or by others. *See Free Speech Coal. v. Holder*, 77 F.3d 519, 537 (3d Cir. 2012) (Plaintiffs' as-applied challenge required factual development on the narrow tailoring prong, in order to compare "the amount of Plaintiffs' constitutionally-protected speech that does not implicate the government's interest in protecting children" to "the amount of Plaintiffs' speech that implicates the government's interest"); *id.* at 538 (Plaintiffs' overbreadth challenge required factual development in regard to "the amount of speech that implicates the government's interest in protecting children," on the one hand, and "the amount of speech that is burdened but does not further the government's interest," on the other, so that "the likelihood and frequency of invalid applications of the statute" could be "compared to valid applications").

Defendant therefore continues to object to this Interrogatory as seeking information that is not reasonably calculated to lead to relevant information and that is protected by attorney-client privilege and the work product doctrine.

## II. Requests that call for "purely legal conclusions based on abstract hypotheticals unrelated to the specific facts of this case" (Interrogatory Nos. 2-8, RFAs 1-17)

Defendant has objected to Plaintiffs' Interrogatory Nos. 2-8 and Requests for Admission ("RFAs") 1-17 because they seek legal conclusions regarding the meaning of statutes and regulations in connection with abstract hypotheticals. You indicate that you contest this objection because these Interrogatories and RFAs ask for an opinion or admission regarding "the application of law to fact." However, these Interrogatories and RFAs do not ask for opinions regarding the application of the statutes and regulations to the specific facts of this case, as required by Rules 33 and 36. Instead, they set forth purely abstract hypotheticals without any concrete factual context. For example, Plaintiffs' Interrogatory No. 2 asks how 18 U.S.C. § 2257 is narrowly tailored as applied to "sexually explicit visual depictions of obviously mature adults." The Interrogatory fails to explain which plaintiff purports to produce such depictions or whether that plaintiff produces such depictions exclusively. The Interrogatory also fails to explain what that plaintiff would consider an "obviously mature adult." The possible hypothetical contexts that this Interrogatory could be asking about could range from a magazine that exclusively publishes sexually-explicit images of individuals who are 80 years old or older (although no plaintiff claims to produce such a magazine), to a video containing depictions of sexually-explicit conduct involving a range of individuals from 18 years old to 50. The Rules do not require Defendant to imagine and address every scenario that could conceivably meet the criteria described in these Interrogatories; rather, it is Plaintiffs' obligation, if they seek information about the application of law to the facts of the case, to relate their Interrogatories to the specific facts of the case at hand. *See Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006); *Abbott v. United States*, 177 F.R.D. 92, 93 (N.D.N.Y. 1997).

Your letter purports to identify certain plaintiffs whom you assert fall into some of the categories asked about in Interrogatory No. 2. However, your suggestion simply demonstrates that these are in fact abstract categories rather than "facts" of this case. For example, you did not ask about any "textbook produced by the Sinclair Institute." You also did not identify any

documentary on rape or war atrocities (much less one that was produced by any plaintiff in this case) that contains visual depictions of sexually-explicit conduct that would fall under the requirements of 18 U.S.C. § 2257. It is not immediately clear why someone making such a documentary would choose to include visual depictions of a rape actually occurring, such that § 2257 would apply, which again highlights the purely hypothetical nature of your questions.

Moreover, while you attempt to address Defendant's vagueness objections separately, the vagueness issues are part and parcel of the abstract hypothetical nature of Plaintiffs' requests. Because Plaintiffs' requests seek information based on pure hypotheticals rather than based on the application of law to the facts of this case, Defendant has no basis for assuming facts that are not in the questions themselves. You say you did not ask about certain permutations of your hypotheticals but at the same time, you did not expressly exclude those permutations. Your requests also do not identify the perspective from which these hypotheticals should be evaluated. Defendant attempted to consider these terms from the government's perspective as well as from the producer's perspective. For example, with respect to RFA No. 15, you may be right that an adult married couple knows whether they are adults and whether they are married, but the question is how the photographer would know this, or how the government would know the photographer knows. With respect to Interrogatory No. 2e, you may be right that the person sending an email knows whether an attached image is of the sender, but the question is how the government could know whether a particular image attached to a particular email depicts the sender, and how the government could distinguish between that email and another email where the attached image is not of the sender. From the government's perspective, it is unclear how a hypothetical category of emails with attached visual depictions of sexually-explicit conduct could be subdivided based on the relationship between the person depicted in the attachment and the sender (or recipient) of the email. That is precisely why the terminology in these requests is vague and ambiguous.

