IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., | Civil Action No. 2:09-4607 |
| Plaintiffs, | Judge Michael M. Baylson |
| v. | |
| | **AGREED PROTECTIVE ORDER GOVERNING DISCOVERY AND DISCLOSURES OF PROTECTED INFORMATION** |
| THE HONORABLE ERIC H. HOLDER, JR., Attorney General, | |
| Defendant. | |

Defendant has been asked to produce copies of reports of inspections conducted pursuant to 18 U.S.C. § 2257 that contain personally-identifying information about third parties. These records as well as other records sought by Plaintiffs may be protected by the Privacy Act, 5 U.S.C. § 552(a)(4). Any such records cannot be disclosed by Defendant unless one of the exceptions to the Privacy Act is satisfied. 5 U.S.C. § 552a(b). One such exception is 5 U.S.C. § 552a(b)(11), which permits disclosure of documents "pursuant to the order of a court of competent jurisdiction . . . ." In addition, the parties seek to protect personally-identifying information regarding third parties in these reports. The parties may also agree or seek to protect other private information. Accordingly, upon the consent of the parties, as evidenced by their signatures below, and for good cause shown, it is hereby ordered that:

I. **INFORMATION PROTECTED BY THE PRIVACY ACT**

Pursuant to 5 U.S.C. § 552a(b)(11), Defendant is authorized to disclose to Plaintiffs, their respective counsels, and the Court documents and records otherwise covered by the Privacy Act. Notwithstanding such authorization, Defendant will limit disclosure of information that may be covered by the Privacy Act to materials that the parties agree, or that the Court determines, may be

relevant to any party's claim or defense or appears reasonably calculated to lead to the discovery of admissible evidence. Any such disclosure shall be subject to the procedures and conditions set forth in this Protective Order.

## II.     PRODUCTION OF FBI REPORTS REGARDING PAST INSPECTIONS CONDUCTED PURSUANT TO 18 U.S.C. § 2257

1.      Defendant will produce copies of the reports associated with the 29 inspections that were conducted pursuant to 18 U.S.C. § 2257 between July 24, 2006 and September 19, 2007.

2.      Prior to production, the FBI will redact information contained in the reports, including any documents attached to those reports, that consists of personally-identifying information regarding individuals appearing in visual depictions of sexually-explicit conduct produced by the persons or entities that were the subjects of the inspections, including names, aliases, and addresses of those individuals. The FBI will mark portions of the reports so redacted using a "P-1" designation.

3.      In regard to other information contained in the reports that identifies third parties not before the Court, including but not limited to the names of individuals who were present during inspections, such information will qualify as Protected Information subject to the procedures set forth below, regardless of whether the personally-identifying information is specifically marked as confidential. Such information shall be subject to the procedures set forth below for handling confidential information pursuant to this Protective Order.

4.      If any third party identified in a report as an individual present during an inspection is identified, by any party in writing to counsel for the other party, as a potential witness or as an agent or employee of a member of plaintiff Free Speech Coalition on whose behalf Free Speech Coalition purports to assert its claims, occurrences of that individual's name in the

reports will no longer be Protected Information under this Order. Upon Defendant's production of the reports, Plaintiffs shall promptly identify those individuals whose names appear in the reports who are agents or employees of a member of plaintiff Free Speech Coalition on whose behalf Free Speech Coalition purports to assert its claims.

During the course of this litigation, the parties may designate additional materials as Protected Information by following the procedures described below.

### III. PROCEDURES

1. **Designations**: Materials protected by the Privacy Act and produced by Defendant pursuant to this Protective Order are hereby designated as Protected Information regardless of whether they are specifically marked as confidential, except as set forth in Paragraph II.4 above. Additional materials may be designated as Protected Information either by agreement in writing of the parties or by order of the Court. If the parties agree to the designation, the producing party shall affix the label "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on each page containing Protected Information, and identifying the specific information for which protection is sought, before disclosure. The producing party must designate only those parts of the material, documents, items, or oral or written communications that are necessary to protect the privacy of individuals, so that other portions of the material, documents, items, or communications for which protection is not warranted are not unjustifiably included within the scope of this Order. If the parties disagree on the designation of material as Protected Information, the party seeking to protect the information will submit the issue to the Court for resolution, by motion or by some other means, within a reasonable time. The parties shall treat the disputed designation as Protected Information subject to this Order pending a ruling by the Court.

2. **Access**: Protected Information produced pursuant to this Order shall not be disclosed, made available, or distributed in any form to any person or entity other than the following "qualified persons":

    a. Attorneys for the parties in this case and/or employed by the Department of Justice who are actively working on or supervising the work in this case, and their paralegals, clerical and other assistants who have a need therefor in connection with this case;

    b. The parties in this case or, for organizational plaintiffs, individual employees of the organizational plaintiff who have a need therefor in connection with this case;

    c. Witnesses and expert witnesses in this action to whom disclosure is reasonably necessary for preparation, trial or other proceedings in this case, and who have signed the "Agreement to be Bound by the Protective Order" (Exhibit A).

    d. The Court and its employees;

    e. Any deponent in this case during his/her deposition where the Protected Information was produced by the deponent or the entity the deponent represents;

    f. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case; and

    g. Other persons by written agreement of the parties who have signed the "Agreement to be Bound by the Protective Order."

    2.1. After any witness or other person executes the "Agreement to be Bound by the Protective Order," counsel shall send a copy of the executed agreement to opposing counsel.

