

U.S. Department of Justice

Civil Division, Federal Programs Branch
20 Massachusetts Ave, N.W.
P.O. Box 883 Ben Franklin Station
Washington, D.C. 20530
_____

Kathryn L. Wyer                                                    Tel: (202) 616-8475
Trial Attorney                                                     Fax: (202) 616-8470

February 12, 2013

The Honorable Michael M. Baylson
United States District Judge
Eastern District of Pennsylvania
601 Market Street
Philadelphia PA  19106

    Re: *Free Speech Coalition v. Holder*, No. 2:09-cv-4607

Dear Judge Baylson,

       Pursuant to the Court's instruction, Defendant submits this letter brief regarding the deficiencies in Plaintiffs' responses to Defendant's Second Set of Interrogatories and Second Set of Requests for Production. Specifically, Plaintiffs have failed to provide the information requested under Defendant's Interrogatory No. 15 and Requests for Production ("RFP") Nos. 5, 6, and 12, and many Plaintiffs failed to respond to Interrogatory No. 21 as well.  Responses to these interrogatories and RFPs were due on January 14, 2013, yet Plaintiffs provided no responses at all to these requests on that date. Although Defendant has significantly narrowed the scope of these discovery requests to accommodate Plaintiffs' concerns, Plaintiffs have still failed to comply with the narrowed requests and have not produced complete responses. In addition, although Defendant has agreed to treat as Protected Information under the Protective Order certain information that Plaintiffs allege is confidential, Plaintiffs have unilaterally withheld this information from Defendant and, in doing so, have not acted in accordance with the procedures set forth in the Protective Order. As explained below, Plaintiffs should be ordered to provide full responses to Defendant's Interrogatories 15 and 21 and RFPs 5, 6, and 12.

       **DEFENDANT'S INTERROGATORY NO. 15** (plaintiffs Barone, Dodson and Ross, Hymes, Levine, Levingston, Nitke, Steinberg, Townsend Enterprises/Sinclair Institute, Free Speech Coalition ("FSC"), American Society of Media Photographers ("ASMP")): This request asks each plaintiff to identify the names, aliases, and birthdates of the individuals who have appeared in visual depictions of sexually-explicit conduct that the plaintiff has produced, together with the titles, dates of creation, and locations of the visual depictions in which those individuals appear (see Exhibit 1, at 1). Each of these plaintiffs has raised an as-applied First Amendment challenge to the requirements that 18 U.S.C. §§ 2257 and 2257A impose on producers of visual depictions of sexually-explicit conduct. The Third Circuit indicated that the ages of the individuals appearing in plaintiffs' work are relevant to the First Amendment analysis. *Free Speech Coalition v. Holder*, 677 F.3d 519, 537 (3rd Cir. 2012). Defendant therefore propounded this Interrogatory, as well as Requests for Production Nos. 5 and 6, to try to obtain the information that the Third Circuit identified.

Plaintiffs have refused to answer this Interrogatory. While some Plaintiffs have provided copies of the identification cards of a limited number of the performers appearing in their work, Plaintiffs have redacted the names of these individuals (except for their initials), and have not produced or identified the depictions in which these performers appear. Plaintiffs have asserted privacy objections, but privacy concerns cannot justify withholding from Defendant the aliases of these performers, as well as the titles, date of creation, and location of the works in which these performers have appeared, particularly since most if not all of these works were produced for public distribution. The names of these performers are also relevant insofar as they allow Defendant to identify the total number of unique performers, and these individuals are also potential witnesses with regards to Plaintiffs' as-applied First Amendment challenge. In any event, the Protective Order does not permit Plaintiffs to withhold material from Defendant when the parties disagree regarding the scope of Protected Information. Rather, under the terms of the Protective Order, Defendant would be obligated to treat any disputed information as Protected until the Court ordered otherwise. Plaintiffs' attempt to place limitations on Defendant's access to and use of highly relevant information also goes against the public policy in favor of open court proceedings. *See* 28 C.F.R. § 50.9; *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678-79 (9th Cir. 2010); *In re Providence Journal Co., Inc.*, 293 F.3d 1, 16 (1st Cir. 2002); *Prestex, Inc. v. United States*, 4 Cl. Ct. 317, 318 n.1 (1984). There is therefore no legitimate basis for refusing to provide this information.

