# EXHIBIT 1

**DEFENDANT'S INTERROGATORY NOS. 15 & 21 AND REQUESTS FOR PRODUCTION NOS. 5, 6, AND 12, AND PLAINTIFFS' DISPUTED RESPONSES**

**DEFENDANT'S INTERROGATORY NO. 15:**

Identify by name, any aliases, and birthdate all individuals who have appeared in visual depictions of sexually-explicit conduct that you have created (or, if you are a secondary producer but not a primary producer, that you have produced) since January 1, 1978, together with the title, date of creation, date of publication, publisher, URL, distributor, and location of each such visual depiction in which they appear. If multiple visual depictions of sexually-explicit conduct were created as a result of a single occasion or event, such as a photo shoot or live stream, identify the event by description and date that it occurred, along with the titles of three visual depictions from the event in which the individual appears, and the total number of depictions from the event in which the individual appears.

**Response of plaintiff American Society of Media Photographers ("ASMP"):** Plaintiff America [sic] Society of Media Photographers does not produce sexually explicit visual depictions.

**Response of plaintiff Barone:** Objection. This interrogatory is unduly burdensome and invades the privacy of the individuals whom I have photographed.

**Response of plaintiff Dodson and Ross:** Objection. This interrogatory is unduly burdensome and invades the privacy of the individuals to whom the records pertain.

**Response of plaintiff Free Speech Coalition ("FSC"):** Plaintiff Free Speech Coalition does not produce sexually explicit visual depictions.

**Response of plaintiff Levine:** This interrogatory is unduly burdensome and invades the privacy of the individuals to whom the records pertain.

**Response of plaintiff Levingston:** It would be impossible for me to answer this question. As I explained above, since 1978, I have conducted many, many photo shoots, each comprised of thousands of photos. I believe that a portion of the photos in some shoots would have been subject to 18 U.S.C. § 2257A had it been in effect. I have not maintained records or any system that would allow me to identify which of the photos I took or which of the photo shoots I conducted would yield the information shoot [sic] by this Interrogatory. In addition, I believe this Interrogatory implicates the privacy interests of my models, who rely on me to keep this information in confidence.

**Response of plaintiff Nitke:** Objection. This interrogatory is unduly burdensome and invades the privacy of the BDSM community whom I have photographed. I have created a large body of sexual art work from 1982 to the present that involves approximately 425 people.

**Response of plaintiff Steinberg:** Objection. This interrogatory is unduly burdensome and invades the privacy of the individuals whom I have photographed. It would require me to sift through tens of thousands of photographs to provide this information.

**Response of plaintiff Townsend Enterprises/Sinclair Institute:** Objection. . This interrogatory is unduly burdensome and invades the privacy of the individuals who appear in our expression. The records that Sinclair Institute maintains in compliance with 18 U.S.C. § 2257 alone are voluminous.

**DEFENDANT'S INTERROGATORY NO. 21:**
For each year since 1988, state the gross revenue you have received from your production of visual depictions of sexually-explicit conduct.

**Response of plaintiff Alper:** Objection. This interrogatory seeks information that is not relevant to the claims and defenses pertaining to Plaintiffs' constitutional challenges. Without waiving this objection, I provide the following information: I do not know, but will attempt to locate records to determine when I sold erotic work to the New York Public Library and the Bibliotheque in Paris and for how much.

**Response of plaintiff Barone:** Objection. This interrogatory seeks information that is not relevant to the claims and defenses pertaining to Plaintiffs' constitutional challenges. Without waiving this objection, I provide the following information: As a photographic artist whose subject is sexually explicit art, my revenue depends on the sale of artwork. To date, I have received approximately $5,000.00 from the sale of this work. I also was commissioned to create portraits for couples, some of which were sexually explicit. My revenues from my commissioned work is approximately $10,000.00.

**Response of plaintiffs Dodson and Ross:** Objection. This interrogatory seeks information that is not relevant to the claims and defenses pertaining to Plaintiffs' constitutional challenges.

**Response of plaintiff Levine:** This interrogatory seeks information that is not relevant to the claims and defenses pertaining to Plaintiffs' constitutional challenges. Without waiving this objection, I provide the following information: I have no way of calculating this amount. My website generates money by charging monthly memberships to my website which allows access to a number of features.

**Response of plaintiff Queen:** Objection. This interrogatory seeks information that is not relevant to the claims and defenses pertaining to Plaintiffs' constitutional challenges. Without waiving this objection, I provide the following information: We do not keep information regarding revenues generated by the Masturbate-a-Thon, which is the only sexually explicit visual work that I produce.

**Response of plaintiff Townsend Enterprises/Sinclair Institute:** Objection. This interrogatory seeks information that is not relevant to the claims and defenses pertaining to

Plaintiffs' constitutional challenges. Moreover, the information it seeks is confidential non-public financial data that is subject to protection as a trade secret.

**DEFENDANT'S REQUEST FOR PRODUCTION NO. 5:**

For each individual plaintiff: All records that you have created, collected, or compiled from January 1, 1988, to the present pursuant to the requirements of 18 U.S.C. §§ 2257 or 2257A and their implementing regulations, including any copies of identification documents, visual depictions, URLs, and "uniquely identifying references" as specified in 28 C.F.R. § 75.2(a)(1), attached to or kept together with those records.

For organizational plaintiffs American Society of Media Photographers ("ASMP") and Free Speech Coalition ("FSC"): All records that fifty members (who have created at least twenty such records each during the specified time period) have created, collected, or compiled from January 1, 2009, to the present pursuant to the requirements of 18 U.S.C. §§ 2257 or 2257A and their implementing regulations, including any copies of identification documents, visual depictions, URLs, and "uniquely identifying references" as specified in 28 C.F.R. § 75.2(a)(1), attached to or kept together with those records.

