# Exhibit 2



**U.S. Department of Justice**

Civil Division, Federal Programs Branch
20 Massachusetts Ave, N.W.
P.O. Box 883 Ben Franklin Station
Washington, D.C. 20530

_____

Kathryn L. Wyer                                        Tel: (202) 616-8475
Trial Attorney                                         Fax: (202) 616-8470


BY E-MAIL

January 22, 2013

Lorraine Baumgardner
55 Public Sq., Ste. 2200
Cleveland OH  44113
lbaumgardner@bgmdlaw.com

     Re: *Free Speech Coalition v. Holder*, No. 2:09-cv-4607

Dear Lorraine,

     I am writing in an effort to resolve significant discovery disputes that remain following Plaintiffs' service of their responses to Defendants' Second Set of Interrogatories and Second Set of Requests for Production. While I previously addressed the objections you identified by letter dated January 14, 2013, I have not received any reply to that letter or any indication that Plaintiffs will modify their discovery responses. If we are not able to resolve these issues by COB Thursday (or if you indicate earlier that you do not intend to address these issues any further), I will contact the Court as it indicated in our last conference call.

**INTERROGATORIES**

     In regard to the responses of ASMP and FSC to Interrogatories 13, 14, and 15, you earlier requested clarification regarding how these interrogatories should be answered by the organizational plaintiffs. I responded by clarifying that the organizational plaintiffs should respond with respect to 30 members that they identified. Please indicate whether ASMP and FSC will provide such responses and if so, when these responses will be provided. Interrogatories 13 and 14 request information regarding the burdens that the Plaintiffs claim to face as a result of complying with the requirements of 18 U.S.C. §§ 2257 and 2257A. Defendant is entitled to the equivalent information with respect to the members of ASMP and FSC, given that these plaintiffs purport to be asserting claims on behalf of their members. Defendant asks that ASMP and FSC apply the same clarification to Interrogatory No. 21.

     None of the other plaintiffs have provided any information in response to Interrogatory No. 15 either. That interrogatory requests information that would indicate how many works each plaintiff has produced containing visual depictions of sexually-explicit conduct, per year, and the ages of individuals appearing in those works. This information is central to Plaintiffs' First Amendment claims in this case. Specifically, the Third Circuit has suggested that "if one of the

Plaintiffs employs performers that no reasonable person could conclude were minors, then that plaintiff may be able to demonstrate that the Statutes burden substantially more of that plaintiff's speech than is necessary." *Free Speech Coal., Inc. v. Attorney General*, 677 F.3d 519, 537 (3d Cir. 2012). The court further indicated that the overall amounts of depictions in different categories – including categories based on performers' ages – and comparisons of those amounts, was "essential" to the narrow tailoring analysis. *Id.* This information is also relevant to Plaintiffs' overbreadth challenge. *Id.* at 538.

Defendant initially sought information about the number of individuals in various age categories appearing in depictions produced by each plaintiff in Interrogatory No. 9 in Defendant's First Set of Interrogatories. However, Plaintiffs' responses were in almost all cases (with the exception of David Connors, who has now dismissed his claims) insufficient. Plaintiffs claimed not to be able to ascertain the numbers of individuals in particular age ranges even where they acknowledge (as in the case of plaintiffs Barone, Queen, and Townsend Institute, among others) that they maintain records under 18 U.S.C. §§ 2257 and 2257A that should contain this information. At most, they provided estimates. Interrogatory No. 15 was intended to fill in the gaps of Plaintiffs' responses, but again Plaintiffs fail to provide any meaningful response. Defendant has also attempted to obtain this information through RFP Nos. 5 and 6, which request copies of the records that Plaintiffs maintain under 18 U.S.C. §§ 2257 and 2257A, as well as copies of the model releases that some plaintiffs have indicated that they use. However, even where Plaintiffs acknowledge that they have such records, they have failed to produce them.

In regard to Plaintiffs' asserted privacy concerns, I have previously indicated that Defendant is willing to consider the real name and driver's license details (other than date of birth) as Protected Information under the Protective Order that is now in place. The ages of these individuals (when not associated with their real names), and their appearances in Plaintiffs' work (as represented in images attached to Plaintiffs' 2257/2257A records), are central to Plaintiffs' claims, and Plaintiffs have provided no justification for treating this information as confidential.

