# Berkman, Gordon, Murray & DeVan
### Attorneys and Counselors at Law

J. MICHAEL MURRAY
LORRAINE R. BAUMGARDNER
MARK R. DeVAN
STEVEN D. SHAFRON
BROOKE F. KOCAB
RAYMOND VASVARI
NANCY C. MARCUS
WILLIAM C. LIVINGSTON

55 PUBLIC SQ., STE 2200
CLEVELAND, OH 44113-1949

(216) 781-5245
www.bgmdlaw.com

BERNARD A. BERKMAN
(1929-1985)

Fax (216) 781-8207
lbaumgardner@bgmdlaw.com

February 4, 2013

*Via email and Federal Express*

Kathryn L. Wyer
U. S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington D.C. 20530

Re: *Free Speech Coalition, et al., v. Holder*,
Case No. 2:09-4607

Dear Kathy,

I am producing the following documents:

1. David Steinberg's redacted model releases in response to Request No. 6 of Defendant's Second Request for Production of Documents and picture identification cards kept pursuant to 18 U.S.C. § 2257 from the last seven years in response to Request No. 5 of Defendant's Second Request for Production of Documents via Federal Express;

2. A portion of David Conners's redacted model releases in response to Request No. 6 of Defendant's Second Request for Production of Documents and picture identification cards kept pursuant to 18 U.S.C. § 2257 in response to Request No. 5 of Defendant's Second Request for Production of Documents via Federal Express. Additional documents to follow;

3. Additional documents responsive to Request No. 9 of Defendant's Second Request for Production of Documents as an email pdf attachment. Production in response to this request is complete;

4. Plaintiff Free Speech Coalition's Supplemental Answer to Interrogatory Nos. 22 and 23, Defendant's Second Set of Interrogatories as an email pdf attachment; and

5. The Declaration of Victor Perlman pertaining to ASMP's Answers to Defendant's Second Set of Interrogatories as an email pdf attachment.

*Via email and Federal Express*
Kathryn L. Wyer
U. S. Department of Justice, Civil Division
February 4, 2013
page 2

      Documents identified in ¶¶ 1-2 above are also offered in response to Interrogatory No. 15, Defendant's Second Set of Interrogatories. Additional documents from the other plaintiffs will be forthcoming.

      I ask that you keep several things in mind when assessing the records we are producing in response to your discovery requests.

      First, the regulations require that 2257 records be maintained for only seven years from the date of their creation. 28 C.F.R. § 75.4. As the DOJ acknowledged in comments to the regulations, the DC Circuit Court held in *American Library Association v. Reno* that the regulations could not require records to be maintained for as long as the producer remained in business. 73 FR 77467. Based on the DOJ's acknowledgment that seven years is "reasonable" for record retention to allow enforcement of the statute, *id.*, seven years is certainly reasonable as a time period for the production of these records in discovery since, by rights, they are not required to maintain records beyond that time period. Nevertheless, we have produced records that were created more than seven years ago for some of the plaintiffs.

      Second, the regulations expressly permit the redaction of certain information from the records. 28 C.F.R. § 75.2 (b). (addresses, phone numbers, social security numbers, and other non-essential information). The DOJ's comments to the regulations suggest that "an exact birth date sometimes may be redacted so long as the year is not obscured." We, nevertheless, have left all birth dates intact.

      I won't repeat myself, but as I stressed in my previous correspondence, the plaintiffs take the privacy concerns of their models and performers very seriously. The information in the documents produced in response to your discovery requests pertains to third parties who appear in constitutionally protected expression that some view as controversial. The fact that their images are published does not mean they have relinquished their right to privacy and anonymity. As the Supreme Court recognized in *Watchtower Bible and Tract Society of New York, Inc. v. Village of Stratton,* 536 U.S. 150, 166-67 (2002), the fact that someone "reveal[s] their physical identit[y]" does not "foreclose ...consideration of [his or her] interest in maintaining [his or her] anonymity." And as the Third Circuit emphasized, "the right not to have intimate facts concerning one's life disclosed without one's consent is 'a venerable right whose constitutional significance we have recognized in the past.'" *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 179 (3d Cir.2005) (*quoting Bartnicki v. Vopper*, 200 F.3d 109, 122 (3d Cir.1999)). This private information is not relevant to the issues before the court. The documents that we have produced substantially comply with your discovery requests while protecting the privacy rights of third parties.

