February 14, 2013

The Hon. Michael Baylson
United States District Judge
Eastern District of Pennsylvania
601 Market Street
Philadelphia, Pennsylvania 19106

Re: *Free Speech Coalition, et al. v. Holder,*
Case No. 2:09-cv-4907
***Redacted pursuant to Agreed Protective
Order (Doc. No. 124)***

Dear Judge Baylson,

This letter brief is submitted in response to the Court's request for briefing on the discovery dispute between the parties.

Defendant has identified the discovery requests at issue.  To fully understand the heart of the dispute, however, the Court needs some sense of the documents that ***have*** been produced and the efforts undertaken by the Plaintiffs to satisfy Defendant's discovery requests.

## VISUAL DEPICTIONS PRODUCED BY PLAINTIFFS TO DEFENDANT

In the first wave of discovery, Defendant requested that each Plaintiff produce a representational sample of their sexually explicit expression and identify all websites on which their expression was published.  In addition, Defendant asked Plaintiffs to identify 100 sexually explicit visual depictions in support of their overbreadth claim.

Plaintiffs produced and identified a large quantity and body of expression in response to Defendant's request.  Cataloguing that expression would unduly lengthen this letter brief, so Plaintiffs have listed the expression provided in Exhibit A, attached.

### TITLE 18 U.S.C. § 2257 RECORDS, MODEL RELEASES AND NAMES, ALIASES, AND BIRTH DATES OF INDIVIDUALS DEPICTED IN PLAINTIFFS' EXPRESSION

In the second wave of discovery, the government requested that Plaintiffs produce all of their 18 U.S.C. § 2257 records from 1988 to the present and all of their model releases from 1978 to the present and asked Plaintiffs to provide names, aliases, and birth dates of all individuals who have appeared in Plaintiffs' sexually explicit expression. Plaintiffs objected to these requests on the ground that they were unduly burdensome and implicated the privacy interests of their models and performers, who were not parties to the lawsuit.

Plaintiffs and Defendant exchanged numerous letters attempting to negotiate the scope of the requests and the treatment of documents so as to preserve the privacy of these third parties. Rather than continue the lengthy correspondence, Plaintiffs began the process of producing documents responsive to the requests, with redactions and marked as subject to the Agreed Protective Order, and in some cases, producing portions but not all of the records.[1]

In producing the documents, Plaintiffs explained to the government that the regulations implementing 18 U.S.C. § 2257 require that the records be maintained for only seven years and thus its request that Plaintiffs produce documents from 1988 to the present was unreasonable. 28 C.F.R. § 75.4. Moreover, they reminded the government that the regulations expressly permit the redaction of addresses, phone numbers, social security numbers, and other non-essential information, including in some cases, exact birth dates. 28 C.F.R. § 75.2 (b).

Plaintiffs have produced the following documents:

1. Plaintiff David Steinberg has produced redacted copies of his model releases and photo identification from 2006 to the present. He has also provided a redacted spreadsheet summarizing the information from his 18 U.S.C. § 2257 records. As is true with all of the records produced by Plaintiffs, all birth dates have been left intact as have the first initials of real names and aliases.

2. Plaintiff Marie Levine has produced redacted copies of her 18 U.S.C. § 2257 records kept since 2005. Defendant has also been provided with a username and password to allow it to access membership portions of Ms. Levine's website.

---

[1] The copying and redaction efforts are considerable, so Plaintiffs have been producing documents to Defendant as they have been completed–sometimes producing only portions so that the government could have the documents in its hands more quickly. As Plaintiffs have indicated to Defendant, production of these documents was offered in response to Defendant's Request Nos. 5 and 6, Defendant's Second Request for Production and in response to Interrogatory No. 15, Defendant's Second Set of Interrogatories. Some documents were sent digitally while others were sent via Federal Express since government counsel had indicated that regular mail delivery to her government office is often delayed.

3.     Plaintiff Michael Barone has produced redacted copies of all of his model releases and 18 U.S.C. § 2257 records currently in his possession, custody, and control, dating back to 1997.  As Barone stated in his Answer to Interrogatory No. 9, Defendant's First Set of Interrogatories, he has been a photographer for more than 30 years and does not have all of his depictions or records kept before enactment of the law.

