IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., | ) Civil Action No. 2:09-4607 |
| Plaintiffs, | ) Judge Michael M. Baylson |
| v. | ) |
| THE HONORABLE ERIC H. HOLDER, JR., Attorney General, | ) DEFENDANT'S RESPONSES TO ) PLAINTIFFS' SECOND SET OF ) REQUESTS FOR PRODUCTION ) PERTAINING TO PLAINTIFFS' FIRST |
| Defendant. | ) AMENDMENT CLAIM |

Pursuant to Fed. R. Civ. P. 26 and 34, defendant Eric H. Holder, Jr. ("defendant") hereby submits his objections and responses to plaintiffs' Second Set of Requests for Production Pertaining to Plaintiffs' First Amendment Claim ("Requests" or "RFPs").

**GENERAL OBJECTIONS**

1. Defendant objects to plaintiffs' Requests to the extent the information contained in the requested documents is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to plaintiffs' Requests to the extent the information contained in the requested documents exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure and/or the scope of the Third Circuit's mandate when remanding this case, as described in its decision in *Free Speech Coalition, Inc. v. Attorney General*, 677 F.3d 519 (3d Cir. 2012).

2. Defendant objects to plaintiffs' Requests to the extent they request that defendant identify or provide any files, records, reports, and any other papers and documents pertaining to any individual to the extent that such information is protected by the Privacy Act, 5 U.S.C. § 552a;

- 1 -

EXHIBIT B

18 U.S.C. § 3509; and/or 42 U.S.C. 3789g. Defendant further objects to plaintiffs' Requests to the extent that they could be construed as seeking information protected from disclosure by the attorney-client privilege, the work product doctrine, the deliberative process privilege, the law enforcement privilege, or any other applicable privilege or immunity recognized under statute, regulation or applicable case law. Defendant does not waive any applicable privilege through the inadvertent or partial disclosure of any otherwise privileged information in response to these Requests. In conformance with Fed. Rule Civ. P. 26(b)(5), defendant will describe the nature of any documents that are withheld as subject to privilege or protection as attorney work product.

3. Defendant objects to plaintiffs' Requests to the extent the requested documents or information therein is publicly available and/or obtainable from other sources that are more convenient, more efficient, more practical, less burdensome and/or less expensive, on the grounds that such production would be unduly burdensome and unreasonably cumulative.

4. Defendant objects to plaintiffs' Requests to the extent they seek information from any individual or entity other than defendant, and to the extent they demand the identification of documents not within the possession, custody, or control of defendant.

5. Defendant objects to plaintiffs' Requests on grounds of overbreadth and undue burden, particularly in that they purport to require defendant to respond with respect to every office within the United States Department of Justice, including all components of the Department of Justice, all United States Attorney's Offices, and all field offices of the Federal Bureau of Investigation, and in that they do not place any reasonable temporal limitation on the scope of the response that they purport to require from defendant.

6. Defendant objects to the Instructions set forth in plaintiffs' Requests to the extent

- 2 -

that they expand, alter, or modify the scope of permissible discovery under the Federal Rules of Civil Procedure and the Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania.

7. Defendant objects to plaintiffs' Requests on the grounds that they, together with their Definitions and Instructions, are so vague, broad, general and all-inclusive that they do not permit a proper or reasonable response and are therefore unduly burdensome.

8. The following responses are based upon information currently known to defendant, and defendant reserves the right to supplement or amend his responses should additional or different information become available.

9. Nothing contained in the following responses constitutes a waiver of any applicable objection or privilege as to the requested discovery. To the extent that defendant identifies and/or produces documents, he does not concede that the information in those documents is relevant to this action. Defendant expressly reserves the right to object to further discovery of the subject matter of these Requests and the introduction into evidence of any document produced in response to these Requests, or of any portion thereof.

10. The foregoing objections are incorporated in each of the responses set forth below as if the same had been repeated in full and are neither limited nor waived by the recital of similar or different objections in each of the responses, nor by the provision of documents – in addition to the objections – in response to any of these Requests.

## SPECIFIC OBJECTIONS AND RESPONSES

**PLAINTIFFS' REQUEST FOR PRODUCTION NO. 1:** The report of Philip B. Stark, Ph.D. prepared for the government in *ACLU v. Gonzales*, Civ. Action No. 98-5591 (E.D. Pa.), including the data on which it is based.

**OBJECTIONS:** Defendant incorporates his General Objections by reference. Defendant further objects that this Request seeks production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The unredacted version of Dr. Stark's report, and the underlying data, are subject to a protective order entered in the *ACLU* case. Defendant is therefore prohibited from providing this material to Plaintiffs in this case. Moreover, neither Dr. Stark's report nor the underlying data contains information relevant to any issue before the Court or reasonably calculated to lead to the discovery of admissible evidence. While the report may contain assessments regarding the prevalence of sexually-explicit material on the internet in 2006, that information is not current in 2013, and the report does not contain any assessments that could be relevant to the issues before the Court, regarding the prevalence of particular categories of sexually-explicit material, as compared to other categories.

**RESPONSE:** Subject to and without waiving any objections, defendant responds as follows: Defendant is in the process of searching for the redacted reports to which the *ACLU* protective order does not apply. If Defendant is able to find these reports, he will produce them.

**PLAINTIFFS' REQUEST FOR PRODUCTION NO. 2:** Any and all reports submitted by the Department of Justice to Congress pursuant to Section 511 of Public Law 108-21 detailing the number of times since 1993 that the Department of Justice inspected records pursuant to 18 U.S.C. § 2257.

**OBJECTIONS:** Defendant incorporates his General Objections by reference. Defendant further objects that this Request is unduly burdensome because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Subject to and without waiving any objections, defendant responds as follows: Defendant will produce any reports described in this Request that were located through a reasonable search. Defendant will also produce an additional report that, although not described in

this request, addresses the number of times that inspections have occurred under a previous version of 18 U.S.C. § 2257.

January 14, 2013                    Respectfully submitted,

                                    STUART F. DELERY
                                    Principal Deputy Assistant Attorney General
                                    ZANE DAVID MEMEGER
                                    United States Attorney
                                    ARTHUR R. GOLDBERG
                                    Assistant Director, Federal Programs Branch

                                    /s/
                                    HÉCTOR G. BLADUELL
                                    KATHRYN L. WYER
                                    U.S. Department of Justice, Civil Division
                                    20 Massachusetts Avenue, N.W.
                                    Washington, DC 20530
                                    Tel. (202) 616-8475 / Fax (202) 616-8470
                                    kathryn.wyer@usdoj.gov
                                    *Attorneys for Defendant*