IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., | ) Civil Action No. 2:09-4607 |
| Plaintiffs, | ) Judge Michael M. Baylson |
| v. | ) |
| THE HONORABLE ERIC H. HOLDER, JR., Attorney General, | ) MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO CONDUCT MORE THAN TEN DEPOSITIONS |
| Defendant. | ) |

  Defendant, through undersigned counsel, hereby respectfully requests that the Court extend the current discovery deadline by 90 days and grant leave to defendant to conduct more than ten depositions. Because there are twelve plaintiffs in this case, each asserting a separate as-applied First Amendment claim, because one of the organizational plaintiffs also purports to raise a Fourth Amendment claim based on inspections that occurred of at least twelve different companies, and because plaintiffs have identified additional individuals as potential witnesses, leave to conduct depositions of each of these plaintiffs, entities, and potential witnesses is warranted, and additional time is required to complete the contemplated discovery. Counsel for plaintiffs has indicated plaintiffs join in the request for a 90-day extension of the discovery deadline and to the amendment of the Scheduling Order as indicated in the attached Proposed Order, but plaintiffs intend to oppose defendant's request for leave to conduct more than ten depositions. In further support of this motion, defendant states the following:

  This case involves First and Fourth Amendment challenges to two federal statutes, 18 U.S.C. §§ 2257 and 2257A, and their implementing regulations, including separate as-applied First Amendment challenges brought by each of the ten individual plaintiffs and by the two

organizational plaintiffs, Free Speech Coalition, Inc., and American Society of Media Photographers, on behalf of their members. On September 10, 2012, the Court entered a scheduling order, based on the parties' stipulated proposal, setting March 29, 2013, as the discovery deadline. *See* ECF No. 99. Because defendant had filed a motion to dismiss plaintiffs' Fourth Amendment claim, the parties agreed to stay discovery with respect to the Fourth Amendment claim until the Court ruled on defendant's motion. On November 27, 2012, the Court issued a supplemental scheduling order, indicating that the stay on discovery with respect to plaintiffs' Fourth Amendment claim was lifted. *See* ECF No. 116. The Court also extended the deadline for the parties to serve their second round of written discovery to December 19, 2012, with responses due January 14, 2013. *See id.*

Upon receiving plaintiffs' discovery responses on January 14, 2013, defendant raised significant disputes with plaintiffs regarding their failure to provide adequate responses. In the next several weeks, in the course of ongoing discussions between the parties, plaintiffs began to provide additional responses. Following a telephone conference with the Court on February 15, 2013, regarding these discovery disputes, the parties continued discussions and plaintiffs continued to provide additional responses. However, despite significant progress, as of March 1, 2013, this process is still ongoing, and it appears unlikely that the parties will be able to complete their remaining discovery obligations by the current discovery deadline.

On January 30, 2013, counsel for plaintiffs inquired about the availability for deposition of the two FBI supervisory special agents that had led the § 2257 inspection teams. On February 8, 2013, counsel for defendant inquired about the availability for deposition of the ten individual plaintiffs, representatives of the two organizational plaintiffs, two other individuals that plaintiffs

had identified as potential witnesses, and representatives of the thirteen companies that had been subject to § 2257 inspections and on whose behalf organizational plaintiff Free Speech Coalition purports to be raising its Fourth Amendment claim. The parties have discussed various dates for plaintiffs' depositions of the FBI SSAs but have not been able to find a mutually-available date before March 29, 2013, due primarily to a two-week trial that plaintiffs' counsel will be involved in between March 5 and March 19, as well as previously-scheduled leave of defendant's counsel during religious holidays.

With respect to defendant's deposition inquiries, plaintiffs have not responded regarding the availability of most of the individuals that defendant identified. Following the February 15 telephone conference with the Court, plaintiffs asked that defendant choose two individuals to depose and indicated that they would not agree to depositions exceeding the limit set forth in Fed. R. Civ. P. 30. In an attempt to make progress, defendant identified three individuals from the original list of February 8, and the parties are in the process of attempting to identify mutually-available dates before March 29 for depositions of those individuals. However, it does not appear likely that more than one or two depositions will occur before the current March 29 discovery deadline.

Defendant has good reason to seek to depose the individuals identified in the letter of February 8. As mentioned above, each of the ten individual plaintiffs in this case is seeking to raise his or her independent as-applied First Amendment challenge. Each of the two organizational plaintiffs is also seeking to raise its own as-applied First Amendment challenge on behalf of its members. Defendant should be allowed to depose each individual plaintiff as well as at least one representative of each organizational plaintiff in order to explore jurisdictional issues and other

issues specific to each plaintiff's claim, as well as the facial First Amendment challenge that all plaintiffs have also raised. In addition, plaintiffs have identified two other individuals as witnesses with respect to the "adult industry." Given that plaintiffs intend to submit testimony of these individuals either at summary judgment or at trial, defendant should have the opportunity to depose them in advance regarding their proposed testimony.

Finally, plaintiff Free Speech Coalition has based its Fourth Amendment claim on past § 2257 inspections of companies that it claims are its former or current members. Because, under the Third Circuit's ruling, the Fourth Amendment analysis in this case involves a fact-based inquiry, defendant should have the opportunity to depose representatives of each entity on whose behalf FSC purports to raise its Fourth Amendment claim, regarding its alleged membership in FSC as well as the facts of the inspections that occurred.

Defendant therefore respectfully requests leave to conduct depositions of all individuals identified in his letter of February 8, 2013. In order to complete this number of depositions, as well as other outstanding discovery such as plaintiffs' production of sample visual depictions in response to defendant's Request for Production No. 5, and the preparation and service of expert reports, defendant further requests that the discovery deadline be extended by 90 days. As indicated above, plaintiffs join in the request for a 90-day extension and have agreed to the amended deadlines proposed in the attached Proposed Order.

March 1, 2013                                       Respectfully submitted,

                                                    STUART F. DELERY
                                                    Principal Deputy Assistant Attorney General
                                                    ZANE DAVID MEMEGER
                                                    United States Attorney
                                                    ANTHONY J. COPPOLINO
                                                    Deputy Director, Federal Programs Branch

        /s/ Kathryn L. Wyer
        HÉCTOR G. BLADUELL
        KATHRYN L. WYER
        U.S. Department of Justice, Civil Division
        20 Massachusetts Avenue, N.W.
        Washington, DC 20530
        Tel. (202) 616-8475 / Fax (202) 616-8470
        kathryn.wyer@usdoj.gov
        *Attorneys for Defendant*

## Certification Pursuant to Local Rule 7.1(b)

The foregoing Motion is uncontested with respect to the request for a 90-day extension of the discovery deadline and the amended deadlines set forth in the attached Proposed Order.

        /s/ Kathryn L. Wyer
        KATHRYN L. WYER

## **CERTIFICATE OF SERVICE**

      Pursuant to Local Rule 5.1.2(8)(b), I hereby certify that the foregoing Motion has been filed electronically and is available for viewing and downloading from the ECF system.   I further certify that the foregoing document was served via ECF on counsel of record for plaintiffs in the above-captioned case.

Dated: March 1, 2013                    /s/_____
                                                Kathryn L. Wyer