IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., | ) Civil Action No. 2:09-4607 |
| Plaintiffs, | ) Judge Michael M. Baylson |
| v. | ) |
| THE HONORABLE ERIC H. HOLDER, JR., Attorney General, | ) **BARBARA ALPER'S ANSWERS TO DEFENDANT'S SECOND SET OF INTERROGATORIES** |
| Defendant. | ) |

Pursuant to Fed. R. Civ. P. 33, each plaintiff is hereby requested to answer, separately from other plaintiffs (or to the extent all plaintiffs' answers to any Interrogatory are identical, separately signed and sworn), each of the following interrogatories separately and fully in writing under oath, and to provide responses by electronic mail to defendant's undersigned counsel by the applicable deadline. If any interrogatory cannot be answered fully, it should be answered to the extent possible, with the reasons explained for not answering more fully. In responding to these interrogatories, type out each question before your answer.

INTERROGATORY NO. 13: Specify how many hours per week, on average, you or someone assisting you currently spends on the following activities. If you do not currently engage in an activity identified below but have done so in the past, specify how many hours per week, on average, you or someone assisting you spent on that activity in the most recent year in which you engaged in that activity, and specify the year.

a.  creating visual depictions of sexually-explicit conduct, excluding any time spent complying with the requirements of 18 U.S.C. §§ 2257 and/or 2257A and their implementing regulations

INTERROGATORY NO. 15: Identify by name, any aliases, and birthdate all individuals who have appeared in visual depictions of sexually-explicit conduct that you have created (or, if you are a secondary producer but not a primary producer, that you have produced) since January 1, 1978, together with the title, date of creation, date of publication, publisher, URL, distributor, and location of each such visual depiction in which they appear. If multiple visual depictions of sexually-explicit conduct were created as a result of a single occasion or event, such as a photo shoot or live stream, identify the event by description and date that it occurred, along with the titles of three visual depictions from the event in which the individual appears, and the total number of depictions from the event in which the individual appears.

> ANSWER: I primarily photographed "events" or "parties" that were going on, and I was invited to document them. They weren't created for me to make images of. There could easily have been several hundred people at some of these events, so getting details for each individual I shot would have been impossible, and unwarranted. There were only a few times in the 1980s, when I shot privately: an adult, married couple making love, for example, and a porn actor who wanted some images of himself and whom I knew was well over 21 years old. I did not get their birthdates.

INTERROGATORY NO. 16: Identify the exact age at which you contend an individual is "obviously mature."

> ANSWER: The great majority of adults cannot be confused as persons who are less than 18 years of age and are obviously mature. In Plaintiffs' view, someone who has reached the age of 25 is obviously mature–although the age at which someone who is obviously mature may be even younger. The vast majority of persons depicted in my expression are obviously mature.
>
> There are various laws that recognize that persons who have reached 25 or 26 years of age cannot be confused as minors, and age-verification of persons beyond that age is unnecessary as part of legislative regime designed to protect minors. For instance, universal age verification is not employed to address the serious and epidemic health risks posed to minors by tobacco

federal law, or other regulation.

       ANSWER:     I primarily shoot editorial work. As a professional photographer, I rely on my clients to comply with all applicable laws including child labor laws. Any time I'm photographing a child (which I do in expression that is obviously non-sexual), I get the parents' permission - or if they're not present, a number they can be reached at to get their permission before a publication will use an image.

INTERROGATORY NO. 23: Identify by creator, producer, title, date of creation, date of publication, publisher, URL, distributor, and location fifty unique (meaning not in the same videotape, book, website, or similar work that contains multiple depictions) examples of visual depictions of sexually-explicit conduct that you contend are subject to 18 U.S.C. § 2257 and its implementing regulations, that have been produced by one or more plaintiffs in this action, in each of the following categories (in other words, fifty per category). If plaintiffs in this action have produced less than fifty visual depictions subject to 18 U.S.C. § 2257 in any of these categories, include examples not produced by plaintiffs for the remaining number for a total of fifty:

    a. sexually explicit visual depictions of obviously mature adults:

    b. sexually explicit visual depictions produced by an adult of himself or herself and sent to a spouse or significant other using a multimedia message service;

    c. sexually explicit visual depictions produced by adults inserted on a computer site or service restricted to adults for the purpose of communicating with other adults about sexual conduct;

    d. sexually explicit visual depictions in a textbook on human sexuality;

    e. sexually explicit visual depictions produced by an adult of himself or herself and sent to a spouse or significant other by electronic mail;

    f. sexually explicit visual depictions of adults by a commercial producer who regularly and

in the normal course of business collects and maintains individually identifiable information regarding performers pursuant to federal and state laws (other than 18 U.S.C. §§ 2257, 2257A and their implementing regulations) and industry standards;

g. sexually explicit visual depictions of an adult married couple created by a professional photographer at their request;

h. sexually explicit visual depictions in a documentary on rape;

i. sexually explicit visual depictions in a documentary on sexual abuse in war-torn countries.

