# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., ) | Civil Action No. 2:09-4607 |
| ) | |
| Plaintiffs, ) | Judge Michael M. Baylson |
| ) | |
| v. ) | |
| ) | PLAINTIFF DAVID LEVINGSTON'S |
| THE HONORABLE ERIC H. HOLDER, JR., ) | ANSWERS AND RESPONSES |
| Attorney General, ) | TO DEFENDANT'S FIRST |
| ) | SET OF INTERROGATORIES AND |
| Defendant. ) | REQUESTS FOR PRODUCTION |

## I. INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, each plaintiff is hereby requested to answer, separately from other plaintiffs (or to the extent all plaintiffs' answers to any Interrogatory are identical, separately signed and sworn), each of the following interrogatories separately and fully in writing under oath, and to provide responses by electronic mail to defendant's undersigned counsel by the applicable deadline. If any interrogatory cannot be answered fully, it should be answered to the extent possible, with the reasons explained for not answering more fully. In responding to these interrogatories, type out each question before your answer.

INTERROGATORY NO. 1: Identify by full name, all aliases, address, telephone number, e-mail address, and website URL each person who provided information used or relied on in responding to these Interrogatories.

ANSWER:   David Bertram Levingston
          Known professionally as Dave Levingston
          235 East Madison Avenue
          Springfield, OH 45503
          937-284-1129
          davel@ameritech.net
          DaveLevingston.com
          with the assistance of counsel

INTERROGATORY NO. 2: Identify by full name, all aliases, address, telephone number, e-mail address, and website URL each person whom you intend to call as a witness at any evidentiary proceeding or trial held in the above-captioned matter, including all plaintiffs and expert witnesses you intend to call.

ANSWER: Objection. As counsel discussed on September 24, 2012, this interrogatory is premature. Plaintiffs have not yet determined who they will call as witnesses at any evidentiary proceeding or trial. They will provide this information once discovery is complete and in compliance with the discovery scheduling order, the court's standing order, and the applicable rules of procedure.

INTERROGATORY NO. 3: For each person identified in Interrogatory Number 2, describe in detail the expected content and nature of the person's testimony, and state the likelihood that the person will testify.

ANSWER: See answer to Interrogatory No. 2.

INTERROGATORY NO. 4: Identify by title, date, publisher, distributor, location, and URL all documents and electronically stored information, including webpages, you intend to introduce as evidence in this litigation.

ANSWER: Objection. As counsel discussed on September 24, 2012, this interrogatory is premature. Plaintiffs have not yet determined what documents they intend to introduce at any evidentiary proceeding or trial. They will provide this information once discovery is complete and in compliance with the discovery scheduling order, the court's standing order, and the applicable rules of procedure.

INTERROGATORY NO. 5: If you contend that you (and/or, for an organizational plaintiff, any of your members) are a primary producer of one or more matters containing visual depictions of actual or simulated sexually-explicit conduct subject to the requirements of 18 U.S.C. §§ 2257 or 2257A,

identify by title, date of creation, date of publication, publisher, URL, distributor, and location a representative sample of ten such matters containing such visual depictions that you and/or your members have produced (or, if the total number that you and/or your members have produced is less than ten, all such matters containing such visual depictions that you and/or your members have produced) and state whether the sexually-explicit conduct in the depictions in each of these matters was actual or simulated or both.

ANSWER: I have pursued the art of photography throughout my adult life. Since my retirement from government service in November 2006, I have devoted myself to the creation of my art. My particular interest has been in the figure in nature. A portion of my art depicts adults in erotic and sexual settings. My work is displayed at the Kinsey Institute and is featured on a number of websites. I have published a book, *The Figure in Nature*

I have ceased producing any erotic work that might arguably fall under the statutes because I am unable to be constantly available to allow inspection of the records as required by the statutes and therefore, do not want to risk prosecution for violating the statutes, nor am I willing to waive my Fourth Amendment rights to allow such inspections. Additionally, I do not produce work falling under the statutes because I believe it would be extremely difficult for me to comply with the burdens they impose in terms of maintaining and categorizing records.

In August 2008, I produced a photograph titled "You Could Put An Eye Out." It was exhibited at the Dirty Show in Detroit in February 2009. It was also published in a book. The model is in her mid-40s. After 18 U.S.C. § 2557A became effective, I removed the image from my website because of my concern that the government could interpret as being subject to the new statute.

INTERROGATORY NO. 6: If you contend that 18 U.S.C. §§ 2257, 2257A, and/or their implementing regulations are not narrowly tailored as applied to you (and/or, for an organizational plaintiff, your members), or are overbroad, identify, per contention, by full name, all aliases, address, telephone number, e-mail address, and website URL all persons, including plaintiffs, who have

3

## DECLARATION

I, David Levingston, declare under penalty of perjury that I have read the answers to Defendant Holder's First Set of Interrogatories and that the answers are true as I verily believe.

10/10/2012
DATE

David Levingston