# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREE SPEECH COALITION, INC. et al., | ) | Civil Action No. 2:09-4607 |
| | ) | |
| Plaintiffs, | ) | Judge Michael M. Baylson |
| | ) | |
| v. | ) | |
| | ) | PLAINTIFF TOWNSEND ENTERPRISES |
| THE HONORABLE ERIC H. HOLDER, JR., | ) | dba SINCLAIR INSTITUTE'S ANSWERS |
| Attorney General, | ) | AND RESPONSES TO DEFENDANT'S |
| | ) | FIRST SET OF INTERROGATORIES |
| Defendant. | ) | AND REQUESTS FOR PRODUCTION |

## I.    INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, each plaintiff is hereby requested to answer, separately from other plaintiffs (or to the extent all plaintiffs' answers to any Interrogatory are identical, separately signed and sworn), each of the following interrogatories separately and fully in writing under oath, and to provide responses by electronic mail to defendant's undersigned counsel by the applicable deadline. If any interrogatory cannot be answered fully, it should be answered to the extent possible, with the reasons explained for not answering more fully. In responding to these interrogatories, type out each question before your answer.

INTERROGATORY NO. 1: Identify by full name, all aliases, address, telephone number, e-mail address, and website URL each person who provided information used or relied on in responding to these Interrogatories.

ANSWER:     Linda Dian Wilson
            Sinclair Institute
            402 Millstone Drive
            Hillsborough NC 27278
            919-732-6005 x236
            dianwilson@sinclairinstitute.com
            www.sinclairinstitute.com
            www.bettersex.com
            with the assistance of counsel

INTERROGATORY NO. 7: With respect to each person you have identified in response to Interrogatory Number 6, list in complete detail, per person you have identified, those facts known by that person that support either the contention that 18 U.S.C. §§ 2257, 2257A, and/or their implementing regulations are not narrowly tailored as applied to you and/or your members, or the contention that those provisions are overbroad.

ANSWER:    Those individuals identified in the answer to Interrogatory No. 6 have knowledge of the following in addition to the facts set forth in that answer.

The material that Sinclair Institute produces and markets is designed for and features mature adults. It was founded eighteen years ago for the purpose of educating adults about sexual health and sexual fulfillment. In furtherance of that purpose, it produces and distributes materials containing visual depictions of mature adults engaged in actual and simulated sexually explicit conduct and candidly displaying their genitals that address the concerns and needs of healthy individuals and couples who want to enhance their intimacy. Sinclair Institute has developed a comprehensive library of sex education videos, made in consultation with physicians, psychologists, sex educators and therapists from all over the world. Its materials have received awards from numerous organizations including The Society for the Scientific Study of Sexuality, National Council on Family Relations, and International Health & Medical Media (Time, Inc. Health). The material we produce and offer depicts models who are clearly mature adults. The statutes and regulations are, therefore, not narrowly tailored as applied to the Sinclair Institute.

The statutes are also substantially overbroad in that they apply to an enormous amount of protected expression produced by artists, other individuals involved in producing expression relating to sexual health and therapy, and individuals in the course of their private sex lives that depicts mature adults who could not be confused as children, examples of which have been provided in my response to Interrogatory No. 12.

Sinclair Institute reserves its right to supplement its answer with additional facts as discovery progresses.

INTERROGATORY NO. 8: If you (and/or, for an organizational plaintiff, your members) restrict those persons that appear in visual depictions that you or your members produce of actual or simulated sexually-explicit conduct subject to the requirements of 18 U.S.C. §§ 2257 or 2257A

based on age, identify all procedures that you and/or your members have employed or currently employ to ascertain or verify the ages of those persons.

ANSWER:    Prior to July 27 2006, Sinclair Institute required model releases with name, date of birth and date of photo shoot for all our depictions of simulated sexual conduct but did not require a copy of their ID.  After 18 U.S.C. § 2257A was passed by Congress, Sinclair Institute began requiring a current copy of a valid ID showing the models date of birth for every individual who appeared in its photo shoots.  Sinclair Institute has *always* required valid copies of proof of age for actors in any film it has made that contains explicit sexual conduct.

It is now standard procedure to keep a copy of ID's on file for anyone appearing in Sinclair Institute's photo shoots in addition for its films. It even has ID's of persons in non-sex roles in our films, including the crew.

INTERROGATORY NO. 9: If you (and/or, for an organizational plaintiff, your members) have produced visual depictions of actual or simulated sexually-explicit conduct subject to the requirements of 18 U.S.C. §§ 2257 or 2257A that portray persons in any of the following age groups engaged in actual or simulated sexually-explicit conduct, identify for each such age group whether the total number of such depictions (where each film, videotape, photograph, or digital image constitutes a single depiction but not including multiple copies, duplicates, scenes within a single film or video, or edited or reformatted versions of the same depiction) is (a) greater than zero, (b) greater than five, (c) greater than ten, (d) greater than twenty, (e) greater than fifty, (f) greater than one hundred, or (g) greater than one thousand.

      i. 18-25

      ii. 26-35

      iii. 36-45

      iv. 46-55

      v. 56-65

      vi. over 65

ANSWER:     Objection. This interrogatory is vague and unduly burdensome.  It would take an enormous amount of effort to search through our files to compile the information sought by this interrogatory.  Without waiving the objection, Sinclair Institute provides the following estimates based on Ms. Wilson's personal knowledge acquired in keeping the records required by the statutes:

| | |
|---|---|
| 10% | 18-20 yrs old |
| 30% | in their 20's |
| 40% | in their 30's |
| 10% | over 40 |
| 10% | over 50 |

INTERROGATORY NO. 10: With respect to each statutory and/or regulatory requirement of 18 U.S.C. §§ 2257 or 2257A or their implementing regulations (identified by specific subsection, or by section if the section contains no subsections) that you contend either is not narrowly tailored as applied to you (and/or, for an organizational plaintiff, your members) or is overbroad, state, per such requirement, each and every fact upon which you rely to support your contention.

ANSWER:     The recordkeeping and labeling requirements and penalty provision of 18 U.S.C. § 2257 (a)-(f); (i); the recordkeeping and labeling requirements and penalty provision of 18 U.S.C. § 2257A (a)-(f); (i) and 28 C.F.R. §§ 75.2, 75.3, 75.4, 75.5, 75.6, 75.8 implementing the statutory recordkeeping, labeling, and inspection requirements are not narrowly tailored, are overbroad, and impose unconstitutional burdens on Sinclair Institute's expression.

The burdens imposed on Sinclair Institute's expression that could in no way be confused with child pornography are immense.

Sinclair Institute began recordkeeping by using paper documents.  It had an intricate color coding system and cross-referenced file folders with the titles, the performers, and the printed depiction.

In January 2009, Sinclair Institute began converting and maintaining all its records using an electronic visual library–given the enormous amount of paper and space these files were consuming. The time and effort in converting from paper to an electronic format was huge, but necessary.  The conversion cost more than $12,000.00.

As its catalogue has grown, Sinclair Institute has found the task of complying with the record keeping and labeling requirements to be increasingly burdensome. When

**DECLARATION**

I, Linda Dian Wilson, declare under penalty of perjury that I have read the answers to

Defendant Holder's First Set of Interrogatories and that the answers are true as I verily believe.

Oct 8 2012
DATE

Linda Dian Wilson
Linda Dian Wilson