# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., | Civil Action No. 2:09-4607 |
| Plaintiffs, | Judge Michael M. Baylson |
| v. | |
| THE HONORABLE ERIC H. HOLDER, JR., Attorney General, | PLAINTIFF DAVID STEINBERG'S ANSWERS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND |
| Defendant. | REQUESTS FOR PRODUCTION |

## I. INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, each plaintiff is hereby requested to answer, separately from other plaintiffs (or to the extent all plaintiffs' answers to any Interrogatory are identical, separately signed and sworn), each of the following interrogatories separately and fully in writing under oath, and to provide responses by electronic mail to defendant's undersigned counsel by the applicable deadline. If any interrogatory cannot be answered fully, it should be answered to the extent possible, with the reasons explained for not answering more fully. In responding to these interrogatories, type out each question before your answer.

INTERROGATORY NO. 1: Identify by full name, all aliases, address, telephone number, e-mail address, and website URL each person who provided information used or relied on in responding to these Interrogatories.

ANSWER: My legal name is Steven David Steinberg, but I have always used my middle name and am generally known as David Steinberg. All of my photographic, editorial, and publishing work is as David Steinberg.

My residential address is 415 Ocean View Avenue, Santa Cruz, CA 95062. My home phone is 831-426-7082.

My office is at 888 O'Farrell Street, #W1009, San Francisco, CA 94109. My office phone is 415-674-1618.

My cell phone is 831-234-1073.

INTERROGATORY NO. 5: If you contend that you (and/or, for an organizational plaintiff, any of your members) are a primary producer of one or more matters containing visual depictions of actual or simulated sexually-explicit conduct subject to the requirements of 18 U.S.C. §§ 2257 or 2257A, identify by title, date of creation, date of publication, publisher, URL, distributor, and location a representative sample of ten such matters containing such visual depictions that you and/or your members have produced (or, if the total number that you and/or your members have produced is less than ten, all such matters containing such visual depictions that you and/or your members have produced) and state whether the sexually-explicit conduct in the depictions in each of these matters was actual or simulated or both.

ANSWER:   All of my sexual photography is of actual, not simulated, sexual acts. These acts include, among the different shoots, sexual intercourse (genital-genital, oral-genital and perhaps anal-oral), masturbation, BDSM activities, and erotic display of genitals.

SS 4-96-12.jpg–Steve and Susanne, created 10/3/03, unpublished
JV 9-31-34.jpg–Juliet and Victor, created 4/17/00, published 9/00 (Libido Magazine, Chicago); 3/01 (Cupido Magazine, Norway); 9/09 (Cupido Magazine, Norway)
DAR 3-73-9P.jpg–Denese and Arthur, created 2/25/06, unpublished
HVJ 5-02-28P.jpg–Michael and Isis, created 1/27/07, published 3/10 (Cupido Magazine, Norway)
JUE 2-24-33.jpg–John and Elysha, created 4/16/05, published 10/05 (Cupido Magazine, Norway)
KMAS 3-31-19P.jpg–Kim Masturbating, created 6/13/09, unpublished
EH 308-4377-3.jpg–Evoe and Harold, created 6/19/10, unpublished
GD 9-295-6.jpg–Gayle and David, created 11/26/00, published 8/01 (Libido Magazine, Chicago)
JE 4-29-35.jpg–Judiann and Elton, created 4/6/05, published 9/05 (Cupido Magazine, Norway)
VJ 2-21-19.jpg–Veronica and Jason, created 9/14/04, unpublished


INTERROGATORY NO. 6: If you contend that 18 U.S.C. §§ 2257, 2257A, and/or their implementing regulations are not narrowly tailored as applied to you (and/or, for an organizational plaintiff, your members), or are overbroad, identify, per contention, by full name, all aliases, address,

telephone number, e-mail address, and website URL all persons, including plaintiffs, who have personal knowledge of facts relating to each of those contentions.

ANSWER: Objection. This interrogatory is overbroad and burdensome in that it asks Plaintiffs to identify *all persons*, without limitation, who have knowledge of the contention that the statutes are not narrowly tailored or are overbroad. Without waiving this objection, I provide the following information:

I have personal knowledge of the facts relating to Plaintiffs' contentions that the statutes and regulations are not narrowly tailored as applied to me and are overbroad.

