# FEDERAL BUREAU OF INVESTIGATION

## REGULATORY INSPECTION REPORT
## (18 U.S.C. §2257)

### OF

**Angry Young Man**
**7945 Silverton Avenue #1102**
**San Diego, CA 92126**

**Date of Inspection:  03/27/2007**

## TABLE OF CONTENTS

Producer Information                          Tab     1
Inspection Summary

Findings                                      Tab     2
Producer's Response to Findings

Pre-Inspection Procedures                     Tab     3
Inspection Procedures

Records Verification Spreadsheet              Tab     4

FD-302s                                       Tab     5

Photo Log/Photos                              Tab     6

2257 Checklists                               Tab     7

Inspection Compliance Determination           Tab     8

# REGULATORY INSPECTIONS REPORT

Report of:     SSA Stephen G. Lawrence,
               2257 Regulatory Inspections Unit, Crimes Against Children Unit,
               Violent Crimes Section, Criminal Investigative Division
Report Date:   07/23/2007
File Number:   ⬛⬛⬛ (F) ⬛⬛⬛   ANGRY

## PRODUCER INFORMATION

An inspection was conducted of Angry Young Man pursuant to Title 18, United States Code Section 2257 (18 U.S.C. §2257) and Title 28, Code of Federal Regulations Part 75 (28 C.F.R. Part 75). The inspection was conducted on 03/27/2007 at Angry Young Man, 7945 Silverton Avenue #1102, San Diego, CA 92126. ⬛⬛⬛⬛ owner of Angry Young Man, cellular number ⬛⬛⬛⬛ granted access and was present throughout the inspection.

## INSPECTION SUMMARY

DVDs produced by Angry Young Man were ordered via the Internet. Contract inspectors reviewed four DVDs, as well as two still photographs printed from Angry Young Man's website, and identified all performers engaged in sexually explicit conduct by stage name or by still photographs. A total of 13 performers were identified as appearing in the four DVDs, and two performers were identified as appearing in the two still photographs printed from Angry Young Man's website. Prior to the inspection, the contract inspectors printed several photographs of each performer's face from different camera angles, if facial shots were available. During the inspection, the photographs were compared with the performer identification on record to ensure the identification was, in fact, of that performer.

Angry Young Man's website purports that it's movies contain surreptitious recordings made in locker rooms and showers on actual military bases, which may be a violation of 18 U.S.C. §1801 (Video Voyeurism Prevention Act of 2004), 18 U.S.C. §2511 (Interception and Disclosure of Wire, Oral, or Electronic Communications Prohibited), *inter alia*. The owner of Angry Young Man was interviewed by the Federal Bureau of Investigation in 2000 regarding a similar matter involving surreptitious recordings of university athletes that was discovered in 1995, but the case was deemed not prosecutable at the time and declined.

During the inspection on 03/27/2007, inspectors observed a studio containing a locker room and showers that had been built in the back of Angry Young Man's offices (see photographs at Tab 6). This studio accounted for some, but not all, of the scenes contained in Angry Young Man's website and movies selected for inspection.

SUBJECT TO PROTECTIVE ORDER                    FBI_001622

The producer advised that approximately 90% of the performers appearing in Angry Young Man's movies are active military personnel from Marine Corps Air Station Miramar in (S)             Consultation with personnel from the United States Naval Criminal Investigative Service (NCIS) determined that such actions by active military personnel would be a violation of the Uniform Code of Military Justice. Liaison with NCIS personnel regarding this and the possible surreptitious recording on military bases is continuing.

After the inspection on 03/27/2007, it was determined that Angry Young Man had seven 2257 violations.

During this inspection, all provisions of 18 U.S.C. §2257 guidelines were followed by the inspection team.

SUBJECT TO PROTECTIVE ORDER

**FINDINGS**

1.    The 2257 records were not maintained at the producer's place of business, but rather at a third-party private mail box rental business. The 2257 records were ultimately made available at the producer's place of business upon the advise of legal counsel.

  18 U.S.C. §2257(c) - "Any person to whom subsection (a) applies shall maintain the records required by this section at his business premises, or at such other place as the Attorney General may by regulation prescribe ..."

  28 CFR Part 75.4 - "Any producer required by this part to maintain records shall make such records available at the producer's place of business..."

