# FEDERAL BUREAU OF INVESTIGATION

## REGULATORY INSPECTION REPORT
## (18 U.S.C. §2257)

### OF

**A. Lords Productions, L.L.C.,
formerly known as Alexis Lords Productions, Inc.,
doing business as www.8teenboys.com
15025 S.W. 89th Terrace Road
Miami, FL 33196**

**Date of Inspection: 09/17/2007**

# **TABLE OF CONTENTS**

Producer Information                              Tab     1
Inspection Summary

Findings                                          Tab     2
Producer's Response to Findings

Pre-Inspection Procedures                         Tab     3
Inspection Procedures

Records Verification Spreadsheet                  Tab     4

FD-302s                                           Tab     5

Photo Log/Photos                                  Tab     6

2257 Checklists                                   Tab     7

Inspection Compliance Determination               Tab     8

SUBJECT TO PROTECTIVE ORDER                    FBI_002773

## REGULATORY INSPECTIONS REPORT

Report of:    SSA Stephen G. Lawrence,
              2257 Regulatory Inspections Unit, Crimes Against Children Unit,
              Violent Crimes Section, Criminal Investigative Division

Report Date:  01/22/2008
File Number:  ▮▮▮ (F) ▮▮▮ -ALEXISLORD

## PRODUCER INFORMATION

An inspection was conducted of A. Lords Productions, L.L.C., formerly known as Alexis Lords Productions, Inc., doing business as www.8teenboys.com (hereinafter "A. Lords Productions"), pursuant to Title 18, United States Code Section 2257 (18 U.S.C. §2257) and Title 28, Code of Federal Regulations Part 75 (28 C.F.R. Part 75). The inspection was conducted on 09/17/2007 at the residence of ▮▮▮▮▮▮▮, one of the owners and the sole Custodian of Records for A. Lords Productions, ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ telephone number ▮▮▮▮▮▮▮, cellular number ▮▮▮▮▮▮▮. Effective 01/01/2007, Alexis Lords Productions, Inc., ceased operations and began operating as A. Lords Productions. Alexis Rodriguez granted access and was present throughout the inspection.

## INSPECTION SUMMARY

Two short trailers available in the tour section of A. Lords Productions' website, www.8teenboys.com, were downloaded to DVDs from the Internet via downstreaming video. In addition, two movies and available in the members section of the A. Lords Productions website were downloaded to DVDs via downstreaming video. Finally, four galleries available in the members section of the website were printed and downloaded to DVDs. Contract inspectors reviewed the two trailers, two movies and four galleries and identified all performers by stage name or by still photographs taken from the DVDs. A total of 20 performers were identified as appearing in the two trailers, two movies and four galleries. Prior to the inspection, contract inspectors printed several still photographs of each performer's face from different camera angles. During the inspection, Alexis Rodriguez advised the Lead Inspector that A. Lords Productions was the secondary producer for one gallery, entitled "Shane & Jean Gallery" on the Records Verification Spreadsheet in Tab 4, and that he did not have any identification records for the performers therein. A. Lords Productions was identified as the primary producer for this particular gallery in the 2257 statement attached as a hyperlink to the particular webpage. ▮▮▮▮▮▮▮ identified the primary producer for "Shane & Jean Gallery" as Digital Revolution, doing business as www.cheapcontent.com, CC.1356B Dunwoodie Avenue, Waverley, 0135, South Africa, which was identified as the secondary producer in the 2257 statement. Accordingly, "Shane & Jean Gallery" was excluded from the inspection. During the inspection, still photographs

SUBJECT TO PROTECTIVE ORDER

from the two trailers, two movies and remaining three galleries were compared with the performer identification on record to ensure the identification was, in fact, of that performer.

After the inspection on 09/17/2007, it was determined that A. Lords Productions had three 2257 violations.

During this inspection, all provisions of 18 U.S.C. §2257 guidelines were followed by the inspection team.

SUBJECT TO PROTECTIVE ORDER                    FBI_002776

**FINDINGS**

1. Not all pages containing visual depictions of sexually explicit conduct on A. Lords Productions' Internet website, located at www.8teenboys.com, contained the 2257 statement required under 18 U.S.C. §2257.

