IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., | ) <br> ) Civil Action No. 2:09-4607 <br> ) <br> ) Judge Michael M. Baylson <br> ) <br> ) <br> ) DECLARATION OF ADRIANA <br> ) VECCHIO <br> ) <br> ) <br> ) |
| Plaintiffs, | |
| v. | |
| THE HONORABLE ERIC H. HOLDER, JR., Attorney General, | |
| Defendant. | |

I, Adriana Vecchio, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.  I am a Paralegal Specialist at the U.S. Department of Justice, Civil Division, Federal Programs Branch. I have been in this position for 5 years. I am currently assisting Government attorneys representing defendant Attorney General in the *Free Speech Coalition v. Holder* case, in which several plaintiffs are challenging the constitutionality of 18 U.S.C §§ 2257 and 2257A. I am over 21 years of age.

2.  This declaration is based on my personal knowledge. All the information contained in this declaration was made available to me through my official duties.

3.  It is my understanding that plaintiffs in this case have produced in discovery copies of documents that they keep pursuant to 18 U.S.C. § 2257, including the identification cards ("IDs") and model releases of individuals depicted in images that they produce. These documents include the dates of births ("DOBs") of the individuals and the date of production of the material in which the individual was depicted.

1

4. Héctor Bladuell, one of the attorneys representing the Government in this case, asked me to review some of these documents produced by plaintiffs and calculate the age of each individual at the time of production of the material. The following is a list of the documents that I have reviewed:

A. Vivid Video (FSC): On Feb. 21, 2013, plaintiffs' counsel provided PDF copies of "talent reports" for individuals appearing in 25 DVDs produced by Vivid Video, which counsel represented is an FSC member. These talent reports include a copy of each individual's ID, the title of the film, and its date of production ("DOP"), among other information. I used the DOP and the DOB on the ID to calculate each person's age.

B. Morey (ASMP): On Feb. 22, 2013, plaintiffs' counsel provided PDF copies of IDs and model releases kept by Morey for 30 women. The IDs and model releases were in separate documents, so I matched each ID to the corresponding model release. I used the date handwritten on the model release and the DOB on the ID to calculate each person's age.

C. Dodson & Ross: On Feb. 5, March 8, and April 1, 2013, plaintiffs' counsel provided PDF copies of 20 IDs and model releases kept by these plaintiffs. Some of these documents were also provided in hard copies. The IDs and model releases were in separate documents, so I matched each ID to the corresponding model release. I used the date handwritten on the model release and the DOB on the ID to calculate each person's age. Some of the IDs and model releases provided by counsel were illegible, and one was missing a release, so I was not able to include these documents in my calculation.

D. Levine: On Feb. 5, 2013, plaintiffs' counsel provided hard copies of 66 IDs and model releases kept by Levine. For the most part, after each model release there was a corresponding ID. I used the date handwritten on the model release and the DOB on the ID to calculate the person's age. For one individual, the date written for the release was obviously incorrect (the release date was listed as before the person's birth date), so I was not able to include them in my calculation.

E. Levingston: On Feb. 11 and March 26, 2013, plaintiffs' counsel provided copies of 270 IDs and corresponding model releases kept by Levingston. The IDs provided on Feb. 11 were in 3 separate PDF documents, and the model releases were in a separate PDF file. The IDs and model releases provided on March 26 were hard copies. I matched each ID to the corresponding model release. Some of the IDs provided by counsel were illegible, so I used the DOB reported in the model release in my calculation. Some of the IDs did not match up with any releases, so I was unable to include those in my calculations.

5.      To calculate the age of each individual, I inserted the initials, date of birth, date of release/production, and other information for each individual into an Excel spreadsheet. I then entered a formula to calculate accurately and automatically the age of each person. In the age field of the Excel sheet, I entered a formula by using the Insert Function menu. I used the integer function from that menu. I used the date of birth given, subtracted from the date of release or date of production for each individual, and divided the sum by 365.25, to account for leap years. The integer function returned the whole number of the sum, disregarding the remainder.

6.      The following table summarizes the results of my calculations:

| Plaintiff | Total IDs | Total 25 and younger | Percentage 25 and younger | Total 21 and younger | Percentage 21 and younger | Youngest performer |
|---|---|---|---|---|---|---|
| Vivid (FSC) | 244 | 100 | 40.98% | 30 | 12.30% | 18 |
| Morey (ASMP) | 30 | 19 | 61.29% | 10 | 33.33% | 18 |
| Dodson/Ross | 20 | 5 | 25.00% | 1 | 5.00% | 21 |
| Levine | 66 | 16 | 24.24% | 1 | 1.52% | 21 |
| Levingston | 270 | 119 | 44.07% | 30 | 11.11% | 18 |

7.      I declare under penalty of perjury that the foregoing is true, accurate, and correct to the best of my knowledge.

Date: May 10, 2013

*Adriana Vecchio*
Adriana Vecchio