IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREE SPEECH COALITION, INC. et al., | ) | Civil Action No. 2:09-4607 |
| | ) | |
| Plaintiffs, | ) | Judge Michael M. Baylson |
| | ) | |
| v. | ) | |
| | ) | BARBARA ALPER'S RESPONSE TO |
| THE HONORABLE ERIC H. HOLDER, JR., | ) | DEFENDANT'S FIRST SET OF |
| Attorney General, | ) | REQUESTS FOR ADMISSION |
| | ) | |
| Defendant. | ) | |

Pursuant to Fed. R. Civ. P. 36, each plaintiff is hereby requested to respond, separately from other plaintiffs (or to the extent all plaintiffs' responses to any Request for Admission are identical, a common response indicating that each plaintiff's response is identical would suffice), to each of the following Requests for Admission separately and fully in writing, and to provide responses by electronic mail to defendant's undersigned counsel by the applicable deadline. For organizational plaintiffs American Society of Media Photographers and Free Speech Coalition, "you" in any of the following Requests refers to you and/or your members, unless otherwise specified. In responding to these Requests, type out each Request before your response.

1. Admit that persons below the age of eighteen can appear to be older than eighteen.

Admit.

2. Admit that a person below the age of eighteen can display the physical signs of sexual development consistent with that of a person above the age of eighteen.

Admit.

3. Admit that a person below the age of eighteen can reach full maturity with respect to pubic hair development before the age of eighteen.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREE SPEECH COALITION, INC. et al., | ) | Civil Action No. 2:09-4607 |
| | ) | |
| Plaintiffs, | ) | Judge Michael M. Baylson |
| | ) | |
| v. | ) | |
| | ) | AMERICAN SOCIETY OF MEDIA |
| THE HONORABLE ERIC H. HOLDER, JR., | ) | PHOTOGRAPHERS' RESPONSE TO |
| Attorney General, | ) | DEFENDANT'S FIRST SET OF |
| | ) | REQUESTS FOR ADMISSION |
| Defendant. | ) | |

Pursuant to Fed. R. Civ. P. 36, each plaintiff is hereby requested to respond, separately from other plaintiffs (or to the extent all plaintiffs' responses to any Request for Admission are identical, a common response indicating that each plaintiff's response is identical would suffice), to each of the following Requests for Admission separately and fully in writing, and to provide responses by electronic mail to defendant's undersigned counsel by the applicable deadline. For organizational plaintiffs American Society of Media Photographers and Free Speech Coalition, "you" in any of the following Requests refers to you and/or your members, unless otherwise specified. In responding to these Requests, type out each Request before your response.

1. Admit that persons below the age of eighteen can appear to be older than eighteen.

Admit.

2. Admit that a person below the age of eighteen can display the physical signs of sexual development consistent with that of a person above the age of eighteen.

Admit.

3. Admit that a person below the age of eighteen can reach full maturity with respect to pubic hair development before the age of eighteen.

19. Admit that physical sexual development can occur more rapidly for some minors than for others.

Admit.

20. Admit that, prior to the enactment of 18 U.S.C. §2257, you used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Plaintiff American Society of Media Photographers does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

21. Admit that, prior to the enactment of 18 U.S.C. §2257, you used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Plaintiff American Society of Media Photographers does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

22. Admit that, since the enactment of 18 U.S.C. §2257, you have considered using individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Plaintiff American Society of Media Photographers does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

23. Admit that, since the enactment of 18 U.S.C. §2257, you have used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Plaintiff American Society of Media Photographers does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

24. Admit that, since the enactment of 18 U.S.C. §2257, you have considered using individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Plaintiff American Society of Media Photographers does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

25. Admit that, since the enactment of 18 U.S.C. §2257, you have used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Plaintiff American Society of Media Photographers does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

26. Admit that, prior to the enactment of 18 U.S.C. §2257A, you used individuals as performers in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit conduct limited to lascivious exhibition of the genitals who were below the age of twenty-five.

Plaintiff American Society of Media Photographers does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

27. Admit that, prior to the enactment of 18 U.S.C. §2257A, you used individuals as performers in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit conduct limited to lascivious exhibition of the genitals who were below the age of twenty-one.

Plaintiff American Society of Media Photographers does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

7

28. Admit that, since the enactment of 18 U.S.C. §2257A, you have considered using individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Plaintiff American Society of Media Photographers does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

29. Admit that, since the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Plaintiff American Society of Media Photographers does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

30. Admit that, since the enactment of 18 U.S.C. §2257A, you have considered using individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Plaintiff American Society of Media Photographers does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

31. Admit that, since the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Plaintiff American Society of Media Photographers does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

8

32. Admit that, prior to the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Plaintiff American Society of Media Photographers does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

33. Admit that, prior to the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Plaintiff American Society of Media Photographers does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

34. Admit that images constituting child pornography are sent through electronic mail.

Plaintiff American Society of Media Photographers cannot answer this request because the information it knows or can readily obtain is insufficient to permit it to admit or deny this request for admission.

35. Admit that images constituting child pornography are sent through multimedia messaging services.

Plaintiff American Society of Media Photographers cannot answer this request because the information it knows or can readily obtain is insufficient to permit it to admit or deny this request for admission.

36. Admit that images constituting child pornography are inserted on websites.

9

Plaintiff American Society of Media Photographers does not produce sexually explicit expression. Plaintiff American Society of Media Photographers' members do not and have never used anyone under the age of 18 in their sexually explicit visual depictions. They are vigorously opposed to child pornography and the use of minors in sexually explicit expression. However, they are not experts on or knowledgeable about the nature and extent of the harms associated with child pornography to be in a position to admit or deny this request.

60. Admit that if you (or, for organizational plaintiffs, one of your members) used an underage individual in a visual depiction of sexually-explicit conduct that you created (or, if you are a secondary producer, produced), the depiction would constitute child pornography.

Admit that it would constitute a violation of the federal statutes prohibiting child pornography.

61. Admit that a large quantity of visual depictions of actual sexually-explicit conduct produced since the enactment of 18 U.S.C. § 2257 contains youthful-looking individuals.

On January 14, 2013, Defendant clarified that "youthful-looking individuals" means "individuals who appear to be relatively young, regardless of their actual age." Plaintiffs object to this request on the ground that it is still vague notwithstanding this clarification. Notwithstanding this objection, Plaintiffs admit that since the enactment of 18 U.S.C. § 2257, adult film producers have produced substantial quantities of expression that depicts performers between the ages of 18 and 24 who could be described as youthful looking, but also have produced substantial quantities of visual depictions of sexually-explicit conduct depicting older adults.

62. Admit that a large quantity of visual depictions of simulated sexually-explicit conduct produced since the enactment of 18 U.S.C. § 2257A contains youthful-looking individuals.

16

On January 14, 2013, Defendant clarified that "youthful-looking individuals" means "individuals who appear to be relatively young, regardless of their actual age." Plaintiffs object to this request on the ground that it is still vague notwithstanding this clarification. Notwithstanding this objection, Plaintiffs admit that since the enactment of 18 U.S.C. § 2257A, adult film producers have produced substantial quantities of expression that depicts performers between the ages of 18 and 24 who could be described as youthful looking, but also have produced substantial quantities of visual depictions of sexually-explicit conduct depicting older adults.

