| | |
|---|---|
| From: | HQ_OFFICE_OF_PROFESSIONAL_RESPONSIBILITY |
| Sent: | Monday, October 01, 2012 6:12 AM |
| To: | FBI_ALL_EMPLOYEES |
| Subject: | OPR'S QUARTERLY ALL EMPLOYEE E-MAIL - October 2012 Edition |

Classification: UNCLASSIFIED
=================================================================

NOT FOR PUBLIC DISSEMINATION

### OPR's Quarterly All Employee E-Mail – October 2012 Edition

Set forth below are examples of cases adjudicated by the Office of Professional Responsibility (OPR) during the last quarter. OPR sends these Quarterly E-Mails to educate employees about the Bureau's standards of conduct and to aid employees in steering clear of ethical pitfalls and other violations. We do not include cases in which OPR finds that the employee did nothing wrong (more than one-third of the cases we adjudicate).

Candice M. Will
Assistant Director
Office of Professional Responsibility
1001 Pennsylvania Avenue, Suite 444 North
202-220-7800

### Examples of Recent Adjudications:

1

EXHIBIT 82
TO DECLARATION OF
WILLIAM LIVINGSTON

1. **Domestic Violence:** During argument with spouse, Employee broke spouse's e-reader in half and pointed unloaded gun at dog's head while dog was sitting in spouse's lap. In mitigation, Employee had been struggling with spouse's mental health issues and following this incident, entered marriage counseling. In aggravation, Employee introduced a firearm into a domestic dispute, an extraordinarily serious escalation.

      PENALTY:  45-Day Suspension
      OFFENSE:  Assault/Battery, Offense Code 4.1

2. **DUI:** Employee was stopped by police for driving privately-owned vehicle while under the influence of alcohol. It was Employee's second DUI while employed by the FBI. A second DUI while employed at the FBI results in dismissal.

      PENALTY:  Dismissal
      OFFENSE:  DUI in Privately-Owned Vehicle, Offense Code 4.4

3. **Improper Financial Relationship with a Source:** Employee purchased a used car from a Confidential Human Source (CHS). Employee had previously served as the CHS's handler. In mitigation, Employee did not seek a discount, paid fair market value for the car, and is a valued employee with an excellent record.

      PENALTY:  3-Day Suspension
      OFFENSE:  Improper Financial Relationship with a Source, Offense Code 1.2

4. **Improper Handling of Evidence:** Employee failed to properly secure and accurately account for evidence seized during a search warrant. Employee was in charge of inventorying the evidence. Employee failed to recount the currency to verify its correct amount prior to placing it in evidence vault, resulting in a subsequent discrepancy. Employee also failed to properly secure drug evidence in the safe, instead co-mingling it with non-valuable evidence. In mitigation, Employee was responsible for multiple duties on the day of the search and was overburdened. In addition, Employee is a nine-year employee with no previous disciplinary matters.

      PENALTY:  3-Day Suspension
      OFFENSE:  Investigative Deficiency, Offense Code 1.6

5. **Improper Handling of Evidence; Lack of Candor Not Under Oath:** Employee failed to follow Bureau procedures for the destruction of drug evidence. Employee did not weigh each item prior to destruction, despite specific instructions to do so from the Evidence Control Technician and Employee's supervisor. Also, Employee improperly stated all drug evidence had been properly weighed. In mitigation, Employee was attempting to adhere to a tight timeframe; Employee verified there was no tampering with any packages prior to their destruction; Employee's conduct did not negatively impact pending investigations; and Employee self-reported his misstatements. In aggravation, Employee's actions in failing to follow the proper procedure served as a poor example to more junior employees and Employee was under administrative inquiry at the time for unrelated conduct.

      PENALTY:  8-Day Suspension
      OFFENSE:  Investigative Deficiency, Offense Code 1.6
                  Lack of Candor Not Under Oath, Offense Code 2.5

6. **Improper Relationship with Criminal Element; Lack of Candor Under Oath:** Employee engaged in a romantic relationship with former boyfriend (now husband) knowing he was a drug user/dealer. Employee also lied under oath when questioned during the administrative inquiry about her husband's activities. Prior to polygraph exam, Employee admitted husband's drug use, including being aware when she married him that he was a "habitual drug user" who sold drugs to make money.

