

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREE SPEECH COALITION, INC. et al.**: | CIVIL ACTION |
| Plaintiffs, | |
| v. | |
| **THE HONORABLE ERIC H. HOLDER, JR**: | 09-4607 |
| Defendant. | |

FILED
JUN 14 2013
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## QUESTIONS FOR COUNSEL FOR CLOSING ARGUMENTS/ BRIEFS

1. Issues on remand.

    a. First Amendment facial overbreadth

    b. First Amendment overbroad as applied

    c. Fourth Amendment facial unconstitutional

    d. Fourth Amendment unconstitutional as applied

2. Some key issues for decision:

    a. Is the statute overbroad by requiring all performers to document their age without any distinction between youthful looking performers and performers who are clearly adults? If so, what age cut-off would be proper? Is there a reasonably compelling alternative anywhere in the record?

    b. Is the statute overbroad by including purely personal depictions, such as husband and wife sexually explicit images or teen or adult "sexting," within the

1

scope of the law? Is it relevant that sexting did not exist when statue was enacted? If so, does the law require judicial action to strike the statute down?

    c.    On the record keeping issue, are the records required any more onerous for the business of the plaintiffs than other regulations existing in our country as required by Congress or regulatory agencies? Is the testimony of various witnesses that the recordkeeping "chills" their First Amendment rights a reason to strike down the statute? Is their interpretation of this requirement reasonable? How compared to health regulations?

    d.    Inspection without notice. Although this may be the most problemsome aspect of the regulations, even if the regulations are overbroad, are the plaintiffs entitled to relief? Is there expectation of privacy in these types of records?

    e.    Is there any difference of review of allegations of unconstitutionality of regulations adopted by the Department of Justice, as opposed to statutory language enacted by Congress? Considering the Supreme Court's recent decision in *FCC v. Arlington,* does the record support striking down any of the regulations, as opposed to holding the statute unconstitutional?

    3.    How does the word "lascivious" play a part in the constitutional analysis?

    4.    Concerning the genital art gallery, photos without faces, and the testimony that one plaintiff wanted to take videos of gay men engaging in sexual activity on Fire Island, in both of which situations, the names and ages of the actors would not be known, is this restriction enough of a burden to require a finding in favor of the plaintiffs? If these were the only two instances in the record where plaintiffs felt an artistic need to make images of explicit sexual activity but could not get the identification of the actors or

2

their ages, is restricting such activity unconstitutional? Same question as to desire of a plaintiff or a citizen to include European people as to whom no age or name is known, in depictions distributed in the United States?

5. The Third Circuit on remand held that this Court should compare the amount of protected speech with no government interest (depictions of obvious adults), to the amount of speech which does implicate government interests (depictions of non-obvious adults). Can that comparison be made based on the evidence of record in this case? If so, results? If the Court concludes there is no evidence, or minimal evidence, to allow this comparison, what is the legal affect?

6. Any precedent where a court struck down the criminal penalties in a statute but held that civil penalties would be okay?

7. Any precedent where the adult/minor distinction re photo documentation and/or recordkeeping was upheld?

8. Of what significance is the fact that the statute applies to married couples and couples who are in committed relationships? Is there a privacy concern that should inform the First Amendment analysis?

9. What is the importance of percentage figures as to the U.S. population? In other words, is the actual number of adults or minors affected by 2257 more or less relevant than percentages, or not relevant at all?

10. Respecting the Third Circuit's holding that it could not adopt any doctrine of constitutional avoidance, does the remand and the evidence of record on the remand, including the inspection issue which was not in the record previously, allow the Court to

3

put any kind of "gloss" on 2257, particularly since there is testimony that it was not intended by the Justice Department to cover purely personal activity?

    a.    Activity not for sale or trade?

    b.    Only activity in interstate commerce?

11. Accepting that 2257 restricts expression by some interested in depictions of sexual activity made for education/health/procreation purposes, does narrow tailoring require the Court to look at alternative means to prevent child pornography, and if so, what alternatives have been suggested in the record that would be effective?

12. Do the plaintiffs suggest any alternative (except the age threshold) and is there any precedent where a Court has struck down a statute because it has an unreasonable age threshold?

13. What is the government's position as to the requirements for "affixing" the 2257 statement on the following:

    a.    Every still photo taken by a photographer, even if never developed or printed?

    b.    Every still photo that is printed by a photographer but never leaves the photographer's possession?

    c.    Still photos that are in a collection or in a single envelope and are passed around to acquaintances, clients, and friends?

    d.    Still photos printed and displayed in an art gallery?

    e.    Printed photos that are collected in a book which is then published or available for downloading online?

    f.    Website portrayal?

      g.    Video of husband and wife having sex at home, without further distribution.

      h.    Husband and wife transmit by cellphone to each other?

      i.    If there are no regulations advising people about this, what is the legal effect of that?

14.    Concerning the FBI inspection program, does the record allow a conclusion that in some instances, the FBI agents intruded into private portions of homes or offices in photographing where the 2257 materials were kept?

15.    Is the availability of a third party custodian a complete answer to the Fourth Amendment issues raised by the plaintiffs?

16.    Does the record shed any light on the issue previously raised of whether there is a reasonable expectation of privacy in the 2257 records?

      a.    If they only depict third persons? If they depict individuals who are keeping the records in their own home and the depictions are of the homeowners themselves?

17.    Who has the burden of proof on the Fourth Amendment issues?

18.    What in the record do the plaintiffs assert demonstrates facial invalidity of 2257 under the Fourth Amendment?

19.    What impact does the burdensomeness of the regulations have on the constitutional as applied analysis?

20.    What justification does the government offer for the statute authorizing inspection without notice in view of the fact that there is no motivation for destruction?

21. Is there evidence that the potential for producers to fabricate records on a last minute basis, because of advance notice, is a practical threat?

22. What justification is there for the 20 hour requirement?

23. If the inspection plan is unreasonably burdensome:

    a. Can the judge rewrite the regulations?

    b. Must the statute be struck down entirely?

    c. Can the Court retain jurisdiction in the event the inspections are to ever be renewed at a later point in time?

    d. Does the judge have discretion to find the regulations where unreasonable but in view of the fact that they have not been enforced for the last seven years, decline to issue a preliminary injunction at this time?

24. Assuming the inspection program was having a "chilling" effect on individuals subject to 2257 while inspections were occurring, does the testimony allow a finding that the suspension of the inspection program has eliminated that threat in that such individuals are no longer "chilled" as the possible threat of resumption enough to continue the "chilling" affect?

Dated: 6/14/13

BY THE COURT:

Michael M. Baylson, U.S.D.J.

ENTERED
JUN 1 4 2013
CLERK OF COURT

O:\CIVIL 09\09-4607 Free Speech v. Holder\09cv4607.questions.counsel.0614.13.doc.

6