IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., | ) Civil Action No. 2:09-4607 |
| Plaintiffs, | ) Judge Michael M. Baylson |
| v. | ) |
| THE HONORABLE ERIC H. HOLDER, JR., Attorney General, | ) DEFENDANT'S SECOND SET OF ) INTERROGATORIES |
| Defendant. | ) |

Pursuant to Fed. R. Civ. P. 33, each plaintiff is hereby requested to answer, separately from other plaintiffs (or to the extent all plaintiffs' answers to any Interrogatory are identical, separately signed and sworn), each of the following interrogatories separately and fully in writing under oath, and to provide responses by electronic mail to defendant's undersigned counsel by the applicable deadline. If any interrogatory cannot be answered fully, it should be answered to the extent possible, with the reasons explained for not answering more fully. In responding to these interrogatories, type out each question before your answer.

INTERROGATORY NO. 13:   Specify how many hours per week, on average, you or someone assisting you currently spends on the following activities. If you do not currently engage in an activity identified below but have done so in the past, specify how many hours per week, on average, you or someone assisting you spent on that activity in the most recent year in which you engaged in that activity, and specify the year.

    a.    creating visual depictions of sexually-explicit conduct, excluding any time spent complying with the requirements of 18 U.S.C. §§ 2257 and/or 2257A and their implementing regulations

   b. examining and copying identification documents of performers portrayed in visual depictions of sexually-explicit conduct that you are in the process of producing ("your visual depictions"); ascertaining names ever used by performers portrayed in your visual depictions, other than the performer's present and correct name; recording the names and dates of birth of performers portrayed in your visual depictions

   c. indexing, organizing, and categorizing records maintained pursuant to 18 U.S.C. §§ 2257 and/or 2257A and their implementing regulations, excluding any time attributed to the activity identified in subsection (b) of this Interrogatory

   d. creating records of the date of original production of your visual depictions pursuant to 28 C.F.R. § 75.2(a)(4), excluding any time attributed to the activities identified in subsections (a) and (b) of this Interrogatory

   e. affixing, or instructing others to affix, statements to your visual depictions that describe the location of records required by 18 U.S.C. §§ 2257 and/or 2257A and their implementing regulations

   f. permitting inspections of records maintained pursuant to 18 U.S.C. §§ 2257 and/or 2257A and their implementing regulations

 INTERROGATORY NO. 14: Specify how much money you have spent per year, for each of the past ten years, on the following activities. If you do not currently engage in an activity identified below but have done so in the past, specify how much money you spent on that activity per year in the ten most recent years in which you engaged in that activity, and specify the years.

   a. creating visual depictions of sexually-explicit conduct, excluding any time spent complying with the requirements of 18 U.S.C. §§ 2257 and/or 2257A and their

implementing regulations

  b. examining and copying identification documents of performers portrayed in visual depictions of sexually-explicit conduct that you are in the process of producing ("your visual depictions"); ascertaining names ever used by performers portrayed in your visual depictions, other than the performer's present and correct name; recording the names and dates of birth of performers portrayed in your visual depictions

  c. indexing, organizing, and categorizing records maintained pursuant to 18 U.S.C. §§ 2257 and/or 2257A and their implementing regulations, excluding any time attributed to the activity identified in subsection (b) of this Interrogatory

  d. creating records of the date of original production of your visual depictions pursuant to 28 C.F.R. § 75.2(a)(4), excluding any time attributed to the activities identified in subsections (a) and (b) of this Interrogatory

  e. affixing, or instructing others to affix, statements to your visual depictions that describe the location of records required by 18 U.S.C. §§ 2257 and/or 2257A and their implementing regulations

  f. permitting inspections of records maintained pursuant to 18 U.S.C. §§ 2257 and/or 2257A and their implementing regulations

 INTERROGATORY NO. 15: Identify by name, any aliases, and birthdate all individuals who have appeared in visual depictions of sexually-explicit conduct that you have created (or, if you are a secondary producer but not a primary producer, that you have produced) since January 1, 1978, together with the title, date of creation, date of publication, publisher, URL, distributor, and location of each such visual depiction in which they appear. If multiple visual depictions of

sexually-explicit conduct were created as a result of a single occasion or event, such as a photo shoot or live stream, identify the event by description and date that it occurred, along with the titles of three visual depictions from the event in which the individual appears, and the total number of depictions from the event in which the individual appears.

INTERROGATORY NO. 16:   Identify the exact age at which you contend an individual is "obviously mature."

