IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., | ) <br> ) Civil Action No. 2:09-4607 <br> ) |
| Plaintiffs, | ) Judge Michael M. Baylson <br> ) |
| v. | ) <br> ) DEFENDANT'S FIRST SET OF |
| THE HONORABLE ERIC H. HOLDER, JR., <br> Attorney General, | ) REQUESTS FOR ADMISSION <br> ) <br> ) |
| Defendant. | ) |

Pursuant to Fed. R. Civ. P. 36, each plaintiff is hereby requested to respond, separately from other plaintiffs (or to the extent all plaintiffs' responses to any Request for Admission are identical, a common response indicating that each plaintiff's response is identical would suffice), to each of the following Requests for Admission separately and fully in writing, and to provide responses by electronic mail to defendant's undersigned counsel by the applicable deadline. For organizational plaintiffs American Society of Media Photographers and Free Speech Coalition, "you" in any of the following Requests refers to you and/or your members, unless otherwise specified. In responding to these Requests, type out each Request before your response.

1. Admit that persons below the age of eighteen can appear to be older than eighteen.

2. Admit that a person below the age of eighteen can display the physical signs of sexual development consistent with that of a person above the age of eighteen.

3. Admit that a person below the age of eighteen can reach full maturity with respect to pubic hair development before the age of eighteen.

4. Admit that a female below the age of eighteen can reach full maturity with respect to breast development before the age of eighteen.

5. Admit that a person below the age of eighteen can reach full maturity with respect to any sexual organ before the age of eighteen.

6. Admit that prior to the enactment of 18 U.S.C. § 2257, you relied, in whole or in part, upon your own visual observation of individuals you planned to use in visual depictions of actual sexually-explicit conduct that you produced, or upon your own visual observation of photographs of these individuals, to determine whether the person(s) depicted were above the age of eighteen.

7. Admit that prior to the enactment of 18 U.S.C. § 2257A, you relied, in whole or in part, upon your own visual observation of individuals you planned to use in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit conduct limited to lascivious exhibition of the genitals that you produced, or upon your own visual observation of photographs of these individuals, to determine whether the person(s) depicted were above the age of eighteen.

8. Admit that a visual inspection of a photograph of a sexual organ alone cannot be the basis for an accurate determination of whether a person is above the age of eighteen.

9. Admit that a person's apparent age, as determined by a visual inspection of that person or a photograph of that person, can be affected by the person's race.

10. Admit that a person's apparent age, as determined by a visual inspection of that person or a photograph of that person, can be affected by the person's country of origin.

11. Admit that a person's apparent age, as determined by a visual inspection of that person or of a photograph of that person, can be affected by how rapidly that person's physical sexual characteristics develop.

12. Admit that photographs can be altered to make a minor appear older than eighteen.

13. Admit that, prior to the enactment of 18 U.S.C. § 2257, you encountered individuals whom you wished to use in visual depictions of actual sexually-explicit conduct that you

produced, for whom you could not determine whether the individual(s) were above the age of eighteen.

14. Admit that, prior to the enactment of 18 U.S.C. § 2257A, you encountered individuals whom you wished to use in visual depictions of simulated sexually-explicit conduct that you produced, for whom you could not determine whether the individual(s) were above the age of eighteen.

15. Admit that, in any case referred to in Request Nos. 13 or 14, above, you requested proof of the age of the person(s) so depicted before using that person(s) in the production of a visual depiction of sexually-explicit conduct.

16. Admit that you have never employed anyone with formal training in visual age verification to assist in the determination of the age of persons whom you have used as performers in visual depictions of sexually-explicit conduct that you have produced.

17. Admit that the Tanner Scale is based on averages of the development of human physical sexual development.

18. Admit that the physical sexual development of minors occurs at different rates.

19. Admit that physical sexual development can occur more rapidly for some minors than for others.

20. Admit that, prior to the enactment of 18 U.S.C. § 2257, you used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

21. Admit that, prior to the enactment of 18 U.S.C. § 2257, you used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

22. Admit that, since the enactment of 18 U.S.C. § 2257, you have considered using individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

23. Admit that, since the enactment of 18 U.S.C. § 2257, you have used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-five.

24. Admit that, since the enactment of 18 U.S.C. § 2257, you have considered using individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

25. Admit that, since the enactment of 18 U.S.C. § 2257, you have used individuals as performers in visual depictions of actual sexually-explicit conduct who were below the age of twenty-one.

26. Admit that, prior to the enactment of 18 U.S.C. § 2257A, you used individuals as performers in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit conduct limited to lascivious exhibition of the genitals who were below the age of twenty-five.

27. Admit that, prior to the enactment of 18 U.S.C. § 2257A, you used individuals as performers in visual depictions of simulated sexually-explicit conduct or of actual sexually-explicit conduct limited to lascivious exhibition of the genitals who were below the age of twenty-one.

28. Admit that, since the enactment of 18 U.S.C. § 2257A, you have considered using individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of

twenty-five.

29. Admit that, since the enactment of 18 U.S.C. § 2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

30. Admit that, since the enactment of 18 U.S.C. § 2257A, you have considered using individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

31. Admit that, since the enactment of 18 U.S.C. § 2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

32. Admit that, prior to the enactment of 18 U.S.C. § 2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-five.

33. Admit that, prior to the enactment of 18 U.S.C. § 2257A, you have used individuals as performers in visual depictions of simulated sexually-explicit conduct or actual sexually-explicit conduct limited to lascivious display of the genitals who were below the age of twenty-one.

