IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., | ) Civil Action No. 2:09-4607 |
| | ) |
| Plaintiffs, | ) Judge Michael M. Baylson |
| | ) |
| v. | ) |
| | ) **DEFENDANT'S PROPOSAL FOR** |
| JEFFERSON B. SESSIONS, III, | ) **ADDITIONAL DISCOVERY AND** |
| Attorney General, | ) **THE SUBMISSION OF ADDITIONAL** |
| | ) **EVIDENCE AND SUPPLEMENTAL** |
| Defendant. | ) **BRIEFING** |

At the hearing in this case held on September 28, 2017, the Court invited Defendant to

revisit its earlier decision not to introduce more evidence in support of the constitutionality of 18

U.S.C. §§ 2257 and 2257A ("the Statutes") and 28 C.F.R. §§ 75.1 -.4, .6 -.9 ("the implementing

regulations"). *See* Hr'g Tr. 53:24-54:18. As requested, Defendant has reconsidered that decision

in light of the Court's questions and the discussion that occurred at the hearing. Defendant

proposes to submit additional evidence demonstrating that the Statutes and implementing

regulations are narrowly tailored and the least restrictive means of achieving the Government's

compelling interest, as set forth below.[1]

**1.       Supplemental Written Discovery**

Plaintiffs have identified various alternatives to the Statutes and implementing

regulations that they contend are less restrictive and would be equally effective in achieving the

---

[1] In accord with the Court's order at the September 28 hearing, counsel for Plaintiffs provided counsel for Defendant with a draft filing as well as the new Free Speech Coalition policy and form on October 19, 2017, and counsel for Defendant provided counsel for Plaintiffs with a draft filing as well as draft proposed written discovery on October 20, 2017. The parties did not further confer regarding their submissions. Defendant has modified its proposed written discovery and its filing after reviewing Plaintiffs' written policy and, to the extent there was time to review it, Plaintiffs' filing earlier today.

Government's compelling interest. Defendant disputes Plaintiffs' contention that their proposed alternatives in fact would be both less restrictive and equally effective. However, the current record in this case is insufficient to allow Defendant to contest those contentions. Indeed, Defendant argued in its brief in support of judgment that the Third Circuit had recognized that any burdens that the Statutes and implementing regulations impose on Plaintiffs are minimal and that the trial record contained no evidence that the alternatives suggested by Plaintiffs would in fact be less burdensome as applied to Plaintiffs. *See, e.g.*, Def. Mem. (ECF No. 249) at 19-22, 28; *see also* Hr'g Tr. (Sept. 28, 2017) 11:4-12; 17:25-18:5; 27:2-25; 59:6-7. However, in the September 28 hearing, the Court suggested that Defendant should reconsider its reliance on the trial record and instead pursue additional evidence in order to support the constitutionality of the Statutes and implementing regulations under strict scrutiny. Hr'g Tr. 61:12-62:7.

Defendant's prior discovery in this case is insufficient to address whether Plaintiffs' proposed alternatives are in fact less restrictive. Discovery in this case closed on April 30, 2013. *See* ECF No. 134. A bench trial was then held in June 2013. Thus, over four years have passed since Plaintiffs provided testimony concerning their age verification, labeling, and recordkeeping practices. As Defendant pointed out at the September 28 hearing, there is reason to question whether Plaintiffs continue to face the same burdens they identified in prior proceedings, as minimal as those burdens were even then. *See* Hr'g Tr. 6:21-7:6. For one thing, any requirements imposed by 28 C.F.R. § 75.5, including the requirement that producers make records available for inspection at least twenty hours per week, are no longer in effect, in light of the Court's Judgment of January 6, 2017. Moreover, the Court recognized in its 2013 Memorandum Opinion that "Plaintiffs appear to be misunderstanding the Statutes and their corresponding regulations" in a number of respects. *Free Speech Coal., Inc. v. Holder*, 957 F. Supp. 2d 564, 585 n.12 (E.D.

Pa. 2013). Over four years later, it is reasonable to inquire whether Plaintiffs have changed their practices to avoid burdens that are simply unnecessary under the Statutes and regulations.

Finally, in pursuing evidence under intermediate scrutiny, Defendant did not obtain specific information about the burdens attributable to specific aspects of the requirements for every Plaintiff. The regulatory scheme set forth by the Statutes and regulations include age verification, labeling, and recordkeeping requirements. Moreover, the regulations implement the Statutes' requirements in a more detailed fashion. Because the Court, applying strict scrutiny, appears to question whether the Government can meet its burden, it is crucial that the Government be allowed to make further inquiries into exactly what Plaintiffs' current practices are and the time and money Plaintiffs claim to expend on specific aspects of the requirements under the current scheme (and for organizational Plaintiffs, the practices followed and specific burdens faced by those of their members who are subject to the Statutes), and how Plaintiffs believe their practices and corresponding burdens would change under the alternatives that Plaintiffs have proposed. That information is necessary in order to address whether and in what ways Plaintiffs' proposed alternatives would be less restrictive than specific aspects of the Statutes and implementing regulations, and whether those alternatives could further the same interests that are furthered by the comprehensive age verification, labeling, and recordkeeping scheme set forth by the Statutes and implementing regulations.

