IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., | ) Civil Action No. 2:09-4607 |
| Plaintiffs, | ) Judge Michael M. Baylson |
| v. | ) |
| JEFFERSON B. SESSIONS, III,<br>  Attorney General, | ) DEFENDANT'S THIRD SET OF<br>) INTERROGATORIES |
| Defendant. | ) |

**INSTRUCTIONS**

Pursuant to Fed. R. Civ. P. 33, each plaintiff is hereby requested to answer, separately from other plaintiffs (or to the extent all plaintiffs' answers to any Interrogatory are identical, separately signed and sworn), each of the following interrogatories separately and fully in writing under oath, and to provide responses by electronic mail to defendant's undersigned counsel by the applicable deadline. If any interrogatory cannot be answered fully, it should be answered to the extent possible, with the reasons explained for not answering more fully. In responding to these interrogatories, type out each question before your answer. Unless a specific interrogatory provides otherwise, please answer the interrogatories with respect to visual depictions of sexually-explicit conduct produced during the past five years.

For organizational plaintiffs Free Speech Coalition and American Society of Media Photographers, unless an interrogatory directs that you should respond directly, please answer these interrogatories separately on behalf of each of your members that produces visual depictions subject to the Statutes' requirements, and identify each member to whom the answer pertains.

## DEFINITIONS

The term "the Statutes" when used below refers to 18 U.S.C. §§ 2257 and 2257A, except as they have been held unconstitutional by the Judgment of January 6, 2017. The term "implementing regulations" refers to the regulations promulgated at 28 C.F.R. §§ 75.1 -.4, .6 -.9. The term "Judgment of January 6, 2017" refers to the Court's Judgment, ECF No. 242, declaring 18 U.S.C. §§ 2257(f)(5) and 2257A(f)(5), those portions of §§ 2257(c) and 2257A(c) that require recordkeepers to "make such records available to the Attorney General for inspection at all reasonable times," and 28 C.F.R. § 75.5 facially invalid.

## INTERROGATORIES

**INTERROGATORY NO. 25**:   Do you use a form to collect some or all of the information about performers that is required under the Statutes? If yes,

   a. Is the form you use Free Speech Coalition document ID301-2 (the "FSC form")? If yes,

      i. When did you begin using the FSC form?

      ii. Do you use any other form in addition to the FSC form in order to collect some or all of the information about performers that is required under the Statutes?

      iii. Did you use a form before you began using the FSC form?

   b. Who fills out this form?

   c. Does the form contain spaces to fill out (i) the performer's name, (ii) the performer's date of birth, (iii) other names used by the performer?

   d. How many forms did you use in each of the past five years?

   e. Please identify how much time and money you spend in filling out a form.

   f. In the absence of the Statutes, would you use a form to collect information about

     performers?

g. If the answer to (f) is yes, would you use the same form to collect information about all performers?

h. If the answer to (f) is yes, would the information include the performer's name?

i. If the answer to (f) is yes, would the information collected include the performer's date of birth?

j. If the answer to (f) is yes, would the information collected include other names used by the performer?

k. If the answer to (g), (h), (i), or (j) is no, identify the amount of time and money, if any, that you would you save by not collecting that information, and the cause of any savings you identify.

**INTERROGATORY NO. 26:** If, at any time, you did not use a form to collect information about performers that is required under the Statutes, did you collect this information in some other way? If yes, please answer the following:

a. How did you collect this information?

b. For how many performers did you collect this information without using a form each year?

c. How much time and money did you spend collecting this information?

d. In the absence of the Statutes, would your collection of information change? If yes, (i) how would it change? (ii) identify the amount of time and money, if any, that you would save as a result of this change, and the cause of any savings you identify.

**INTERROGATORY NO. 27:** Have you affixed the label required under the Statutes to

any depictions of sexually-explicit conduct that you have produced? If yes, please answer the following:

    a. Identify the formats (electronic file, book, printed photograph, webpage, DVD) of the depictions to which you attached the label.

    b. Explain how you affixed each label and whether the label did or could apply to more than one depiction. For example, if you electronically added a single label to your website, or used a label that was already on your website, that could be accessed through a link that appears on all webpages of the site; or if you affixed a label at the front of a book or DVD cover or used copies of the same label on printed depictions, explain that that is the case and identify how many depictions were covered by that label.

    c. Identify the amount of time and money you spent affixing each label.

    d. In the absence of the Statutes, would you continue affixing a label to your depictions of sexually-explicit conduct that identifies the location of age verification information for the performers in those depictions?

    e. If the answer to (d) is yes, describe the label that you would affix in the absence of the Statutes and how it would differ, if at all, from the labels required under the Statutes.

