IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., | ) Civil Action No. 2:09-4607 |
| Plaintiffs, | ) Judge Michael M. Baylson |
| v. | ) |
| JEFFERSON B. SESSIONS, III, Attorney General, | ) DEFENDANT'S SECOND SET OF ) REQUESTS FOR ADMISSION |
| Defendant. | ) |

## INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 36, each plaintiff is hereby requested to respond, separately from other plaintiffs (or to the extent all plaintiffs' responses to any Request for Admission are identical, a common response indicating that each plaintiff's response is identical would suffice), to each of the following Requests for Admission separately and fully in writing, and to provide responses by electronic mail to defendant's undersigned counsel by the applicable deadline. In responding to these interrogatories, type out each question before your answer. Unless a specific request provides otherwise, please answer the requests with respect to visual depictions of sexually-explicit conduct produced during the past five years.

For organizational plaintiffs Free Speech Coalition and American Society of Media Photographers, please answer these interrogatories separately on behalf of each of your members that produces visual depictions subject to the Statutes' requirements, and identify each member to whom the answer pertains.

## DEFINITIONS

The term "the Statutes" when used below refers to 18 U.S.C. §§ 2257 and 2257A, except as

they have been held unconstitutional by the Judgment of January 6, 2017. The term "implementing regulations" refers to the regulations promulgated at 28 C.F.R. §§ 75.1 -.4, .6 -.9. The term "Judgment of January 6, 2017" refers to the Court's Judgment, ECF No. 242, declaring 18 U.S.C. §§ 2257(f)(5) and 2257A(f)(5), those portions of §§ 2257(c) and 2257A(c) that require recordkeepers to "make such records available to the Attorney General for inspection at all reasonable times," and 28 C.F.R. § 75.5 facially invalid.

## **REQUESTS**

63.     Admit that, if the Statutes were otherwise unchanged but did not apply to purely private depictions of sexually-explicit conduct created by couples and not shared outside the home, you would not change your current age verification, recordkeeping, or labeling practices pursuant to the Statutes and their implementing regulations.

64.     Admit that, if the Statutes did not impose criminal penalties, you would be able to violate the Statutes and implementing regulations without fear of incurring any penalty under law unless you were ultimately convicted of child pornography in a criminal prosecution.

65.     Admit that there is no licensing requirement for those who purport to be members of an adult entertainment industry.

66.     Admit that you cannot tell, by looking at a film or photograph depicting sexually-explicit conduct, whether the producer of that film or photograph is a member of the adult entertainment industry.

67.     Admit that you cannot tell, by looking at a film or photograph depicting sexually-explicit conduct, whether the producer of that film or photograph is a member of Free Speech Coalition.

68. Admit that you cannot tell, by looking at a film or photograph depicting sexually-explicit conduct, whether the producer of that film or photograph is a member of American Society of Media Photographers.

69. Admit that the Statutes, as opposed to the implementing regulations, do not require you to include copies of depictions of sexually-explicit conduct with the records required under 18 U.S.C. §§ 2257(a) and 2257A(a).

70. Admit that the Statutes, as opposed to the implementing regulations, do not require you to index (including cross-referencing) the records required under 18 U.S.C. §§ 2257(a) and 2257A(a).

71. Admit that a certification affixed to a film or photograph stating that the individuals therein are over 18, but omitting the location of age verification records, would not convey information that could be used by the viewer of that film or photograph to verify that statement.

72. Admit that, if the Statutes applied only to depictions containing performers age 30 or younger, you would not be able to determine with certainty that a 31-year-old performer was not subject to the Statutes unless you checked that performer's age.

73. Admit that, if the Statutes applied only to depictions containing performers age 30 or younger, you would not be able to demonstrate that a 31-year-old performer was not subject to the Statutes unless you had documentation of that performer's age.

74. Admit that it is easier to follow the same age verification, recordkeeping, and labeling procedures required by the Statutes for all performers rather than to determine separately for each performer whether to follow the procedures or not.

75. Admit that, if the Statutes were otherwise unchanged but applied only to depictions

containing performers age 30 or younger, you would not change your current age verification, recordkeeping, or labeling practices pursuant to the Statutes and their implementing regulations.

76. Admit that FSC does not publish or otherwise make publicly available a list of its members.

October ?, 2017                            Respectfully submitted,

                CHAD A. READLER
                Acting Assistant Attorney General
                LOUIS D. LAPPEN
                Acting United States Attorney
                JOHN R. TYLER
                Assistant Director, Federal Programs Branch

                <u>/s/ Kathryn L. Wyer</u>
                NATHAN M. SWINTON
                KATHRYN L. WYER
                U.S. Department of Justice, Civil Division
                20 Massachusetts Avenue, N.W.
                Washington, DC 20530
                Tel. (202) 616-8475 / Fax (202) 616-8470
                kathryn.wyer@usdoj.gov
                *Attorneys for Defendant*