IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREE SPEECH COALITION, INC., et al.** | **CIVIL ACTION** |
| | **JUDGE MICHAEL M. BAYLSON** |
| **Plaintiffs,** | |
| v. | NO. 2:09-4607 |
| **HON. JEFFERSON B. SESSIONS, III** | |
| **Defendant.** | |

**FINAL JUDGMENT ENTRY**

AND NOW, this __ day of July, 2018, for the reasons set forth in the Memorandum Opinion (Doc. 267) of May 21, 2018, this Court finds that Plaintiffs Free Speech Coalition and American Society of Media Photographers do not have standing to challenge 18 U.S.C. §§ 2257, 2257A, and their implementing regulations, 28 C.F.R. §§ 75, *et seq*., as- applied, under the First Amendment to the United States Constitution, on behalf of their members. It also holds that 18 U.S.C. §§ 2257, 2257A, and their implementing regulations, 18 C.F.R. §§ 75, *et seq.,* are not facially unconstitutionally overbroad under the First Amendment to the United States Constitution, and holds that, as applied to primary producers, the identification and age verification requirements of 18 U.S.C. § 2257 (b) and 18 U.S.C. § 2257A (b), requiring primary producers of visual depictions of actual and simulated sexually explicit conduct, to verify the ages of the persons in those depictions by examining an identification document, withstand strict scrutiny and satisfy the First Amendment to the United States Constitution, as applied to Plaintiffs.

On all other as-applied challenges under the First Amendment, the Court enters judgment in

favor of Plaintiffs and against Defendant, as follows:

1. The Court declares that 18 U.S.C. §§ 2257, 2257A, and the regulations implementing them, 28 C.F.R. §§ 75, *et seq.*, are unconstitutional under the First Amendment to the United States Constitution as applied to secondary producers of visual depictions of actual and simulated sexually explicit conduct, and hereby permanently enjoins Defendant, his agents, servants, employees, attorneys, and other persons acting in concert or participation with him from enforcing the statutes and regulations against secondary producers;

2. The Court declares that 18 U.S.C. §§ 2257 (a), (b)(3), (c); 2257A(a), (b)(3), (c), and the regulations implementing them, 28 C.F.R. §§ 75.2, 75.3, 75.4, requiring producers of visual depictions of actual and simulated sexually explicit conduct to create and maintain records, are unconstitutional under the First Amendment to the United States Constitution, as applied, and hereby permanently enjoins Defendant, his agents, servants, employees, attorneys, and other persons acting in concert or participation with him from enforcing those statutes and regulations;

3. The Court declares that 18 U.S.C. §§ 2257 (e)(1), (e)(2); 2257A (e)(1), (e)(2), and the regulations implementing them, 28 C.F.R. §§ 75.6, 75.8, the labeling requirement, as currently promulgated, are unconstitutional under the First Amendment to the United States Constitution, as applied, and hereby permanently enjoins Defendant, his agents, servants, employees, attorneys,

    and other persons acting in concert or participation with him from enforcing those statutes and regulations, until Defendant promulgates a new simple, straightforward regulation requiring primary producers of visual depictions of actual and simulated sexually explicit conduct to affix a label to such visual depictions stating that all persons appearing in those depictions are 18 years of age or older, which the Court finds would be narrowly tailored as applied.

4.  The Court declares that 18 U.S.C. §§ 2257 (i); 2257A(i) and the regulations implementing them, 28 C.F.R. §§ 75, *et seq.*, imposing criminal penalties for violations of the provisions of the statutes and implementing regulations, except for the identification and age verification requirements of 18 U.S.C. § 2257 (b) and 18 U.S.C. § 2257A (b) as applied to primary producers, are unconstitutional under the First Amendment to the United States Constitution, as applied, and hereby permanently enjoins Defendant, his agents, servants, employees, attorneys, and other persons acting in concert or participation with him from enforcing those statutes and regulations.

In addition, the Court, having previously entered judgment in favor of Plaintiffs and against Defendant declaring that 18 U.S.C. § 2257 (f)(5), 18 U.S.C. § 2257A (f)(5), as well as the portions of 18 U.S.C. 2257 (c) and 18 U.S.C. § 2257A (c) that require recordkeepers to "make such records available to the Attorney General for inspection at all reasonable times," and 28 C.F.R. § 75.5 are facially unconstitutional under the Fourth Amendment, Judgment (Doc. 242), hereby permanently enjoins Defendant, his agents, servants, employees, attorneys, and other persons acting in concert

or participation with him from enforcing those statutes and regulations.

Costs are taxed against Defendant pursuant to 28 U.S.C. § 2412.

BY THE COURT:

/s/ Michael M. Baylson

July __, 2018               Michael M. Baylson, U.S.D.J.