# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 2:09-4607 |
| ) | |
| v. ) | Judge Michael M. Baylson |
| ) | |
| JEFFERSON B. SESSIONS, III, ) | |
|   Attorney General, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S NOTICE OF FILING SEPARATE PROPOSED JUDGMENT**

Pursuant to the Court's Memorandum and Order of May 21, 2018, as modified by the Court's Order of May 31, 2018, Defendant hereby submits, attached hereto, proposed language to effectuate the Court's decision regarding Plaintiffs' First Amendment claims. The parties exchanged drafts of proposed language but were unable to reach an agreement. Set forth below, therefore, are explanations regarding how Defendant's proposed language reflects the Court's decisions, and why the Court should accept Defendant's proposal rather than Plaintiffs' version.

**INDEX**

Summary ..........................................................................................................................................2
Judgment With Respect to Specific Claims and Issues ...................................................................2
    1. Plaintiffs' Facial First Amendment Challenge ....................................................................2
    2. Organizational Plaintiffs' As-applied First Amendment Claims .........................................3
    3. Individual Plaintiffs' As-Applied First Amendment Claims ...............................................3
        a. Secondary Producers ......................................................................................................5
        b. Record-keeping requirements .......................................................................................6
        c. Labeling requirements ...................................................................................................8
        d. Entry of judgment ........................................................................................................10
    4. Injunctive relief ..................................................................................................................11
    5. Costs ..................................................................................................................................12
Conclusion .....................................................................................................................................13

**SUMMARY**

The Court should adopt Defendant's proposed judgment, and reject Plaintiffs' proposed judgment, for the following reasons: (1) Defendant's proposed judgment properly enters judgment in favor of Defendant with respect to Plaintiffs' facial First Amendment challenge while Plaintiffs' version omit entry of judgment on that issue. (2) Defendant's proposed judgment properly dismisses the organizational plaintiffs' as-applied First Amendment claims while Plaintiffs' version omits any disposition on those claims. (3) Defendant's proposed judgment properly limits the Court's rulings on Plaintiffs' as-applied First Amendment claims to the individual plaintiffs while Plaintiffs' version extends relief to all producers of sexually-explicit material. (4) Defendant's proposed judgment properly recognizes that the Court upheld the Statutes' labeling requirement while Plaintiffs' version provides relief to Plaintiffs with respect to the Statutes' labeling requirement. (5) Defendant's proposed judgment properly reflects the Court's decision on the Statutes' criminal penalties, which addressed only the imposition of penalties for recordkeeping and labeling violations, while Plaintiffs' version deviates from the Court's decision. (6) Defendant's proposed judgment properly enters judgment in favor of Defendant in regard to the as-applied claims on which Defendant prevailed while Plaintiffs' version omits any entry of judgment in favor of Defendant. (7) Defendant's proposed judgment properly does not address any aspect of Plaintiffs' Fourth Amendment claims as the Court already entered judgment with respect to those claims and did not address them in its May 21, 2018 decision; Plaintiffs' version improperly attempts to revisit the Court's judgment on those claims. (8) Defendant's proposed judgment properly does not address costs because the Court's May 21, 2018 decision did not address costs, and it would be premature to enter judgment with respect to costs; Plaintiffs' version improperly attempts to circumvent established procedures for taxation of costs.

**JUDGMENT WITH RESPECT TO SPECIFIC CLAIMS AND ISSUES**

1. <u>**Plaintiffs' Facial First Amendment Challenge**</u>

<u>**Defendant's proposed language**</u>: The Court enters JUDGMENT in FAVOR of defendant and AGAINST plaintiffs with respect to plaintiffs' facial challenge to 18 U.S.C. §§ 2257 and

2

2257A and their implementing regulations, 28 C.F.R. §§ 75.1 *et seq*., under the First Amendment.

