# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., | ) |
| Plaintiffs, | ) Civil Action No. 2:09-4607 |
| v. | ) Judge Michael M. Baylson |
| JEFFERSON B. SESSIONS, III,<br>Attorney General, | ) |
| Defendant. | ) |

## JUDGMENT

AND NOW, this __ day of July, 2018, for the reasons set forth in the Memorandum Opinion (Doc. 267) of May 21, 2018, this Court hereby rules as follows:

The Court enters JUDGMENT in FAVOR of defendant and AGAINST plaintiffs with respect to plaintiffs' facial challenge to 18 U.S.C. §§ 2257 and 2257A and their implementing regulations, 28 C.F.R. §§ 75.1 *et seq.*, under the First Amendment.

With respect to the as-applied claims of plaintiffs Free Speech Coalition and American Society of Media Photographers, to 18 U.S.C. §§ 2257 and 2257A and their implementing regulations, 28 C.F.R. §§ 75.1 *et seq.*, under the First Amendment, those claims are DISMISSED for lack of standing.

With respect to the as-applied claims of the remaining plaintiffs—Barbara Alper, Betty Dodson, Thomas Hymes, Marie Levine, David Levingston, Barbara Nitke, Carol Queen, Carlin Ross, Sinclair, and David Steinberg (the "individual plaintiffs")—challenging 18 U.S.C. §§ 2257 and 2257A and their implementing regulations, 28 C.F.R. §§ 75.1 *et seq.*, under the First Amendment, the Court DECLARES as follows:

18 U.S.C. §§ 2257 and 2257A and their implementing regulations, 28 C.F.R. §§ 75.1 *et*

*seq.*, may not validly be applied to the individual plaintiffs insofar as the individual plaintiffs act as secondary producers within the meaning of 28 C.F.R. § 75.1(c)(2).

In addition, the record-keeping requirements set forth in 18 U.S.C. §§ 2257(a), (b)(3), 2257A(a), (b)(3) and 28 C.F.R. §§ 75.2-.4; and the associated criminal prohibitions set forth in 18 U.S.C. §§ 2257(f)(1), (2), 2257A(f)(1), (2) may not validly be applied to the individual plaintiffs, and the criminal penalties set forth in 18 U.S.C. §§ 2257(i), 2257A(i) may not validly be imposed on the individual plaintiffs for violation of the aforementioned provisions.

In addition, the labeling requirements set forth in 28 C.F.R. §§ 75.6, 75.8 and the associated criminal prohibitions set forth in 18 U.S.C. §§ 2257(f)(3), 2257A(f)(3) may not validly be applied to the individual plaintiffs, and the criminal penalties set forth in 18 U.S.C. §§ 2257(i), 2257A(i) may not validly be imposed on the individual plaintiffs for violation of the aforementioned provisions or for any violation of 18 U.S.C. §§ 2257(e), (f)(3), (4) or 2257A(e), (f)(3), (4).

Defendant is ENJOINED from enforcing 18 U.S.C. §§ 2257 and 2257A and their implementing regulations, 28 C.F.R. §§ 75.1 *et seq.*, against the individual plaintiffs in a manner inconsistent with the above-stated rulings with respect to the individual plaintiffs' as-applied claims. The Court enters JUDGMENT in FAVOR of the individual plaintiffs and AGAINST defendant with respect to those aspects of the individual plaintiffs' as-applied claims identified above.

With respect to all other aspects of the individual plaintiffs' as-applied claims under the First Amendment, including the individual plaintiffs' challenge to the age verification requirements of 18 U.S.C. §§ 2257(b)(1)-(2), 2257A(b)(1)-(2) insofar as the individual plaintiffs act as primary producers within the meaning of 28 C.F.R. § 75.1(c)(1), and the individual plaintiffs' challenge to the imposition of criminal penalties pursuant to 18 U.S.C. §§ 2257(i), 2257A(i) for violation of those requirements, the Court enters JUDGMENT in FAVOR of defendant and AGAINST the individual plaintiffs.

    **BY THE COURT:**                                _____
                                                          **MICHAEL M. BAYLSON, U.S.D.J**

July   , 2018