# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREE SPEECH COALITION, INC.,** *et al.* | NO. 2:09-4607 |
| Plaintiffs, | **JUDGE MICHAEL M. BAYLSON** |
| v. | |
| **HON. JEFFERSON B. SESSIONS, III** | **PLAINTIFFS' RESPONSE TO THE COURT'S JULY 13, 2018 LETTER AND DRAFT JUDGMENT ENTRY** |
| Defendant. | |

I.     HAVING FOUND THE GOVERNMENT FAILED TO SHOW THAT PORTIONS OF THE STATUTES AND IMPLEMENTING REGULATIONS SATISFIED STRICT SCRUTINY, THIS COURT SHOULD DECLARE THOSE PORTIONS UNCONSTITUTIONAL IN THEIR ENTIRETY AND ENJOIN THEIR ENFORCEMENT.

In its May 21, 2018 Memorandum Opinion (Doc. 267), this Court found: (1) Plaintiffs Free Speech Coalition and American Society of Media Photographers did not have standing to challenge the statutes under the First Amendment as-applied, *id.* at 25, (2) Plaintiffs had not met their burden of showing the statutes were unconstitutionally overbroad, *id.* at 29, and (3) portions of the statutes and their implementing regulations failed strict scrutiny and therefore, were unconstitutional as applied to the Plaintiffs under the First Amendment. *Id.* at 59. Contemporaneous with its opinion, this Court issued an order directing the parties to submit agreed-upon language for the judgment entry effecting the findings in its opinion, or failing that, to submit separate entries. (Doc. 268).

The parties submitted separate entries. (Doc. 271-1, 272-1).

With regard to the Court's findings that portions of the statutes and implementing regulations failed strict scrutiny and were unconstitutional as applied, Plaintiffs' proposed entry declared those

portions "unconstitutional under the First Amendment to the United States Constitution, as applied"[1] and enjoined their enforcement. (Doc. 271-1).

Defendant's Proposed Judgment Entry, on the other hand, declared that the unconstitutional portions of the statutes "may not validly be applied to individual plaintiffs" and enjoined their enforcement against the individual plaintiffs. (Doc. 272-1).  In a brief accompanying its proposed judgment entry, the Government argued that *Belitskus v. Pizzingrilli*, 343 F.3d 632, 635 (3d Cir. 2003) required that relief on Plaintiffs' First Amendment claims be limited to the named plaintiffs. Defendant's Notice of Filing (Doc. 272) at 4.

The Court has now presented a draft judgment entry which includes declaratory and injunctive relief in favor of the Plaintiffs on their as-applied challenges under the First Amendment but limits injunctive relief to the individual plaintiffs.

In a letter accompanying the draft judgment entry, the Court explained:

> Although I believe that the order must include a final judgment in favor of the prevailing party on each issue, I tentatively believe that the fact that the organizational Plaintiffs were dismissed for lack of standing and the Plaintiffs are only receiving relief on their "as-applied" claims, requires me to observe the Third Circuit's decision in Belitskus v. Pizzingrilli, 343 F.3d 632, 635 (3d Cir. 2003), and may not allow a complete injunction against the Defendant broader than the named individual Plaintiffs.

The Court requested the Plaintiffs' response on this issue.

 Before discussing *Belitskus*, we need to look at the First Amendment challenges here and the precedent that applies when a law is found to be unconstitutional under strict scrutiny to

---

[1]  Plaintiffs' proposed judgment entry with regard to the statutes' application to secondary producers declared those provisions were "unconstitutional under the First Amendment to the United States Constitution as applied to secondary producers." *See* Memorandum Opinion (Doc. 267) at 41.

understand why the Government is mistaken about *Belitskus's* application in this case.

Confusion exists about the differences (or lack thereof) between facial, as-applied, and overbreadth challenges in varying contexts under the First Amendment. *See* S. Keller, M. Tseytlin, *Applying Constitutional Decision Rules Versus Invalidating Statutes in Toto*, 98 VA. L. REV. 301, 307 (2012) ("The Supreme Court has explicitly acknowledged that there is much confusion over the definitions and attributes of facial, as-applied, and overbreadth challenges.").

