# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREE SPEECH COALITION, INC., et al.** | **CIVIL ACTION** |
| v. | **NO. 09-4607** |
| **HON. JEFFERSON B. SESSIONS, III** | |

## [DRAFT] FINAL JUDGMENT AND DECREE

AND NOW, this ___ day of July, 2018, for the reasons set forth in the Court's Memorandum Opinion of May 21, 2018 (ECF 267), it is hereby **ORDERED** as follows:

1. The Court having found that Plaintiffs Free Speech Coalition, et al., failed to meet their burden on their First Amendment facial overbreadth claim, the Court enters judgment in favor of Defendant Jefferson B. Sessions, III on Plaintiffs' First Amendment facial overbreadth challenge to 18 U.S.C. §§ 2257 and 2257A and their implementing regulations, 28 C.F.R. §§ 75.1, *et seq.*,

2. The First Amendment as-applied claims of Plaintiffs Free Speech Coalition and American Society of Media Photographers, to 18 U.S.C. §§ 2257 and 2257A and their implementing regulations, 28 C.F.R. §§ 75.1, *et seq.,* are dismissed for lack of standing.

3. With respect to the as-applied First Amendment challenges of the individual plaintiffs—Barbara Alper, Betty Dodson, Thomas Hymes, Marie L. Levine, Dave Levingston, Barbara Nitke, Carol Queen, Carlin Ross, Sinclair Institute, and David Steinberg (the "individual plaintiffs")—to 18 U.S.C. §§ 2257 and 2257A and their implementing regulations, 28 C.F.R. §§ 75.1, *et seq.,* the Court enters the following JUDGMENT IN FAVOR OF THE INDIVIDUAL PLAINTIFFS AND AGAINST DEFENDANT:

1

a. 18 U.S.C. §§ 2257 and 2257A and their implementing regulations, 28 C.F.R §§ 75.1, *et seq.,* are unconstitutional under the First Amendment as applied to the individual plaintiffs insofar as the individual plaintiffs act as secondary producers within the meaning of 28 C.F.R. § 75.l(c)(2). The Court hereby permanently enjoins Defendant, his agents, servants, employees, attorneys, and other persons acting in concert or participation with him from enforcing these statutes and regulations against the individual plaintiffs when they are acting as secondary producers within the meaning of 28 C.F.R. § 75.l(c)(2).

b. The record-keeping requirements set forth in 18 U.S.C. §§ 2257(a), (b)(3), (c), 2257A(a), (b)(3), (c) and 28 C.F.R. §§ 75.2-.4; and the associated criminal aspect set forth in 18 U.S.C. §§ 2257(f)(l)-(2), 2257A(f)(l)-(2) are unconstitutional under the First Amendment as applied to the individual plaintiffs. The Court hereby permanently enjoins Defendant, his agents, servants, employees, attorneys, and other persons acting in concert or participation with him from enforcing these statutes and regulations against the individual plaintiffs.

c. The labeling requirements set forth in 28 C.F.R. §§ 75.6, 75.8, and the associated criminal prohibitions set forth in 18 U.S.C. §§ 2257(f)(3), (f)(4); 2257A(f)(3), (f)(4), are unconstitutional under the First Amendment as applied to the individual plaintiffs. The Court hereby permanently enjoins Defendant, his agents, servants, employees, attorneys, and other persons acting in concert or participation with him from enforcing these statutes and regulations against the individual plaintiffs.

d. Except for prosecutions of primary producers for violation of the identification and age verification requirements of 18 U.S.C. § 2257(b) and 18 U.S.C. §

2

2257A(b), the criminal penalties set forth in 18 U.S.C. §§ 2257(i), 2257A(i) are unconstitutional under the First Amendment as applied to the individual plaintiffs.

4. With respect to all other aspects of the individual plaintiffs' as-applied claims under the First Amendment, including the individual plaintiffs' challenge to the age verification and identification requirements of 18 U.S.C. §§ 2257(b)(l)-(2), 2257A(b)(l)-(2) insofar as the individual plaintiffs act as primary producers within the meaning of 28 C.F.R. § 75.l(c)(l), and the individual plaintiffs' challenge to the imposition of criminal penalties pursuant to 18 U.S.C. §§ 2257(i), 2257A(i) for violation of these requirements, the Court enters JUDGMENT in FAVOR of Defendant and AGAINST the individual plaintiffs.

        **BY THE COURT:**

        _____
        **MICHAEL M. BAYLSON, U.S.D.J**