*UNITED STATES DISTRICT COURT*

EASTERN DISTRICT OF PENNSYLVANIA
3810 United States Courthouse
Sixth and Market Streets
Philadelphia, Pennsylvania 19106-1741
E-mail: Chambers_of_Judge_Michael_Baylson@paed.uscourts.gov

Chambers of
Michael M. Baylson
United States District Judge

Telephone (267) 299-7520
Fax (267) 299-5078

August 1, 2018

Via electronic mail

J. Michael Murray, Esq.
Lorraine R. Baumgardner, Esq.
Berkman, Gordon, Murray & Devan
55 Public Square
Suite 2200
Cleveland, OH 44113-1949

Kathryn Wyer, Esq.
Hector G. Bladuell, Esq.
James J. Schwartz, Esq.
Nathan Swinton, Esq.
U.S. Department of Justice Civil Division
20 Massachusetts Avenue
Washington, DC 20530

Kevin E. Raphael, Esq.
J. Peter Shindel, Jr., Esq.
Pietragallo Gordon Alfano Bosick & Raspanti LLP
1818 Market Street
Suite 3402
Philadelphia, PA 19103

      **Re:** *Free Speech Coalition v. Jefferson B. Sessions, III*
            **Civil Action No. 09-4607**

Dear Counsel:

    The Court will ask the following questions at the conference call scheduled for this afternoon. Please prepare any responses recognizing that there are only a few hours between this letter and the conference:

    1. In this case, Plaintiffs sought to have the Statutes declared facially unconstitutional, and also unconstitutional as applied. The Court has so far denied the facial attack, but has ruled that the Statutes are unconstitutional as applied. Is there any similar situation, involving multiple plaintiffs, where the Supreme Court or the Third Circuit have definitively ruled as to whether, in such a case, the court can or should not only enter judgment in favor of the plaintiffs, but also enjoin enforcement of the statute?

    2. Is it significant that in this case the Plaintiffs represent a very broad collection of individual approaches to adult pornography in terms of creativity, production, methodology, and practices?

    3. Can the Government identify any person involved in the adult pornography industry who would still be subject to prosecution given this Court's rulings?

Letter to Counsel
August 1, 2018
Page 2

    4.    Do the Plaintiff or the Government have any intention of seeking a ruling from a different district court based on the same facts present in this case?

    5.    A recent case that explored the difference between facial/overbreadth analysis, and as-applied analysis, is Knick v. Twp. of Scott, 862 F.3d 310 (3d Cir. 2017) (Smith, C.J.), in part citing a prior opinion in this case. Does that decision provide guidance for this Court in this case? Does it make any ruling that controls what relief this Court should grant?

    6.    Is the article by Professor Fallon a guidepost in interpreting many prior cases on these issues that this Court can or should follow?

    7.    Can I issue an injunction to enjoin the Government from enforcing the Statutes not only as to the Plaintiffs, but to others who are "similarly situated" on a theory of collateral estoppel, sometimes referred to as "one way estoppel"? Since the Court must rule in favor of the named Plaintiffs, this would include an injunction against the Government enforcing the statutes (and regulations) against them. Is there any additional provision that any Supreme Court case has approved in any analogous situation that would preclude further litigation against other persons "similarly situated"?

    8.    Are the Supreme Court decisions and relief granted in Citizens United v. FEC or Gill v. Whitford of value in answering these questions?

    Sincerely yours,

    Michael M. Baylson
    United States District Court Judge

MMB/lkd

O:\CIVIL 09\09-4607 Free Speech v. Holder\09cv4607 ltr to counsel 08012018.docx