IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., | ) Civil Action No. 2:09-4607 |
| Plaintiffs, | ) Judge Michael M. Baylson |
| v. | ) |
| JEFFERSON B. SESSIONS, III, Attorney General, | ) |
| Defendant. | ) |

## DEFENDANT'S SUPPLEMENTAL RESPONSE

At the telephonic conference held on August 1, 2018, the Court invited the parties to provide additional citations in connection with Question 1 of its list of questions circulated on August 1, 2018. Defendant hereby provides the following:

In *Gonzales v. Carhart*, 550 U.S. 124 (2007) , the Supreme Court reversed a permanent injunction that the district court had issued based on a facial challenge, brought by four individuals, to the Partial-Birth Abortion Ban Act, and emphasized that courts should not address facial challenges unnecessarily. *See id.* at 168 (""[a]s-applied challenges are the basic building blocks of constitutional adjudication") (quoting Richard H. Fallon Jr, *As-Applied and Facial Challenges and Third-Party Standing*, 113 Harv. L. Rev. 1321, 1328 (2000)). The Court also recognized that "[i]t is neither our obligation nor within our traditional institutional role to resolve questions of constitutionality with respect to each potential situation that might develop." *Id.*; *see also United States v. Raines,* 362 U.S. 17, 21 (1960) ("[I]t would indeed be undesirable for this Court to consider every conceivable situation which might possibly arise in the application of complex and comprehensive legislation." (internal quotation omitted)). As Justice

1

Stevens recognized in his concurrence in *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310 (2010), the Court has thus "cited Professor Fallon's article for the exact opposite point" from the one Plaintiffs have cited it to support. *See id.* at 404 n.10  (Stevens, J., concurring in part and dissenting in part).

In addition, in *United States v. Mendoza*, 464 U.S. 154 (1984), the Court explained its ruling that nonmutual collateral estoppel could not be asserted against the government by recognizing that, if a single district court were able to render a final decision on a legal issue, that would be binding across all jurisdictions, it "would substantially thwart the development of important questions of law by freezing the first final decision rendered," thus "depriv[ing] th[e] [Supreme] Court of the benefit it receives from permitting several courts of appeals to explore a difficult question before this Court grants certiorari." *Id.* at 160. This reasoning supports an understanding of the Supreme Court's statement in *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2306 (2016) ("Nothing prevents *this* Court from awarding facial relief as the appropriate remedy for petitioner's as-applied claims" (emphasis added)), that the Supreme Court was recognizing its *own* authority, as the final adjudicator of legal issues, without in any way suggesting that lower courts should award the same broad relief. Indeed, Defendant has not identified any lower court decision awarding facial relief for an as-applied claim based on the Supreme Court's statement in *Whole Woman's Health*. Moreover, *Mendoza*'s bar on non-parties' invocation of issue preclusion against the federal government is largely meaningless if the first party to obtain a favorable ruling against the government can obtain an injunction that extends to all non-parties who would otherwise be forced to relitigate the issue under *Mendoza*.

The Court's decisions in *Carhart* and *Mendoza* make clear, at the very least, that facial relief is not always appropriate. And this Court's Memorandum Opinion suggests that facial

relief is inappropriate here in connection with the individual plaintiffs' as-applied claims. The

Court made specific findings, informing its analysis, that may not be true in the case of other

producers of sexually-explicit images. For one thing, the Court found that the individual

plaintiffs incur "additional burdens" "with respect to the substantial proportion of their

performers who are clearly adults," and it found that, as a result, "[t]he universal record-keeping

requirement, as applied to Plaintiffs, is overinclusive." *FSC v. Sessions*, No. 09-4607, 2018 WL

2303071, at *29 (E.D. Pa. May 21, 2018). The Court also found that the individual plaintiffs

were all engaged in commercial production and that they were therefore likely to use model

releases, which could serve as a less restrictive alternative. *See id.* at *31. However, there likely

are producers that do not use a substantial proportion of performers who are clearly adults, and

there likely are producers who do not use model releases. An injunction that extends beyond the

individual plaintiffs would foreclose future consideration of such factual scenarios. Accordingly,

for these reasons and the reasons previously explained, relief that is broader than necessary to

remedy the injuries of the individual plaintiffs in this case is inappropriate, and any injunction

should be limited to the individual plaintiffs.


Dated this 2nd day of August, 2018.          Respectfully submitted,

                                             CHAD A. READLER
                                             Acting Assistant Attorney General
                                             WILLIAM M. MCSWAIN
                                             United States Attorney
                                             JOHN R. TYLER
                                             Assistant Director, Federal Programs Branch

                                             /s/ Kathryn L. Wyer
                                             NATHAN M. SWINTON
                                             KATHRYN L. WYER
                                             U.S. Department of Justice, Civil Division
                                             20 Massachusetts Avenue, N.W.

Washington, DC 20530
Tel. (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.1.2(8)(b), I hereby certify that the foregoing document has been filed electronically and is available for viewing and downloading from the ECF system.  I further certify that the foregoing document was served via ECF on counsel of record for plaintiffs in the above-captioned case.

Dated: August 2, 2018                          /s/
                                                               Kathryn L. Wyer

4