IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC., et al. | CIVIL ACTION |
| v. | NO. 09-4607 |
| HON. JEFFERSON B. SESSIONS, III | |

**MEMORANDUM -- FINAL JUDGMENT AND DECREE**

**Baylson, J.**                                                                                                          **August 3, 2018**

### I. Nature of this Action

This action, whose lengthy proceedings have been summarized in many prior opinions in this case, is a challenge to 18 U.S.C. §§ 2257 and 2257A, and their implementing regulations, 28 C.F.R. 75 *et seq.*, by numerous Plaintiffs involved in various ways with the production of adult pornography and sexually explicit imagery. The Third Circuit described the many Plaintiffs challenging the Statutes and regulations, and the many types of their explicit speech, as follows:

> Plaintiffs are Free Speech Coalition, Inc., "a trade association representing more than 1,000 member businesses and individuals involved in the production and distribution of adult materials"; the American Society of Media Photographers, a trade association representing photographers; Thomas Hymes, "a journalist who operates a website related to the adult film industry"; Townsend Enterprises, Inc., doing business as the Sinclair Institute, "a producer and distributor of adult materials created for the purpose of educating adults about sexual health and fulfillment"; Carol Queen, "a sociologist, sexologist, and feminist sex educator"; Barbara Nitke, "a faculty member for the School of Visual Arts in New York City and a photographer"; Marie L. Levine, also known as Nina Hartley, a performer, sex educator, and producer of adult entertainment; Betty Dodson, "a sexologist, sex educator, author, and artist"; Carlin Ross, "who hosts a website with Dodson providing individuals ashamed of their genitalia with a forum for anonymously discussing and posting images of their genitalia"; and photographers Barbara Alper, David Steinberg, and Dave Levingston.

Free Speech Coal., Inc. v. Attorney Gen. United States, 825 F.3d 149, 156 n.3 (3d Cir. 2016).

1

Subsequent to this Court's May 21, 2018 opinion dismissing Free Speech Coalition, Inc. and the American Society of Media Photographers for lack of standing, denying Plaintiffs' facial overbreadth challenge, and granting in part individual Plaintiffs' as-applied claims, see Free Speech Coal., Inc. v. Sessions, No. CV 09-4607, 2018 WL 2303071 (E.D. Pa. May 21, 2018), the Court requested that counsel attempt to agree on language for a proposed decree to effectuate the Court's rulings.

Counsel submitted separate proposed decrees to the Court. (ECF 271-1, 272-1). After the Court sent questions to counsel, counsel for the parties submitted memoranda of law in response. (ECF 273, 274). Following additional letters from the Court, the Court held a recorded telephone conference with counsel on August 1, 2018.

## II. Contentions of the Parties

The parties principally dispute the scope of the injunction. Plaintiffs ask this Court to enjoin all enforcement of the portions of the Statutes and regulations found to be unconstitutional, whereas Defendant requests that this Court issue an injunction forbidding Defendant from enforcing those same portions of the Statutes and regulations only as to the individual Plaintiffs.

Plaintiffs who raised a facial challenge in addition to their as-applied challenge, cite Richard H. Fallon, Jr., As-Applied and Facial Challenges and Third-Party Standing, 113 Harv. L. Rev. 1321, 1339 (2000) and the Supreme Court's citation of that law review article in Citizens United v. Fed. Election Comm'n, 558 U.S. 310, 331 (2010), that the portions of the Statutes for the proposition that "once a case is brought, no general categorical line bars a court from making broader pronouncements of invalidity in properly 'as-applied' cases." Thus, particularly because portions of the Statutes and regulations had been held unconstitutional as applied to so many

different types of producers of sexually explicit speech, the proper remedy, according to Plaintiffs, is to enjoin the relevant portions of the Statutes and regulations "across the board."

Defendant, who stresses that Plaintiffs did not prevail on their facial overbreadth claim, argues that "injunctive relief should be no broader than necessary to remedy the injuries of the plaintiffs asserting the claims at issue." (Def.'s Response to Court's Draft Judgment at 1, ECF 274). Defendant relies on Gill v. Whitford, 138 S. Ct. 1916, 1930 (2018) and Belitskus v. Pizzingrilli, 343 F.3d 632, 649-50 (3d Cir. 2003), cases relating, respectively, to electoral apportionment and ballot access, for this proposition. Thus, the proper remedy in this case, where the individual Plaintiffs prevailed on their as-applied claims but not on their facial overbreadth challenge, is an injunction barring enforcement of the relevant provisions of the Statutes and regulations simply against the individual Plaintiffs.