Even if you had formulated requests that asked how the requirements are narrowly tailored as applied to a specific plaintiff, such requests would be premature at this point because Defendant is still engaged in discovery regarding Plaintiffs' production of depictions of sexually-explicit conduct. The question of whether the requirements are narrowly tailored as applied to Plaintiffs is the ultimate question before the Court in Plaintiffs' as-applied challenge.

You appear to recognize that some of Plaintiffs' requests, such as Interrogatory Nos. 2b and 2e, have nothing to do with their as-applied challenges. For example, Interrogatory No. 2b asks how § 2257 is narrowly tailored as applied to sexually-explicit visual depictions produced by an individual of himself and sent to a spouse, but no plaintiff has based his or her as-applied challenge on an allegation that he or she has sent visual depictions to his or her spouse. You contend that these Interrogatories nevertheless involve the application of the law to the facts of this case because Plaintiffs have raised an overbreadth challenge. However, Plaintiffs' overbreadth challenge does not make every conceivable hypothetical scenario a "fact of this case." Rather, Plaintiffs must identify actual concrete facts if they wish to seek discovery regarding those facts. Questions about the application of the requirements to an abstract hypothetical category call for pure legal conclusions rather than the application of law to the facts of this case.

Your citation to *Parsons v. Best Buy Stores, LP*, 2020 WL 2243980 (S.D.W. Va. May 19, 2010), does not support your position. The interrogatories at issue in that case were questions about the application of law to the specific individuals involved in the accident that was at issue in the case. They did not involve hypotheticals such as those that Plaintiffs have provided here. Again, Interrogatory Nos. 3-8, like Interrogatory 2, do not ask about the application of law to the facts of this case. In the abstract, without knowing whether a hypothetical individual is subject to § 2257 or would qualify for an exception, it is not possible to make an absolute statement about whether an individual "violates 18 U.S.C. § 2257(f)(4)." Defendant explained in the objections to each of these interrogatories some of the specific uncertainties. In response, you have essentially asked Defendant to assume that all statutory definitions that would cause the statute to apply are met (e.g., for Interrogatory No. 3, "assume that the website operator knowingly sells or otherwise transfers materials or knowingly offers for sale or transfers materials subject to the requirements of 18 U.S.C. § 2257"). Again, this simply demonstrates that Plaintiffs' Interrogatories are asking about pure questions of law, not the application of law to the facts of this case.

Defendant therefore continues to object to these requests as seeking pure legal conclusions based on abstract hypothetical unrelated to the specific facts of this case.

## III. Interrogatories that Are Beyond the Proper Scope of Discovery on Remand (Interrogatory Nos. 9-11)

Defendant has explained that some of Plaintiffs' discovery requests are beyond the scope of discovery that the Third Circuit identified as appropriate in this case. In particular, the Third Circuit has already held that the statutory and regulatory requirements "advance the government's interest of protecting children in a direct and effective way," and has rejected Plaintiffs' argument "that the government failed to demonstrate that the Statutes advance [those] interest[s] or that the problems identified are real, not conjectural." *Free Speech Coal.*, 677 F.3d at 535-36 & n.12. The government does not have to prove again that the requirements are generally effective, and it would be inappropriate to relitigate this issue after the Third Circuit has already decided it. Yet Plaintiffs' Interrogatories No. 9, 10, and 11 are aimed at that very question – seeking information about the enforcement history of § 2257 and about instances where child pornography prosecutions either were aided or might have been aided by records kept pursuant to § 2257. These requests have to do with the general effectiveness of the requirements and are therefore beyond the scope of the Third Circuit's remand.

I disagree with your view that "plaintiffs are entitled to probe the extent of the problem the statutes address in evaluating whether they are narrowly tailored to it." The Third Circuit's decision is clear that the narrow tailoring question in the as-applied context here has to do with whether there is some unique feature of a plaintiff's production of visual depictions of sexually-explicit conduct – for example, if a plaintiff were engaged in activity such as producing an "illustrated sex manual for the elderly," which by its nature would contain depictions only of elderly individuals – such that that plaintiff could be excluded from the generally effective §§ 2257/2257A requirements. *Free Speech Coal*., 677 F.3d at 537.

Defendants have also explained that it would be unduly burdensome to search individual case files for the information sought in Interrogatories 10 and 11 and that such a search would likely not be able to yield the requested information. You respond by pointing to three sources that you think Defendants should use. One of these is a U.S. Courts website and another is a GAO report to Congress. I disagree with your suggestion that Defendants are required to conduct research in these non-Department of Justice sources in order to respond to Plaintiffs' discovery requests. As for the Bureau of Justice Statistics report that you mention, it does not refer to any data about the reasons prosecutions resulted in an acquittal or dismissal, or about whether records kept pursuant to § 2257 were used as evidence.