3. **USE**: Materials designated as Protected Information under this Order shall be used only for the purposes of the prosecution, defense, or settlement of this action and shall not be

disclosed to anyone other than the "qualified persons" designated above, except that nothing in this Order prohibits the use and disclosure of these materials as otherwise permitted or required by law.

    3.1. Nothing in this Order prohibits a party from using material obtained independent of discovery in this action for other purposes, whether or not such material is also obtained through discovery in this action.

    3.2. Any Protected Information filed with the Court for any reason (e.g., as an exhibit to a motion filed by either party) shall, if contained in a document also containing other information not subject to protection under this Order, be redacted from the publicly filed version of such filing. If the Protected Information is deemed relevant by the filing party, or upon request of the non-filing party or Order of the Court, the unredacted version (not to include the redactions described in II.2 above, which shall remain redacted in any sealed filing) shall be filed under seal, in accordance with the applicable local court rules, and shall remain under seal until further order of the Court. If the entire document consists of Protected Information, the entire document shall be filed under seal and shall remain under seal until further order of the Court. The party filing any Protected Information shall be responsible for informing the Clerk of the Court that the filing should be sealed and should not be publicly accessible on the ECF system.

    3.3. During any deposition noticed in connection with this case, a witness or any counsel may indicate on the record that a question calls for Protected Information, or that an answer has disclosed Protected Information. Thereupon, any counsel may request all persons, except persons entitled to receive Protected Information pursuant to this Order, to leave the room where the deposition is proceeding until completion of the answer or answers containing

Protected Information. Those portions of depositions where the contents of Protected Information are discussed shall be subject to this Protective Order.

    3.4. The manner of using any Protected Information at trial shall, after consultation of counsel, be determined by the Court at or about the time when the final pretrial order is submitted to the Court.

    3.5. Nothing in this Protective Order shall waive or prejudice the rights of any party to make objections or to assert any privilege, with respect to the discovery or disclosure of any document, material, or information, pursuant to the Federal Rules of Civil Procedure or any other governing authority, nor is it intended to alter any burden of proof regarding any assertion of privilege in this matter. In addition, production of Protected Information does not waive objections as to the relevance of said produced Protected Information or admissibility of said produced Protected Information into evidence.

    3.6. If a party receiving Protected Information inadvertently discloses the material to persons other than the "qualified persons" described above, the party must immediately: (a) use its best efforts to retrieve all copies of the material from those persons; (b) request that such person sign the "Agreement to be Bound by the Protective Order;" and (c) notify the party who originally produced the materials of such inadvertent disclosure.

    **4.**    **DURATION**: The confidentiality obligations imposed by this Order shall remain in effect until the Court otherwise directs.

    4.1. Within sixty (60) days after the final termination of this action, each party receiving Protected Information must destroy the Protected Information, and all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any

Protected Information, and certify to the producing party of the destruction of such information.

      4.2. Notwithstanding provision 4.1, counsel for the Parties may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Information. A copy of this Protective Order shall be kept together with any such archival copies, and such archival copies containing Protected Information are subject to this Protective Order as long as the same remains in effect.

      5.    **MODIFICATIONS**: The parties retain the right to seek a modification of any provision of this Protective Order.

Dated: January 14, 2013

SO STIPULATED AND AGREED:

| | |
|---|---|
| For Plaintiffs: | /s/ Lorraine R. Baumgardner |
| | J. MICHAEL MURRAY (0019626) |
| | jmmurray@bgmdlaw.com |
| | LORRAINE R. BAUMGARDNER (0019642) |
| | lbaumgardner@bgmdlaw.com |
| | BERKMAN, GORDON, MURRAY & DeVAN |
| | 55 Public Square Ste. 2200 |
| | Cleveland, Ohio 44113 |
| | Tel. (216) 781-5245 / Fax (216) 781-8207 |
| | |
| | *Attorneys for Plaintiffs* |
| | |
| For the Defendant: | STUART F. DELERY |
| | Principal Deputy Assistant Attorney General |
| | ZANE DAVID MEMEGER |
| | United States Attorney |
| | ARTHUR R. GOLDBERG |
| | Assistant Director, Federal Programs Branch |
| | |
| | /s/ Kathryn L. Wyer |
| | HÉCTOR G. BLADUELL |
| | KATHRYN L. WYER |
| | U.S. Department of Justice, Civil Division |

                                              20 Massachusetts Avenue, N.W.
                                              Washington, DC 20530
                                              Tel. (202) 616-8475 / Fax (202) 616-8470
                                              kathryn.wyer@usdoj.gov
                                              *Attorneys for Defendant*

SO ORDERED:

Date: _____                                   _____
                                                         The Honorable Michael M. Baylson
                                                         United States District Court Judge

**Certification Pursuant to Local Rule 5.1.2(9)(c)(2)**

      I hereby certify that counsel for Plaintiffs has consented to the affixing of counsel's signature above.

                                               /s/
                                          Kathryn L. Wyer

**<u>CERTIFICATE OF SERVICE</u>**

      Pursuant to Local Rule 5.1.2(8)(b), I hereby certify that the foregoing document has been filed electronically and is available for viewing and downloading from the ECF system.   I further certify that the foregoing document was served via ECF on counsel of record for plaintiffs in the above-captioned case.

Dated: January 14, 2013              /s/
                                            Kathryn L. Wyer