Plaintiffs have noted that Defendant has redacted information about performers from the FBI's inspection reports, all of which have now been produced to Plaintiffs. However, Plaintiffs agreed to that redaction in advance, and that redaction is specifically provided for in the Protective Order, to which Plaintiffs also agreed. Moreover, the identities of individuals appearing in works produced by the entities that were inspected are completely irrelevant to Plaintiffs' Fourth Amendment claim. In contrast, the identities, ages, and appearance of individuals appearing in works produced by Plaintiffs are certainly relevant to Plaintiffs' First Amendment claims for the reasons explained above. The necessary balancing of relevance and the privacy interests of third parties is therefore very different here. *See Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71-72 (S.D.N.Y. 2010); *Alaska Elec. Pension Fund v. Pharmacia Corp.*, 2005 WL 6429128, at *1 (D.N.J. Aug. 2, 1005) (concluding that relevance of information outweighed privacy concerns) (citing *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-87 (3d Cir. 1994))). Defendant is entitled to this information.

In regard to the two organizational plaintiffs, FSC and ASMP, Defendant had requested that they respond to Interrogatory No. 15 with respect to 30 members each (see Exhibit 2). Given that FSC claims a membership of 750 and ASMP appears to have an even larger membership, Defendant's request was reasonable.[1] When these plaintiffs responded that they lacked possession, custody, or control over the information required to respond to this Interrogatory, Defendant requested that they instead provide a list of their members who produce sexually-explicit material so that Defendant could attempt to seek this information directly from the organizational plaintiffs' members. Plaintiffs also refused to provide this information. Given that

---

[1] Defendant has received records from former plaintiff David Conners, who is an FSC member. However, production of these records falls short of Defendant's discovery requests.

FSC and ASMP either refuse or are unable to provide the information about their members that would be necessary to evaluate the as-applied First Amendment challenge that each of them asserts, these plaintiffs' standing to proceed with their First Amendment as-applied challenges is called into significant question.

**DEFENDANT'S INTERROGATORY NO. 21** (plaintiffs Alper, Barone, Dodson & Ross, Levine, Queen, and Townsend Enterprises/Sinclair Institute): This request asks each plaintiff to identify the revenue generated from his or her production of visual depictions of sexually-explicit conduct (see Exhibit 1, at 2). Plaintiff Townsend Enterprises has refused to provide this information on the basis that it constitutes a trade secret. Townsend Enterprises has not explained how its revenues could constitute a trade secret. Moreover, Townsend Enterprises has indicated elsewhere in its responses that it spends over $50,000 a year complying with the requirements of 18 U.S.C. §§ 2257 and 2257A. Its revenues from the material subject to those requirements are clearly relevant to an assessment of the information it has provided regarding these costs. To the extent Townsend Enterprises wishes to argue that the information should be considered Protected Information under the Protective Order, the Protective Order specifies procedures for making that determination without delaying the provision of this information to Defendant. Plaintiff Levine states that her revenues derive from membership fees to access her website, but she does not identify what her revenues are. Even if website membership provides benefits other than access to the sexually-explicit material that she produces, these revenue amounts should be identified. Plaintiff Barone has identified revenue amounts but does not specify the year in which the revenue was received, as requested by this interrogatory. Plaintiff Queen does not explain why she cannot provide estimates of revenues generated from her Masturbate-a-Thons. The plaintiffs who have refused or failed fully to answer this interrogatory have no legitimate basis for withholding this information.