**Response of plaintiff ASMP:** If Plaintiff American Society of Media Photographers had records responsive to this request, it would be unduly burdensome and invasive of the privacy of the individuals to whom the records pertain. Plaintiff American Society of Media Photographers has no such documents in its own right, nor does it, as a trade association, have possession, custody, or control over the documents of its members.

**Response of plaintiff Barone:** Objection. This request is unduly burdensome and invades the privacy of the individuals to whom the records pertain.

**Response of plaintiff Dodson and Ross:** Objection. This request is unduly burdensome and invades the privacy of the individuals to whom the records pertain.

**Response of plaintiff FSC:** If Plaintiff Free Speech Coalition had records responsive to this request, it would be unduly burdensome and invasive of the privacy of the individuals to whom the records pertain. Plaintiff Free Speech Coalition has no such documents in its own right, nor does it, as a trade association, have possession, custody, or control over the documents of its members.

**Response of plaintiff Hymes:** No response.

**Response of plaintiff Levine:** Objection. This request is unduly burdensome and invades the privacy of the individuals to whom the records pertain.

**Response of plaintiff Nitke:** Objection. This request is unduly burdensome and invades the privacy of the individuals to whom the records pertain.

**Response of plaintiff Queen:** Objection. This request is unduly burdensome and invades the privacy of the individuals to whom the records pertain.

**Response of plaintiff Steinberg:** Objection. This request is unduly burdensome and invades the privacy of the individuals to whom the records pertain.

**Response of plaintiff Townsend Enterprises/Sinclair Institute:** Objection. This request is unduly burdensome and invades the privacy of the individuals to whom the records pertain.

**DEFENDANT'S REQUEST FOR PRODUCTION NO. 6:**
For each individual plaintiff: All "model release" or similar forms that you have obtained from individuals appearing in visual depictions of sexually-explicit conduct that you have created from January 1, 1978, to the present, including any copies of identification documents or other information attached to or kept together with these forms.

For organizational plaintiffs ASMP and FSC: All "model release" or similar forms that a member has obtained from individuals appearing in that member's visual depictions of sexually-explicit conduct that that member has created in the past five years, including any copies of identification documents or other information attached to or kept together with these forms, for 50 different members.

**Response of plaintiff ASMP:** If Plaintiff American Society of Media Photographers had records responsive to this request, it would be unduly burdensome and invasive of the privacy of the individuals to whom the records pertain. Plaintiff American Society of Media Photographers has no such documents in its own right, nor does it, as a trade association, have possession, custody, or control over the documents of its members.

**Response of plaintiff Barone:** Objection. This request is unduly burdensome and invades the privacy of the individuals to whom the records pertain.

**Response of plaintiff Dodson and Ross:** Objection. This request is unduly burdensome and invades the privacy of the individuals to whom the records pertain.

**Response of plaintiff FSC:** If Plaintiff Free Speech Coalition had records responsive to this request, it would be unduly burdensome and invasive of the privacy of the individuals to whom the records pertain. Plaintiff Free Speech Coalition has no such documents in its own right, nor does it, as a trade association, have possession, custody, or control over the documents of its members.

**Response of plaintiff Hymes:** No response.

**Response of plaintiff Levine:** Objection. This request is unduly burdensome and invades the privacy of the individuals to whom the records pertain.

**Response of plaintiff Levingston:** Objection. This request is unduly burdensome and invades the privacy of the individuals to whom the records pertain. Plaintiff Levingston is unable to identify which of his model releases pertain to material that is now subject to 2257A since he did not and does not maintain them in a fashion that would permit him to identify which of the

releases correspond to expression that became subject to recordkeeping with the implementation of 2257A.

**Response of plaintiff Nitke:** Objection. This request is unduly burdensome and invades the privacy of the individuals to whom the records pertain. Additionally, I am unable to identify which of my model releases pertain to material that depicts sexually explicit conduct since I did not and do not maintain them in a fashion that would permit me to identify which of the releases correspond to that category of expression.

**Response of plaintiff Queen:** Objection. This request is unduly burdensome and invades the privacy of the individuals to whom the records pertain.

**Response of plaintiff Steinberg:** Objection. Objection. This request is unduly burdensome and invades the privacy of the individuals to whom the records pertain.

**Response of plaintiff Townsend Enterprises/Sinclair Institute:** Objection. This request is unduly burdensome and invades the privacy of the individuals to whom the records pertain.

**DEFENDANT'S REQUEST FOR PRODUCTION NO. 12:**
All tax returns from the past five years.

**Response of plaintiff Alper:** Objection. This request seeks documents that are not relevant to the subject matter of this litigation and are confidential.

**Response of plaintiff Barone:** Objection. This request seeks documents that are not relevant to the subject matter of this litigation and are confidential.

**Response of plaintiff Dodson and Ross:** Objection. This request seeks documents that are not relevant to the subject matter of this litigation and are confidential.

**Response of plaintiff Hymes:** No response

**Response of plaintiff Levine:** Objection. This request seeks documents that are not relevant to the subject matter of this litigation and are confidential.

**Response of plaintiff Levingston:** Objection. This request seeks documents that are not relevant to the subject matter of this litigation and are confidential.

**Response of plaintiff Nitke:** Objection. This request seeks documents that are not relevant to the subject matter of this litigation and are confidential.

**Response of plaintiff Queen:** Objection. This request seeks documents that are not relevant to the subject matter of this litigation and are confidential.

**Response of plaintiff Steinberg:** Objection. This request seeks documents that are not relevant to the subject matter of this litigation and are confidential.

**Response of plaintiff Townsend Enterprises/Sinclair Institute:** Objection. This request seeks documents that are not relevant to the subject matter of this litigation and are confidential.