Plaintiffs Barone, Dodson and Ross, Levine, Queen, Townsend Enterprises, ASMP, and FSC have not provided adequate responses to Interrogatory No. 21. Given that Plaintiffs contend that 18 U.S.C. §§ 2257 an 2257A impose burdens upon them, Defendant is entitled to information about any financial burdens Plaintiffs claim to face, and how such burdens relate to Plaintiffs' income in general, and specifically their revenues from the production of visual depictions of sexually explicit conduct. This information is also relevant to whether a plaintiff's production of visual depictions of sexually-explicit conduct is part of a commercial activity. Plaintiffs Townsend Enterprises has refused to provide its gross revenues from the production of visual depictions of sexually-explicit conduct on the ground that these revenues constitute a trade secret. I do not see how revenue amounts could possibly qualify as a trade secret. Moreover, given that Townsend Enterprises claims to spend a certain amount of money complying with 18 U.S.C. §§ 2257 and 2257A, it should also identify the amount of its revenues and income. Plaintiff Queen states that she does not keep records regarding revenues generated by the annual Masturbat-a-thon that she produces; however, she should be able to provide some estimate of such revenues. Plaintiff Barone does not break down his response by year, as the Interrogatory

requests. As indicated above, ASMP and FSC should provide responses to Interrogatory No. 21 for 30 members each.

Interrogatory No. 22 asked Plaintiffs to provide specific citations to the requirements that they identified. Those plaintiffs that reference laws or other legal requirements in their responses have failed to provide any citations. These plaintiffs have responded by identifying general types of requirements but have not identified the requirements that apply to each of them, as requested in the Interrogatory. For example, a reference to "state laws" does not indicate which state law might apply to a particular plaintiff. Defendant is entitled to know what specific laws these plaintiffs claim impose age-related requirements on them, other than 18 U.S.C. §§ 2257 and 2257A.

Plaintiffs have not provided the 50 examples requested for each subpart of Interrogatory No. 23. If Plaintiffs were unable to locate 50 examples, that should be indicated in their responses.

## REQUESTS FOR PRODUCTION ("RFPs")

In Defendant's First Set of RFPs, Defendant requested production of all documents identified in Plaintiffs' responses to interrogatories. In almost all instances, Plaintiffs have not produced these documents but have instead provided website URLs, almost always without identifying any particular image on a website. I previously indicated that Defendant would reserve the right to raise an objection if accessing these URLs proved to be an issue. Given the number of URLs and cross-references contained in Plaintiffs' responses, and the lack of specificity in Plaintiffs' descriptions of websites that may contain numerous different webpages, as well as the difficulties of accessing material that is normally filtered on my computer network, it is extremely burdensome for Defendant to attempt to locate the material online that Plaintiffs purport to identify. I now ask that Plaintiffs produce print-outs or image files of the visual depictions that they intended to identify in each interrogatory response for which Plaintiffs provided a URL.

Plaintiffs have not provided any records on which they relied for their responses to Interrogatories 13, 14, or 15. I ask that any plaintiffs with such records provide them as requested in RFP No. 1 of Defendant's First Set of Requests for Production.

RFP Nos. 5, 6, and 7 asked Plaintiffs ASMP and FSC to produce responsive records for 50 of their members. These requests seek records maintained pursuant to 18 U.S.C. §§ 2257 and 2257A, as well as model release forms and examples where §§ 2257/2257A labels have been attached to visual depictions of sexually-explicit conduct in different formats. The information in these documents is central to the First Amendment claims and defenses in this case. Defendant will not be able to address ASMP's and FSC's as-applied challenges without information about the visual depictions of sexually-explicit conduct that their members produce, and the individuals who appear in those depictions. Only a small number of plaintiffs in the case claim to be members of either of these organizations, but ASMP and FSC purport to raise as-applied challenges on behalf of all their members. Moreover, ASMP cites the website http://www.moreystudio.com in response to RFP No. 7, but this website does not appear to exist.

- 4 -

In addition, ASMP and FSC have asserted that their members use model releases, and Defendant is entitled to samples of such releases, again including samples from members who are not plaintiffs in this case. Defendant is entitled to a full response that provides the requested records. If ASMP and FSC do not have the requested records in their possession, custody, or control, I ask that ASMP and FSC provide their full member list so that, among other things, Defendant may consider serving third party subpoenas on a sampling of their members.

None of the other plaintiffs have produced records in response to RFP Nos. 5 and 6 either. Defendant is entitled to the requested records for the same reasons explained above in connection with Interrogatory No. 15. Plaintiffs have not provided any support at all for their claim that this RFP is unduly burdensome. (I have responded with respect to Townsend Institute in my letter of January 14, 2013.) Please also see above for Defendant's response to Plaintiffs' objection on privacy grounds.

Those plaintiffs that responded to RFP No. 7 did not produce the 20 examples requested.

Plaintiff FSC has not provided an adequate response to RFP No. 9. It has provided only one dues statement for each alleged member identified in that request, for one year. The request asked for all dues statements for, membership agreements with, and membership-related correspondence with each of these entities from January 1, 2005 to the present.

Plaintiffs have not provided tax returns as requested in RFP No. 12. I previously indicated Defendant's position on this issue in my letter of January 14, 2013. I also addressed the relevance of Plaintiffs' financial information above in connection with Interrogatory No. 21. For the same reasons explained in those discussions, Plaintiffs should produce their tax returns as requested.

Sincerely,

/s/
Kathryn L. Wyer