      In copying and producing these records, plaintiffs have exceeded the obligations imposed on them by the civil rules. Rule 34 of the Federal Rules of Civil Procedure provides that "[a] party may serve on any other party a request...to produce and permit the requesting party or its representative to inspect, copy, test or sample...any designated documents." At least in one instance, we offered

*Via email and Federal Express*
Kathryn L. Wyer
U. S. Department of Justice, Civil Division
February 4, 2013
page 3

to make the records that you requested available for inspection at Barbara Nitke's apartment–which would have satisfied our obligation under the rule. *See Verity v. Wells Fargo Bank*, N.A., 2011 WL 2940668 (Bankr. D.N.J. July 19, 2011) ("[T]he general rule is that 'business records should usually be examined at the place where they are kept and at reasonable hours.' *Betts*, 1990 WL 5731, at *1 (*citing Petruska v. Johns–Manville*, 83 F.R.D. 32, 36 (E.D.Pa.1979))." You rejected that offer as "unreasonable." That, however, is the option afforded by the Federal Rules of Civil Procedure, should you deem the documents that we've produced to be insufficient.

            Very truly yours,

           BERKMAN, GORDON, MURRAY & DeVAN

            Lorraine R. Baumgardner


Enclosures

cc: Hector Bladuell (email only)

# Berkman, Gordon, Murray & DeVan

**Attorneys and Counselors at Law**
55 PUBLIC SQ., STE 2200
CLEVELAND, OH 44113-1949

J. MICHAEL MURRAY
LORRAINE R. BAUMGARDNER
MARK R. DeVAN
STEVEN D. SHAFRON
BROOKE F. KOCAB
RAYMOND VASVARI
NANCY C. MARCUS
WILLIAM C. LIVINGSTON

BERNARD A. BERKMAN
(1929-1985)

(216) 781-5245
www.bgmdlaw.com

Fax (216) 781-8207
lbaumgardner@bgmdlaw.com

February 5, 2013

*via Federal Express and email*

Kathryn L. Wyer
U. S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington D.C. 20530

Re: *Free Speech Coalition, et al., v. Holder,*
Case No. 2:09-4607

Dear Kathy,

I am producing the following documents:

1. Marie Levine's redacted model releases in response to Request No. 6 of Defendant's Second Request for Production of Documents and redacted picture identification cards and compliance documents kept pursuant to 18 U.S.C. § 2257 in response to Request No. 5 of Defendant's Second Request for Production of Documents via Federal Express;

2. A portion of Barbara Nitke's redacted model releases in response to Request No. 6 of Defendant's Second Request for Production of Documents and redacted picture identification cards and documents kept pursuant to 18 U.S.C. § 2257 in response to Request No. 5 of Defendant's Second Request for Production of Documents as pdf attachments via email; and

3. Betty Dodson's and Carlin Ross's redacted model releases in response to Request No. 6 of Defendant's Second Request for Production of Documents and redacted picture identification cards and documents kept pursuant to 18 U.S.C. § 2257 in response to Request No. 5 of Defendant's Second Request for Production of Documents as pdf attachments via email.

Additional documents will follow.

Very truly yours,

BERKMAN, GORDON, MURRAY & DeVAN

Lorraine R. Baumgardner

Enclosures
cc: Hector Bladuell (email only)

# Berkman, Gordon, Murray & DeVan

Attorneys and Counselors at Law
55 PUBLIC SQ., STE 2200
CLEVELAND, OH 44113-1949

J. MICHAEL MURRAY
LORRAINE R. BAUMGARDNER
MARK R. DeVAN
STEVEN D. SHAFRON
BROOKE F. KOCAB
RAYMOND VASVARI
NANCY C. MARCUS
WILLIAM C. LIVINGSTON

(216) 781-5245
www.bgmdlaw.com

BERNARD A. BERKMAN
(1929-1985)

Fax (216) 781-8207
lbaumgardner@bgmdlaw.com

February 11, 2013

*via Federal Express and email*

Kathryn L. Wyer
U. S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington D.C. 20530

Re: *Free Speech Coalition, et al., v. Holder,*
Case No. 2:09-4607

Dear Kathy,

I am producing the following documents:

1. Michael Barone's redacted model releases in response to Request No. 6 of Defendant's Second Request for Production of Documents and redacted picture identification cards and compliance documents kept pursuant to 18 U.S.C. § 2257 in response to Request No. 5 of Defendant's Second Request for Production of Documents via Federal Express;

2. Additional documents of David Conners, Free Speech Coalition member, in response to Request No. 6 of Defendant's Second Request for Production of Documents and redacted picture identification cards and documents kept pursuant to 18 U.S.C. § 2257 in response to Request No. 5 of Defendant's Second Request for Production of Documents in a zip file sent via email today; and

3. David Levingstons's redacted model releases and photo identification in response to Request No. 6 of Defendant's Second Request for Production of Documents in a zip file sent via email today.

As with the records produced on February 4, 2013 and February 5, 2013, these records are also being produced in response to Interrogatory No. 15, Defendant's Second Set of Interrogatories.

Additional documents will follow.

Very truly yours,

BERKMAN, GORDON, MURRAY & DeVAN

Lorraine R. Baumgardner

Enclosures
cc: Hector Bladuell (email only)