4.     David Conners, a Plaintiff who has withdrawn from the litigation but is a member of Free Speech Coalition, has produced redacted copies of his model releases and 18 U.S.C. § 2257 records dating back to 2001, and an unredacted Master List of his releases with performer information.

5.     Plaintiff David Levingston, who ceased producing sexually explicit expression with the enactment of 18 U.S.C. § 2257A because he was unable to comply with the recordkeeping and inspection requirements, has produced redacted copies of all of his model releases in his possession, custody and control, dating back to 2004. Levingston does not segregate his model releases by content, so has produced all of his model releases, including those that pertain to non-sexually explicit expression.

6.     Plaintiff Barbara Nitke has produced redacted copies of a portion of her model releases and 18 U.S.C. § 2257 records.  She is continuing her efforts to copy and redact documents from 2006 to the present and will produce them as they are completed.  Nitke offered to make the records available for inspection at her apartment as permitted by Rule 34, Federal Rules of Civil Procedure, in lieu of providing copies. Letter of Lorraine R. Baumgardner to Kathryn L. Wyer, dated January 24, 2013, attached to Defendant's Letter Brief (Doc. No. 128) as Ex. 3. Government counsel rejected that proposal as unreasonable. Letter of Kathryn L. Wyer to Lorraine R. Baumgardner, January 28, 2013, attached to Defendant's Letter Brief (Doc. No. 128) as Ex. 4.

7.     Plaintiffs Betty Dodson and Carlin Ross have produced redacted copies of model releases dating from 1994 and redacted copies of photo identification records kept in compliance with 18 U.S.C. § 2257.

Production of the following documents is pending:

1.     Defendant agreed to narrow its request to seek documents associated with all videos that Plaintiff Sinclair Institute has produced in the last five years.  The responsive documents have been transferred to 21 compact discs and are in the process of being redacted.  Plaintiffs will deliver portions of the discs to the government as the redaction process proceeds.

2.     Plaintiff Carol Queen is recovering from the flu and has indicated that she will send responsive documents to Plaintiffs' counsel this week.

3

3.      Vivid Video, a member of the Free Speech Coalition, has produced responsive documents for 25 DVDs.  These documents are in the process of being redacted and will be produced to the government as the redaction process proceeds.

4.      Craig Morey, a member of the American Society of Media Photographers, has produced documents in connection with his sexually explicit photographs.  These documents still need to be redacted and will be produced as the redaction process proceeds.

5.      As Plaintiffs have indicated in discovery, Plaintiff Thomas Hymes produces no sexually explicit visual depictions. Hymes's Answers to Interrogatory Nos. 8, 9, 11. Defendant's First Set of Interrogatories.  He challenges the law at issue here because he operated a website that reported news on the adult industry and wished to include sexually explicit depictions of adults to illustrate its content, but was unable to comply with the recordkeeping requirements.  Hymes's Answer to Interrogatory Nos. 7, 10. Plaintiff Hymes, therefore, has no documents responsive to these requests.

As Plaintiffs' counsel informed Defendant's counsel on January 11, 2013 before discovery responses were due, Mr. Hymes was involved in a serious motor vehicle accident at the end of December and has continued to be hospitalized.  He has undergone several surgeries.  As soon as Mr. Hymes is able to participate in responding to discovery, Plaintiffs will provide his responses to the government.

## POINTS OF DISAGREEMENT REGARDING THE PRODUCTION OF 18 U.S.C. § 2257 RECORDS AND MODEL RELEASES

There are three main issues in dispute: (1) the production of copies of visual depictions associated with all of Plaintiffs' 18 U.S.C. § 2257 records, (2) the number of members of the organizational plaintiffs from whom the government requests documents, and (3) the redaction of private information from the model releases and 18 U.S.C. § 2257 records and treatment of those records as Protected Information under the Agreed Protective Order.