ANSWER:  a.  See my answer and answers of Plaintiffs Sinclair Institute, Betty Dodson and Carlin Ross, Michael Barone, Dave Conners, Barbara Nitke, David Steinberg, Carol Queen, ASMP, and Marie Levine to Interrogatory No. 5, Defendant's First Set of Interrogatories.

b.  Sexually explicit depictions sent between couples by multi message media service are intended as private, intimate communications and are not available for identification by the Plaintiffs. It is, in fact, the threat posed by the statutes and regulations to the privacy of this intimate expression that raises profound constitutional issues. For a discussion of and data regarding the prevalence of this expression, see answer of Plaintiffs to Interrogatory No. 12, Defendant's First Set of Interrogatories identifying research and articles regarding "sexting"; *See also*,http://digitallife.today.com/_news/2012/06/06/ 12090540-nearly-1-in-5-smartphone-users-are-sexting?lite; http://abcnews.go.com/US/sexting-scandal-rep-anthony-weiner-tw eet-facebook-photos/story?id=13770641.

c.  See answer of Plaintiffs to Interrogatory No. 12, Defendant's First Set of Interrogatories listing the results of computer forensic specialist Kristi Witsman and various websites on which adults insert sexually explicit visual depictions for the purpose of communicating with other adults;

d.  See answer of Plaintiffs to Interrogatory No. 12, Defendant's First Set of Interrogatories referencing educational materials, *Our Bodies, Ourselves*, "Sex: A Tell All Exhibition," and the answers of Sinclair Institute, Carol Queen, and Betty Dodson and Carlin Ross, and David Steinberg to Interrogatory No. 5, Defendant's First Set of Interrogatories.

9

- e. Sexually explicit depictions sent between couples by electronic mail are intended as private, intimate communications and are not available for identification to the Plaintiffs. It is, in fact, the threat to the privacy of this intimate expression by the statutes and regulations that raises profound constitutional issues. Most of the data and discussion pertains to "sexting" which frequently refers to expression sent by multi message media services. Private emails can be used to communicate sexual intimacy. *See* http://www.slate.com/articles/technology/future_tense/2012/11/petraeus_broadwell_emails_the_scandal_demonstrates_the_dumb_ways_we_use.html. Social media also affords the opportunity to privately exchange sexually explicit visual depictions. *See* http://andrewsullivan.thedailybeast.com/2013/01/facebook-flirts-with-sexting.html.

- f. See answers of Plaintiffs Sinclair Institute, Betty Dodson and Carlin Ross, Dave Conners, Free Speech Coalition and Marie Levine to Interrogatory No. 5, Defendant's First Set of Interrogatories.

- g. See answers of Plaintiffs David Steinberg and Michael Barone to Interrogatory No. 5, Defendant's First Set of Interrogatories. *See also*:

    http://dirtydolly.com/couples/;

    http://www.m-l-anderson.com/;

    http://www.redchairphotography.com/services/intimate-boudoir.aspx

    http://www.scottchurch.net/index.html;

    http://www.provocatique.com/commissions/provocative-parties/

- h. "Raw Deal: A Question of Consent," http://www.youtube.com/watch?v=v-PbLiD13EI;

    "She Stole My Voice," The American Academy for Film and Gender Studies, http://www.rmdglobal.net/she-stole-my-voice/;

    "Nigeria Rape Video," http://www.huffingtonpost.com/2011/09/21/nigeria-rape-video-footag_n_974408.html;

    "Inside the Anonymous Hacking File on the Steubenville 'Rape Crew"

10

## DECLARATION

I, Barbara Alper, declare under penalty of perjury that I have read the answers to Defendant Holder's Second Set of Interrogatories and that the answers are true as I verily believe.

1/11/13
DATE

Barbara Alper