Other people who know of the burdens imposed on me by Section 2257 include photographer colleagues, photographers whose work I represent to Cupido magazine (Norway), the publisher and editors at Cupido magazine, the person who sponsors and maintains my website (as a subsection of his own site) where examples of my sexual photos are posted, the publishers of books I have edited of fine art sexual photography (including some of my own work), people who have published or reproduced my work (both in hard copy and online), galleries and curators of photo exhibits where my sexual work has been shown, judges involved in my selection for international honors and awards (I was named 2010 Erotic Photographer of the Year by the Leydig Trust (London), and honored as one of five inaugural Masters of Erotic Art by the Seattle Erotic Art Festival in June 2012), friends, and relatives.

INTERROGATORY NO. 7: With respect to each person you have identified in response to Interrogatory Number 6, list in complete detail, per person you have identified, those facts known by that person that support either the contention that 18 U.S.C. §§ 2257, 2257A, and/or their implementing regulations are not narrowly tailored as applied to you and/or your members, or the contention that those provisions are overbroad.

ANSWER: All of my work is of people who are over the age of 18. The great majority of my subjects, and the bulk of my sexual work, is of people who are clearly and obviously adults and include many mature couples. I make a priority of photographing older people, people not typically seen as "beautiful" or glamorous, and people with physical disabilities. The statutory requirement that I demand documentation from these adults and maintain records, making them available for inspection, on penalty of criminal prosecution is wholly unnecessary to assure that my subjects are adults. And therefore, they are not narrowly tailored as applied to my work.

4

The statutes are also substantially overbroad in that they apply to an enormous amount of protected expression produced by other artists, sex therapists and individuals in the course of their private sex lives that depicts mature adults who could not be confused as children, examples of which have been provided in my response to Interrogatory No. 12.

The people described above in Interrogatory No. 6 are aware of each of the various aspects of the burdens I've identified.

I reserve the right to supplement my answer with additional facts as discovery progresses.

INTERROGATORY NO. 8: If you (and/or, for an organizational plaintiff, your members) restrict those persons that appear in visual depictions that you or your members produce of actual or simulated sexually-explicit conduct subject to the requirements of 18 U.S.C. §§ 2257 or 2257A based on age, identify all procedures that you and/or your members have employed or currently employ to ascertain or verify the ages of those persons.

ANSWER: I identify the ages of the people I photograph being sexual by having them produce drivers licenses, passports, or other government-issued photo IDs that give their date of birth. I make photographic copies of these age verifications, which I have on file. I rely on my subjects to provide me with any additional names, pseudonyms, maiden names, etc. they have used as required by Section 2257.

I began doing sexual photography in 1999, so did not deal with questions of the age of my models before Section 2257 was in effect.

INTERROGATORY NO. 9: If you (and/or, for an organizational plaintiff, your members) have produced visual depictions of actual or simulated sexually-explicit conduct subject to the requirements of 18 U.S.C. §§ 2257 or 2257A that portray persons in any of the following age groups engaged in actual or simulated sexually-explicit conduct, identify for each such age group whether the total number of such depictions (where each film, videotape, photograph, or digital image

5

constitutes a single depiction but not including multiple copies, duplicates, scenes within a single film or video, or edited or reformatted versions of the same depiction) is (a) greater than zero, (b) greater than five, (c) greater than ten, (d) greater than twenty, (e) greater than fifty, (f) greater than one hundred, or (g) greater than one thousand.

    i. 18-25
    ii. 26-35
    iii. 36-45
    iv. 46-55
    v. 56-65
    vi. over 65

ANSWER: Objection. This interrogatory is vague and burdensome. Without waiving this objection, I am providing the following information regarding visual depictions I produced:

For each of the following age categories, the number of persons appearing in my sexual photos are as follows:

19-20: 4
21-25: 52
26-30: 41
31-35: 41
36-40: 87
41-45: 60
46-50: 37
51-55: 27
56-65: 42
Over 65: 4

I have more than 1,000 images in each age group.


INTERROGATORY NO. 10: With respect to each statutory and/or regulatory requirement of 18 U.S.C. §§ 2257 or 2257A or their implementing regulations (identified by specific subsection, or by section if the section contains no subsections) that you contend either is not narrowly tailored as

## DECLARATION

I, David Steinberg, declare under penalty of perjury that I have read the answers to Defendant Holder's First Set of Interrogatories and that the answers are true as I verily believe.

10/3/12
DATE

_David Steinberg_
David Steinberg