2.    The 2257 statement, when actually present (see below), listed a post office box as the address for location of the 2257 records. The documents related to the rental of this post office box listed only a second post office box for contact information. A physical address for the producer was ultimately obtained from the documents related to the rental of the second post office box.

  28 CFR Part 75.6(b) - "Every statement shall contain:...
  (3)      A street address at which the records required by this part may be made available...A post office box address does not satisfy this requirement."

3.    The producer does not maintain at least 20 normal business hours per week and normal business hours were not posted.

  28 CFR Part 75.5(c)(1) - "...To the extent that the producer does not maintain at least 20 normal business hours per week, producers must provide notice to the inspecting agency of the hours during which records will be available for inspection, which in no case may be less than twenty (20) hours per week."

4.    No cross-reference system was in place at the time of inspection.

  28 CFR Part 75.2(a)(3) - "Records required to be created and maintained under this part shall be organized alphabetically, or numerically where appropriate, by the legal name of the performer...and shall be indexed or cross-referenced to each alias or other name used and to each title or identifying number of the book, magazine, film videotape, digitally-or computer manipulated image, digital image, picture, URL, or other matter."

  28 CFR Part 75.3 - "Records required to be maintained under this part shall be categorized and retrievable to: All name(s) of each performer, including any alias, maiden name, nickname, stage name or professional name of the performer; and including the title, number, or other similar identifier...Only one copy of each picture of a performer's picture identification card and identification document must be kept

as long as each copy is categorized and retrievable according to any name, real or assumed, used by each performer, and according to any title or other identifier of the matter."

5.   No date of production was available for the DVD entitled "Bad Conduct Discharge," and the 2257 statement did not contain the title or date of production.

28 CFR Part 75.6(b) - "Every statement shall contain:
(1)   The title...;
(2)   The date of production..."

6.   No dates of production were available for the DVDs entitled "Check Out My Furniture," "Tension Rod Adjustment," and "There He Sat Broken Hearted," and the DVDs did not contain a 2257 statement.

18 U.S.C. §2257(e)(1) - "Any person to whom subsection (a) applies shall cause to be affixed to every copy of any matter described in paragraph (1) of subsection (a) of this section, in such manner and in such form as the Attorney General shall by regulations prescribe, a statement describing where the records required by this section with respect to all performers depicted in that copy of the matter may be located."

18 U.S.C. §2257(e)(2) - "If the person to whom subsection (a) of this section applies is an organization the statement required by this subsection shall include the name, title, and business address of the individual employed by such organization responsible for maintaining the records required by this section."

28 CFR Part 75.6(a) - "Any producer of any book, magazine, periodical, film, videotape, digitally- or computer-manipulated image, digital image, or picture, or other matter (including but not limited to Internet computer site or services) that contains one or more visual depictions of an actual human being engaged in actual sexually explicit conduct made after July 3, 1995, and produced, manufactured, published, duplicated, reproduced, or reissued on or after July 3, 1995, shall cause to be affixed to every copy of the matter a statement describing the location of the records required by this part..."

28 CFR Part 75.6(b) - "Every statement shall contain:
(1)   The title...
(2)   The date of production...and
(3)   A street address at which the records required by this part may be made available..."

28 CFR Part 75.6(c) - "If the producer is an organization, the statement shall also contain the name, title, and business address of the individual employed by such organization who is responsible for maintaining the records required by this part."

SUBJECT TO PROTECTIVE ORDER

28 CFR Part 75.6(d) - "The information contained in the statement must be accurate as of the date on which the book, magazine, periodical, film, videotape, digitally or computer-manipulated image, digital image, picture, or other matter is produced or reproduced."

28 CFR Part 75.8(c) - "Any other film or videotape shall contain the required statement within one minute from the start of the film or videotape, and before the opening scene, and shall display the statement for a sufficient duration to be read by the average viewer."

7.   One identification document provided by the producers was subsequently found to contain a false date of birth. Specifically, the producer provided a copy of a one page document containing a front and back copy of a military identification card for (P-1) who appeared in "Tension Rod Adjustment" and "There He Sat Broken Hearted." The front of the identification card contained (P-1) name, signature, photograph, Social Security Number and rank. The back of the identification card contained a date of birth of (P-1) and certain physical identifiers. NCIS personnel were unable to find any information for a (P-1) (P-1) with a date of birth of (P-1) in their system. Subsequent queries through various databases, including the California Department of Motor Vehicles, determined that (P-1) correct date of birth is (P-1) However, at this time, it is not possible to determine if the copy of the identification card was altered by the producer, or whether it was altered by (P-1) before he provided it to the producer.