   18 U.S.C. §2257(e)(1) - "Any person to whom subsection (a) applies shall cause to be affixed to every copy of any matter described in paragraph (1) of subsection (a) of this section, in such manner and in such form as the Attorney General shall by $$$regulations prescribe, a statement describing where the records required by this section with respect to all performers depicted in that copy of the matter may be located."

   18 U.S.C. §2257(e)(2) - "If the person to whom subsection (a) of this section applies is an organization the statement required by this subsection shall include the name, title, and business address of the individual employed by such organization responsible for maintaining the records required by this section."

   28 CFR Part 75.6(a) - "Any producer of any book, magazine, periodical, film, videotape, digitally- or computer-manipulated image, digital image, or picture, or other matter (including but not limited to Internet computer site or services) that contains one or more visual depictions of an actual human being engaged in actual sexually explicit conduct made after July 3, 1995, and produced, manufactured, published, duplicated, reproduced, or reissued on or after July 3, 1995, shall cause to be affixed to every copy of the matter a statement describing the location of the records required by this part..."

   28 CFR Part 75.6(b) - "Every statement shall contain:...
   (3)    A street address at which the records required by this part may be made available…"

   28 CFR Part 75.6(c) - "If the producer is an organization, the statement shall also contain the name, title, and business address of the individual employed by such organization who is responsible for maintaining the records required by this part."

2. A very limited cross-reference system was in place at the time of inspection. A. Lords Productions maintained files for each performer, but did not specifically list the titles of the products each performer appeared in or contain information as to any other names that may have been used by the performer. In addition, A. Lords Productions did not maintain any cross-reference system by product title.

   18 U.S.C. §2257(b) – " Any person to whom subsection (a) applies shall, with respect to every performer portrayed in a visual depiction of actual sexually explicit conduct— …

SUBJECT TO PROTECTIVE ORDER                    FBI_002778

(2) ascertain any name, other than the performer's present and correct name, ever used by the performer including maiden name, alias, nickname, stage, or professional name; and

(3) record in the records required by subsection (a) the information required by paragraphs (1) and (2) of this subsection and such other identifying information as may be prescribed by regulation. "

28 CFR Part 75.2(a)(2) – "Any name, other than each performer's legal name, ever used by the performer, including the performer's maiden name, alias, nickname, stage name, or professional name. For any performer portrayed in such a depiction made after July 3, 1995, such names shall be indexed by the title or identifying number of the book, magazine, film, videotape, digitally- or computer-manipulated image, digital image, picture, URL, or other matter. Producers may rely in good faith on representations by performers regarding accuracy of the names, other than legal names, used by performers. "

28 CFR Part 75.2(a)(3) – "Records required to be created and maintained under this part shall be organized alphabetically, or numerically where appropriate, by the legal name of the performer (by last or family name, then first or given name), and shall be indexed or cross-referenced to each alias or other name used and to each title or identifying number of the book, magazine, film, videotape, digitally- or computer-manipulated image, digital image, picture, URL, or other matter. "

28 CFR Part 75.2(d) – "For any record created or amended after June 23, 2005, all such records shall be organized alphabetically, or numerically where appropriate, by the legal name of the performer (by last or family name, then first or given name), and shall be indexed or cross-referenced to each alias or other name used and to each title or identifying number of the book, magazine, film, videotape, digitally- or computer-manipulated image, digital image, or picture, or other matter (including but not limited to Internet computer site or services). If the producer subsequently produces an additional book, magazine, film, videotape, digitally- or computer-manipulated image, digital image, or picture, or other matter (including but not limited to Internet computer site or services) that contains one or more visual depictions of an actual human being engaged in actual sexually explicit conduct made by a performer for whom he maintains records as required by this part, the producer shall add the additional title or identifying number and the names of the performer to the existing records and such records shall thereafter be maintained in accordance with this paragraph."