Respectfully submitted,

J. MICHAEL MURRAY (0019626)
jmmurray@bgmdlaw.com
LORRAINE R. BAUMGARDNER (0019642)
lbaumgardner@bgmdlaw.com
BERKMAN, GORDON, MURRAY & DeVAN
55 Public Square, Suite 2200
Cleveland, Ohio  44113-1949
(216) 781-5245
(216) 781-8207 (Facsimile)

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing American Society of Media Photographers'
Response to Defendant's First Set of Requests for Admission has been served upon Attorneys for
Defendant, Kathryn L. Wyer, U.S. Department of Justice, Civil Division, via email
(kathryn.wyer@usdoj.gov) and Hector Bladuell, U.S. Department of Justice, Civil Division, via
email (Hector.Bladuell@usdoj.gov) on this 7th day of February, 2013.

J. MICHAEL MURRAY (0019626)
LORRAINE R. BAUMGARDNER (0019642)
BERKMAN, GORDON, MURRAY & DeVAN

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREE SPEECH COALITION, INC. et al., | ) | Civil Action No. 2:09-4607 |
| | ) | |
| Plaintiffs, | ) | Judge Michael M. Baylson |
| | ) | |
| v. | ) | |
| | ) | BETTY DODSON'S AND CARLIN |
| THE HONORABLE ERIC H. HOLDER, JR., | ) | ROSS'S RESPONSE TO DEFENDANT'S |
| Attorney General, | ) | FIRST SET OF REQUESTS FOR |
| | ) | ADMISSION |
| Defendant. | ) | |

Pursuant to Fed. R. Civ. P. 36, each plaintiff is hereby requested to respond, separately from other plaintiffs (or to the extent all plaintiffs' responses to any Request for Admission are identical, a common response indicating that each plaintiff's response is identical would suffice), to each of the following Requests for Admission separately and fully in writing, and to provide responses by electronic mail to defendant's undersigned counsel by the applicable deadline. For organizational plaintiffs American Society of Media Photographers and Free Speech Coalition, "you" in any of the following Requests refers to you and/or your members, unless otherwise specified. In responding to these Requests, type out each Request before your response.

1. Admit that persons below the age of eighteen can appear to be older than eighteen.

Admit.

2. Admit that a person below the age of eighteen can display the physical signs of sexual development consistent with that of a person above the age of eighteen.

Admit.

3. Admit that a person below the age of eighteen can reach full maturity with respect to pubic hair development before the age of eighteen.

Admit.

17. Admit that the Tanner Scale is based on averages of the development of human physical sexual development.

Plaintiffs Dodson and Ross do not know enough about the Tanner Scale to allow her to admit or deny this request.

18. Admit that the physical sexual development of minors occurs at different rates.

Admit.

19. Admit that physical sexual development can occur more rapidly for some minors than for others.

Admit.

20. Admit that, prior to the enactment of 18 U.S.C. §2257, you used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Admit, although most were above twenty-five.

21. Admit that, prior to the enactment of 18 U.S.C. §2257, you used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Admit, although most were above twenty-five.

22. Admit that, since the enactment of 18 U.S.C. §2257, you have considered using individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Admit, although most were above twenty-five.

23. Admit that, since the enactment of 18 U.S.C. §2257, you have used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Admit, although most were above twenty-five.

24. Admit that, since the enactment of 18 U.S.C. §2257, you have considered using individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Admit, although most were above twenty-five.

25. Admit that, since the enactment of 18 U.S.C. §2257, you have used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Admit, although most were above twenty-five.

26. Admit that, prior to the enactment of 18 U.S.C. §2257A, you used individuals as performers in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit conduct limited to lascivious exhibition of the genitals who were below the age of twenty-five.

Admit, although most were above twenty-five.

27. Admit that, prior to the enactment of 18 U.S.C. §2257A, you used individuals as performers in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit conduct limited to lascivious exhibition of the genitals who were below the age of twenty-one.

Admit, although most were above twenty-five.

28. Admit that, since the enactment of 18 U.S.C. §2257A, you have considered using individuals as performers in visual depictions of simulated sexually-explicit conduct or actual

6

sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Admit, although most were above twenty-five.

29. Admit that, since the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Admit, although most were above twenty-five.

30. Admit that, since the enactment of 18 U.S.C. §2257A, you have considered using individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Admit, although most were above twenty-five.

31. Admit that, since the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Admit, although most were above twenty-five.

32. Admit that, prior to the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Admit, although most were above twenty-five.

33. Admit that, prior to the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit

conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Admit, although most were above twenty-five.

34. Admit that images constituting child pornography are sent through electronic mail.

Plaintiffs Dodson and Ross cannot answer this request because the information they know or can readily obtain is insufficient to permit them to admit or deny this request for admission.

35. Admit that images constituting child pornography are sent through multimedia messaging services.

Plaintiffs Dodson and Ross cannot answer this request because the information they know or can readily obtain is insufficient to permit them to admit or deny this request for admission.

36. Admit that images constituting child pornography are inserted on websites.

Plaintiffs Dodson and Ross cannot answer this request because the information they know or can readily obtain is insufficient to permit them to admit or deny this request for admission.

37. Admit that a visual depiction of sexually-explicit conduct that is sent through electronic mail may be intercepted by or forwarded to individuals other than the original sender's intended recipient of the e-mail.

Admit that a visual depiction sent through electronic mail may be forwarded to individuals other than the sender's intended recipient of the e-mail, but cannot answer the part of the request pertaining to whether it can be intercepted since Plaintiffs do not know what Defendant means by "intercepted."

38. Admit that the recipient of a visual depiction of sexually-explicit conduct sent through electronic mail may not know the identity of the sender.

Admit in part. To the best of Plaintiffs' understanding, the recipient will see the email

8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| FREE SPEECH COALITION, INC. et al., | ) | Civil Action No. 2:09-4607 |
|  | ) |  |
| Plaintiffs, | ) | Judge Michael M. Baylson |
|  | ) |  |
| v. | ) |  |
|  | ) | FREE SPEECH COALITION'S |
| THE HONORABLE ERIC H. HOLDER, JR., | ) | RESPONSE TO DEFENDANT'S FIRST |
| Attorney General, | ) | SET OF REQUESTS FOR ADMISSION |
|  | ) |  |
| Defendant. | ) |  |

Pursuant to Fed. R. Civ. P. 36, each plaintiff is hereby requested to respond, separately from other plaintiffs (or to the extent all plaintiffs' responses to any Request for Admission are identical, a common response indicating that each plaintiff's response is identical would suffice), to each of the following Requests for Admission separately and fully in writing, and to provide responses by electronic mail to defendant's undersigned counsel by the applicable deadline. For organizational plaintiffs American Society of Media Photographers and Free Speech Coalition, "you" in any of the following Requests refers to you and/or your members, unless otherwise specified. In responding to these Requests, type out each Request before your response.

1. Admit that persons below the age of eighteen can appear to be older than eighteen.

Admit.

2. Admit that a person below the age of eighteen can display the physical signs of sexual development consistent with that of a person above the age of eighteen.