PENALTY: Dismissal
OFFENSE: Lack of Candor Under Oath, Offense Code 2.6
Improper Relationship with Criminal Element, Offense Code 5.9

**7. Misdemeanor; Unprofessional Conduct; Lack of Candor Under Oath:** Employee hid a recording device in supervisor's office. In addition, without authorization, Employee made copies of supervisor's negative comments about Employee that Employee located by conducting an unauthorized search of the supervisor's office and briefcase. Employee provided the notes to lawyer in support of lawsuit against supervisor. Finally, Employee lied to investigators during the course of the administrative inquiry.
PENALTY: Dismissal
OFFENSE: Lack of Candor Under Oath, Offense Code 2.6
Misdemeanor, Offense Code 4.8
Unprofessional Conduct, Offense Code 5.22

**8. Misuse of Position:** Employee misused official position by invoking FBI employment in personal matter. Employee's friend's father was prosecuted for and found guilty of health care fraud. In a letter to the sentencing judge seeking leniency, Employee identified himself as an FBI employee. In mitigation, Employee is an outstanding employee with no previous disciplinary matters and his conduct had no adverse impact on the case.
PENALTY: Letter of Censure
OFFENSE: Misuse of Position, Offense Code 2.8

**9. Theft:** Employee shoplifted from a grocery store on several occasions. Employee was caught on surveillance video.
PENALTY: Summary Dismissal
OFFENSE: Theft, Offense Code 4.5

**10. Theft; Lack of Candor Under Oath:** Employee used a stranger's lost or stolen debit card to purchase gasoline and attempted, on repeated occasions, to withdraw money from the person's bank account at two ATM machines. Employee was caught on surveillance video. Employee lied to the local police in the criminal proceedings and to investigators during the course of the administrative inquiry.
PENALTY: Summary Dismissal
OFFENSE: Lack of Candor Under Oath, Offense Code 2.6
Theft, Offense Code 4.5

**11. Time and Attendance Fraud:** Employee falsified time and attendance information in WebTA. Employee claimed to have worked through lunch. However, Bureau policy prohibits employees from leaving early at the end of the day for having worked through lunch break. Employee also failed to adhere to approved work schedule on repeated occasions. In mitigation, Employee attempted to make up for WebTA deficiencies by working more than eight hours on some days. Additionally, Employee had no prior disciplinary history. In aggravation, Employee's misconduct occurred on a repeated number of days.
PENALTY: 3-Day Suspension
OFFENSE: False Information re Fiscal Matters, Offense Code 2.2

**12. Unauthorized Disclosure:** Employee told ex-boyfriend that she saw a file with his sister's name on it at the FBI. The sister used to work for the FBI and Employee saw her HR file. In mitigation, the disclosure occurred one time and was limited. In aggravation, just months before the offense,

Employee had been specifically counseled by supervisor that HR files are extremely sensitive and any breach of confidentiality would be inappropriate.

    <u>PENALTY</u>: 1-Day Suspension
    <u>OFFENSE</u>: Unauthorized Disclosure, Offense Code 4.10

**13. Unprofessional Conduct; Insubordination:** Employee e-mailed nude photograph of herself to ex-boyfriend's wife. Ex-boyfriend and wife reported the incident to the local police. Employee failed to cease contact with ex-boyfriend and wife after twice being ordered to do so by supervisor and Chief Security Officer. In mitigation, Employee sought assistance from EAP and was suffering from depression related to break-up.

    <u>PENALTY</u>: 10-Day Suspension
    <u>OFFENSE</u>: Unprofessional Conduct, Offense Code 5.21
                     Insubordination, Offense Code 5.11

==================================================

Classification: UNCLASSIFIED

4

**Sent:** Wednesday, January 02, 2013 6:48 AM
**To:** FBI_ALL_EMPLOYEES
**Subject:** OPR'S QUARTERLY ALL EMPLOYEE E-MAIL - January 2013 Edition — UNCLASSIFIED

Classification: UNCLASSIFIED
===========================================================================

NOT FOR PUBLIC DISSEMINATION

## OPR's Quarterly All Employee E-Mail – January 2013 Edition

Set forth below are examples of cases adjudicated by the Office of Professional Responsibility (OPR) during the last quarter. OPR sends these Quarterly E-Mails to educate employees about the Bureau's standards of conduct and to aid employees in steering clear of ethical pitfalls and other violations.   We do not include cases in which OPR finds that the employee did nothing wrong (typically, more than one-third of the cases we adjudicate).