INTERROGATORY NO. 17:   Describe in specific detail any categories of the following, as to which you contend that the requirements of 18 U.S.C. §§ 2257 and/or 2257A and their implementing regulations either (1) would or (2) would not be consistent with the First Amendment's intermediate scrutiny test (without regard to any other constitutional defect that you might believe applies), if the requirements applied only to those categories:

    (a) producers who use individuals in a particular age range in the visual depictions of sexually-explicit conduct that they produce

    (b) producers who produce visual depictions of sexually-explicit conduct in a particular format

    (c) producers who produce visual depictions of sexually-explicit conduct for a particular use

    (d) producers who produce visual depictions of sexually-explicit conduct for a particular purpose

    (e) visual depictions of sexually-explicit conduct that depict individuals in a particular age range

    (f) visual depictions of sexually-explicit conduct that are in a particular format

    (g) visual depictions of sexually-explicit conduct that are used in a particular way

    (h) visual depictions of sexually-explicit conduct that are created for a particular purpose

  INTERROGATORY NO. 18:   For each subsection listed in the preceding Interrogatory, describe in specific detail the procedures that you contend would allow (1) a producer and (2) the government to distinguish between the categories you have identified where you contend the requirements of 18 U.S.C. §§ 2257 and/or 2257A and their implementing regulations may apply consistent with the First Amendment's intermediate scrutiny test and the categories you have identified where you contend those requirements may not apply consistent with the First Amendment's intermediate scrutiny test.

  INTERROGATORY NO. 19:   Identify by full name, all aliases, address, telephone number, e-mail address, and website URL each person who (a) observed or was present during an inspection that was conducted pursuant to 18 U.S.C. § 2257 or (b) owned or rented the property at which an inspection was conducted pursuant to 18 U.S.C. § 2257, who contends that the inspection that occurred violates the Fourth Amendment as applied to him or her.

  INTERROGATORY NO. 20:   For each person identified in response to Interrogatory No. 19, describe in specific detail why that person contends that the inspection that occurred violates the Fourth Amendment as applied to that person.

  INTERROGATORY NO. 21: For each year since 1988, state the gross revenue you have received from your production of visual depictions of sexually-explicit conduct.

  INTERROGATORY NO. 22:  If you contend you are part of an industry, business, profession, or other activity that has practices or standards or operates pursuant to federal or state

laws or regulations, other than 18 U.S.C. §§ 2257 and/or 2257A and their implementing regulations, that ensure that individuals appearing in visual depictions of sexually-explicit conduct are adults, identify with specificity the industry, business, profession, or other activity of which you are part, and identify by name, specific citation, and description each and every such practice, standard, state law, federal law, or other regulation.

INTERROGATORY NO. 23: Identify by creator, producer, title, date of creation, date of publication, publisher, URL, distributor, and location fifty unique (meaning not in the same videotape, book, website, or similar work that contains multiple depictions) examples of visual depictions of sexually-explicit conduct that you contend are subject to 18 U.S.C. § 2257 and its implementing regulations, that have been produced by one or more plaintiffs in this action, in each of the following categories (in other words, fifty per category). If plaintiffs in this action have produced less than fifty visual depictions subject to 18 U.S.C. § 2257 in any of these categories, include examples not produced by plaintiffs for the remaining number for a total of fifty:

    a.    sexually explicit visual depictions of obviously mature adults:

    b.    sexually explicit visual depictions produced by an adult of himself or herself and sent to a spouse or significant other using a multimedia message service;

    c.    sexually explicit visual depictions produced by adults inserted on a computer site or service restricted to adults for the purpose of communicating with other adults about sexual conduct;

    d.    sexually explicit visual depictions in a textbook on human sexuality;

    e.    sexually explicit visual depictions produced by an adult of himself or herself and sent to a spouse or significant other by electronic mail;

      f.    sexually explicit visual depictions of adults by a commercial producer who regularly and in the normal course of business collects and maintains individually identifiable information regarding performers pursuant to federal and state laws (other than 18 U.S.C. §§ 2257, 2257A and their implementing regulations) and industry standards;

      g.    sexually explicit visual depictions of an adult married couple created by a professional photographer at their request;

      h.    sexually explicit visual depictions in a documentary on rape;

      i.    sexually explicit visual depictions in a documentary on sexual abuse in war-torn countries.

<u>INTERROGATORY NO. 24:</u> In regard to each of Defendant's Requests for Admission to which you have responded other than by admitting the Request (whether by objecting, denying or qualifying your admission), or to which you have failed to respond, explain in specific detail the basis for your refusal to admit without qualification or to respond.

December 19, 2012                        Respectfully submitted,

                                          STUART F. DELERY
                                          Principal Deputy Assistant Attorney General
                                          ZANE DAVID MEMEGER
                                          United States Attorney
                                          VINCENT M. GARVEY
                                          Deputy Director, Federal Programs Branch

                                          <u>/s/ Kathryn L. Wyer</u>
                                          KATHRYN L. WYER
                                          U.S. Department of Justice, Civil Division
                                          20 Massachusetts Avenue, N.W.
                                          Washington, DC 20530
                                          Tel. (202) 616-8475 / Fax (202) 616-8470
                                          kathryn.wyer@usdoj.gov

*Attorneys for Defendant*