34. Admit that images constituting child pornography are sent through electronic mail.

35. Admit that images constituting child pornography are sent through multimedia messaging services.

36. Admit that images constituting child pornography are inserted on websites.

37. Admit that a visual depiction of sexually-explicit conduct that is sent through electronic mail may be intercepted by or forwarded to individuals other than the original sender's intended

recipient of the e-mail.

38. Admit that the recipient of a visual depiction of sexually-explicit conduct sent through electronic mail may not know the identity of the sender.

39. Admit that the recipient of a visual depiction of sexually-explicit conduct sent through electronic mail may not know the identity of the individual(s) depicted.

40. Admit that a visual depiction of sexually-explicit conduct that is sent through a multimedia messaging service may be intercepted by or forwarded to individuals other than the original sender's intended recipient of the message.

41. Admit that the recipient of a visual depiction of sexually-explicit conduct that is sent through a multimedia messaging service may not know the identity of the sender.

42. Admit that the recipient of a visual depiction of sexually-explicit conduct that is sent through a multimedia messaging service may not know the identity of the individual(s) depicted.

43. Admit that a visual depiction of sexually-explicit conduct that is inserted on a website or otherwise uploaded onto the Internet may be intercepted by or downloaded and forwarded to individuals other than the individuals who subscribe to a particular website or website service.

44. Admit that the viewer of a visual depiction of sexually-explicit conduct that is inserted on a website or otherwise uploaded onto the Internet may not know the identity of the individual who uploaded the depiction.

45. Admit that the viewer of a visual depiction of sexually-explicit conduct that is inserted on a website or otherwise uploaded onto the Internet may not know the identity of the individual(s) depicted.

46. Admit that the use of underage (meaning under the age of 18) individuals in visual

depictions of sexually-explicit conduct in a photograph, book, magazine, or film is harmful even if the creator of the photograph, book, magazine, or film intends it to have an educational purpose.

47. Admit that any producer might claim that a photograph, book, magazine, or film he or she has produced has an educational purpose.

48. Admit that the use of underage individuals in visual depictions of sexually-explicit conduct in a documentary on rape or the atrocities of war is harmful even if the creator of the documentary intends it to have a legitimate journalistic purpose.

49. Admit that any producer might claim that a video or film that he or she has produced is a documentary.

50. Admit that the use of underage individuals in visual depictions of sexually-explicit conduct in a photograph, book, magazine, or film is harmful even if the creator of the photograph, book, magazine, or film intends it to have a therapeutic purpose.

51. Admit that any producer might claim that a photograph, book, magazine, or film that he or she has produced has a therapeutic purpose.

52. Admit that the use of underage individuals in visual depictions of sexually-explicit conduct in a photograph, book, magazine, or film is harmful even if the creator of the photograph, book, magazine, or film intends it to have an artistic purpose.

53. Admit that any producer might claim that a photograph, book, magazine, or film that he or she has produced has an artistic purpose.

54. Admit that the use of underage individuals in a visual depiction of sexually-explicit conduct is harmful even if the visual depiction is sent through electronic mail.

55. Admit that the use of underage individuals in visual depictions of sexually-explicit

conduct is harmful even if the visual depiction is sent through a multimedia message service.

56. Admit that the use of underage individuals in visual depictions of sexually-explicit conduct is harmful even if the visual depiction is uploaded onto a restricted website.

57. Admit that the use of underage individuals in visual depictions of sexually-explicit conduct is harmful even if the visual depiction is not produced for a commercial purpose.

58. Admit that visual depictions of sexually-explicit conduct constitute child pornography if they contain underage individuals, regardless of the depictions' intended purpose or whether the depictions are sent through electronic mail, through a multimedia messaging service, or uploaded onto the Internet.

59. Admit that if you (or, for organizational plaintiffs, one of your members) used an underage individual in a visual depiction of sexually-explicit conduct that you created (or, if you are a secondary producer, produced), it would be harmful.

60. Admit that if you (or, for organizational plaintiffs, one of your members) used an underage individual in a visual depiction of sexually-explicit conduct that you created (or, if you are a secondary producer, produced), the depiction would constitute child pornography.

61. Admit that a large quantity of visual depictions of actual sexually-explicit conduct produced since the enactment of 18 U.S.C. § 2257 contains youthful-looking individuals.

62. Admit that a large quantity of visual depictions of simulated sexually-explicit conduct produced since the enactment of 18 U.S.C. § 2257A contains youthful-looking individuals.


December 19, 2012                          Respectfully submitted,

                                                              STUART F. DELERY
                                                              Principal Deputy Assistant Attorney General
                                                              ZANE DAVID MEMEGER

        United States Attorney
        VINCENT M. GARVEY
        Deputy Director, Federal Programs Branch

        /s/ Kathryn L. Wyer
        KATHRYN L. WYER
        U.S. Department of Justice, Civil Division
        20 Massachusetts Avenue, N.W.
        Washington, DC 20530
        Tel. (202) 616-8475 / Fax (202) 616-8470
        kathryn.wyer@usdoj.gov
        *Attorneys for Defendant*