Defendant therefore seeks to serve additional interrogatories, requests for production, and requests for admission on Plaintiffs. Attached hereto are Defendant's proposed supplemental written discovery requests. These requests are limited to, at most, the last five years and thus focus on a period for which no discovery has yet taken place, and they are narrowly focused on topics relevant to the strict scrutiny analysis. The responses to this proposed discovery will also

shed light on whether, in fact, any requirements of the current scheme that can be identified as unnecessarily burdensome are expressly imposed by the Statutes themselves or are instead in the implementing regulations, based on the Department's interpretation of the Statutes. These responses could provide support for the conclusion that, even if aspects of the implementing regulations are deemed unconstitutional as applied to Plaintiffs under strict scrutiny, the Statutes themselves need not be held unconstitutional as applied to Plaintiffs. Plaintiffs' responses may also shed light on whether each Plaintiff's claims continue to present a live case or controversy.

In light of Plaintiffs' submission of newly-written industry standards that Plaintiff the Free Speech Coalition contends represents standards followed by its members, Defendant also seeks to serve written discovery testing that contention.

Depending on Plaintiffs' responses to Defendant's written discovery requests, Defendant also may seek to re-depose some or all Plaintiffs and to depose some of the organizational Plaintiffs' members.

## 2.    Supplemental Witness Testimony

Defendant seeks to offer testimony by individuals with personal knowledge concerning the reporting of suspected child pornography or the enforcement of criminal child pornography prohibitions in order to provide additional evidence that the Statutes and implementing regulations are narrowly tailored and are the least restrictive means of achieving the Government's compelling interest. This testimony will demonstrate that millions of depictions of sexually-explicit conduct are reported each year, by Internet Service Providers and others, as possible child pornography; that those involved in acting on those reports have limited resources; and that the age verification, labeling, and recordkeeping requirements of the Statutes and implementing regulations serve an important function in the effort to combat the sexual

4

exploitation of children. This testimony will also address why Plaintiffs' proposed alternatives would not be as effective as the current scheme. Defendant seeks to offer this testimony in the form of written declarations.

Contrary to Plaintiffs' contention, Defendant does not seek to present expert testimony. Rather, Defendant seeks to present fact witness testimony by individuals with personal knowledge concerning the reporting of suspected child pornography or the enforcement of criminal child pornography prohibitions. Therefore, the rules governing expert witnesses do not apply. Moreover, this supplemental testimony will address why Plaintiffs' proposed alternatives are less effective by providing evidence that the requirements imposed by the Statutes and implementing regulations work together in a comprehensive, integrated fashion, and proposed alternatives that do not include age verification, recordkeeping, and labeling with information that identifies where age verification records are located cannot be as effective as the current scheme under the Statutes.

Plaintiffs also suggest that the only additional evidence that the Court suggested would be appropriate is evidence of the use of underage performers in the adult industry. However, the Court clearly invited Defendant to come up with evidence that would address Plaintiffs' proposed alternatives in some manner, while leaving it up to Defendant to "tell me what you're suggesting." Hr'g Tr. 62:2-7. As described above, Defendant's proposed supplemental evidence is directly relevant to the question of whether Plaintiffs' proposed alternatives are equally effective, and whether the Statutes and implementing regulations are the least restrictive means of advancing the Government's compelling interests.

### 3.    Supplemental Briefing

After all supplemental discovery is completed and supplemental witness testimony is

procured, Defendant proposes that it will submit supplemental briefing, including briefing on the following three subjects: First, Defendant's supplemental briefing will marshal the evidence in support of Defendant's contention that the Statutes and implementing regulations are narrowly tailored and are the least restrictive means of serving the Government's compelling interests. Second, Defendant's supplemental briefing will address the appropriate remedy in the event the Court ultimately determines that any aspect of the Statutes or implementing regulations is unconstitutional as applied to any Plaintiff or is unconstitutionally overbroad. Third, Defendant's supplemental briefing will address Plaintiffs' submitted industry standards.[2]

### 4.      Proposed Schedule

Defendant requests at least sixty days to submit its proposed supplemental testimony from additional fact witnesses, as described above. In order to integrate that request within a schedule that addresses all the supplemental evidence and filings identified above, Defendant proposes the following schedule:

| | |
|---|---|
| Plaintiffs' Responses to Written Discovery | 30 days after service of discovery |
| Defendant's Supplemental Brief with Declarations Reflecting Supplemental Witness Testimony | 30 days after receiving Plaintiffs' discovery responses |
| Plaintiffs' brief in response | 30 days after Defendant's brief |
| Defendant's reply | 14 days after Plaintiffs' brief |

---

[2] Defendant notes that it is unclear what purpose Plaintiffs' submitted industry standards is intended to serve. Plaintiff Free Speech Coalition has drafted new written industry standards that did not exist before now. There is no record regarding Free Speech Coalition members' compliance with those written standards, nor regarding Free Speech Coalition's ability to monitor or enforce those standards. The Court therefore cannot properly rely on those written industry standards when assessing Plaintiffs' First Amendment challenges. Should the Court view Plaintiffs' submission as having some other purpose, unrelated to its First Amendment analysis, it would be helpful to receive clarification on that point.

Dated this 27th day of October, 2017.     Respectfully submitted,

           CHAD A. READLER
           Acting Assistant Attorney General
           LOUIS D. LAPPEN
           Acting United States Attorney
           JOHN R. TYLER
           Assistant Director, Federal Programs Branch

           /s/ Kathryn L. Wyer
           NATHAN M. SWINTON
           KATHRYN L. WYER
           U.S. Department of Justice, Civil Division
           20 Massachusetts Ave., N.W., Washington, DC
           Tel. (202) 616-8475 / Fax (202) 616-8470
           kathryn.wyer@usdoj.gov
           *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.1.2(8)(b), I hereby certify that the foregoing Memorandum has been filed electronically and is available for viewing and downloading from the ECF system.  I further certify that the foregoing document was served via ECF on counsel of record for plaintiffs in the above-captioned case.

Dated: October 27, 2017        /s/
              Kathryn L. Wyer