**INTERROGATORY NO. 28:** Do you or a third-party custodian acting on your behalf keep age verification records for depictions of sexually-explicit conduct that you have produced as required under the Statutes? If yes, please answer the following:

    a. State whether you or your third-party custodian keeps these records electronically.

    b. State whether you or your third-party custodian uses software intended or adapted for

    the purpose of maintaining records under the Statutes, and if so, identify the software, including the name of the software, the name of the vendor, and whether the software is publicly or commercially available.

c. State whether your method of keeping records allows your records to be searched electronically (i) by the performer's name and/or (ii) by the name of the work in which the performer appears.

d. Explain how a new record is added to your age verification records, and identify the amount of time and money spent adding each new record.

e. Identify the number of new records added to your age verification records each year.

f. If you use a third-party custodian to maintain your records, identify the basis for the fee charged by the custodian. For example, does the cost depend on the number of new records added in a specific time period, does it cover a certain amount of electronic storage (such as 1 TB) at a fixed cost, or does it depend on some other factor?

g. When you add a new record, do you include a copy of the depiction with the record, as required under 28 C.F.R. § 75.2(a)(1)?

h. How much of the time and money identified in response to subsection (d) is spent on including a copy of the depiction? Explain why that is.

i. Do you keep the records required under the Statutes segregated from all other records, as required under 28 C.F.R. § 75.2(e)? If so, explain (i) how you do this, and (ii) how much of the time and money identified in response to subsection (d) is spent on keeping the records segregated.

j. In the absence of the Statutes, explain whether or how your maintenance of age

verification records would change.

k. If the Statutes were changed to require records only for depictions that include performers age 30 or younger, would your age verification recordkeeping practices change? If yes, (i) how would they change? (ii) identify the amount of time and money, if any, that you would save as a result of this change, and the cause of any savings you identify.

l. If you did not keep age verification records for performers over age 30, would you be able to demonstrate that a performer in a depiction was over age 30 at the time the depiction was created, instead of 29? If so, how would you demonstrate that?

**INTERROGATORY NO. 29:**  Do you produce depictions of actual sexually explicit conduct constituting lascivious exhibition of the genitals or pubic area, or depictions of simulated sexually explicit conduct? If yes, please answer the following:

a. Have you submitted a certification to the Attorney General in accord with 28 C.F.R. § 75.9?

b. If the answer to (a) is yes, explain why you concluded that you were eligible to submit a certification.

c. If the answer to (a) is no, explain why not.

**INTERROGATORY NO. 30:**  Do you qualify as both a primary producer and a secondary producer? If yes, please answer the following:

a. Do you keep records required under the Statutes relating to the works for which you are a secondary producer?

b. Do you use the same recordkeeping system that you use for the works for which you

       are a primary producer?

   c. Do you keep the "secondary producer" records in the same location or electronic system where your "primary producer" records are located?

   d. Identify the amount of time and money spent on maintaining age verification records for the works for which you are a secondary producer.

   e. If the Statutes required only primary producers to keep age verification records, would you keep age verification records for the works for which you are a secondary producer?

   f. If you did not keep age verification records for works for which you are a secondary producer, would you be able to demonstrate that a 19-year-old performer in a depiction for which you are a secondary producer was 19 at the time the depiction was created, instead of 17? If yes, how would you demonstrate that?

**INTERROGATORY NO. 31:** Apart from the provisions invalidated by the Court's Judgment of January 6, 2017, has your understanding of the Statutes' requirements changed as a result of the trial in this case, the decision issued by this Court on July 18, 2013, or any explanation that you were given of the Court's July 18, 2013 decision? If yes, explain how your understanding has changed, and how that change has impacted the procedures you use when verifying ages, keeping records, or labeling depictions in accord with the Statutes and implementing regulations.

**INTERROGATORY NO. 32:** Explain how the Court's Judgment of January 6, 2017 has impacted the procedures you use when verifying ages, keeping records, or labeling depictions in accord with the Statutes and implementing regulations.

**INTERROGATORY NO. 32:** For each year or partial year since January 1, 2013, state

the gross revenue you received from your current or past production of visual depictions of sexually-explicit conduct.

**INTERROGATORY NO. 33:**   Are you a member of Free Speech Coalition? If yes, identify your obligations, if any, as a member of Free Speech Coalition, the source of those obligations, how Free Speech Coalition monitors your compliance with those obligations, and the penalty that you would suffer if you did not meet those obligations.

**INTERROGATORY NO. 34:**   Are you a member of American Society of Media Photographers? If yes, identify your obligations, if any, as a member of American Society of Media Photographers, the source of those obligations, how American Society of Media Photographers monitors your compliance with those obligations, and the penalty that you would suffer if you did not meet those obligations.

**INTERROGATORY NO. 35:**   In regard to each of Defendant's Requests for Admission to which you have responded other than by admitting the Request (whether by objecting, denying or qualifying your admission), or to which you have failed to respond, explain in specific detail the basis for your refusal to admit without qualification or to respond.

**INTERROGATORY NO. 36** (directed to organizational Plaintiffs FSC and ASMP directly): Identify the number of members that you have had each year that have produced visual depictions subject to the Statutes' requirements and the name and address of each of those members.

October ?, 2017                              Respectfully submitted,

                                             CHAD A. READLER
                                             Acting Assistant Attorney General
                                             LOUIS D. LAPPEN
                                             Acting United States Attorney
                                             JOHN R. TYLER

        Assistant Director, Federal Programs Branch

        <u>/s/ Kathryn L. Wyer</u>
        NATHAN M. SWINTON
        KATHRYN L. WYER
        U.S. Department of Justice, Civil Division
        20 Massachusetts Avenue, N.W.
        Washington, DC 20530
        Tel. (202) 616-8475 / Fax (202) 616-8470
        kathryn.wyer@usdoj.gov
        *Attorneys for Defendant*