**Explanation:** The parties agree that the Court rejected Plaintiffs' facial First Amendment challenge. *See FSC v. Sessions*, No. 09-4607, 2018 WL 2303071, at *16-18 (E.D. Pa. May 21, 2018). In Defendant's proposed judgment, the Court enters judgment in favor of Defendant and against Plaintiffs on this issue. In contrast, Plaintiffs' version inappropriately omits any entry of judgment with respect to their facial First Amendment challenge. Defendant's version also states the Court's holding in regard to Plaintiffs' facial First Amendment challenge as a separate sentence. Plaintiffs' version is confusing in including the Court's holding on this issue in a sentence that also addresses an aspect of Plaintiffs' as-applied claim.

2. **Organizational Plaintiffs' As-applied First Amendment Claims**

**Defendant's proposed language:** With respect to the as-applied claims of plaintiffs Free Speech Coalition and American Society of Media Photographers, to 18 U.S.C. §§ 2257 and 2257A and their implementing regulations, 28 C.F.R. §§ 75.1 *et seq*., under the First Amendment, those claims are DISMISSED for lack of standing.

**Explanation:** The parties agree that the Court held that the organizational plaintiffs lack standing to assert as-applied claims under the First Amendment. *See FSC*, 2018 WL 2303071, at *15-16. In Defendant's version, the Court therefore dismisses the organizational plaintiffs' as-applied claims. Plaintiffs' version omits any statement of the disposition of the organizational plaintiffs' as-applied claims.

3. **Individual Plaintiffs' As-Applied First Amendment Claims**

**Defendant's proposed language:** With respect to the as-applied claims of the remaining plaintiffs—Barbara Alper, Betty Dodson, Thomas Hymes, Marie Levine, David Levingston, Barbara Nitke, Carol Queen, Carlin Ross, Sinclair, and David Steinberg (the "individual plaintiffs")—challenging 18 U.S.C. §§ 2257 and 2257A and their implementing regulations, 28 C.F.R. §§ 75.1 *et seq*., under the First Amendment, the Court DECLARES as follows:

**Explanation:** Defendant's proposed judgment separately sets forth each of the Court's rulings with respect to the individual plaintiffs' as-applied First Amendment challenge in a

list that begins with this introductory statement. For each aspect of the Statutes and implementing regulations that the Court held invalid or partially invalid in regard to the individual plaintiffs' as-applied First Amendment claim, Defendant's proposed judgment declares that aspect invalid as applied to the individual plaintiffs and enjoins enforcement against the individual plaintiffs.

In contrast to Defendant's proposed judgment, Plaintiffs' version would provide broad declaratory and injunctive relief that is not limited to the individual plaintiffs. However, Plaintiffs' proposed relief is overbroad and contrary to established Third Circuit law. "The distinction . . . between facial and as-applied challenges goes [in part] to . . . the breadth of the remedy sought," and "the remedy for an as-applied challenge bars [the challenged statute's] enforcement against a particular plaintiff alone under narrowed circumstances." *Green Party v. Aichele*, 89 F. Supp. 3d 723, 737–38 (E.D. Pa.), *aff'd*, 103 F. Supp. 3d 681 (E.D. Pa. 2015).

The Third Circuit "has also cautioned that district courts granting injunctions in such cases 'should craft remedies no broader than necessary to provide full relief to the aggrieved plaintiff.'" *Id.* (quoting *Belitskus v. Pizzingrilli*, 343 F.3d 632, 649-50 (3d Cir. 2003)); *see also Temple Univ. v. White*, 941 F.2d 201, 215 (3d Cir. 1991) (a "federal court is required to tailor the scope of its remedy in order to fit the nature of the violation which it has found"). In *Belitskus*, the Third Circuit affirmed a district court's judgment invalidating certain filing fees for election candidates, as applied to two plaintiffs who established that they could not afford the fees. *Belitskus*, 343 F.3d at 647. But the court vacated the district court's injunction as overbroad because it would prohibit the Commonwealth of Pennsylvania from applying "the challenged statute 'to Plaintiff Stith *or other candidates who cannot afford to pay the filing fee*,' and from 'otherwise requiring candidates to pay a filing fee they cannot afford in order to appear on the ballot.'" *Id.* at 650 (emphasis added) (quoting the district court's injunctive order). The court held that "the District Court erred in issuing an injunction broader than necessary to resolve the harm demonstrated" by the plaintiffs who had challenged the fee provision. *Id.* Instead, it concluded, the injunction should have addressed only the particular injuries of the plaintiffs who had brought suit. As the court explained, "the District Court need only have enjoined the Commonwealth from enforcing the mandatory