Plaintiffs challenged the statutes and regulations on the grounds that they could not survive strict scrutiny on their face and as-applied and that they were unconstitutionally overbroad. Count I, ¶ 61 (A), (F), Amended Complaint (Doc. 84).[2]  While finding Plaintiffs did not prevail on their

---

[2]  Paragraph 61 of the Amended Complaint reads:

Title 18 U.S.C. § 2257, 18 U.S.C. § 2257A and their companion regulations, 28 C.F.R. 75, *et seq.*, are unconstitutional on their face and as applied to the Plaintiffs under the First Amendment to the United States Constitution for each of the following reasons:

*         *         *

C.    Title 18 U.S.C. §§ 2257, 2257A and their companion regulations, 28 C.F.R. 75, *et seq*., are content-based regulations of speech that cannot survive strict scrutiny because they are not the least restrictive means of accomplishing a compelling governmental purpose and do not advance a compelling governmental purpose;

*         *         *

F.    Title 18 U.S.C.§§ 2257, 2257A and their companion regulations, 28 C.F.R. 75, *et seq.* are unconstitutionally overbroad....

The Amended Complaint sought a declaration that the statutes and regulations were unconstitutional on their face and as-applied. Prayer for Relief, (A), Amended Complaint (Doc. 84).

overbreadth challenge, this Court found that certain provisions of the laws did not survive strict scrutiny and, therefore, were unconstitutional under the First Amendment as applied. Memorandum Opinion (Dec. 267) at 41, 55, 56, 59. Because this Court found that the laws were unconstitutional under the First Amendment as applied, the Government argues that declaratory and injunctive relief must consequently be limited to the individual plaintiffs before the court. But that contention does not stand up where, as here, a content-based regulation is found to have flunked strict scrutiny.

Under strict scrutiny, there is little, if any, difference between an as-applied and facial challenge. Professor Fallon explained:

> In order to raise a constitutional objection to a statute, a litigant must always assert that the statute's application to her case violates the Constitution. But when holding that a statute cannot be enforced against a particular litigant a court will typically apply a general norm or test and, in doing so, may engage in reasoning that marks the statute as unenforceable in its totality. In a practical sense, doctrinal tests of constitutional validity can thus produce what are effectively facial challenges.

R. Fallon, *As-Applied and Facial Challenges and Third-Party Standing*, 113 HARV. L. REV. 1321, 1327–28 (2000).

Strict scrutiny is such a doctrinal test. Fallon identified "suspect-content" tests requiring inquiry into whether a statute is narrowly tailored to a compelling governmental interest, *citing Simon & Schuster, Inc. v. Members of the N.Y. State Crime Victims Bd.*, 502 U.S. 105 (1991), as an example of a doctrinal test that "produces what [is] effectively [a] facial challenge[]," *Id.* at 1338 n. 96, in the context of an as-applied challenge. In those instances, Fallon writes: "A statute that fails a suspect-content test is invalid in whole." *Id.* at 1338.

The Supreme Court in *Citizens United v. F.E.C.*, 558 U.S. 310, 331 (2010), endorsed Fallon's analysis. It observed that "the distinction between facial and as-applied challenges is not

so well-defined," and went on to quote Professor Fallon's article: "[O]nce a case is brought, no general categorical line bars a court from making broader pronouncements of invalidity in properly 'as-applied' cases." *Id.*

This is a case where application of the "doctrinal test" under strict scrutiny requires "reasoning that marks the statute[s] unenforceable in [their] totality." Fallon, 113 HARV. L. REV. at 1327–28. This Court set forth "the strict scrutiny standard": the Government must show that the statutes serve a compelling interest, are narrowly tailored to achieve that interest, and are the least restrictive means of advancing that interest. *Id.* at 29, *quoting Am. Civil Liberties Union v. Mukasey*, 534 F.3d 181, 190 (3rd Cir. 2008). Those are not fact-specific inquiries limited to the plaintiffs before the Court. Rather they are demands on the Government, which bears the burden of coming forward with evidence to meet the high hurdle of demonstrating that a content-based regulation of speech–which is presumptively invalid–is constitutional. That is what is demanded whether the challenge to that regulation is considered "as-applied," or "on its face."And when the Government has failed to meet its burden, the content-based regulation of speech is struck down. Period.