In a supplemental post-conference filing (ECF 277), Defendant asserts that the following additional authorities support of a decree binding only on the individual Plaintiffs.[1]

**United States v. Raines, 362 U.S. 17 (1960)**

In Raines, the United States filed suit under the Civil Rights Act of 1957 against local officials in Georgia for racial discrimination against African-Americans seeking to register to vote. 362 U.S. at 19. A provision of the act allowed them to do so:

---

[1] Defendant also provided additional information regarding United States v. Mendoza, 464 U.S. 154, 162 (1984), an immigration case holding that "nonmutual offensive collateral estoppel simply does not apply against the government." Defendant had first cited this case in response to the Court's question regarding the availability of collateral estoppel in this case. In Mendoza, which did not discuss the difference between facial and as-applied constitutional challenges, the Supreme Court held that "[a] rule allowing nonmutual collateral estoppel against the government in such cases would substantially thwart the development of important questions of law by freezing the first final decision rendered on a particular legal issue. Allowing only one final adjudication would deprive this Court of the benefit it receives from permitting several courts of appeals to explore a difficult question before this Court grants certiorari." 464 U.S. at 160.

> Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice which would deprive any other person of any right or privilege secured by subsection (a) …the Attorney General may institute for the United States, or in the name of the United States, a civil action or other proper proceeding for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order.

Id. at 19–20.  The district court dismissed the lawsuit, holding that the provision of the Act allowing the United States to initiate an action was unconstitutional on the grounds that the Act "allowed the United States to enjoin purely private action designed to deprive citizens of the right to vote on account of their race or color" and because "the statute on its face was susceptible of application beyond the scope permissible under the Fifteenth Amendment, it was to be considered unconstitutional in all its applications."  Id. at 20.  The Supreme Court, on direct review of the district court, reversed, holding that the complaint alleged state action in violation of the Fifteenth Amendment, and that the district court should not have struck down the portion of the Act on the basis of this complaint: "if the complaint here called for an application of the statute clearly constitutional under the Fifteenth Amendment, that should have been an end to the question of constitutionality."  Id. at 24-25.

**Gonzales v. Carhart, 550 U.S. 124 (2007)**

Carhart was a constitutional challenge to the Partial-Birth Abortion Act, which banned a type of abortion procedure.  Gonzales v. Carhart, 550 U.S. 124, 132 (2007).  District courts in Nebraska and California enjoined the Act as facially unconstitutional, in part because the Act did not contain exceptions for the health of the mother, and the Eighth and Ninth Circuits affirmed.

A five-justice majority of the Supreme Court reversed, holding that the Act was "not void for vagueness, [did] not impose an undue burden" on the ability of women to obtain abortions "from any overbreadth, and [was] not invalid on its face."  Id. at 147.  The Court discussed facial

4

and as-applied analysis, in the section of the opinion addressing exceptions, and held that "these facial attacks should not have been entertained in the first instance. In these circumstances the proper means to consider exceptions is by as-applied challenge." Id. at 167. The majority noted that the respondents had not "demonstrated that the Act would be unconstitutional in a large fraction of relevant cases. … It is neither our obligation nor within our traditional institutional role to resolve questions of constitutionality with respect to each potential situation that might develop." Id. 167–68. However, the majority considered the Act nevertheless open to "a proper as-applied challenge in a discrete case." Id. at 168.

### III. Recent cases: Whole Woman's Health and Knick

#### A. Whole Woman's Health v. Hellerstedt, 136 S. Ct. 2292 (2016)

One case about which the Court requested counsel's comments was Whole Woman's Health v. Hellerstedt, 136 S. Ct. 2292 (2016).

Whole Woman's Health was a post-enforcement challenge by two Texas abortion clinics to a state statute requiring physicians performing abortions to have admitting privileges at a local hospital and abortion facilities to meet the minimum standards for ambulatory surgical centers. 136 S. Ct. at 2299. Before the new law took effect, a group of Texas abortion providers had brought a facial challenge (not the action that became Whole Woman's Health) to the admitting privileges requirement of the law. Id. at 2300. Although the district court enjoined the admitting privileges requirement, the Fifth Circuit vacated the injunction three days later, and subsequently upheld the provision. Id. The plaintiffs did not seek certiorari. Id. at 2301.

After the law took effect, a group of abortion providers brought an as-applied challenge to the admitting privileges requirement as to two abortion facilities, and a facial challenge to the surgical center requirement. Id. After a bench trial, the district court granted the requested

injunction against the admitting privileges requirement as to the two abortion facilities, and enjoined the surgical center requirement statewide as unconstitutional.  Id.