### IV.     Plaintiffs' Requests for Production (RFP Nos. 4, 23)

You indicate that you will agree that Defendants need not produce the documents that you requested that we have identified as publicly available if Defendants will stipulate to their authenticity. Defendants will agree to this.

In regard to RFP No. 23, Defendants did not locate any responsive documents. The omission of a response to this RFP indicating this (similar to responses provided for RFP Nos. 22 and 24, for example) was inadvertent.

In regard to RFP No. 4, Defendants have explained that the information sought is outside the scope of proper discovery following the Third Circuit's remand. This request is again aimed at whether the statutory and regulatory requirements directly advance the government's stated interests. You suggest that Plaintiffs are "entitled to test the factual basis" for the claim that the requirements advance the government's substantial interest in preventing producers from using underage individuals in their visual depictions of sexually-explicit conduct. (Your attempt to reframe the same question using the phrase "narrowly tailored" is not persuasive.) The Third Circuit has already ruled that they do advance that interest, and that the government has sufficiently established that the problems it has identified "are real, not conjectural." *Free Speech Coal.*, 677 F.3d at 535. Indeed, the Third Circuit specifically recognized "the pornography industry's practice of employing youthful-looking performers," which "made it nearly impossible for law enforcement officers to effectively investigate potential child pornography." *Id.* The information sought here attempts to re-open that issue. It is not relevant to whether the requirements are narrowly tailored with respect to a particular plaintiff. Again, the "narrow tailoring" analysis for Plaintiffs' as-applied challenges requires an examination of the characteristics of a particular plaintiff's production of visual depictions of sexually-explicit conduct, in order to determine whether there is some basis for excluding that plaintiff, in particular, from the uniform recordkeeping and labeling requirements.

Defendants have also explained that RFP No. 4 is unduly burdensome because there is no way to identify material that may be in case files of child pornography investigations and prosecutions as "produced by the adult industry" other than to review every individual case file in every DOJ office, U.S. Attorney's Office, and FBI field office related to child pornography. Based on your suggested definition of "adult industry" as including any "commercial" producer, this would require that all case files be examined in order to determine whether they contain indications that the subject of investigation or prosecution in each case engaged in commercial

activities. As you can imagine, such a review would be extremely time-consuming and burdensome.

## PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION

I have also identified some issues that I hope Plaintiffs can resolve in connection with their responses to Defendant's discovery requests.

**1.    David Levingston's Responses to Interrogatory No. 5, Request for Production No. 2**

Plaintiff David Levingston indicates in his response to Interrogatory No. 5 that his work is "featured on a number of websites," but he has neither identified the URLs of these websites nor provided copies of them. Levinston also references a book that he has published but he has not produced a copy of the book. Defendants requested in Request for Production No. 2 that documents identified in Plaintiffs' responses be produced. Levingston should therefore produce these documents.

**2.    Responses to Interrogatory No. 9**

Plaintiffs Barbara Alper, Michael Barone, Betty Dodson and Carlin Ross, David Levingston, and Carol Queen have not provided adequate responses to Interrogatory No. 9, which asks plaintiffs to identify the number of visual depictions that they have produced that contain individuals in particular age ranges. Plaintiffs who have kept records pursuant to 18 U.S.C. §§ 2257 and/or 2257A should have this information available for at least some portion of the depictions that they have produced. Those plaintiffs that contend that no information is available to answer this Interrogatory should provide as a complete an answer as they can based on the information they have.

Plaintiff David Levingston indicates that Interrogatory No. 9 is "not applicable" to him, yet his responses to other interrogatories indicate that he has produced visual depictions of sexually-explicit conduct. There does not appear to be any reason that this Interrogatory would not apply, so this plaintiff should provide the requested information.

**3.    Documents identified in Plaintiffs' Responses to Interrogatory No. 12**

Plaintiffs indicate in their RFP responses that they will not produce documents identified in Plaintiffs' Responses to Interrogatory No. 12 because they have provided URLs for those documents. Plaintiffs' response is inconsistent with your own contention that online availability does not obviate the obligation to produce responsive documents. Defendant will not insist on receiving copies of the identified URLs for now but reserve the right to revisit this issue in the future, particularly if we encounter difficulties in accessing the provided URLs. However, no URLs were provided for "Our Bodies Ourselves," or "Texting, Sexting, and Attachment in College Students' Romantic Relationships," which were both identified in response to Interrogatory No. 12. Defendant therefore requests that Plaintiffs produce those documents.

Sincerely,

/s/
Kathryn L. Wyer

Case 2:09-cv-04607-MMB   Document 119-1   Filed 12/11/12   Page 7 of 7

- 7 -