**DEFENDANT'S REQUEST FOR PRODUCTION NO. 5** (plaintiffs Barone, Dodson and Ross, Hymes, Levine, Nitke, Queen, Steinberg, Townsend Enterprises/Sinclair Institute, ASMP, FSC): This request asks each plaintiff to produce copies of the records that he or she maintains pursuant to 18 U.S.C. §§ 2257 and 2257A, including the identification document and excerpt of the associated visual depiction of sexually-explicit conduct that are supposed to be kept as part of each record (see Exhibit 1, at 3). In response to Plaintiffs' allegation that this request was burdensome (see Exhibit 3), Defendant substantially narrowed the scope of this request in a letter to plaintiffs' counsel dated January 28, 2013 (see Exhibit 4). For the same reasons explained above with respect to Defendant's Interrogatory No. 15, these records are again highly relevant to the analysis of plaintiffs' as-applied First Amendment challenges. Among other things, they would indicate the ages of the individuals appearing in plaintiffs' work, and provide examples of the appearance of those individuals in plaintiffs' work, which is relevant to the determination of s whether a particular plaintiff only "employs performers that no reasonable person could conclude were minors." *FSC*, 677 F.3d at 537. However, no plaintiff who has indicated that he has such records has provided them in full to Defendant. Plaintiffs Hymes, Queen, and Townsend Enterprises have failed to provide any records at all. Plaintiffs Barone, Dodson and Ross, Levine, Nitke, and Steinberg have (though only recently) produced incomplete responses to this request (even as narrowed by Defendant in counsel's letter of January 28, 2013). These plaintiffs have not explained whether they have produced all records that they have or, if only a portion, how they selected the portion to produce. These plaintiffs

have also redacted the names of individuals identified in their 2257/2257A records, and have not provided copies of the image excerpts that these records should include. *See* 28 C.F.R. § 75.2(a)(1) ("records shall include a copy of the depiction").

Plaintiffs justify their exclusion of this information with the same privacy concerns they raised to object to respond to Interrogatory 15, but these concerns are unwarranted because Defendant has agreed to treat the names of the individuals and their driver's license information (other than age) as Protected Information. Plaintiffs should follow the procedures set forth in the Protective Order for addressing any other privacy concerns. Moreover, the redaction of names makes it difficult, and in some instances impossible, to relate the model release forms that plaintiffs have produced with the driver's licenses.

With respect to the two organizational plaintiffs FSC and ASMP, Defendant asked that they respond to this request by providing the requested records for 50 members, for the limited period from January 1, 2009, to the present (see Exhibit 1, at 3). As with Interrogatory No. 15, these plaintiffs indicated they were unable to respond, nor were they willing to identify their members who produce sexually-explicit material. Again, Defendant is unable to address these plaintiffs' as-applied challenges without this information.

**DEFENDANT'S REQUEST FOR PRODUCTION NO. 6** (plaintiffs Barone, Dodson and Ross, Hymes, Levine, Levingston, Nitke, Queen, Steinberg, Townsend Enterprises/Sinclair Institute, FSC, ASMP):  This request asks each plaintiff to produce copies of model releases used for individuals appearing in visual depictions of sexually-explicit conduct that the plaintiff has produced (see Exhibit 1, at 4). As with RFP 5, in response to Plaintiffs' objections, Defendant narrowed the scope of this request on January 28, 2013 (see Exhibit 4). These records are again highly relevant to the analysis of plaintiffs' as-applied First Amendment challenges. According to previous discovery responses, some plaintiffs use model releases as a means by which they verify the ages of individuals appearing in their work, and some plaintiffs use model releases as part of their 2257/2257A records. However, no plaintiff who has indicated that he has such records has provided them in full to Defendant. Plaintiffs Hymes, Queen, and Townsend Enterprises have failed to provide any records at all. Plaintiffs Barone, Dodson and Ross, Levine, Levingston, Nitke, and Steinberg have produced incomplete responses to this request (even as narrowed by Defendant in counsel's letter of January 28, 2013). Plaintiff Nitke has produced "a portion" of her "redacted model releases" but has not explained how this portion was selected. Plaintiffs Barone, Dodson and Ross, Levine, Levingston, and Steinberg have produced "redacted model releases" and "redacted picture identification cards." The redactions are not justified for the same reasons explained with respect to RFP No. 5. Plaintiff Nitke has produced only eleven releases though she has indicated she has used 425 individuals in her work. With respect to the documents produced by plaintiffs Dodson and Ross, Levingston, and Steinberg, and the documents produced on February 11 from David Conners on behalf of plaintiff FSC, it is difficult and sometimes impossible (since the remaining initials are in many instances handwritten and illegible) to match the produced releases with the produced identification documents, due to the redacted names. Moreover, these redactions make it difficult or impossible to determine whether more than one release pertains to the same individual. It is also unclear whether these plaintiffs are purporting to respond to the original RFP No. 6 or to the request as narrowed by Defendant. Plaintiff Steinberg has responded with respect to "the last seven years"

but does not indicate why it would be burdensome to respond fully. The plaintiffs who have responded to this RFP suggest that their response also satisfies Interrogatory No. 15, but none of these model releases indicate the work produced by the plaintiff in which the identified individual appeared, as that Interrogatory requested.