### A.      Production of Visual Depictions Associated with 18 U.S.C. § 2257 Records

The government has "narrowed" its request, asking each Plaintiff (save for Plaintiff Sinclair Institute[2]) to: (1) produce one 2257/2257A record "and associated attachments" for each individual

---

[2]  It appears that Defendant has retracted its request that Sinclair Institute produce visual depictions associated with its 2257 records. Letter of Kathryn L. Wyer to Lorraine R. Baumgardner, January 28, 2013, attached to Defendant's Letter Brief (Doc. No. 128) as Ex. 4. As indicated above, Plaintiff is in the process of providing redacted 2257 records and model releases in response to Defendant's modified request.

for whom he/she has created such record, in each instance producing the "earliest-produced depiction of that individual,"(2)  produce the model release for the individual and depiction, (3) identify the total number of 2257/2257A for each individual (or best estimate), and (4) produce model releases for 20 individuals for visual depictions most recently produced before he/she began creating 2257/2257A records.

Plaintiffs have produced model releases and 2257 records.  They have not produced copies of the visual depictions to which the 2257 records pertain.  As noted above, Plaintiffs have already produced a substantial quantity of expression in response to Defendant's First Set of Discovery Requests. Defendant's request that each Plaintiff now additionally produce the "earliest produced visual depiction" for ***each individual*** for whom Plaintiffs maintain 2257 records poses an enormous task.

Plaintiff-photographers (Barone, Steinberg, Nitke, Levingston) take hundreds to thousands of photographs for each shoot.  David Levingston's Answer to Interrogatory No. 5, Defendant's First Set of Interrogatories. As the 2257 documents produced in response demonstrate, Plaintiff photographers have each employed hundreds of models.  Thus, Defendant's request would require Plaintiffs to comb through tens of thousands of photos to produce these additional visual depictions.

Plaintiffs Levine and Queen both live-stream their expression.  Plaintiff Levine has provided Defendant with the url to her website and access to the membership portions of her website where her expression is archived and published.  No permanent record is made of Queen's live-streamed Masturbat-a-Thons.  Queen has, in fact, raised the impossibility of complying with certain provisions of the regulations to her expression as an issue in this litigation.  Amended Complaint (Doc. No. 84) at ¶38.

### B.      Request for Production of Documents from 50 Members of Free Speech Coalition and 50 Members of American Society of Media Photographers

In addition to requesting these documents from the individual Plaintiffs, Defendant has requested that 50 members of the Free Speech Coalition and 50 members of American Society of Media Photographers (each of whom the government specifies must have at least 20 such records) produce all of their 2257 records, including associated visual depictions, compiled from January 1, 2009 to the present as well as all model releases from the past five years.  Request Nos. 5, 6, Defendant's Second Request for Production of Documents.

Plaintiffs responded that the Free Speech Coalition and American Society of Media Photographers did not have possession, custody, or control over their members' records.  *Sherwin-Williams v. Spitzer*, 2005 WL 2128938 (N.D. N.Y. 2005);  *Rocky Mountain Farmers Union v. Goldstene*, 2011 WL 1403379 (E.D. Calif. 2011).

Defendant's response was to demand production of Free Speech Coalition's and American Society of Media Photographers' membership lists.  Plaintiffs explained that those membership lists were protected by the First Amendment.  *Marrese v. American Academy of Orthopedic*

*Surgeons,* 706 F.2d 1488 (7th Cir. 1983); *American Charities for Reasonable Fundraising Regulation, Inc. v. Gundersen,* 2011 WL 652477 (D. Utah, Feb. 15, 2011).

But in addition to being misplaced and intruding into associational rights protected by the First Amendment, Defendant's discovery requests are completely unreasonable and unduly burdensome.

**[THIS PORTION OF THE BRIEF WAS REDACTED PURSUANT TO § 3.2, AGREED PROTECTIVE ORDER (DOC. NO. 124)]**

**PRODUCTION OF GROSS REVENUES AND INCOME TAX RETURNS**

All Plaintiffs have objected to the production of information about gross revenues on the grounds of relevancy. The gross revenues from their production of sexually explicit expression has nothing to do with the issues in this case. *See Compaq Computer Corporation v. Ergonome Incorporated,* 2001 WL 34104827 (S.D. Tex. 2001) (gross revenues not reasonably related to alleged copyright infringement claim). Plaintiffs do not seek damages; their gross revenues are wholly irrelevant to their constitutional claims.