18 U.S.C. §2257(d)(2) - "Paragraph (1) of this subsection shall not preclude the use of such information or evidence in a prosecution or other action for a violation of this chapter or chapter 71, or for a violation of any applicable provision of law with respect to the furnishing of false information."

## PRODUCER'S RESPONSE TO FINDINGS

On 04/03/2007, the producer advised that he had completed a cross-referencing system. On 05/10/2007, the producer provided via facsimile transmission a one page undated cover letter and nine pages containing the names of models appearing in each of Angry Young Man's 36 titles, in the order of their appearance. The documents received from the producer are contained on the following pages. SSA Stephen G. Lawrence, the Lead Inspector, reviewed the cross-reference system provided by the producer and determined that it does not comply with the requirements of 28 CFR Part 75.

On 04/03/2007, the producer also advised that he had spoken with legal counsel regarding how to correct $10,000 worth of new DVDs that had just been received that did not contain the required 2257 statement. The producer advised legal counsel was researching the issue and expected to have an answer on how to handle the matter the following week. However, no additional information was subsequently received from the producer.

                    FBI_001627

## PRE-INSPECTION PROCEDURES

The following pre-inspection procedures were followed:

1.  Angry Young Man was randomly selected from a database of known producers of adult products using a computerized random selection program.

2.  A sample of Angry Young Man DVDs was ordered via the Internet and the method of purchase was documented.

3.  All products ordered were reviewed for 18 U.S.C. §2257 compliance and a pre-inspection analysis was conducted for each of the DVDs ordered and the two still photographs printed from Angry Young Man's website.

4.  All performers depicted engaging in sexually explicit conduct were identified by either a stage name or by still photographs of their likeness taken from the DVDs or still photographs printed from Angry Young Man's website.

## INSPECTION PROCEDURES

The following inspection procedures were followed:

1.  The inspection began at approximately 11:00 a.m. during regular business hours.

2.  SSA Stephen G. Lawrence, the Lead Inspector, immediately identified himself and the purpose of the inspection upon entering Angry Young Man.

3.  SSA Lawrence explained the nature and purpose of the inspection, including the limited nature of the records inspection.

4.  SSA Lawrence provided ▮▮▮▮▮▮ with a letter explaining the parameters of the inspection and advising Angry Young Man could be re-inspected at any time if violations were discovered.

5.  Prior to the inspection, digital photographs were taken of the business, location of 18 U.S.C. §2257 records storage, and the working area assigned to the inspectors.  A disc containing a total of 17 photographs was placed in an FD-340 (1A) envelope and maintained with the case file.

6.  Contract inspectors reviewed the 18 U.S.C. §2257 records maintained by Angry Young Man for the four DVDs reviewed, as well as the two still photographs printed from Angry Young Man's website, to include the performers appearing therein.