28 CFR Part 75.3 - "Records required to be maintained under this part shall be categorized and retrievable to: All name(s) of each performer, including any alias, maiden name, nickname, stage name or professional name of the performer; and including the title, number, or other similar identifier of each...digitally- or computer-manipulated image, digital image, or picture, or other matter (including but not

limited to Internet computer site or services).  Only one copy of each picture of a performer's picture identification card and identification document must be kept as long as each copy is categorized and retrievable according to any name, real or assumed, used by each performer, and according to any title or other identifier of the matter."

3.      The 2257 statement was not displayed for a sufficient duration in "Pool Side Fun," "The Proper Spa Treatment," or trailers #1 and 2.  For example, the 2257 statement was only displayed for approximately 4.5 seconds for "Pool Side Fun" and approximately 3.0 seconds for "The Proper Spa Treatment."

28 CFR Part 75.6(e) – "...For any electronic or other display of the notice that is limited in time, the notice must be displayed for a sufficient duration...to be capable of being read by the average viewer."

28 CFR Part 75.8(c ) – "Any other film or videotape shall contain the required statement within one minute from the start of the film or videotape, and before the opening scene, and shall display the statement for a sufficient duration to be read by the average viewer. "

## PRODUCER'S RESPONSE TO FINDINGS

On 09/24/2007, the producer sent SSA Stephen G. Lawrence, the Lead Inspector, an email advising that all pages on the www.8teenboys.com website were being checked to add the 2257 statement; that each video was being re-edited to make the duration of the 2257 statement that appears exactly ten seconds long; and that "a cross-reference to every performer" was being created.

On 10/02/2007, the producer sent SSA Lawrence a second email and attached a spreadsheet containing a cross-reference system.  SSA Lawrence reviewed the cross-reference system provided by the producer and determined that it does not comply with the requirements of 28 CFR Part 75.

On 10/05/2007, the day he canceled the paid subscription to www.8teenboys.com, SSA Lawrence reviewed the website and determined that it appeared a hyperlink to a 2257 statement had been added to every page on the website.  SSA Lawrence also reviewed the duration of the 2257 statements appearing in the various titles that were inspected.  The duration of the 2257 statements were found to range between two and five seconds and were not of sufficient length to comply with the requirements of 28 CFR Part 75.  It is possible that, as of 10/05/2007, the producer had not had sufficient time to edit each title on the website and that the duration of the 2257 statements were edited subsequent to the cancellation of the paid subscription.  However, during his review on 10/05/2007, SSA Lawrence did not find any 2257 statements that were displayed for more than five seconds, including titles that had not been inspected.

SUBJECT TO PROTECTIVE ORDER

The emails and cross-reference spreadsheet received from the producer are contained on the following pages.

## PRE-INSPECTION PROCEDURES

The following pre-inspection procedures were followed:

1.  A. Lords Productions was randomly selected from a database of known producers of adult products using a computerized random selection program.

2.  A sample of A. Lords Productions product, comprised of trailers, movies and galleries, were downloaded from the Internet to DVDs and the method of purchase was documented.

3.  All products were reviewed for 18 U.S.C. §2257 compliance and a pre-inspection analysis was conducted for each of the trailers, movies and galleries obtained.

4.  All performers depicted engaging in sexually explicit conduct were identified by either a stage name or by still photographs of their likeness taken from the DVDs.

## INSPECTION PROCEDURES

The following inspection procedures were followed:

1.  The inspection began at approximately 11:15 a.m. during regular business hours.

2.  SSA Lawrence, the Lead Inspector, immediately identified himself and the purpose of the inspection upon entering the residence of Alexis Rodriguez.

3.  SSA Lawrence explained the nature and purpose of the inspection, including the limited nature of the records inspection.

4.  SSA Lawrence provided                        with a letter explaining the parameters of the inspection and advising A. Lords Productions could be re-inspected at any time if violations were discovered.

5.  Prior to the inspection, digital photographs were taken of the exterior of                        residence, location of 18 U.S.C. §2257 records storage, and the working area assigned to the inspectors. A disc containing a total of six photographs was placed in an FD-340 (1A) envelope and maintained with the case file.