Admit.

3. Admit that a person below the age of eighteen can reach full maturity with respect to pubic hair development before the age of eighteen.

16. Admit that you have never employed anyone with formal training in visual age verification to assist in the determination of the age of persons whom you have used as performers in visual depictions of sexually-explicit conduct that you have produced.

Plaintiff Free Speech Coalition does not produce sexually explicit expression. It does not know if any of its members have hired someone with such training, nor knows of what would constitute "training in visual age verification."

17. Admit that the Tanner Scale is based on averages of the development of human physical sexual development.

Plaintiff Free Speech Coalition does not know enough about the Tanner Scale to allow it to admit or deny this request.

18. Admit that the physical sexual development of minors occurs at different rates.

Admit.

19. Admit that physical sexual development can occur more rapidly for some minors than for others.

Admit.

20. Admit that, prior to the enactment of 18 U.S.C. §2257, you used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Plaintiff Free Speech Coalition does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

21. Admit that, prior to the enactment of 18 U.S.C. §2257, you used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of

twenty-one.

Plaintiff Free Speech Coalition does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

22. Admit that, since the enactment of 18 U.S.C. §2257, you have considered using individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Plaintiff Free Speech Coalition does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

23. Admit that, since the enactment of 18 U.S.C. §2257, you have used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Plaintiff Free Speech Coalition does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

24. Admit that, since the enactment of 18 U.S.C. §2257, you have considered using individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Plaintiff Free Speech Coalition does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

25. Admit that, since the enactment of 18 U.S.C. §2257, you have used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Plaintiff Free Speech Coalition does not produce sexually explicit expression. On behalf of

its members who do, it admits this request.

26. Admit that, prior to the enactment of 18 U.S.C. §2257A, you used individuals as performers in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit conduct limited to lascivious exhibition of the genitals who were below the age of twenty-five.

Plaintiff Free Speech Coalition does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

27. Admit that, prior to the enactment of 18 U.S.C. §2257A, you used individuals as performers in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit conduct limited to lascivious exhibition of the genitals who were below the age of twenty-one.

Plaintiff Free Speech Coalition does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

28. Admit that, since the enactment of 18 U.S.C. §2257A, you have considered using individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Plaintiff Free Speech Coalition does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

29. Admit that, since the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Plaintiff Free Speech Coalition does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

30. Admit that, since the enactment of 18 U.S.C. §2257A, you have considered using individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Plaintiff Free Speech Coalition does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

31. Admit that, since the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Plaintiff Free Speech Coalition does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

32. Admit that, prior to the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Plaintiff Free Speech Coalition does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

33. Admit that, prior to the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Plaintiff Free Speech Coalition does not produce sexually explicit expression. On behalf of its members who do, it admits this request.

34. Admit that images constituting child pornography are sent through electronic mail.

8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREE SPEECH COALITION, INC. et al., | ) | Civil Action No. 2:09-4607 |
| | ) | |
| Plaintiffs, | ) | Judge Michael M. Baylson |
| | ) | |
| v. | ) | |
| | ) | THOMAS HYMES'S RESPONSE TO |
| THE HONORABLE ERIC H. HOLDER, JR., | ) | DEFENDANT'S   FIRST   SET   OF |
| Attorney General, | ) | REQUESTS FOR ADMISSION |
| | ) | |
| Defendant. | ) | |

Pursuant to Fed. R. Civ. P. 36, each plaintiff is hereby requested to respond, separately from other plaintiffs (or to the extent all plaintiffs' responses to any Request for Admission are identical, a common response indicating that each plaintiff's response is identical would suffice), to each of the following Requests for Admission separately and fully in writing, and to provide responses by electronic mail to defendant's undersigned counsel by the applicable deadline. For organizational plaintiffs American Society of Media Photographers and Free Speech Coalition, "you" in any of the following Requests refers to you and/or your members, unless otherwise specified. In responding to these Requests, type out each Request before your response.

1. Admit that persons below the age of eighteen can appear to be older than eighteen.

Admit.

2. Admit that a person below the age of eighteen can display the physical signs of sexual development consistent with that of a person above the age of eighteen.

Admit.

3. Admit that a person below the age of eighteen can reach full maturity with respect to pubic hair development before the age of eighteen.

Objection.   This request is vague even with the clarification provided in Defendant's counsel's letter of January 14, 2013. Notwithstanding this objection, Plaintiff Hymes cannot answer this request because the information he knows or can readily obtain is insufficient to permit him to admit or deny this request for admission.

4. Admit that a female below the age of eighteen can reach full maturity with respect to breast development before the age of eighteen.

Objection.   This request is vague even with the clarification provided in Defendant's counsel's letter of January 14, 2013. Notwithstanding this objection, Plaintiff Hymes cannot answer this request because the information he knows or can readily obtain is insufficient to permit him to admit or deny this request for admission.

5. Admit that a person below the age of eighteen can reach full maturity with respect to any sexual organ before the age of eighteen.

Objection.   This request is vague even with the clarification provided in Defendant's counsel's letter of January 14, 2013. Notwithstanding this objection, Plaintiff Hymes cannot answer this request because the information he knows or can readily obtain is insufficient to permit him to admit or deny this request for admission.

6. Admit that prior to the enactment of 18 U.S.C. § 2257, you relied, in whole or in part, upon your own visual observation of individuals you planned to use in visual depictions of actual sexually-explicit conduct that you produced, or upon your own visual observation of photographs of these individuals, to determine whether the person(s) depicted were above the age of eighteen.

Deny. Plaintiff Hymes did not produce visual depictions of sexually-explicit conduct.

7. Admit that prior to the enactment of 18 U.S.C. § 2257A, you relied, in whole or in part,

2

upon your own visual observation of individuals you planned to use in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit conduct limited to lascivious exhibition of the genitals that you produced, or upon your own visual observation of photographs of these individuals, to determine whether the person(s) depicted were above the age of eighteen.

Deny. Plaintiff Hymes did not produce visual depictions of sexually-explicit conduct.

8. Admit that a visual inspection of a photograph of a sexual organ alone cannot be the basis for an accurate determination of whether a person is above the age of eighteen.

Deny.

9. Admit that a person's apparent age, as determined by a visual inspection of that person or a photograph of that person, can be affected by the person's race.

Plaintiff Hymes cannot answer this request because the information he knows or can readily obtain is insufficient to permit him to admit or deny this request for admission.

10. Admit that a person's apparent age, as determined by a visual inspection of that person or a photograph of that person, can be affected by the person's country of origin.

Plaintiff Hymes cannot answer this request because the information he knows or can readily obtain is insufficient to permit him to admit or deny this request for admission.

11. Admit that a person's apparent age, as determined by a visual inspection of that person or of a photograph of that person, can be affected by how rapidly that person's physical sexual characteristics develop.

Deny.

12. Admit that photographs can be altered to make a minor appear older than eighteen.

Objection. This request is vague and confusing. Plaintiffs do not understand what is meant

3

by "altered."

13. Admit that, prior to the enactment of 18 U.S.C. §2257, you encountered individuals whom you wished to use in visual depictions of actual sexually-explicit conduct that you produced, for whom you could not determine whether the individual(s) were above the age of eighteen.