Candice M. Will
Assistant Director
Office of Professional Responsibility
1001 Pennsylvania Avenue, Suite 444 North
202-220-7800

## Examples of Recent Adjudications:

**1. Child Pornography:** When caught in sting operation, Employee admitted purchasing and viewing DVDs of naked boys.
   PENALTY: Summary Dismissal
   OFFENSE: Indecent Acts, Offense Code 4.6

**2. DUI:** Employee drove personal vehicle while impaired by alcohol, was involved in an accident in which all four tires on Employee's vehicle were blown out and vehicle came to rest in opposite lane of traffic facing wrong direction.   Employee refused to take field sobriety, Breathalyzer or blood alcohol tests.   Failure to cooperate with law enforcement officers creates an adverse inference of impairment. Moreover, Bureau employees are not allowed to circumvent legitimate efforts by law enforcement to determine whether they are impaired.   Based on observations of responding officers, Employee was arrested for DUI. Employee was previously suspended for 30 days for a DUI.  Under Bureau policy, a second DUI results in dismissal.
   PENALTY: Dismissal
   OFFENSE: DUI in Privately Owned Vehicle. Offense Code 4.4

with the Bureau's mission.  In fact, criminal activity occurred at or adjacent to the club (gang-related homicide), following the discovery of which Employee terminated the lease.

PENALTY: 3-Day Suspension
OFFENSE: Failure to Report, Offense Code 5.7

**4. Fraud; Lack of Candor Under Oath:**  Employee repeatedly committed check fraud and lacked candor under oath when questioned by investigators during the administrative inquiry.  The investigation was initiated based on the filing of a suspicious activity report by a financial institution.  In mitigation, Employee worked for the Bureau for 15 years, had no disciplinary history, and was a solid performer.  In aggravation, Employee's actions were criminal and caused embarrassment to the Bureau.  Moreover, Employee was a supervisor of whom more is expected, and Employee's particular position demanded unquestioned fiscal responsibility and stewardship.

PENALTY: Dismissal
OFFENSE: Lack of Candor Under Oath, Offense Code 2.5
            Fraud, Offense Code 4.5

**5. Improper Evidence Handling:**  Employee stored valuable evidence, including jewelry and more than $100,000 in cash, in a locked filing cabinet for an extended period of time.  This was in violation of Bureau policy that requires all valuable evidence be stored in the evidence vault.  In mitigation, evidence was fully accounted for, no investigation or pending case was harmed, Employee had no prior disciplinary history, Employee acknowledged responsibility, and Employee apologized to supervisor.

PENALTY: 3-day suspension
OFFENSE: Improper Handling of Evidence, Offense Code 1.6

**6. Improper Evidence Handling:**  Employee destroyed or hid electronic surveillance (ELSUR) evidence instead of properly processing it.  An enormous backlog of unprocessed evidentiary material accumulated over several years.  When questioned about it, Employee repeatedly lied to supervisors and hid/destroyed the unprocessed tapes.  Employee's failure to properly process the ELSUR evidence negatively impacted investigations and created additional work for coworkers.

PENALTY: Dismissal
OFFENSE: Improper Handling of Evidence, Offense Code 1.6
            Lack of Candor Not Under Oath, Offense Code 2.5

**7. Lack of Candor Not Under Oath:**  Employee lied to a supervisor when questioned about Employee's failure to timely process a travel voucher on behalf of another employee.  In mitigation, Employee had lengthy FBI career with no prior administrative inquiries.  In aggravation, Employee had numerous issues over the last year related to underperformance, lack of responsiveness, and taking leave without permission.  The Division advised it no longer considers Employee dependable.

PENALTY: 10-day suspension
OFFENSE: Lack of Candor Not Under Oath, Offense Code 2.5

**8. Lost Weapon; Lost Property:**  Employee left Bureau-issued shotgun, a Bureau laptop and a Bureau camera in Bureau vehicle overnight.  The car was broken into and the items were stolen.  Bureau policy allows weapons to be stored overnight in vehicles only when there is "operational necessity" and Employee has obtained written approval from ASAC, neither of which was present in this case.  In mitigation, the laptop and camera did not contain FBI data or information.  In aggravation, Employee had prior disciplinary matter involving lost government property.