filing fees against [plaintiffs] Stith and Linzey during the November 2000 election and in any future election where they demonstrate that they will be subjected to similar financial hardship by the requirement that they pay the mandatory filing fee." *Id.*

There can be no dispute here that the Court's rulings holding the Statutes and implementing regulations partly invalid require as-applied rather than facial relief. The Court rejected Plaintiffs' facial challenge to the Statutes and implementing regulations. The Court also held that the organizational plaintiffs lack standing to raise as-applied First Amendment claims. After those two holdings, the only remaining claims in the case were the as-applied First Amendment claims of the individual plaintiffs who challenged the application of the Statutes to their own production of sexually explicit images. The Court's rulings on those claims therefore necessarily apply only to the individuals who are plaintiffs in this case. *See, e.g.*, *FSC*, 2018 WL 2303071, at *17 (explaining that "the Court will find portions of the statute unconstitutional as applied to [the individual] Plaintiffs in this case"); *id.* at *23 ("[T]he Court has come to the following conclusions that the Statutes, in part, are not narrowly tailored as applied to [the individual] Plaintiffs."). As in *Belitskus*, therefore, this court "need only" enjoin the United States from enforcing certain provisions of the Statutes and regulations against the as-applied plaintiffs themselves. *Belitskus*, 343 F.3d at 650. Indeed, issuing a broader injunction would be reversible error. *See id*. Defendant's proposed judgment comports with the controlling authority of *Belitskus* by limiting the scope of the relief provided to the individual plaintiffs. In contrast, Plaintiffs' version would inappropriately provide facial relief in connection with the individual plaintiffs' as-applied claims, contrary to *Belitskus*.

### a. Secondary Producers

**Defendant's proposed language:** 18 U.S.C. §§ 2257 and 2257A and their implementing regulations, 28 C.F.R. §§ 75.1 *et seq.*, may not validly be applied to the individual plaintiffs insofar as the individual plaintiffs act as secondary producers within the meaning of 28 C.F.R. § 75.1(c)(2).

**Explanation:** The Court recognized that some plaintiffs act as both primary and

secondary producers. The Court then held that the Statutes and implementing regulations are not narrowly tailored as applied to the individual plaintiffs insofar as the individual plaintiffs act as secondary producers. *See FSC*, 2018 WL 2303071, at *23 ("Applying the Statutes to those [individual] Plaintiffs who are secondary producers is not narrowly tailored to the Government's interest in protecting children from child pornography. . . ."). Because the Court's ruling on this issue is part of its ruling on the individual plaintiffs' as-applied claims, the Court's judgment, and any accompanying relief, should be limited to the individual plaintiffs insofar as they act as secondary producers. Defendant's proposal also cross-references the specific regulatory definition of "secondary producer," 28 C.F.R. § 75.1(c)(2).

In contrast to Defendant's proposal, Plaintiffs' version would extend declaratory and injunctive relief to all secondary producers rather than only to the individual plaintiffs. Plaintiffs' version goes beyond the appropriate relief for the individual plaintiffs' as-applied claims and is inconsistent with Third Circuit authority as explained above.