Supreme Court precedent evaluating content-based regulations under strict scrutiny demonstrates this point. In case after case, when the Court determined a content-based regulation of speech could not survive strict scrutiny, it struck it down in its entirety; it did not limit relief to the individual plaintiffs who challenged it.

In *United States v. Playboy Entertainment Group, Inc.,* 529 U.S. 803, 827 (2000), a single plaintiff challenged § 505 of the Telecommunications Act on the ground that it was a content-based regulation that infringed its First Amendment rights. The Court, agreeing with the plaintiff that § 505 was content-based, found the challenged provision "[could] stand only if it satisfie[d] strict scrutiny."

*Id.* at 813. That meant it "must be narrowly tailored to promote a compelling Government interest," and the Court stressed: "If a less restrictive alternative would serve the Government's purpose, the *legislature* must use that alternative." *Id.* (emphasis added). The Court went on to explain:

> When a plausible, less restrictive alternative is offered to a content-based speech restriction, it is the Government's obligation to prove that the alternative will be ineffective to achieve its goals.

*Id.* at 816. The Court found, just as the Court did here, that the Government had not met that burden, agreeing with the district court that the Government had failed to prove that the less restrictive alternative identified by Playboy would be an ineffective alternative. *Id.* at 816. It affirmed that finding.

The Court, however, took issue with the relief the district court had fashioned. Rather than simply declaring § 505 unconstitutional and enjoining its enforcement, the district court attempted to repair the statute by implementing the less restrictive alternative by judicial decree. *Id.* at 823. The Court explained the district court's error:

> [T]o the extent the District Court erred, it was only in attempting to implement the less restrictive alternative through judicial decree by requiring Playboy to provide for expanded notice in its cable service contracts. The appropriate remedy was not to repair the statute, ***it was to enjoin the speech restriction. Given the existence of a less restrictive means, if the Legislature wished to improve its statute, perhaps in the process giving careful consideration to other alternatives, it then could do so.***

*Id.* at 823–24 (emphasis added).

Under *Playboy,* when a content-based regulation of speech fails to satisfy strict scrutiny, the remedy is to "enjoin the speech restriction" –not just as to the plaintiff, but in its entirety. *See also* Fallon, 113 HARV. L.REV. at 1338 (a statute that fails "a suspect-content test" is "invalid in whole").

The same point was made in *United States v. Alvarez*, 132 S.Ct. 2537, 2551 (2012). There, Xavier Alvarez challenged application of the Stolen Valor Act to him on the ground that it was a

content-based suppression of his speech. *Id.* at 2543. The Court determined that strict scrutiny applied and found that the Act was not the least restrictive means to protect the integrity of the military awards system. *Id.* at 2551. The Court wrote:

> Though few might find respondent's statements anything but contemptible, his right to make those statements is protected by the Constitution's guarantee of freedom of speech and expression. The Stolen Valor Act infringes upon speech protected by the First Amendment.

*Id.* at 2551. Because the Stolen Valor Act did not satisfy strict scrutiny, the Court struck down the Act in its entirety, not just as applied to Xavier Alvarez.

The same is true of *Reed v. Town of Gilbert,* 135 S.Ct., 2218 (2015). In *Reed*, Pastor Clyde Reed and the Good News Community Church wanted to advertise the time and location of their Sunday church services, but the town's sign code restricted where and when they could post their signs–imposing different restrictions based on the information a sign conveyed. *Id.* at 2224–25. Plaintiffs filed suit, "arguing that the Sign Code abridged their freedom of speech in violation of the First and Fourteenth Amendments." *Id.* at 2226. (The Ninth Circuit expressly found that Plaintiffs' challenge was "as applied." *Reed v. Town of Gilbert,* 587 F.3d 966, 974 (9th Cir. 2009), 707 F.3d 1057, 1062 (9th Cir. 2013)).