The Fifth Circuit reversed, holding that the providers' challenges to both the admitting privileges and surgical center requirements were barred by res judicata except as to the two plaintiff abortion facilities, and that both provisions of the law were constitutional on the merits. Id. at 2303.  The Fifth Circuit held that "there could be no facial challenge to the admitting-privileges requirement" and that "res judicata prevented the District Court from granting facial relief to petitioners" because it was "improper to "facially invalidat[e] the admitting privileges requirement,'" as doing so "would 'gran[t] more relief than anyone requested or briefed.'"  Id. at 2304 (quoting Whole Woman's Health v. Cole, 790 F.3d 563, 580 (5th Cir. 2015) (alterations original)).

A five-justice majority of the Supreme Court reversed, holding that "res judicata neither bars petitioners' challenges to the admitting-privileges requirement nor prevents us from awarding facial relief."  Id. at 2304.  With respect to facial relief, the Court ruled as follows:

> The Court of Appeals also concluded that the award of facial relief was precluded by principles of res judicata. 790 F.3d, at 581. The court concluded that the District Court should not have "granted more relief than anyone requested or briefed." Id., at 580. But in addition to asking for as-applied relief, petitioners asked for "such other and further relief as the Court may deem just, proper, and equitable." App. 167. Their evidence and arguments convinced the District Court that the provision was unconstitutional across the board. The Federal Rules of Civil Procedure state that (with an exception not relevant here) a "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Rule 54(c). And we have held that, if the arguments and evidence show that a statutory provision is unconstitutional on its face, an injunction prohibiting its enforcement is "proper." Citizens United v. Federal Election Comm'n, 558 U.S. 310, 333 (2010); see ibid. (in "the exercise of its judicial responsibility" it may be "necessary ... for the Court to consider the facial validity" of a statute, even though a facial challenge was not brought); cf. Fallon, As–Applied and Facial Challenges and Third–Party Standing, 113 Harv. L. Rev. 1321, 1339 (2000) ("[O]nce a case is brought, no general categorical line bars a court from making broader pronouncements of invalidity in properly 'as-

6

applied' cases"). <u>Nothing prevents this Court from awarding facial relief as the appropriate remedy for petitioners' as-applied claims</u>. (Emphasis added.)

<u>Id.</u> at 2307. The Court went on to hold that res judicata did not bar the plaintiffs' challenge to the surgical center requirements, and found that both the admitting privileges and surgical center requirements were facially unconstitutional. <u>Id.</u> at 2310-18.

### B. <u>Knick v. Twp. of Scott</u>, 862 F.3d 310 (3d Cir. 2017)

<u>Knick</u> was a challenge to a town ordinance requiring cemeteries to be open to the public during daylight hours and allowing town officials to enter any property in the township and determine the existence of and inspect any cemetery. <u>Knick v. Twp. of Scott</u>, 862 F.3d 310, 315 (3d Cir. 2017).

After a town official entered the plaintiff's property without a warrant, the plaintiff challenged the ordinance violated the Fourth Amendment facially and as-applied, and amounted to an unconstitutional taking. <u>Id.</u> The district court dismissed the Fourth Amendment challenges with prejudice, and the Fifth Amendment challenge without prejudice pending exhaustion of state remedies. <u>Id.</u> at 316.

On appeal, the Third Circuit held that the plaintiff's rights had not been violated because the town official had searched an "open field" and the plaintiff lacked standing to bring an as-applied claim. <u>Id.</u> at 319. In response to the plaintiff's argument that she nonetheless possessed standing to bring a facial challenge, the panel discussed the distinctions between as-applied and facial challenges:

> As courts and commentators have recognized, those labels often introduce confusion, and "the distinction ... is not so well defined that it has some automatic effect." *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331, 130 S.Ct. 876, 175 L.Ed.2d 753 (2010); *see* Richard H. Fallon, Jr., *As-Applied and Facial Challenges and Third-Party Standing*, 113 Harv. L. Rev. 1321, 1336 (2000) [hereinafter Fallon, *As-Applied and Facial Challenges*] (arguing that facial and as-applied challenges are not "sharply categorically distinct"). Nonetheless, there

7

> are several points about the interaction between those concepts that we must clarify.
>
> As a general matter…there is no requirement that a facial challenge be accompanied by an as-applied challenge. *See, e.g.*, *Patel*, 135 S.Ct. 2443. Litigants with standing to challenge a law have considerable "flexibility ... to shape the issues in litigation." Richard H. Fallon, Jr., *Fact and Fiction About Facial Challenges*, 99 Cal. L. Rev. 915, 947 (2011). Litigants may argue that the law cannot be constitutionally applied to them due to some particular set of facts or circumstances (an as-applied challenge), that the law is unconstitutional in every application, including their own (a facial challenge), or both…
>
> Plaintiffs with standing to challenge a law may assert solely facial challenges, but in doing so they accept a higher substantive burden. As the Supreme Court has repeatedly intoned, facial challenges are "the most difficult ... to mount successfully" because the challenger "must establish that no set of circumstances exist under which the [statute] would be valid." *Patel*, 135 S.Ct. at 2449, 2450 (alterations in original) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). The Supreme Court has repeatedly discouraged litigants from asserting facial challenges—particularly where surveying the full range of possible applications is made difficult by a bare-bones record or a need for technical expertise.