With respect to the two organizational plaintiffs FSC and ASMP, Defendant asked that they respond to this request by providing the requested records for 50 members, for the limited period from January 1, 2009, to the present (see Exhibit 1, at 4). As with Interrogatory No. 15, these plaintiffs indicated they were unable to respond, nor were they willing to identify their members who produce sexually-explicit material. Again, Defendant is unable to address these plaintiffs' as-applied challenges without this information.

**DEFENDANT'S REQUEST FOR PRODUCTION NO. 12** (plaintiffs Alper, Barone, Dodson and Ross, Hymes, Levine, Levingston, Nitke, Queen, Steinberg, Townsend Enterprises/Sinclair Institute): This request asks each plaintiff to produce income tax returns for the past five years – a period of time slightly before this case was filed, in 2009, to the present (see Exhibit 1, at 5). Plaintiffs are wrong in suggesting that tax returns can only be relevant when plaintiffs seek damages. Plaintiffs' income is relevant to their as-applied First Amendment challenges and to their standing to assert their claims in this case. When combined with the response to Interrogatory No. 21, this information would provide a means of understanding the burdens that plaintiffs claim to face in complying with the 2257/2257A requirements and where their production of visual depictions of sexually-explicit conduct fits within their other income-producing activities. In particular, Townsend Enterprises claims to spend over $50,000 a year complying with the requirements of 18 U.S.C. §§ 2257 and 2257A. While other plaintiffs do not claim to spend any money on compliance, they do claim to spend time or otherwise face burdens from compliance. Defendant has agreed to treat the information in plaintiffs' tax returns as Protected Information pursuant to the Protective Order. Defendant has no other source for this information, and the tax returns are therefore discoverable. *See Fort Washington Res., Inc. v. Tannen*, 153 F.R.D. 78, 80 (E.D. Pa. 1994).

**OTHER ISSUES:** In addition to the issues identified above, the following issues also remain unresolved. While Defendant hopes that these and other issues might be resolved through further consultation with Plaintiffs, Defendant flags these issues here:

1. Plaintiff Hymes has not responded to Defendant's Second Sets of Interrogatories or Requests for Production at all. While Defendant understands Mr. Hymes suffered an accident prior to the original January 14 deadline, Plaintiffs' counsel has not indicated when Defendant might receive these responses.

2. Defendant's Request for Production No. 2 asked Plaintiffs to produce documents identified in their discovery responses. Plaintiffs have identified plaintiff Marie Levine's website nina.com; plaintiff Thomas Hymes' website dailybabylon.com; plaintiff Sinclair Institute website; plaintiffs Betty Dodson and Carline Ross website dodsonandross.com; and plaintiff Carol Queen's website www.fatalemedia.com, but have not produced these websites or made them accessible to Defendant. Defendant is unable to access these websites because they require payment and/or registration.

          Respectfully,

          STUART F. DELERY
          Principal Deputy Assistant Attorney General
          ZANE DAVID MEMEGER
          United States Attorney
          ARTHUR R. GOLDBERG
          Assistant Director, Federal Programs Branch

          <u>/s/ Kathryn L. Wyer</u>
          HÉCTOR G. BLADUELL
          KATHRYN L. WYER
          U.S. Department of Justice, Civil Division
          20 Massachusetts Avenue, N.W.
          Washington, DC 20530
          Tel. (202) 616-8475 / Fax (202) 616-8470
          kathryn.wyer@usdoj.gov
          *Attorneys for Defendant*

- 7 -

## **CERTIFICATE OF SERVICE**

      Pursuant to Local Rule 5.1.2(8)(b), I hereby certify that the foregoing document has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that the foregoing document was served via ECF on counsel of record for plaintiffs in the above-captioned case.

Dated: February 12, 2012          /s/_____
                                                     Kathryn L. Wyer