Nevertheless, Plaintiffs Barone, Levingston, Nitke and Steinberg have provided information about their gross revenues. Plaintiffs Alper has indicated she will attempt to access the information to answer the interrogatory. Plaintiffs Levine and Queen have explained that they are unable to answer the interrogatory because they do not keep records with that information.

As for Sinclair Institute, it is a privately held corporation. Its financial information is not available to the public and disclosure of the information could affect its competitive edge in the market place. *Goldenberg v. Indel, Inc.,* 2012 WL 15909 (D. N.J. 2012). The amount of its gross revenues from sexually explicit expression is wholly unnecessary to establish that it engages in the commercial distribution of this expression. As for gauging the costs imposed by the recordkeeping statutes, the raw figures are sufficient to establish the burden; but for the statutes and regulations, Sinclair Institute would not have to expend these funds to comply, no matter what the amount of its gross revenues. It has supplied the government with documentation and information of those costs.

Plaintiffs likewise object to producing their individual income tax returns. Like Plaintiffs' gross revenues, they are not relevant to any issues in this case. "Public policy favors maintaining confidentiality of tax returns." *United States v. Ehrlich,* 1996 WL 392551 (E.D. Pa. 1996). The tax returns are discoverable only if they are an essential source of relevant information. *Id.* Plaintiffs have made no claim for damages, nor do any of the claims in this case require the discovery of Plaintiffs' income tax returns.

Even if some argument could be fashioned that Plaintiffs' income tax returns are relevant to the costs of compliance with the statutes' and regulations' recordkeeping obligations, this information is "otherwise readily obtainable" and therefore, production of Plaintiffs' tax returns is not warranted. *Terlescki v. E.J. Dupont De Nemours & Co,* 1992 WL 75015 (E.D. Pa. 1992). As

Defendant has acknowledged, Sinclair Institute has provided documentation of its costs of compliance; its income tax returns are certainly not "an essential source of relevant information." The same is true for the other Plaintiffs who have claimed no expenses in connection with the statutes but have only identified their own time and effort as "the costs" of compliance.

Plaintiffs have recently sent correspondence to the government identifying disputes with its response to Plaintiffs' discovery requests. They are hopeful that the parties can resolve the dispute among themselves, but may need another conference with the Court if that is not possible.

Respectfully submitted,


Date: February 14, 2013                     /s/ J. Michael Murray
                                            J. MICHAEL MURRAY (Ohio 0019626)
                                            jmmurray@bgmdlaw.com
                                            LORRAINE R. BAUMGARDNER (Ohio 0019642)
                                            lbaumgardner@bgmdlaw.com
                                            BERKMAN, GORDON, MURRAY & DeVAN
                                            55 Public Square, Suite 2200
                                            Cleveland, Ohio  44113-1949
                                            (216) 781-5245
                                            (216) 781-8207 (Facsimile)
                                            Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2013, the foregoing Redacted Letter Brief of February 14, 2013 was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Pursuant to instructions by the Court, an unredacted copy of Plaintiffs' Letter Brief of February 14, 2013 was submitted to The Hon. Judge Baylson via email (joanne_bryson@paed.uscourts.gov) on February 14, 2013.

An unredacted copy of Plaintiffs' Letter Brief of February 14, 2013 was served upon Attorneys for Defendant, Kathryn L. Wyer, U.S. Department of Justice, Civil Division, via email (kathryn.wyer@usdoj.gov) and Hector Bladuell, U.S. Department of Justice, Civil Division, via email (Hector.Bladuell@usdoj.gov) on this 14th day of February, 2013.

/s/ J. Michael Murray
J. MICHAEL MURRAY (0019626)
LORRAINE R. BAUMGARDNER (0019642)
BERKMAN, GORDON, MURRAY & DeVAN

KEVIN E. RAPHAEL (72673)
J. PETER SHINDEL, JR. (201554)
PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP

Attorneys for Plaintiffs

Attorneys for Plaintiffs