SUBJECT TO PROTECTIVE ORDER

7.      Copies were made of the selected performers' identifications indicating date of birth.

8.      The inspection concluded at approximately 1:45 p.m.

SUBJECT TO PROTECTIVE ORDER

# RECORDS VERIFICATION
# SPREADSHEET

**ANGRY YOUNG MAN**

| TITLE | PRODUCTION DATE | STAGE NAME | DATE OF BIRTH | TRUE NAME |
|---|---|---|---|---|
| BAD CONDUCT DISCHARGE | NO DATE | | (P-1) | |
| BAD CONDUCT DISCHARGE | | | | |
| BAD CONDUCT DISCHARGE | | | | |
| CHECK OUT MY FURNITURE | NO DATE | UNKNOWN MALE | | |
| CHECK OUT MY FURNITURE | | UNKNOWN MALE | | |
| TENSION ROD ADJUSTMENT | NO DATE | UNKNOWN MALE #1 | | (P-1) |
| TENSION ROD ADJUSTMENT | | UNKNOWN MALE #2 | | |
| TENSION ROD ADJUSTMENT | | UNKNOWN MALE #3 | | |
| TENSION ROD ADJUSTMENT | | UNKNOWN MALE #4 | | |
| TENSION ROD ADJUSTMENT | | UNKNOWN MALE #5 | | |
| TENSION ROD ADJUSTMENT | | UNKNOWN MALE #6 | | |
| TENSION ROD ADJUSTMENT | | UNKNOWN MALE #7 | | |
| THERE HE SAT BROKEN HEARTED | NO DATE | UNKNOWN MALE | | |
| BASIC TOOL MAINTENANCE (only photo #3 from /gallery_9.html) | NO DATE | UNKNOWN MALE #1 | | |
| FRANK AND BEANS (only photo #5 from /gallery_14.html) | NO DATE | UNKNOWN MALE #1 | | |

SUBJECT TO PROTECTIVE ORDER

FBI_001643

# FD-302s

SUBJECT TO PROTECTIVE ORDER          FBI_001645

FD-302 (Rev. 10-6-95)

- 1 -

### FEDERAL BUREAU OF INVESTIGATION

Date of transcription    07/19/2007

     On 02/27/2007, Supervisory Special Agent (SSA) Stephen G. Lawrence accessed the Internet website of ANGRY YOUNG MAN, located at www.angryyoungman.com, which provided the following contact information: 1286 University Avenue PMB 531, San Diego, CA 92103, telephone number 858-689-9863, facsimile number 858-689-9352. The website also contained the following statement:

     "18 U.S.C. 2257 Compliance Statement: All models that appear in any visual depiction contained on this website (angryyoungman.biz and angryyoungman.com) were eighteen years of age or older at the time said depictions were created. Proof of age documentation required pursuant to 18 U.S.C. 2257, 18 U.S.C. 2256 and 28 CFR 75 is maintained by the custodian of records as follows: 1286 University Avenue #400, San Diego, CA 92103, Keeper of Records:   ████████  ."

     On 02/27/2007, SSA Lawrence queried www.superpages.com for the address of 1286 University Avenue, San Diego, CA 92103, and located a listing for POSTAL ANNEX, telephone number 619-298-7155.

     On 03/13/2007, SSA Lawrence and Inspector Myron M. Hitch drove to POSTAL ANNEX, 1286 University Avenue, San Diego, CA 92103, telephone number 619-298-7155. Upon identifying themselves, ████ ██████, an employee of POSTAL ANNEX, provided SSA Lawrence with a copy of all documents on file related to the rental of mailbox number 531. Included in those documents was a one page "Application for Delivery of Mail Through Agent," dated 06/21/1999, for the names ANGRY YOUNG MAN, PASZ AUF TRAINING FILMS, INC., and █████████ 1286 University Avenue PMB 531, San Diego, CA 92103-3312. The applicant was listed as ███████████████ of PASZ AUF TRAINING FILMS, INC., with a home address of ████████████████████████ ███████████████, telephone number ████████████ cellular number ████████████ and work number 858-689-9863.

     On 03/13/2007, SSA Lawrence and Inspector Hitch drove to 9450-B Mira Mesa Boulevard, San Diego, CA 92126, and discovered it was a MAIL BOXES ETC., telephone number 858-689-9151. Upon identifying themselves, ████████████████ manager of the MAIL BOXES ETC. location, provided SSA Lawrence with copies of documents related to the rental of mailbox number 206 and one original "Application for Delivery of Mail Through Agent" regarding the

---

Investigation on   02/27/07-03/23/07   at   Los Angeles and San Diego, California

File #   ░░░░(F)░░░░ -ANGRY          Date dictated _____

by    SSA Stephen G. Lawrence:sgl   *S.L.*

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

SUBJECT TO PROTECTIVE ORDER      FBI_001652

FD-302a (Rev. 10-6-95)

|     (F)     | —ANGRY |

Continuation of FD-302 of   <u>EFFORTS TO LOCATE 2257 RECORDS OF ANGRY YOUNG MAN</u> , On <u>2/27/07-3/23/07</u> , Page ____2____

rental of mailbox number 203.  The documents for mailbox number 206, dated 07/09/1998 and 02/01/2000, were in the names of PASZ AUF TRAINING FILMS, INC., and ████████████████, with a home address of ████████████████████████████████ and a work address of 7945 Silverton Avenue #1102, San Diego, CA 92126.  The original document for mailbox number 203, dated 06/29/1996, was in the names of ████████████ and ████████████████, telephone number ████████████████.