6.  Contract inspectors reviewed the 18 U.S.C. §2257 records maintained by A. Lords Productions for the two trailers, two movies and four galleries reviewed,

to include the performers appearing therein. The Lead Inspector also reviewed A. Lords Productions cross-reference system.

7.  Copies were made of the selected performers' identifications indicating date of birth.

8.  The inspection concluded at approximately 2:45 p.m.

9.  Digital photographs were taken of the working area used by the inspection team prior to departing the place of business.

SUBJECT TO PROTECTIVE ORDER                    FBI_002791

# RECORDS VERIFICATION SPREADSHEET

SUBJECT TO PROTECTIVE ORDER

**ALEXISLORDS**

| TITLE | | PRODUCTION DATE | STAGE NAME | DATE OF BIRTH | TRUE NAME | RACE | SEX |
|---|---|---|---|---|---|---|---|
| (P-1) | GALLERY | 7/22/2007 | | | | | |
| | GALLERY | 7/22/2007 | | | | | |
| | GALLERY | 7/22/2007 | | | | | |
| | GALLERY | 7/22/2007 | | | | | |
| (P-1) | REAV GALLERY | 7/22/2007 | | | | | |
| | REAV GALLERY | 7/22/2007 | | | | | |
| | REAV GALLERY | 7/22/2007 | | | | | |
| (P-1) | GALLERY | 2/22/2001 | | | | | |
| POOL SIDE FUN | | 7/22/2007 | | | | | |
| POOL SIDE FUN | | 7/22/2007 | | | | | |
| POOL SIDE FUN | | 7/22/2007 | (P-1) | | | | |
| POOL SIDE FUN | | 7/22/2007 | | | | | |
| (P-1) | GALLERY | N/A | | | | | |
| | GALLERY | N/A | | | | | |
| THE PROPER SPA TREATMENT | | 7/18/2007 | | | | | |
| THE PROPER SPA TREATMENT | | 7/18/2007 | | | | | |
| THE PROPER SPA TREATMENT | | 7/18/2007 | | | | | |
| TRAILER # 1 | | 7/22/2007 | | | | | |
| TRAILER # 1 | | 7/22/2007 | | | | | |
| TRAILER #2 | | 7/22/2007 | | | | | |

FBI_002794

# PHOTO LOG / PHOTOS

FBI_002806

**CAMERA** _Nikon Cool Pix 995_   **LENS - Normal - N**        **LIGHT - Available - A**

**FILM : ASA** _Digital_              **Wide - W**              **Elec.Strobe - E**

**ROLL No.** _____        **Macro - M**              **Flashbulb - F**

                                    **Tele. - T**

| hoto No. | Lens | Light | SS | f - stop | Description | Photo Log Sketch |
|----------|------|-------|----|----------|-------------|------------------|
| 1 | | | | | Title Page - Alexis Lorde, 09/17/2007 | |
| 2 | | | | | Front of Residence | |
| 3 | | | | | Cabinet containing 2257 records (no flash) | |
| 4 | | | | | Cabinet containing 2257 records (with flash) | |
| 5 | | | | | Inspection work area - before | |
| 6 | | | | | Inspection work area - after | |
| 7 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |
| 21 | | | | | | |
| 22 | | | | | | |
| 23 | | | | | | |
| 24 | | | | | | |
| 25 | | | | | | |
| 26 | | | | | | |
| 27 | | | | | | |
| 28 | | | | | | |
| 29 | | | | | | |
| 30 | | | | | | |
| 31 | | | | | | |
| 32 | | | | | | |
| 33 | | | | | | **REMARKS** |
| 34 | | | | | | |
| 35 | | | | | | |
| 36 | | | | | | |

SUBJECT TO PROTECTIVE ORDER                    FBI_002808

## INSPECTION COMPLIANCE DETERMINATION

A. Lords Productions, L.L.C., formerly known as Alexis Lords Productions, Inc., doing business as www.8teenboys.com, was determined to be out of compliance with 18 U.S.C. §2257 and 28 C.F.R. Part 75.