Deny. Plaintiff Hymes did not produce visual depictions of sexually-explicit conduct.

14. Admit that, prior to the enactment of 18 U.S.C. § 2257A, you encountered individuals whom you wished to use in visual depictions of simulated sexually-explicit conduct that you produced, for whom you could not determine whether the individual(s) were above the age of eighteen.

Deny. Plaintiff Hymes did not produce visual depictions of sexually-explicit conduct.

15. Admit that, in any case referred to in Request Nos. 13 or 14, above, you requested proof of the age of the person(s) so depicted before using that person(s) in the production of a visual depiction of sexually-explicit conduct.

Since Plaintiff Hymes did not produce visual depictions of sexually-explicit conduct and there are no cases referred to in Request Nos. 13 or 14, this request appears to be inapplicable and Plaintiff Hymes can neither admit nor deny it.

16. Admit that you have never employed anyone with formal training in visual age verification to assist in the determination of the age of persons whom you have used as performers in visual depictions of sexually-explicit conduct that you have produced.

Admit.

17. Admit that the Tanner Scale is based on averages of the development of human physical sexual development.

4

Plaintiff Hymes does not know enough about the Tanner Scale to allow him to admit or deny this request.

18. Admit that the physical sexual development of minors occurs at different rates.

Admit.

19. Admit that physical sexual development can occur more rapidly for some minors than for others.

Admit.

20. Admit that, prior to the enactment of 18 U.S.C. §2257, you used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Deny. Plaintiff Hymes did not produce visual depictions of sexually-explicit conduct.

21. Admit that, prior to the enactment of 18 U.S.C. §2257, you used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Deny. Plaintiff Hymes did not produce visual depictions of sexually-explicit conduct.

22. Admit that, since the enactment of 18 U.S.C. §2257, you have considered using individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Deny. Plaintiff Hymes does not produce visual depictions of sexually-explicit conduct.

23. Admit that, since the enactment of 18 U.S.C. §2257, you have used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

5

Deny. Plaintiff Hymes does not produce visual depictions of sexually-explicit conduct.

24. Admit that, since the enactment of 18 U.S.C. §2257, you have considered using individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Deny. Plaintiff Hymes does not produce visual depictions of sexually-explicit conduct.

25. Admit that, since the enactment of 18 U.S.C. §2257, you have used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Deny. Plaintiff Hymes does not produce visual depictions of sexually-explicit conduct.

26. Admit that, prior to the enactment of 18 U.S.C. §2257A, you used individuals as performers in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit conduct limited to lascivious exhibition of the genitals who were below the age of twenty-five.

Deny. Plaintiff Hymes does not produce visual depictions of sexually-explicit conduct.

27. Admit that, prior to the enactment of 18 U.S.C. §2257A, you used individuals as performers in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit conduct limited to lascivious exhibition of the genitals who were below the age of twenty-one.

Deny. Plaintiff Hymes does not produce visual depictions of sexually-explicit conduct.

28. Admit that, since the enactment of 18 U.S.C. §2257A, you have considered using individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Deny. Plaintiff Hymes does not produce visual depictions of sexually-explicit conduct.

6

29. Admit that, since the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Deny. Plaintiff Hymes does not produce visual depictions of sexually-explicit conduct.

30. Admit that, since the enactment of 18 U.S.C. §2257A, you have considered using individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Deny. Plaintiff Hymes does not produce visual depictions of sexually-explicit conduct.

31. Admit that, since the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Deny. Plaintiff Hymes does not produce visual depictions of sexually-explicit conduct.

32. Admit that, prior to the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Deny. Plaintiff Hymes does not produce visual depictions of sexually-explicit conduct.

33. Admit that, prior to the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Deny. Plaintiff Hymes does not produce visual depictions of sexually-explicit conduct.

34. Admit that images constituting child pornography are sent through electronic mail.

7

Plaintiff Hymes cannot answer this request because the information he knows or can readily obtain is insufficient to permit him to admit or deny this request for admission.

35. Admit that images constituting child pornography are sent through multimedia messaging services.

Plaintiff Hymes cannot answer this request because the information he knows or can readily obtain is insufficient to permit him to admit or deny this request for admission.

36. Admit that images constituting child pornography are inserted on websites.

Plaintiff Hymes cannot answer this request because the information he knows or can readily obtain is insufficient to permit him to admit or deny this request for admission.

37. Admit that a visual depiction of sexually-explicit conduct that is sent through electronic mail may be intercepted by or forwarded to individuals other than the original sender's intended recipient of the e-mail.

Admit that a visual depiction sent through electronic mail may be forwarded to individuals other than the sender's intended recipient of the e-mail, but cannot answer the part of the request pertaining to whether it can be intercepted since Plaintiffs do not know what Defendant means by "intercepted."

38. Admit that the recipient of a visual depiction of sexually-explicit conduct sent through electronic mail may not know the identity of the sender.

Admit in part. To the best of Plaintiffs' understanding, the recipient will see the email address from which the depiction was sent.

39. Admit that the recipient of a visual depiction of sexually-explicit conduct sent through

8

electronic mail may not know the identity of the individual(s) depicted.

Admit.

40. Admit that a visual depiction of sexually-explicit conduct that is sent through a multimedia messaging service may be intercepted by or forwarded to individuals other than the original sender's intended recipient of the message.

Admit that a visual depiction sent through a multimedia messaging service may be forwarded to individuals other than the sender's intended recipient of the e-mail, but cannot answer the part of the request as to whether it can be intercepted since Plaintiffs do not know what Defendant means by "intercepted."

41. Admit that the recipient of a visual depiction of sexually-explicit conduct that is sent through a multimedia messaging service may not know the identity of the sender.

Admit in part. To the best of Plaintiffs' understanding, the recipient will see the phone number or identifying information about the device from which the depiction was sent.

42. Admit that the recipient of a visual depiction of sexually-explicit conduct that is sent through a multimedia messaging service may not know the identity of the individual(s) depicted.

Admit.

43. Admit that a visual depiction of sexually-explicit conduct that is inserted on a website or otherwise uploaded onto the Internet may be intercepted by or downloaded and forwarded to individuals other than the individuals who subscribe to a particular website or website service.

Plaintiff Hymes cannot answer this request because the information he knows or can readily obtain is insufficient to permit him to admit or deny this request for admission.  Moreover, Plaintiffs do not know what Defendant means by "intercepted."

9

44. Admit that the viewer of a visual depiction of sexually-explicit conduct that is inserted on a website or otherwise uploaded onto the Internet may not know the identity of the individual who uploaded the depiction.

Admit.

45. Admit that the viewer of a visual depiction of sexually-explicit conduct that is inserted on a website or otherwise uploaded onto the Internet may not know the identity of the individual(s) depicted.

Admit.

46. Admit that the use of underage (meaning under the age of 18) individuals in visual depictions of sexually-explicit conduct in a photograph, book, magazine, or film is harmful even if the creator of the photograph, book, magazine, or film intends it to have an educational purpose.