PENALTY: 5-day Suspension
OFFENSE: Loss of Government Property, Offense Code 3.3
            Loss of Weapon, Offense Code 3.4

**9. Misuse of FBI Databases:** Employee made unauthorized use of FBI database to search for information about friends and coworkers.
    PENALTY: 5-day Suspension
    OFFENSE: Misuse of FBI Database, Offense Code 3.5

**10. Misuse of Government Computer:** Employee used government-issued Blackberry to send sexually explicit messages to another employee. In mitigation, Employee accepted responsibility and expressed remorse. In aggravation, Employee's conduct was repeated, intentional, and occurred during work hours.
    PENALTY: 5-day suspension
    OFFENSE: Misuse of Government Computers, Offense Code 3.6

**11. Misuse of Government Vehicle:** Employee drove Bureau motorcycle for a purely personal purpose while off-duty. Minimum suspension, established by federal statute, for misusing a government vehicle is 30 days. In aggravation, while misusing the Bureau motorcycle, Employee was involved in an accident that caused substantial damage to the motorcycle.
    PENALTY: 35-day Suspension
    OFFENSE: Misuse of Government Vehicle, Offense Code 3.10

**12. Non-Compliance with Tax Obligations:** Employee failed to file federal and state tax returns and pay taxes from 2008 to 2010. In mitigation, Employee had strong record of performance, no prior disciplinary matters in 30-year Bureau career, and offense occurred during a period of severe financial issues due to a family member's illness. In addition, Employee retained a tax professional to assist with filing delinquent returns and arranging payment plan to fully pay outstanding tax obligations. In aggravation, failure to meet tax obligations is an especially serious 5.5 violation for an FBI employee.
    PENALTY: 10-day Suspension
    OFFENSE: Failure to Honor Just Debts, Offense Code 5.5

**13. Public Intoxication; Weapon Safety Violation:** Employee was cited for public intoxication for walking in the street while drunk. Employee was carrying Bureau-issued weapon. For obvious safety reasons, Bureau policy prohibits employees from carrying firearms while impaired. The fact that Employee's temporary lodging had no adequate place to store weapon did not excuse Employee's conduct. In mitigation, Employee had no prior disciplinary matters during 16-year career.
    PENALTY: 7-day Suspension
    OFFENSE: Misdemeanor, Offense Code 4.8
            Weapon Safety Violation, Offense Code 5.13

**14. Unprofessional Conduct:** Employee used personal cell phone to send nude photographs of self to several other employees. In aggravation, Employee's conduct created office gossip and negatively impacted office operations. The Division advised that Employee's misconduct adversely affected the daily activities of several squads.
    PENALTY: 10-day Suspension
    OFFENSE: Unprofessional Conduct, Offense Code 5.21

**15. Unprofessional Conduct:** Employee visited a massage parlor and paid for a sexual favor from the masseuse. In mitigation, Employee had exemplary work record, no prior administrative actions, and expressed remorse. In aggravation, Employee's actions were not only unprofessional, but illegal.
    PENALTY: 14-day Suspension
    OFFENSE: Unprofessional Conduct, Offense Code 5.21

**16. Unprofessional Conduct; Failure to Report; Obstruction of OPR Process:** Employee was involved in a domestic dispute at mistress' apartment, requiring police intervention. Employee was drunk and uncooperative with police. Employee refused to relinquish his weapon, making it necessary for the officers to physically subdue him, take the loaded weapon, and place Employee in handcuffs. Thereafter, Employee took action to improperly influence the OPR process by contacting the officers involved to apologize in the hope that they would minimize his conduct when interviewed. In aggravation, Employee had a prior incident for similar misbehavior prior to joining FBI and, in a separate incident, had a temporary restraining order issued against him. Finally, Employee failed to timely inform supervisors that he had moved out of his former family home and had a new roommate.
      PENALTY:  Dismissal
      OFFENSE:  Obstruction of OPR Process, Offense Code 2.11
                   Failure to Report, Offense Code 5.7
                   Unprofessional Conduct, Offense Code 5.21