### b. Record-keeping requirements

**Defendant's proposed language:** In addition, the record-keeping requirements set forth in 18 U.S.C. §§ 2257(a), (b)(3), 2257A(a), (b)(3) and 28 C.F.R. §§ 75.2-.4; and the associated criminal prohibitions set forth in 18 U.S.C. §§ 2257(f)(1), (2), 2257A(f)(1), (2) may not validly be applied to the individual plaintiffs, and the criminal penalties set forth in 18 U.S.C. §§ 2257(i), 2257A(i) may not validly be imposed on the individual plaintiffs for violation of the aforementioned provisions.

**Explanation:** The Court held "that the record-keeping requirements of the Statutes and Regulations are unconstitutional as applied to [the individual] Plaintiffs." *FSC*, 2018 WL 2303071, at *31. The Court also held that the criminal penalties for violations of the record-keeping requirements were not narrowly tailored as applied to the individual plaintiffs. *Id.* at *33. Defendant's proposed judgment therefore indicates that the specific statutory and regulatory subsections that impose record-keeping requirements, and the specific statutory subsections that impose criminal penalties for violations of those requirements, are invalid as applied to the

individual plaintiffs.

In contrast to Defendant's proposal, Plaintiffs' version would extend declaratory and injunctive relief to all producers rather than only to the individual plaintiffs. Plaintiffs' version goes beyond the appropriate relief for the individual plaintiffs' as-applied claims and is inconsistent with Third Circuit authority as explained above.

In addition, Plaintiffs' version addresses the related criminal penalties in a manner that is inaccurate and difficult to understand. Plaintiffs' version, set forth in a separate paragraph, refers to "regulations implementing" the statutory provisions that impose criminal penalties, but there are no such regulations. Plaintiffs' version specifically exempts from their proposed invalidation criminal penalties imposed on primary producers for violations of the identification and age verification requirements. The Court did not specifically address the imposition of criminal penalties on secondary producers, and there is no need to address this issue because the Court already held that the Statutes and implementing regulations as a whole were invalid as applied to the individual plaintiffs insofar as the individual plaintiffs act as secondary producers.

In addition, Plaintiffs' version adds 18 U.S.C. §§ 2257(c) and 2257A(c) to the list of invalidated provisions. Those subsections provide, in relevant part, that producers "shall maintain the records required by this section at his business premises, or at such other place as the Attorney General may by regulation prescribe." Because the Court would already hold subsections (a) and (b)(3) invalid as applied to the individual plaintiffs, there would be no "records required by this section" with respect to the individual plaintiffs. It is therefore unnecessary to invalidate this subsection. Should the Court determine that this subsection should be invalidated as applied to the individual plaintiffs, it should specify that §§ 2257(c) and 2257A(c) "may not validly be applied to the individual plaintiffs insofar as they would require the individual plaintiffs to maintain records."[1]

---

[1] The Court has previously entered judgment declaring that "the portions of 18 U.S.C. § 2257(c) and 18 U.S.C. § 2257A(c) that require recordkeepers to "make such records available to the Attorney General for inspection at all reasonable times" are facially unconstitutional under the Fourth Amendment. *See* Judgment of Jan. 6, 2017 [ECF 242].

### c. Labeling requirements

**Defendant's proposed language:** In addition, the labeling requirements set forth in 28 C.F.R.§§ 75.6, 75.8 and the associated criminal prohibitions set forth in 18 U.S.C. §§ 2257(f)(3), 2257A(f)(3) may not validly be applied to the individual plaintiffs, and the criminal penalties set forth in 18 U.S.C. §§ 2257(i), 2257A(i) may not validly be imposed on the individual plaintiffs for violation of the aforementioned provisions or for any violation of 18 U.S.C. §§ 2257(e), (f)(3), (4) or 2257A(e), (f)(3), (4).