The Supreme Court held that the code provisions imposing more stringent restrictions on Plaintiffs' Sunday services' signs than on others were content-based regulations subject to strict scrutiny, which they failed: "We hold that these provisions are content-based regulations of speech that cannot survive strict scrutiny." *Reed*, 135 S.Ct. at 2224. It did not, as Defendant urges here, declare that the sign code provisions "may not be validly applied" against Pastor Reed and the Good

7

News Community Church; it struck the unconstitutional provisions down in their entirety.[3]

The same relief is warranted here. Applying strict scrutiny, this Court analyzed whether the Government had met its burden of showing that the statutes and implementing regulations were narrowly tailored to advance a compelling interest and were the least restrictive means of doing so. The answers to those inquiries did not depend upon circumstances and facts that were unique to the Plaintiffs' sexually explicit speech. This Court concluded that the Government had failed to satisfy its burdens under strict scrutiny and that the relevant portions of the statutes and regulations were, therefore, unconstitutional under the First Amendment.

Consequently, those unconstitutional provisions are unenforceable under the First Amendment–not because of their particular application to the Plaintiffs' specific expression but because the Government has failed to satisfy the constitutional demands it must meet to justify the content-based regulations at issue. *See* Fallon, 113 HARV. L. REV. at 1327–28. Having found as such, the Court should declare those portions of the law unconstitutional under the First Amendment and enjoin Defendant from enforcing them.

That is, in fact, the relief the Third Circuit contemplated if this Court determined the statutes failed under strict scrutiny. It wrote:

> In light of *Reed*, we determine that the Statutes are content based, and therefore require strict scrutiny review under the First Amendment. We will remand to the

---

[3] *See also, Sable Communications of California, Inc. v. F.C.C.,* 492 U.S. 115, 131 (1989); 692 F. Supp. 1208, 1210 (C.D. Cal. 1988) (affirming the district court's judgment enjoining enforcement of a provision of the Communications Act in dial-a-porn's challenge under the First Amendment because it failed to satisfy strict scrutiny); *Simon & Schuster, Inc. v. Members of the N.Y. State Crime Victims Bd.*, 502 U.S. 105, 123 (1991) (striking down New York's "Son of Sam" law in its entirety in Simon & Schuster's challenge to the law because it failed to satisfy strict scrutiny).

District Court to determine whether the ***Statutes*** withstand strict scrutiny.

*Free Speech Coalition, Inc. v. Attorney General United States*, 825 F.3d 149, 153 (3rd Cir. 2016)

(emphasis added). Later in its opinion, the Third Circuit clarified the issues on remand:

> The Government therefore has the burden of "prov[ing] that the restriction furthers a compelling interest and is narrowly tailored to achieve that interest." *Id*. at 2231. Because the record in this case was developed with an understanding that the Statutes were instead subject to the lesser standard of intermediate scrutiny, we will remand to the District Court so that it can determine whether the record requires further development and whether the ***Statutes*** survive strict scrutiny. By remanding for an application of strict scrutiny we are not "dooming" the Statutes as the dissent suggests. Nothing in our analysis dictates a conclusion that ***the Statutes will not (or will) pass strict scrutiny.***

*Id.* at 164 (emphasis added).[4]

*Belitskus v. Pizzingrilli*, 343 F.3d 632 (3d Cir. 2003) does not support a different result.

*Belitskus* involved a challenge to Pennsylvania's mandatory election filing fee by two Green Party

candidates–John Stith and Thomas Linzey– for state office under the Equal Protection clause.The

Third Circuit analyzed the competing interests between the states' inherent power to regulate

elections and the particular burdens the challenged fee imposed on the individual plaintiffs' access

to the ballot under the balancing test set forth in *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983)

for evaluating the equal protection claims. *Id.* at 643. It found that the mandatory fee severely

burdened the right to ballot access of Stith (who possessed $50 in campaign funds, personal savings

of $1,500 and student loans and credit card debt of $43,5000) and Linzey (for whom the payment

of the $200 fee would have caused his living expenses to exceed his adjusted gross income of

---

[4] In a footnote, the Court indicated that it was remanding the case for evaluation of the statutes under strict, as opposed to intermediate scrutiny, as well as for evaluation of Plaintiffs' overbreadth claims and the organizational Plaintiffs' associational standing, finding the level of scrutiny was relevant to those claims as well. *Id.* at 164 n.12.