Id. at 320–21 (some citations omitted). Thus, the plaintiff lacked standing to bring a facial Fourth Amendment challenge to the law because she had not suffered injury.

The panel distinguished the Third Circuit's ruling in an earlier opinion in this case: "in our recent decision in *Free Speech Coalition*, the plaintiffs demonstrated an imminent risk that they would be subjected to an allegedly unconstitutional inspection regime. 825 F.3d at 166-67. Their rights likewise turned on the facial validity of the law in question." Knick, 862 F.3d at 322.

Finally, the Third Circuit affirmed the district court's ruling that the takings claims were not ripe. Id. at 328.

### IV. Facial Challenge and Prayer for Relief in the Amended Complaint

In Paragraph 61 of the Amended Complaint (ECF 84), under Count I, Plaintiffs assert that the Statutes and Regulations are unconstitutional both facially and as applied. The facial

challenge to the Statutes' constitutionality, as pled in the Amended Complaint, was therefore not limited to a facial overbreadth theory, which was pled in Count III.

As in Whole Woman's Health, in their prayer for relief, Plaintiffs requested "[s]uch other legal and equitable relief to which Plaintiffs may appear entitled." Id. at 32.

### V. Rule 54(c)

Rule 54(c), F. R. Civ. P., provides, except for default judgments, that a final judgment "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." This broad grant of authority to enter an appropriate final judgment is relevant to the Court's decision.

### VI. Conclusion

For a number of independent reasons, the Court has decided to grant the form of relief as requested by the Plaintiffs. In the first place, this is not a single plaintiff case. In some of the cases the Defendant relies on, there have been only one or a few plaintiffs, and the facts alleged are common to all plaintiffs. Here, as noted above, there are numerous Plaintiffs, representing many different aspects of the adult pornography industry. The Plaintiffs could have, and perhaps should have, brought the case as a class action, but the absence of a class does not, as a matter of law, limit the Court's ability in issuing a final decree that is fair to the parties and represents the legal reasoning as set forth by this Court in several existing opinions, and in several opinions by the Third Circuit.

This entire litigation was supported by many different plaintiffs involved in basically all aspects of the adult pornography industry. The Plaintiffs include producers, performers, artists, promotors – and the trial testimony disclosed their activities in significant detail. Thus, the Court's decision, holding at least some aspects of the Statutes and regulations, invalid under the First Amendment, considered, in practical effect, a trial record concerning all aspects of the adult

pornography industry. Indeed, in the recent recorded telephone conference with counsel, Government counsel could not detail any aspect of the adult pornography industry that would be unaffected by this Court's ruling, and still be subject to valid and constitutional enforcement of all aspects of the Statutes in the future. In addition, the Third Circuit has already struck down one aspect of the Statute as unconstitutional under the Fourth Amendment, and although it did not enter a final judgment, the clear import of the Third Circuit's ruling was that the Government could not enforce the search and seizure provisions of the Statute against anyone, not just the individual Plaintiffs.[2]

This case has been pending for almost nine years, with several Third Circuit decisions. Several aspects of the Statute are still binding on the adult pornography industry, as reflected in the attached judgment, where the Court declined to award relief.

The leading law review article on the topic of court decrees in cases concerning facial or as-applied attacks on legislation, by Professor Fallon, cited above, has been frequently been quoted. He describes what is basically a doctrinal and jurisprudential quagmire, resulting from confusions in decisions of the Supreme Court and the Circuit Courts. This Court concludes, in its discretion, that there is no longer a strict dividing line between the relief that would be proper when a statute is facially unconstitutional, as opposed to a statute being declared unconstitutional "as applied." The Supreme Court has basically noted with approval many of the points made by Professor Fallon and the underlined sentence in the Whole Woman's Health case, above, gives this Court authority to enter the relief sought by Plaintiffs.

---

[2] The Third Circuit's judgment was filed on August 11, 2016. This Court entered a judgment on January 6, 2017 noting that the Third Circuit had found the search provisions "are facially unconstitutional under the Fourth Amendment." In that judgment, the Court only entered judgment in favor of Plaintiffs and against the Government as to this issue. However, at this time, in a final decree, the Court will also expand the prior judgment to include an injunction against enforcement by the Defendant.

The final decree is attached.

O:\CIVIL 09\09-4607 Free Speech v. Holder\09cv4607 Memorandum - Final Judgment and Decree.docx