On 03/23/2007, after leaving a voice mail message for ████ at telephone number 858-689-6893, SSA Lawrence contacted ████ at cellular number ████████████.  After being advised of the identity of the interviewing agent and the nature of the interview, ████ stated that the records required to be maintained by ANGRY YOUNG MAN pursuant to Title 18, United States Code Section 2257 were in the possession of ████████████, 1286 University Avenue, San Diego, CA, and were available from 10:00 a.m. to 5:00 p.m. everyday.  ████████ further stated that the Department of Defense identification documents provided by various performers are in electronic form on CD and the model releases are in printed form.

On 03/23/2007, SSA Lawrence telephonically contacted ████ POSTAL ANNEX, 1286 University Avenue, San Diego, CA 92103, telephone number 619-298-7155.  After being advised of the identity of the interviewing agent and the nature of the interview, ████████ advised POSTAL ANNEX is open from 8:30 a.m. until 6:00 p.m. Monday through Friday, from 9:30 a.m. until 5:00 p.m. on Saturdays, and is closed Sundays.  ████████ stated that ████████ had asked him to keep the records related to ANGRY YOUNG MAN at POSTAL ANNEX, and that the records are maintained in a binder and on a CD.

The documents received from POSTAL ANNEX and MAIL BOXES ETC. were placed in separate FD-340 (1-A) envelopes and were placed in the case file.

SUBJECT TO PROTECTIVE ORDER

FD-302 (Rev. 10-6-95)

-1-

**FEDERAL BUREAU OF INVESTIGATION**

Date of transcription    07/19/2007

On 03/26/2007, Supervisory Special Agent (SSA) Stephen G.
Lawrence was telephonically contacted by ███████████, telephone
number 858-689-6893, who provided the following information
regarding ANGRY YOUNG MAN:

Legal counsel advised ██████ that he have the Federal
Bureau of Investigation conduct any pending inspection of ANGRY
YOUNG MAN's 2257 records at ████████ studio and avoid using an
intermediary (in reference to ████████ of POSTAL ANNEX, 1286
University Avenue, San Diego, CA 92103, telephone number 619-298-
7155, who was previously identified as the Custodian of Records for
ANGRY YOUNG MAN).

Approximately ninety percent (90%) of the performers
appearing in ANGRY YOUNG MAN's videos are active military personnel
from Miramar (Marine Corps Air Station Miramar).  Only about five
of ANGRY YOUNG MAN's titles involve sexual activity.

██████████ started shooting in approximately 1998-1999 and
was using a Thinkpad computer that crashed approximately 18 months
later, so he does not have some records from certain non-sexual
titles.  ██████████ has model releases, but is missing copies of some
state-issued identification.

The 2257 records are available at ANGRY YOUNG MAN'S
office, which has a studio built in the back of it, located at 7945
Silverton Avenue #1102, San Diego, CA 92126.  SSA Lawrence advised
████████ that he could not disclose when any inspection of ANGRY
YOUNG MAN's 2257 records would be conducted.  ████████ doesn't really
keep normal business hours, but lives close-by in the next
neighborhood, so he requested SSA Lawrence call him at cellular
number ████████ approximately 30 to 60 minutes beforehand so he
could meet SSA Lawrence at his office.

| | | | | |
|---|---|---|---|---|
| Investigation on | 03/26/2007 | at | Los Angeles, California | (telephonically) |

File #  (F)  ████████ -ANGRY          Date dictated _____

by   SSA Stephen G. Lawrence:sgl *l.l.*

This document contains neither recommendations nor conclusions of the FBI.  It is the property of the FBI and is loaned to your agency;
it and its contents are not to be distributed outside your agency.          SUBJECT TO PROTECTIVE ORDER          FBI_001654

FD-302 (Rev. 10-6-95)

- 1 -

### FEDERAL BUREAU OF INVESTIGATION

Date of transcription      07/22/2007

     On 03/27/2007, Supervisory Special Agent (SSA) Stephen G. Lawrence met with Special Agent (SA) Zachary Paton, United States Naval Criminal Investigative Service (NCIS), P.O. Box 452138, Building 7208, Marine Corps Air Station (MCAS) Miramar, San Diego, California, 92145, telephone number 858-577-4934/4355, facsimile number 858-577-4362.  Also present were Inspectors ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and one unidentified NCIS SA.