Plaintiffs do not and have never used anyone under the age of 18 in their sexually explicit visual depictions.  They are vigorously opposed to child pornography and the use of minors in sexually explicit expression. However, they are not experts on or knowledgeable about the nature and extent of the harms associated with child pornography to be in a position to admit or deny this request.

47. Admit that any producer might claim that a photograph, book, magazine, or film he or she has produced has an educational purpose.

Interpreting this request as asking whether anyone can say whatever he or she wants whether it is true or not, Plaintiffs admit this request.

48. Admit that the use of underage individuals in visual depictions of sexually-explicit conduct in a documentary on rape or the atrocities of war is harmful even if the creator of the

10

documentary intends it to have a legitimate journalistic purpose.

Plaintiffs do not and have never used anyone under the age of 18 in their sexually explicit visual depictions.  They are vigorously opposed to child pornography and the use of minors in sexually explicit expression. However, they are not experts on or knowledgeable about the nature and extent of the harms associated with child pornography to be in a position to admit or deny this request.

49. Admit that any producer might claim that a video or film that he or she has produced is a documentary.

Interpreting this request as asking whether anyone can say whatever he or she wants whether it is true or not, Plaintiffs admit this request.

50. Admit that the use of underage individuals in visual depictions of sexually-explicit conduct in a photograph, book, magazine, or film is harmful even if the creator of the photograph, book, magazine, or film intends it to have a therapeutic purpose.

Plaintiffs do not and have never used anyone under the age of 18 in their sexually explicit visual depictions.  They are vigorously opposed to child pornography and the use of minors in sexually explicit expression. However, they are not experts on or knowledgeable about the nature and extent of the harms associated with child pornography to be in a position to admit or deny this request.

51. Admit that any producer might claim that a photograph, book, magazine, or film that he or she has produced has a therapeutic purpose.

Interpreting this request as asking whether anyone can say whatever he or she wants whether it is true or not, Plaintiffs admit this request.

11

52. Admit that the use of underage individuals in visual depictions of sexually-explicit conduct in a photograph, book, magazine, or film is harmful even if the creator of the photograph, book, magazine, or film intends it to have an artistic purpose.

Plaintiffs do not and have never used anyone under the age of 18 in their sexually explicit visual depictions.  They are vigorously opposed to child pornography and the use of minors in sexually explicit expression. However, they are not experts on or knowledgeable about the nature and extent of the harms associated with child pornography to be in a position to admit or deny this request.

53. Admit that any producer might claim that a photograph, book, magazine, or film that he or she has produced has an artistic purpose.

Interpreting this request as asking whether anyone can say whatever he or she wants whether it is true or not, Plaintiffs admit this request.

54. Admit that the use of underage individuals in a visual depiction of sexually-explicit conduct is harmful even if the visual depiction is sent through electronic mail.

Plaintiffs do not and have never used anyone under the age of 18 in their sexually explicit visual depictions.  They are vigorously opposed to child pornography and the use of minors in sexually explicit expression. However, they are not experts on or knowledgeable about the nature and extent of the harms associated with child pornography to be in a position to admit or deny this request.

55. Admit that the use of underage individuals in visual depictions of sexually-explicit conduct is harmful even if the visual depiction is sent through a multimedia message service.

Plaintiffs do not and have never used anyone under the age of 18 in their sexually explicit

visual depictions.  They are vigorously opposed to child pornography and the use of minors in sexually explicit expression. However, they are not experts on or knowledgeable about the nature and extent of the harms associated with child pornography to be in a position to admit or deny this request.

56. Admit that the use of underage individuals in visual depictions of sexually-explicit conduct is harmful even if the visual depiction is uploaded onto a restricted website.

Plaintiffs do not and have never used anyone under the age of 18 in their sexually explicit visual depictions.  They are vigorously opposed to child pornography and the use of minors in sexually explicit expression. However, they are not experts on or knowledgeable about the nature and extent of the harms associated with child pornography to be in a position to admit or deny this request.

57. Admit that the use of underage individuals in visual depictions of sexually-explicit conduct is harmful even if the visual depiction is not produced for a commercial purpose.

Plaintiffs do not and have never used anyone under the age of 18 in their sexually explicit visual depictions.  They are vigorously opposed to child pornography and the use of minors in sexually explicit expression. However, they are not experts on or knowledgeable about the nature and extent of the harms associated with child pornography to be in a position to admit or deny this request.

58. Admit that visual depictions of sexually-explicit conduct constitute child pornography if they contain underage individuals, regardless of the depictions' intended purpose or whether the depictions are sent through electronic mail, through a multimedia messaging service, or uploaded onto the Internet.

Admit that it would constitute a violation of the federal statutes prohibiting child pornography.

59. Admit that if you (or, for organizational plaintiffs, one of your members) used an underage individual in a visual depiction of sexually-explicit conduct that you created (or, if you are a secondary producer, produced), it would be harmful.

Plaintiffs do not and have never used anyone under the age of 18 in their sexually explicit visual depictions.  They are vigorously opposed to child pornography and the use of minors in sexually explicit expression. However, they are not experts on or knowledgeable about the nature and extent of the harms associated with child pornography to be in a position to admit or deny this request.

60. Admit that if you (or, for organizational plaintiffs, one of your members) used an underage individual in a visual depiction of sexually-explicit conduct that you created (or, if you are a secondary producer, produced), the depiction would constitute child pornography.

Admit that it would constitute a violation of the federal statutes prohibiting child pornography.

61. Admit that a large quantity of visual depictions of actual sexually-explicit conduct produced since the enactment of 18 U.S.C. § 2257 contains youthful-looking individuals.

On January 14, 2013, Defendant clarified that "youthful-looking individuals" means "individuals who appear to be relatively young, regardless of their actual age." Plaintiffs object to this request on the ground that it is still vague notwithstanding this clarification.  Notwithstanding this objection, Plaintiffs admit that since the enactment of 18 U.S.C. § 2257, adult film producers have produced substantial quantities of expression that depicts performers between the ages of 18

14

and 24 who could be described as youthful looking, but also have produced substantial quantities
of visual depictions of sexually-explicit conduct depicting older adults.

62. Admit that a large quantity of visual depictions of simulated sexually-explicit conduct
produced since the enactment of 18 U.S.C. § 2257A contains youthful-looking individuals.

On January 14, 2013, Defendant clarified that "youthful-looking individuals" means
"individuals who appear to be relatively young, regardless of their actual age." Plaintiffs object to
this request on the ground that it is still vague notwithstanding this clarification.  Notwithstanding
this objection, Plaintiffs admit that since the enactment of 18 U.S.C. § 2257A, adult film producers
have produced substantial quantities of expression that depicts performers between the ages of 18
and 24 who could be described as youthful looking, but also have produced substantial quantities
of visual depictions of sexually-explicit conduct depicting older adults.

Respectfully submitted,

J. MICHAEL MURRAY (0019626)
jmmurray@bgmdlaw.com
LORRAINE R. BAUMGARDNER (0019642)
lbaumgardner@bgmdlaw.com
BERKMAN, GORDON, MURRAY & DeVAN
55 Public Square, Suite 2200
Cleveland, Ohio  44113-1949
(216) 781-5245
(216) 781-8207 (Facsimile)

Attorneys for Plaintiffs

15

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Thomas Hymes's Response to Defendant's First Set of Requests for Admission has been served upon Attorneys for Defendant, Kathryn L. Wyer, U.S. Department of Justice, Civil Division, via email (kathryn.wyer@usdoj.gov) and Hector Bladuell, U.S. Department of Justice, Civil Division, via email (Hector.Bladuell@usdoj.gov) on this 7th day of February, 2013.