**Explanation:** The Court held that "the labeling requirements of the Statutes are narrowly tailored as applied to [the individual] Plaintiffs." *FSC*, 2018 WL 2303071, at *32. However, it held that "new regulations will be required." *Id.* The Court also held that the criminal penalties for violations of the labeling requirements were not narrowly tailored as applied to the individual plaintiffs. *Id.* at *33. Defendant's proposed judgment therefore does not propose that the Statutes' labeling requirements be declared invalid but indicates that the specific regulatory subsections that impose labeling requirements, and the specific statutory subsections that impose criminal penalties for violations of those requirements, are invalid as applied to the individual plaintiffs.

In contrast to Defendant's proposal, Plaintiffs' version would extend declaratory and injunctive relief to all producers rather than only to the individual plaintiffs. Plaintiffs' version goes beyond the appropriate relief for the individual plaintiffs' as-applied claims and is inconsistent with Third Circuit authority as explained above.

In addition, Plaintiffs' version declares the Statutes' labeling requirements invalid even though the Court upheld those requirements as "narrowly tailored as applied to [the individual] Plaintiffs." *FSC*, 2018 WL 2303071, at *32. Their proposal therefore does not accurately set forth the Court's decision, which indicated that only the regulatory labeling requirements were invalid as applied to the individual plaintiffs. *See id.*

In holding the labeling regulations invalid as applied to the individual plaintiffs, the Court called for new regulations that would "be simple and straight forward." *Id.* The Court also

directed counsel "to submit the proposed regulations, or an agreed upon outline of them, as part of the proposed final decree." *Id.* Defendant respectfully requests that this aspect of the Court's decision not be incorporated into a final judgment because the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, does not allow for an agency to submit proposed regulations to the Court, or for the Court to require submission of proposed regulations.

The APA generally authorizes the Court to "hold unlawful and set aside" final agency action, including on constitutional grounds. 5 U.S.C. §§ 704, 706(2)(B). However, once the Court sets aside the final agency action at issue—here, by holding the Department of Justice's ("Department's") labeling regulations invalid as applied to the individual plaintiffs—its authority is at an end. *Fed. Power Comm'n v. Idaho Power Co.*, 344 U.S. 17, 20 (1952) ("the function of the reviewing court ends when an error of law is laid bare"); *accord, e.g.*, *PPG Indus., Inc. v. United States*, 52 F.3d 363, 365 (D.C. Cir. 1995) ("Under settled principles of administrative law, when a court reviewing agency action determines that an agency made an error of law, the court's inquiry is at an end: the case must be remanded to the agency for further action consistent with the corrected legal standards."). Thus, even when an agency's regulation is invalidated, the agency retains "broad discretion to choose how best to marshal its limited resources and personnel to carry out its delegated responsibilities" to correct any legal defect identified by the court. *Massachusetts v. EPA*, 549 U.S. 497, 527 (2007); *see also Securities & Exchange Comm'n v. Chenery Corp.*, 318 U.S. 80 (1943).

Here, the invalidation of the labeling regulations as applied to the individual plaintiffs will require the Department to determine how to proceed. However, if the Department decides to promulgate new regulations, it will likely do so by following notice and comment rulemaking procedures set forth in the APA, 5 U.S.C. § 553.[2] Because judicial review under the

---

[2] The Department has generally implemented the Statutes through notice-and-comment rulemaking. *See, e.g.*, Department of Justice, *Final Rule: Revised Regulations for Records Relating to Visual Depictions of Sexually Explicit Conduct; Inspection of Records Relating to Depiction of Simulated Sexually Explicit Performance*, 73 Fed. Reg. 77432-01 (2008); Department of Justice, *Final Rule: Inspection of Records Relating to Depiction of Sexually Explicit Performances*, 70 Fed. Reg. 29607-01 (2005). The APA's notice-and-comment rulemaking procedures require "general