$4,611). *Belitskus*, 343 F.3d at 640–41, 645. The court then weighed those burdens against the Commonwealth's justifications for the mandatory fee–regulating and limiting the number of candidates on the ballot and defraying election expenses–to conclude the fee, as applied to the two plaintiffs, violated the Equal Protection Clause. *Id.* at 647. The court's determination that the mandatory filing fee violated the plaintiffs' equal protection of laws in *Belitskus* was fact-specific.

The district court enjoined enforcement of the filing fee against the two plaintiffs "or other candidates who cannot afford to pay the filing fee." *Id.* at 650. The Third Circuit found that the district court erred in issuing an injunction that was broader than necessary. *Id.* It found that the district court "need only have enjoined the Commonwealth from enforcing the mandatory filing fee" against the plaintiffs during the November 2000 election and in any future election where they demonstrated hardship in paying it. *Id.*

The court held the remainder of the injunction was unnecessary:

> We also hold it is not necessary for the District Court to include language in an injunction preventing the Commonwealth from enforcing the challenged statute against "candidates who cannot afford to pay the filing fee" or "otherwise requiring candidates to pay a filing fee they cannot afford to appear on the ballot."....This language does nothing more than order the Commonwealth to obey the law as stated in *Bullock* [*v. Carter*, 405 U.S. 134 (1972) and *Lubin* [*v. Panish*, 415 U.S. 709 (1974)]. It therefore will be struck from the order.

*Id.*

Five years after *Belitskus*, the Third Circuit decided *Am. Civil Liberties Union v. Mukasey*, 534 F.3d 181 (3rd Cir. 2008), a case that fits more closely here. In *Mukasey*, numerous plaintiffs challenged the Child Online Protection Act (COPA) as an unconstitutional content-based regulation of speech on the grounds that it could not survive strict scrutiny, on its face and as applied,[5] and that

---

[5] *Am. Civil Liberties Union v. Reno*, 31 F. Supp. 2d 473, 479 (E.D. Pa. 1999)

it was unconstitutionally overbroad and vague.  *Id.* at 184. The district court found:

> COPA facially violates the First and Fifth Amendment rights of the plaintiffs because: (1) COPA is not narrowly tailored to the compelling interest of Congress; (2) defendant has failed to meet his burden of showing that COPA is the least restrictive and most effective alternative in achieving the compelling interest; and (3) COPA is impermissibly vague and overbroad.

*Id.* at 186. Accordingly, the district court:

> permanently enjoined the Attorney General and his officers, agents, employees, and attorneys, and those persons in active concert or participation with him who received actual notice of its order, from enforcing or prosecuting matters premised upon COPA at any time for any conduct.

*Id.*

The Third Circuit affirmed the district court's judgment. It concluded the Government had "not met its burden of showing that [COPA was] narrowly tailored so as to survive a strict scrutiny analysis and thereby permit [the court] to hold it to be constitutional." *Id.* at 197–98. Additionally, it found the Government had not shown that COPA was "the least restrictive alternative in effectuating COPA's purposes," and therefore, COPA failed the third prong of strict scrutiny. *Id.* at 204. While the court went on to find that COPA was also unconstitutionally overbroad and vague, the opinion makes clear that its finding under strict scrutiny by itself justified the district court's issuance of an injunction enjoining COPA's enforcement.  *Id.* at 207. It affirmed the district court's judgment enjoining Defendant from enforcing COPA "at any time for any conduct." *Id.*

Again, the same relief is warranted here. Although, unlike *Mukasey*, this Court did not find the statutes unconstitutionally overbroad, it concluded that the Government had failed to meet its burden of satisfying strict scrutiny with regard to portions of 18 U.S.C. §§ 2257, 2257A and their implementing regulations. Since those provisions are invalid, they must be struck down in their entirety and Defendant permanently enjoined from enforcing them.