     SA Paton was shown a copy of a DD Form 2 - Active, further identified as a "Geneva Convention ID Card," issued 06/02/1999 with an expiration date of 02/24/2002, which reflected (P-1) born (P-1) Social Security Number (SSN) (P-1) was an active member of the United States Marine Corps (USMC) with the rank of "NONNCO."  SA Paton was also shown a copy of a DD Form 2 - Active, issued 09/06/2000 with an expiration date of 07/29/2001, which reflected (P-1) born (P-1) SSN (P-1) was also an active member of the USMC with the rank and pay grade of "CPL / E4."  SSA Lawrence advised SA Paton that he and the inspectors had obtained the copies of the two DD Forms during a routine 2257 inspection of ANGRY YOUNG MAN earlier that day.  SSA Lawrence advised he wanted to verify the authenticity of the documents and wanted to determine if it was a violation of the Uniform Code of Military Justice (UCMJ) for an active military member to voluntarily appear in any pornographic video made for commercial sale.

     SA Paton advised that it would be a violation of several sections of the UCMJ for an active military member to voluntarily appear in a pornographic video.  SA Paton queried (P-1) born (P-1) and (P-1) born (P-1) through the Marine Corps Total Force System (MCTFS) and the Consolidated Law Enforcement Operations Center (CLEOC), with negative results.

     SA Paton was unfamiliar with the company ANGRY YOUNG MAN or PASF AUF TRAINING FILMS (PATF), but suggested SSA Lawrence check with the base's Public Affairs Office or Audio Visual Center for any history or contracts with PATF.

     SSA Lawrence showed SA Paton and the unidentified NCIS SA copies of several still photographs taken from ANGRY YOUNG MAN's

---

Investigation on     03/27/2007      at   San Diego, California

File ▮▮▮▮▮(F)▮▮▮▮▮-ANGRY        Date dictated _____

by   SSA Stephen G. Lawrence:sgl  *L.L.*

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

SUBJECT TO PROTECTIVE ORDER        FBI_001655

FD-302a (Rev. 10-6-95)

|          |          |
|----------|----------|
| (F)      | -ANGRY   |

Continuation of FD-302 of ___SA Zachary Paton, NCIS___ , On _03/27/2007_ , Page __2__

internet website.  SA Paton advised that one of the photographs
looked as if it certainly could have been taken in a military
shower, based on the unique type of shower consisting of a large
steel cylinder with numerous showerheads.  However, SA Paton and
the unidentified NCIS SA were unable to determine with certainty if
any of the photographs were taken in any military showers or locker
rooms they were familiar with.

SUBJECT TO PROTECTIVE ORDER

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription     07/19/2007

   On 04/03/2007, Supervisory Special Agent (SSA) Stephen G.
Lawrence telephonically contacted ████████████, owner of ANGRY
YOUNG MAN, to clarify an administrative question from Inspector
██████ related to the inspection of ANGRY YOUNG MAN's 2257
records on 03/27/2007.

   After resolving the question, ██████ stated that he had
completed a cross-referencing system and wanted to know if he
should send a copy to SSA Lawrence, who said he would get back to
██████████ had spoken with his attorney, ████████████
(phonetic), who handles legal issues for ANGRY YOUNG MAN, regarding
how to correct the $10,000 in product ██████ just received that
does not contain the required 2257 statement. ██████████ is
researching the issue and expects to have an answer for ██████████
early the following week.

   ██████████ also stated that he has rented CALIFORNIA HEALTH
SPA in Claremont, California, to shoot a lot of pool and locker
room scenes after hours.

   On 04/18/2007, SSA Lawrence telephonically contacted
██████████ cellular number ████████, and requested ██████ send him
a copy of the cross-reference system. ██████████ advised that instead
of writing each movie title each time, he had simply used the
number of each movie and indicated the list was only about five
pages long. ██████████ advised there was a legend or key that would
indicate which number is assigned to each movie. ██████████ stated
that he had broken his right arm the previous week by falling over
an open dishwasher door at home, so he was going to have to have
someone do it for him, which would cause a slight delay. ██████████
stated he would send SSA Lawrence the material via facsimile
transmission sometime the following week. SSA Lawrence asked
██████████ to fax it to his attention at facsimile number 310-996-4471.