J. MICHAEL MURRAY (0019626)
LORRAINE R. BAUMGARDNER (0019642)
BERKMAN, GORDON, MURRAY & DeVAN

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FREE SPEECH COALITION, INC. et al.,      )      Civil Action No. 2:09-4607
                                         )
        Plaintiffs,                      )      Judge Michael M. Baylson
                                         )
v.                                       )
                                         )      MARIE LEVINE'S RESPONSE TO
THE HONORABLE ERIC H. HOLDER, JR.,       )      DEFENDANT'S FIRST SET OF
        Attorney General,                )      REQUESTS FOR ADMISSION
                                         )
        Defendant.                       )


Pursuant to Fed. R. Civ. P. 36, each plaintiff is hereby requested to respond, separately from other plaintiffs (or to the extent all plaintiffs' responses to any Request for Admission are identical, a common response indicating that each plaintiff's response is identical would suffice), to each of the following Requests for Admission separately and fully in writing, and to provide responses by electronic mail to defendant's undersigned counsel by the applicable deadline. For organizational plaintiffs American Society of Media Photographers and Free Speech Coalition, "you" in any of the following Requests refers to you and/or your members, unless otherwise specified. In responding to these Requests, type out each Request before your response.

1. Admit that persons below the age of eighteen can appear to be older than eighteen.

Admit.

2. Admit that a person below the age of eighteen can display the physical signs of sexual development consistent with that of a person above the age of eighteen.

Admit.

3. Admit that a person below the age of eighteen can reach full maturity with respect to pubic hair development before the age of eighteen.

physical sexual development.

Plaintiff Levine does not know enough about the Tanner Scale to allow her to admit or deny this request.

18. Admit that the physical sexual development of minors occurs at different rates.

Admit.

19. Admit that physical sexual development can occur more rapidly for some minors than for others.

Admit.

20. Admit that, prior to the enactment of 18 U.S.C. §2257, you used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Admit.

21. Admit that, prior to the enactment of 18 U.S.C. §2257, you used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Admit.

22. Admit that, since the enactment of 18 U.S.C. §2257, you have considered using individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Admit.

23. Admit that, since the enactment of 18 U.S.C. §2257, you have used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of

twenty-five.

    Admit.

24. Admit that, since the enactment of 18 U.S.C. §2257, you have considered using individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

    Admit.

25. Admit that, since the enactment of 18 U.S.C. §2257, you have used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

    Admit.

26. Admit that, prior to the enactment of 18 U.S.C. §2257A, you used individuals as performers in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit conduct limited to lascivious exhibition of the genitals who were below the age of twenty-five.

    Admit.

27. Admit that, prior to the enactment of 18 U.S.C. §2257A, you used individuals as performers in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit conduct limited to lascivious exhibition of the genitals who were below the age of twenty-one.

    Admit.

28. Admit that, since the enactment of 18 U.S.C. §2257A, you have considered using individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of

6

twenty-five.

Admit.

29. Admit that, since the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Admit.

30. Admit that, since the enactment of 18 U.S.C. §2257A, you have considered using individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Admit.

31. Admit that, since the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Admit.

32. Admit that, prior to the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Admit.

33. Admit that, prior to the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit

conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Admit.

34. Admit that images constituting child pornography are sent through electronic mail.

Plaintiff Levine cannot answer this request because the information she knows or can readily obtain is insufficient to permit her to admit or deny this request for admission.

35. Admit that images constituting child pornography are sent through multimedia messaging services.

Plaintiff Levine cannot answer this request because the information she knows or can readily obtain is insufficient to permit her to admit or deny this request for admission.

36. Admit that images constituting child pornography are inserted on websites.

Plaintiff Levine cannot answer this request because the information she knows or can readily obtain is insufficient to permit her to admit or deny this request for admission.

37. Admit that a visual depiction of sexually-explicit conduct that is sent through electronic mail may be intercepted by or forwarded to individuals other than the original sender's intended recipient of the e-mail.

Admit that a visual depiction sent through electronic mail may be forwarded to individuals other than the sender's intended recipient of the e-mail, but cannot answer the part of the request pertaining to whether it can be intercepted since Plaintiffs do not know what Defendant means by "intercepted."

38. Admit that the recipient of a visual depiction of sexually-explicit conduct sent through electronic mail may not know the identity of the sender.

Admit in part. To the best of Plaintiffs' understanding, the recipient will see the email

8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREE SPEECH COALITION, INC. et al., | ) | Civil Action No. 2:09-4607 |
| | ) | |
| Plaintiffs, | ) | Judge Michael M. Baylson |
| | ) | |
| v. | ) | |
| | ) | DAVID LEVINGSTON'S RESPONSE TO |
| THE HONORABLE ERIC H. HOLDER, JR., | ) | DEFENDANT'S   FIRST   SET   OF |
| Attorney General, | ) | REQUESTS FOR ADMISSION |
| | ) | |
| Defendant. | ) | |

Pursuant to Fed. R. Civ. P. 36, each plaintiff is hereby requested to respond, separately from other plaintiffs (or to the extent all plaintiffs' responses to any Request for Admission are identical, a common response indicating that each plaintiff's response is identical would suffice), to each of the following Requests for Admission separately and fully in writing, and to provide responses by electronic mail to defendant's undersigned counsel by the applicable deadline. For organizational plaintiffs American Society of Media Photographers and Free Speech Coalition, "you" in any of the following Requests refers to you and/or your members, unless otherwise specified. In responding to these Requests, type out each Request before your response.

1. Admit that persons below the age of eighteen can appear to be older than eighteen.

Admit.

2. Admit that a person below the age of eighteen can display the physical signs of sexual development consistent with that of a person above the age of eighteen.

Admit.

3. Admit that a person below the age of eighteen can reach full maturity with respect to pubic hair development before the age of eighteen.

conduct.

23. Admit that, since the enactment of 18 U.S.C. §2257, you have used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Deny.  Plaintiff Levingston did not produce visual depictions of actual sexually explicit conduct.

24. Admit that, since the enactment of 18 U.S.C. §2257, you have considered using individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Deny.  Plaintiff Levingston did not produce visual depictions of actual sexually explicit conduct.

25. Admit that, since the enactment of 18 U.S.C. §2257, you have used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Deny.  Plaintiff Levingston did not produce visual depictions of actual sexually explicit conduct.

26. Admit that, prior to the enactment of 18 U.S.C. §2257A, you used individuals as performers in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit conduct limited to lascivious exhibition of the genitals who were below the age of twenty-five.

Admit.