9

APA is limited to *final* agency action, it would be inappropriate for the Court to review *proposed* regulations. *See* 5 U.S.C. § 704; *see also, e.g.*, *In re Murray Energy Corp.*, 788 F.3d 330, 334 (D.C. Cir. 2015) ("We may review final agency rules[,] [b]ut we do not have authority to review proposed rules."). It would also be inappropriate for the Court to retain jurisdiction over this case while the Department considers how to proceed and goes through any rulemaking process. Rather, the Court's judgment should simply set forth the Court's decision regarding the labeling regulations, holding that the labeling regulations may not validly be applied to the individual plaintiffs, and allow the Department to take further action consistent with the Court's opinion.[3]

### d. Entry of judgment

**Defendant's proposed language:** The Court enters JUDGMENT in FAVOR of the individual plaintiffs and AGAINST defendant with respect to those aspects of the individual plaintiffs' as-applied claims identified above. With respect to all other aspects of the individual plaintiffs' as-applied claims under the First Amendment, including the individual plaintiffs' challenge to the age verification requirements of 18 U.S.C. §§ 2257(b)(1)-(2), 2257A(b)(1)-(2) insofar as the individual plaintiffs act as primary producers within the meaning of 28 C.F.R. § 75.1(c)(1), and the individual plaintiffs' challenge to the imposition of criminal penalties pursuant to 18 U.S.C. §§ 2257(i), 2257A(i) for violation of those requirements, the Court enters JUDGMENT in FAVOR of defendant and AGAINST the individual plaintiffs.

**Explanation:** Because the Court ruled in favor of Defendant in regard to some

---

notice" of the agency's rule to be published in the Federal Register, followed by an opportunity for public comment. *See* 5 U.S.C. § 553(b).

[3] Plaintiffs appear to agree that the Court should not require Defendant to submit proposed new labeling regulations. However, Plaintiffs' version would enjoin Defendant from enforcing the statutory labeling requirement until Defendant promulgates a "simple, straightforward regulation requiring primary producers of visual depictions of actual and simulated sexually explicit conduct to affix a label to such visual depictions stating that all persons appearing in those depictions are 18 years of age or older." For the same reasons explained above, the Court should not include in its judgment any specific requirement to promulgate new rules, or any specific suggestion regarding future agency action that the Department should take in light of the Court's ruling, particularly given that the Court's holding applies only to the individual plaintiffs. Plaintiffs' proposal therefore should be rejected.

aspects of Plaintiffs' as-applied First Amendment claims, the Court should enter judgment in favor of Defendant with respect to those issues. Plaintiffs' version would enter judgment "in favor of Plaintiffs and against Defendant" on the as-applied claims, which is contrary to the Court's ruling that the organizational plaintiffs lack standing to raise those claims, and fails to acknowledge that Defendant prevailed in regard to some aspects of Plaintiffs' First Amendment claims.

4. **Injunctive relief**

**Defendant's proposed language:** Defendant is ENJOINED from enforcing 18 U.S.C. §§ 2257 and 2257A and their implementing regulations, 28 C.F.R. §§ 75.1 *et seq.*, against the individual plaintiffs in a manner inconsistent with the above-stated rulings with respect to the individual plaintiffs' as-applied claims.

**Explanation:** Defendant does not dispute that the Court may provide injunctive relief that is limited in scope consistent with the Court's rulings on the individual plaintiffs' as-applied challenges. Such relief should be granted only with respect to the individual plaintiffs themselves, for the reasons stated above.

In contrast to Defendant's proposal, Plaintiffs' version would provide injunctive relief to all producers rather than only to the individual plaintiffs. Plaintiffs' version goes far beyond the appropriate relief for the individual plaintiffs' as-applied claims and is inconsistent with Third Circuit authority as explained above.