II.   **WITHOUT THE GOVERNMENT'S AGREEMENT, THE COURT'S PROPOSALS FOR AMENDING THE COMPLAINT OR ENTERING INTO A STIPULATION REGARDING THE STATUTES' ENFORCEMENT ARE NOT WORKABLE ALTERNATIVES.**

The Court has proposed that the parties consider amending the Complaint to add language indicating Plaintiffs are suing on behalf of themselves and "all others similarly situated" or adding claims under FED. R. CIV. P. 23. It also proposed that the parties consider entering into a stipulation that the Government does not intend to take action against individual producers of sexually explicit expression on the issues in this case.

Plaintiffs followed up on the Court's suggestions and asked Government's counsel to clarify the Government's position on the Court's suggestions. Government counsel indicated that while she had not been able to discuss the issues with her superiors, her preliminary belief was that the Government would not be amenable to those proposals. As of this filing, the Government has not communicated any change regarding that belief.

While Plaintiffs appreciate the Court's efforts in proposing alternative solutions, their concern is if they pursue amending the Complaint to add language or claims under FED. R. CIV. P. 15 or 23 –absent the Government's agreement–entry of final judgment would be unduly delayed on collateral procedural issues in the face of the Government's likely opposition that would require briefing and resolution by the Court.

III.   **SUBMISSION OF A PROPOSED NEW LABELING REGULATION SHOULD BE DELAYED UNTIL ANY APPEALS ARE CONCLUDED.**

This Court requested an update on the status of discussions between the parties on submitting a new proposed regulation for labeling material subject to the statutes and said it would be open to approving a stipulation delaying the issue or agreeing that Defendant follow its usual procedures.

Plaintiffs' counsel also asked Government counsel about the Government's preference on

this issue. She indicated–again preliminarily without the opportunity to discuss it with her superiors–that she believed the Government's position with respect to the labeling regulation would be the same as that set forth in Defendant's Notice of Filing (Doc. 272). In that filing, the Government contended that it was within the Department of Justice's province, not the Court's, to promulgate new regulations and that the APA did not allow the Department to submit proposed regulations to the Court, or for the Court to require their submission. *Id.* at 9, *citing* the Administrative Procedure Act, 5 U.S.C. §§ 701–06.

In their proposed judgment entry, Plaintiffs, in an effort to comply with the Court's directive, did provide an outline of a new simple, straightforward labeling regulation. Memorandum Opinion (Doc. 267) at 57. *See* Plaintiffs' Judgment Entry (Doc. 271-1) at ¶ 3 (describing the proposed regulation as "requiring primary producers of visual depictions of actual and simulated sexually explicit conduct to affix a label to such visual depictions stating that all persons appearing in those depictions are 18 years of age or older").

But in light of the Government's position that the APA does not permit it to submit a proposed regulation to the Court, Plaintiffs contend the best option is to defer that issue until after any appeals are concluded.

July 30, 2018

   /s/ J. Michael Murray
J. MICHAEL MURRAY (0019626)
jmmurray@bgmdlaw.com
LORRAINE R. BAUMGARDNER (0019642)
lbaumgardner@bgmdlaw.com
BERKMAN, GORDON, MURRAY & DeVAN
55 Public Square, Suite 2200
Cleveland, Ohio  44113-1949
(216) 781-5245 / (216) 781-8207 (Facsimile)

KEVIN E. RAPHAEL (72673)
KER@Pietragallo.com

J. PETER SHINDEL, JR. (201554)
JPS@Pietragallo.com
PIETRAGALLO   GORDON   ALFANO
BOSICK
   & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, Pennsylvania 19103
(215) 320-6200 / (215) 981-0082 (Facsimile)

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2018, the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ J. Michael Murray
J. MICHAEL MURRAY (0019626)
LORRAINE R. BAUMGARDNER (0019642)
BERKMAN, GORDON, MURRAY & DeVAN

KEVIN E. RAPHAEL (72673)
J. PETER SHINDEL, JR. (201554)
PIETRAGALLO GORDON ALFANO BOSICK
 & RASPANTI, LLP

Attorneys for Plaintiffs