---

| | | | |
|---|---|---|---|
| Investigation on | 04/03&18/2007 at | Los Angeles, California | (telephonically) |

| File # | ████ (F) ████-ANGRY | | Date dictated | |
|---|---|---|---|---|

by SSA Stephen G. Lawrence:sgl *S.L.*

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency;
it and its contents are not to be distributed outside your agency. SUBJECT TO PROTECTIVE ORDER  FBI_001657

FD-302 (Rev. 10-6-95)

-1-

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription      07/18/2007

      On 05/10/2007, Supervisory Special Agent Stephen G. Lawrence received the following from ▮▮▮▮▮▮▮▮ Custodian of Records, PASZ AUF TRAINING FILMS, doing business as ANGRY YOUNG MAN, via facsimile transmission:

      1)  A one page undated cover letter; and

      2)  Nine pages containing the names of models appearing in each of ANGRY YOUNG MAN's 36 video releases, in the order of their appearance.

      The date of 05/09/2007, the name ▮▮▮▮▮▮▮▮ and the number 619-269-5855 were listed in the facsimile header at the top of each page.

      The documents received from ▮▮▮▮ were placed in an FD-340 (1-A) envelope and were placed in the case file.

---

| Investigation on | 05/10/2007 | at | Los Angeles, California | (via facsimile) |

File #  ▮▮▮▮ (F) ▮▮ ANGRY          Date dictated _____

by    SSA Stephen G. Lawrence:sgl  *S.L.*

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

SUBJECT TO PROTECTIVE ORDER

FBI_001658

CAMERA _Nikon Coolpix 995_  LENS - Normal - N  
FILM : ASA _Digital_    Wide - W  
ROLL No. ____     Macro - M  
Tele - T

LIGHT - Available - A  
Elec.Strobe - E  
Flashbulb - F

## Photo Log Sketch

| Photo No. | Lens | Light | SS | f - stop | Description |
|---|---|---|---|---|---|
| 1 | | | | | title page - Angry Young Man |
| 2 | | | | | building front - 7915 Silverton Ave # 1102, San Diego Ca 92126 |
| 3 | | | | | front door - #1102 |
| 4 | | | | | Studio - records / red binder on table |
| 5 | | | | | Studio - lockers (from left) |
| 6 | | | | | Studio - Medical exam room |
| 7 | | | | | Studio - lockers and storage area |
| 8 | | | | | Studio - Storage area with glass door |
| 9 | | | | | Studio - raised showers |
| 10 | | | | | Studio - lockers area (from left) |
| 11 | | | | | Studio - locker area (from right) |
| 12 | | | | | Studio - Medical exam room and portion of raised showers |
| 13 | | | | | Studio - showers with blue hand |
| 14 | | | | | Storage room for products + work area used to copy forms |
| 15 | | | | | Storage room - shot of sink along the wall |
| 16 | | | | | Chain link fence covering garage door to ware house |
| 17 | | | | | table area where 2257 records, (soda Pit) binder given to custodian of records. |
| 18 | | | | | |
| 19 | | | | | |
| 20 | | | | | |
| 21 | | | | | |
| 22 | | | | | |
| 23 | | | | | |
| 24 | | | | | |
| 25 | | | | | |
| 26 | | | | | |
| 27 | | | | | |
| 28 | | | | | |
| 29 | | | | | |
| 30 | | | | | |
| 31 | | | | | |
| 32 | | | | | |
| 33 | | | | | |
| 34 | | | | | |
| 35 | | | | | |
| 36 | | | | | |

**REMARKS**

Angry Young Man, 03/27/2007

PHOTOGRAPHER: ____

SUBJECT TO PROTECTIVE ORDER

FBI_001661

## INSPECTION COMPLIANCE DETERMINATION

Angry Young Man was determined to be out of compliance with 18 U.S.C. §2257 and 28 C.F.R. Part 75.

SUBJECT TO PROTECTIVE ORDER            FBI_001728