27. Admit that, prior to the enactment of 18 U.S.C. §2257A, you used individuals as performers in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit

6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREE SPEECH COALITION, INC. et al., | ) | Civil Action No. 2:09-4607 |
| | ) | |
| Plaintiffs, | ) | Judge Michael M. Baylson |
| | ) | |
| v. | ) | |
| | ) | BARBARA NITKE'S RESPONSE TO |
| THE HONORABLE ERIC H. HOLDER, JR., | ) | DEFENDANT'S FIRST SET OF |
| Attorney General, | ) | REQUESTS FOR ADMISSION |
| | ) | |
| Defendant. | ) | |

Pursuant to Fed. R. Civ. P. 36, each plaintiff is hereby requested to respond, separately from other plaintiffs (or to the extent all plaintiffs' responses to any Request for Admission are identical, a common response indicating that each plaintiff's response is identical would suffice), to each of the following Requests for Admission separately and fully in writing, and to provide responses by electronic mail to defendant's undersigned counsel by the applicable deadline. For organizational plaintiffs American Society of Media Photographers and Free Speech Coalition, "you" in any of the following Requests refers to you and/or your members, unless otherwise specified. In responding to these Requests, type out each Request before your response.

1. Admit that persons below the age of eighteen can appear to be older than eighteen.

Admit.

2. Admit that a person below the age of eighteen can display the physical signs of sexual development consistent with that of a person above the age of eighteen.

Admit.

3. Admit that a person below the age of eighteen can reach full maturity with respect to pubic hair development before the age of eighteen.

physical sexual development.

Plaintiff Nitke does not know enough about the Tanner Scale to allow her to admit or deny this request.

18. Admit that the physical sexual development of minors occurs at different rates.

Admit.

19. Admit that physical sexual development can occur more rapidly for some minors than for others.

Admit.

20. Admit that, prior to the enactment of 18 U.S.C. §2257, you used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Admit.

21. Admit that, prior to the enactment of 18 U.S.C. §2257, you used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Admit.

22. Admit that, since the enactment of 18 U.S.C. §2257, you have considered using individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Admit.

23. Admit that, since the enactment of 18 U.S.C. §2257, you have used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of

twenty-five.

    Admit.

24. Admit that, since the enactment of 18 U.S.C. §2257, you have considered using individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

    Admit.

25. Admit that, since the enactment of 18 U.S.C. §2257, you have used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

    Admit.

26. Admit that, prior to the enactment of 18 U.S.C. §2257A, you used individuals as performers in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit conduct limited to lascivious exhibition of the genitals who were below the age of twenty-five.

    Admit.

27. Admit that, prior to the enactment of 18 U.S.C. §2257A, you used individuals as performers in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit conduct limited to lascivious exhibition of the genitals who were below the age of twenty-one.

    Admit.

28. Admit that, since the enactment of 18 U.S.C. §2257A, you have considered using individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of

6

twenty-five.

Admit.

29. Admit that, since the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Admit.

30. Admit that, since the enactment of 18 U.S.C. §2257A, you have considered using individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Admit.

31. Admit that, since the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Admit.

32. Admit that, prior to the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Admit.

33. Admit that, prior to the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit

conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Admit.

34. Admit that images constituting child pornography are sent through electronic mail.

Plaintiff Nitke cannot answer this request because the information she knows or can readily

obtain is insufficient to permit her to admit or deny this request for admission.

35. Admit that images constituting child pornography are sent through multimedia

messaging services.

Plaintiff Nitke cannot answer this request because the information she knows or can readily

obtain is insufficient to permit her to admit or deny this request for admission.

36. Admit that images constituting child pornography are inserted on websites.

Plaintiff Nitke cannot answer this request because the information she knows or can readily

obtain is insufficient to permit her to admit or deny this request for admission.

37. Admit that a visual depiction of sexually-explicit conduct that is sent through electronic

mail may be intercepted by or forwarded to individuals other than the original sender's intended

recipient of the e-mail.

Admit that a visual depiction sent through electronic mail may be forwarded to individuals

other than the sender's intended recipient of the e-mail, but cannot answer the part of the request

pertaining to whether it can be intercepted since Plaintiffs do not know what Defendant means by

"intercepted."

38. Admit that the recipient of a visual depiction of sexually-explicit conduct sent through

electronic mail may not know the identity of the sender.

Admit in part. To the best of Plaintiffs' understanding, the recipient will see the email

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREE SPEECH COALITION, INC. et al., | ) | Civil Action No. 2:09-4607 |
| | ) | |
| Plaintiffs, | ) | Judge Michael M. Baylson |
| | ) | |
| v. | ) | |
| | ) | CAROL QUEEN'S RESPONSE TO |
| THE HONORABLE ERIC H. HOLDER, JR., | ) | DEFENDANT'S FIRST SET OF |
| Attorney General, | ) | REQUESTS FOR ADMISSION |
| | ) | |
| Defendant. | ) | |

Pursuant to Fed. R. Civ. P. 36, each plaintiff is hereby requested to respond, separately from other plaintiffs (or to the extent all plaintiffs' responses to any Request for Admission are identical, a common response indicating that each plaintiff's response is identical would suffice), to each of the following Requests for Admission separately and fully in writing, and to provide responses by electronic mail to defendant's undersigned counsel by the applicable deadline. For organizational plaintiffs American Society of Media Photographers and Free Speech Coalition, "you" in any of the following Requests refers to you and/or your members, unless otherwise specified. In responding to these Requests, type out each Request before your response.

1. Admit that persons below the age of eighteen can appear to be older than eighteen.

Admit.

2. Admit that a person below the age of eighteen can display the physical signs of sexual development consistent with that of a person above the age of eighteen.

Admit.

3. Admit that a person below the age of eighteen can reach full maturity with respect to pubic hair development before the age of eighteen.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREE SPEECH COALITION, INC. et al., | ) | Civil Action No. 2:09-4607 |
| | ) | |
| Plaintiffs, | ) | Judge Michael M. Baylson |
| | ) | |
| v. | ) | |
| | ) | SINCLAIR INSTITUTE'S RESPONSE |
| THE HONORABLE ERIC H. HOLDER, JR., | ) | TO DEFENDANT'S FIRST SET OF |
| Attorney General, | ) | REQUESTS FOR ADMISSION |
| | ) | |
| Defendant. | ) | |

Pursuant to Fed. R. Civ. P. 36, each plaintiff is hereby requested to respond, separately from other plaintiffs (or to the extent all plaintiffs' responses to any Request for Admission are identical, a common response indicating that each plaintiff's response is identical would suffice), to each of the following Requests for Admission separately and fully in writing, and to provide responses by electronic mail to defendant's undersigned counsel by the applicable deadline. For organizational plaintiffs American Society of Media Photographers and Free Speech Coalition, "you" in any of the following Requests refers to you and/or your members, unless otherwise specified. In responding to these Requests, type out each Request before your response.

1. Admit that persons below the age of eighteen can appear to be older than eighteen.

Admit.

2. Admit that a person below the age of eighteen can display the physical signs of sexual development consistent with that of a person above the age of eighteen.

Admit.

3. Admit that a person below the age of eighteen can reach full maturity with respect to pubic hair development before the age of eighteen.

in visual depictions of sexually-explicit conduct that you have produced.

Admit.

17. Admit that the Tanner Scale is based on averages of the development of human physical sexual development.

Plaintiff Sinclair Institute does not know enough about the Tanner Scale to allow it to admit or deny this request.