In addition, Plaintiffs inappropriately use their proposed form of judgment in connection with the Court's memorandum decision of May 21, 2018—which addressed only Plaintiffs' First Amendment claims—to request injunctive relief with respect to their Fourth Amendment claims. The Court already entered a final judgment with respect to Plaintiffs' Fourth Amendment claims based on a joint proposed judgment submitted by the parties. *See* Judgment of Jan. 6, 2017. Plaintiffs therefore have waived any further argument that injunctive relief would be warranted with respect to their Fourth Amendment claims. Moreover, the Court's reasoning when initially declining to award injunctive relief with respect to Plaintiffs' Fourth Amendment claims continues to apply. As the Court recognized in 2013, "Plaintiffs do not face a realistic threat of

'irreparable harm'—due to an inspection—at any point in the foreseeable future." *FSC v. Holder*, 957 F. Supp. 2d 564, 609 (E.D. Pa. 2013). The Third Circuit held that the Court did not abuse its discretion in declining to issue a permanent injunction. *FSC v. Holder*, 787 F.3d 142, 172 n.24 (3d Cir. 2015). There is no basis for the Court to deviate from its prior holding.

   5.  **Costs**

   **Defendant's position:** Defendant's proposed judgement does not address costs.

   **Explanation:** The Court's memorandum decision of May 21, 2018, did not address costs. Under 28 U.S.C. § 2412, costs "may be awarded to the prevailing party." Under the normal procedure, a party claiming to be the prevailing party on some or all claims may file a bill of costs after entry of judgment. *See* 28 U.S.C. § 1920 (incorporated into 28 U.S.C. § 2412); Clerk's Office Procedural Handbook app.R.[4] The application for costs is subject to objection and judicial review. *See* Local Rule 54.1. Ultimately, the allocation of costs is within the Court's sound discretion. *Croker v. Boeing Co. (Vertol Div.)*, 662 F.2d 975, 998 (3d Cir. 1981) (en banc) ("The particular circumstances of a case may permit a district court to refuse to award costs altogether or to apportion them between the parties."), *overruled on other grounds*, *Halderman v. Pennhurst State Sch. & Hosp.*, 673 F.2d 628, 644 (3d Cir. 1982) (en banc).

   An award of costs by the Court before a bill of costs is filed, based solely on a proposal in Plaintiffs' proposed judgment, would be premature and unwarranted. Indeed, Plaintiffs' status as a "prevailing party" has not been determined and cannot simply be assumed, given that Defendant has prevailed in significant part, including in regard to Plaintiffs' facial First Amendment challenge and with respect to the organizational plaintiffs' First Amendment claims. The particular circumstances of this case should also be taken into account in any decision to tax costs, in light of the protracted litigation in which Defendant initially prevailed on a motion to dismiss, and then, following remand, prevailed in nearly all respects at trial. Indeed, the Court's ruling after trial was upheld by the Third Circuit and was only reconsidered when the Supreme

---

[4] In accord with that procedure, Defendant filed a bill of costs on September 27, 2013. [ECF 235.] That bill of costs remains pending. *See* Pl. response to Def. Bill of Costs [ECF 236].

12

Court issued intervening decisions that, the Third Circuit held, changed the applicable standards.

Plaintiffs' version would prematurely tax costs against Defendant. For the reasons set forth above, the Court should not impose costs on Defendant as part of a judgment setting forth the Court's rulings in its decision of May 21, 2018. Rather, the Court should require any party seeking costs to file a bill of costs in accord with the Federal and Local Rules.

## CONCLUSION

For the reasons set forth above, the Court should enter Defendant's Proposed Judgment and reject Plaintiffs' Proposed Judgment.

July 7, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
WILLIAM M. MCSWAIN
United States Attorney
JOHN R. TYLER
Assistant Director, Federal Programs Branch

/s/ Kathryn L. Wyer
NATHAN M. SWINTON
KATHRYN L. WYER
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC 20530
Tel. (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.1.2(8)(b), I hereby certify that the foregoing Motion has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that the foregoing document was served via ECF on counsel of record for plaintiffs in the above-captioned case.

Dated: July 7, 2018

/s/
Kathryn L. Wyer