18. Admit that the physical sexual development of minors occurs at different rates.

Admit.

19. Admit that physical sexual development can occur more rapidly for some minors than for others.

Admit.

20. Admit that, prior to the enactment of 18 U.S.C. §2257, you used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Admit.

21. Admit that, prior to the enactment of 18 U.S.C. §2257, you used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Admit.

22. Admit that, since the enactment of 18 U.S.C. §2257, you have considered using individuals as performers in visual depictions of actual sexually-explicit conduct who were below

the age of twenty-five.

Admit.

23. Admit that, since the enactment of 18 U.S.C. §2257, you have used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Admit.

24. Admit that, since the enactment of 18 U.S.C. §2257, you have considered using individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Admit.

25. Admit that, since the enactment of 18 U.S.C. §2257, you have used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Admit.

26. Admit that, prior to the enactment of 18 U.S.C. §2257A, you used individuals as performers in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit conduct limited to lascivious exhibition of the genitals who were below the age of twenty-five.

Admit.

27. Admit that, prior to the enactment of 18 U.S.C. §2257A, you used individuals as performers in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit conduct limited to lascivious exhibition of the genitals who were below the age of twenty-one.

Admit.

28. Admit that, since the enactment of 18 U.S.C. §2257A, you have considered using individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Admit.

29. Admit that, since the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Admit.

30. Admit that, since the enactment of 18 U.S.C. §2257A, you have considered using individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Admit.

31. Admit that, since the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Admit.

32. Admit that, prior to the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Admit.

7

33. Admit that, prior to the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Admit.

34. Admit that images constituting child pornography are sent through electronic mail.

Plaintiff Sinclair Institute cannot answer this request because the information it knows or can readily obtain is insufficient to permit it to admit or deny this request for admission.

35. Admit that images constituting child pornography are sent through multimedia messaging services.

Plaintiff Sinclair Institute cannot answer this request because the information it knows or can readily obtain is insufficient to permit it to admit or deny this request for admission.

36. Admit that images constituting child pornography are inserted on websites.

Plaintiff Sinclair Institute cannot answer this request because the information it knows or can readily obtain is insufficient to permit it to admit or deny this request for admission.

37. Admit that a visual depiction of sexually-explicit conduct that is sent through electronic mail may be intercepted by or forwarded to individuals other than the original sender's intended recipient of the e-mail.

Admit that a visual depiction sent through electronic mail may be forwarded to individuals other than the sender's intended recipient of the e-mail, but cannot answer the part of the request pertaining to whether it can be intercepted since Plaintiffs do not know what Defendant means by "intercepted."

38. Admit that the recipient of a visual depiction of sexually-explicit conduct sent through

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREE SPEECH COALITION, INC. et al., | ) | Civil Action No. 2:09-4607 |
| | ) | |
| Plaintiffs, | ) | Judge Michael M. Baylson |
| | ) | |
| v. | ) | |
| | ) | DAVID STEINBERG'S RESPONSE TO |
| THE HONORABLE ERIC H. HOLDER, JR., | ) | DEFENDANT'S   FIRST   SET   OF |
| Attorney General, | ) | REQUESTS FOR ADMISSION |
| | ) | |
| Defendant. | ) | |

Pursuant to Fed. R. Civ. P. 36, each plaintiff is hereby requested to respond, separately from other plaintiffs (or to the extent all plaintiffs' responses to any Request for Admission are identical, a common response indicating that each plaintiff's response is identical would suffice), to each of the following Requests for Admission separately and fully in writing, and to provide responses by electronic mail to defendant's undersigned counsel by the applicable deadline. For organizational plaintiffs American Society of Media Photographers and Free Speech Coalition, "you" in any of the following Requests refers to you and/or your members, unless otherwise specified. In responding to these Requests, type out each Request before your response.

1. Admit that persons below the age of eighteen can appear to be older than eighteen.

Admit.

2. Admit that a person below the age of eighteen can display the physical signs of sexual development consistent with that of a person above the age of eighteen.

Admit.

3. Admit that a person below the age of eighteen can reach full maturity with respect to pubic hair development before the age of eighteen.

in visual depictions of sexually-explicit conduct that you have produced.

Admit.

17. Admit that the Tanner Scale is based on averages of the development of human physical sexual development.

Plaintiff Steinberg does not know enough about the Tanner Scale to allow him to admit or deny this request.

18. Admit that the physical sexual development of minors occurs at different rates.

Admit.

19. Admit that physical sexual development can occur more rapidly for some minors than for others.

Admit.

20. Admit that, prior to the enactment of 18 U.S.C. §2257, you used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Deny. Plaintiff Steinberg did not produce any sexually explicit images prior to the enactment of 18 U.S.C. § 2257.

21. Admit that, prior to the enactment of 18 U.S.C. §2257, you used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Deny. Plaintiff Steinberg did not produce any sexually explicit images prior to the enactment of 18 U.S.C. § 2257.

22. Admit that, since the enactment of 18 U.S.C. §2257, you have considered using

individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Admit.

23. Admit that, since the enactment of 18 U.S.C. §2257, you have used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

Admit.

24. Admit that, since the enactment of 18 U.S.C. §2257, you have considered using individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Admit.

25. Admit that, since the enactment of 18 U.S.C. §2257, you have used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

Admit.

26. Admit that, prior to the enactment of 18 U.S.C. §2257A, you used individuals as performers in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit conduct limited to lascivious exhibition of the genitals who were below the age of twenty-five.

Admit.

27. Admit that, prior to the enactment of 18 U.S.C. §2257A, you used individuals as performers in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit

conduct limited to lascivious exhibition of the genitals who were below the age of twenty-one.

Admit.

28. Admit that, since the enactment of 18 U.S.C. §2257A, you have considered using individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Admit.

29. Admit that, since the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Admit.

30. Admit that, since the enactment of 18 U.S.C. §2257A, you have considered using individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Admit.

31. Admit that, since the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Admit.

32. Admit that, prior to the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit

conduct limited to lascivious display of the genitals who were below the age of twenty-five.

Admit.

33. Admit that, prior to the enactment of 18 U.S.C. §2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

Admit.

34. Admit that images constituting child pornography are sent through electronic mail.

Plaintiff Steinberg cannot answer this request because the information he knows or can readily obtain is insufficient to permit him to admit or deny this request for admission.

35. Admit that images constituting child pornography are sent through multimedia messaging services.

Plaintiff Steinberg cannot answer this request because the information he knows or can readily obtain is insufficient to permit him to admit or deny this request for admission.

36. Admit that images constituting child pornography are inserted on websites.

Plaintiff Steinberg cannot answer this request because the information he knows or can readily obtain is insufficient to permit him to admit or deny this request for admission.

37. Admit that a visual depiction of sexually-explicit conduct that is sent through electronic mail may be intercepted by or forwarded to individuals other than the original sender's intended recipient of the e-mail.

Admit that a visual depiction sent through electronic mail may be forwarded to individuals other than the sender's intended recipient of the e-mail, but cannot answer the part of the request pertaining to whether it can be intercepted since Plaintiffs do not know what Defendant means by

8