IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK B. GARLAND, <br> Attorney General, <br><br> Defendant. | Civil Action No. 2:09-4607 <br><br> Judge Michael M. Baylson |

**DEFENDANT'S NOTICE OF SEPARATE PROPOSED AMENDED JUDGMENT**

Defendant respectfully attaches hereto a separate proposed amended judgment consistent with the Court of Appeals' opinion of September 1, 2020 ("Court of Appeals' Opinion"), *see Free Speech Coal. v. Attorney General* ("*FSC IV*"), 974 F.3d 408 (3d Cir. 2020). Following the status conference held on July 1, 2021, the parties conferred regarding the amendment of the Court's Final Judgment and Decree of August 3, 2018 ("2018 Judgment") [ECF No. 279] consistent with the Court of Appeals' Opinion. Although the parties agreed on several aspects of a proposed amended judgment, the parties disagreed regarding Plaintiff's proposal to omit Paragraph 6 of the 2018 Judgment, which states that "[e]ach party is to bear its own costs." *See* 2018 Judgment, at 3. As discussed in greater detail below, because the Court has already exercised its discretion to decline to award either party costs, and because nothing in the Court of Appeals' Opinion suggests that the Court's judgment on this issue should be revisited, Defendant proposes that the Court's amended judgment should retain the language in Paragraph 6 of the 2018 Judgment stating that each party is to bear its own costs.

It is well established that this Court has broad discretion in determining whether to award

1

costs. *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377–78 (2013) ("the decision whether to award costs ultimately lies within the sound discretion of the district court"); *Cruz v. Comm'r of Soc. Sec.,* 630 F.3d 321, 325–26 (3d Cir. 2010) ("[I]t is appropriate for a district court to exercise discretion in awarding or denying costs depending on the particular circumstances."). Where each party has prevailed on some claims, it is well within a court's discretion to order the parties to bear their own costs. *See Knit With v. Knitting Fever, Inc.,* No. CV 08-4221, 2016 WL 7384060, at *2 (E.D. Pa. Dec. 21, 2016) (citing cases); *see also Croker v. Boeing Co. (Vertol Div.*), 662 F.2d 975, 998 (3d Cir. 1981) (en banc) ("The particular circumstances of a case may permit a district court to refuse to award costs altogether . . . ."), *overruled on other grounds*, *Halderman v. Pennhurst State Sch. & Hosp.*, 673 F.2d 628, 644 (3d Cir. 1982) (en banc);  10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2668 (2011) (noting that the denial of costs to both sides "has been considered appropriate when neither side entirely prevailed, or when both sides prevailed").

      Here, the Court already concluded, when entering the original 2018 Judgment, that the parties should bear their own costs. *See* 2018 Judgment, at 3 (stating in Paragraph 6 that "[e]ach party is to bear its own costs"). The Court's conclusion was entirely appropriate under the circumstances of this case, where Defendant largely prevailed at trial, aspects of the judgment were overturned in light of intervening Supreme Court decisions, but the Court nevertheless continued to reject Plaintiffs' facial overbreadth claim under the First Amendment and also held that the two organizational Plaintiffs lacked standing to pursue as-applied First Amendment claims. *See FSC IV*, 974 F.3d at 417-19 (describing procedural history); *see also generally FSC v. Sessions*, 314 F. Supp. 3d 678 (E.D. Pa. 2018).

Nothing in the Court of Appeals' Opinion suggests a basis to revisit this Court's decision on costs. The Third Circuit again upheld the Court's judgment in favor of Defendant on Plaintiffs' facial overbreadth claim, *FSC IV*, 974 F.3d at 429, and also upheld the Court's ruling that the organizational plaintiffs lack standing to pursue as-applied First Amendment claims. *See id.* at 422. The Third Circuit did not address Plaintiffs' Fourth Amendment claim because that claim was not at issue in the appeal, *see id.* at 419 n.4, so the Court's prior judgment with respect to that claim remains unchanged.

And although the Third Circuit concluded that the age verification requirements, in addition to labeling and recordkeeping requirements, were unconstitutional as applied to the individual Plaintiffs, *id.* at 424, it also directed that the scope of this Court's injunction, with respect to the individual Plaintiffs' as-applied First Amendment claims, be significantly narrowed, vacating the nationwide injunction that the Court had issued and "remand[ing] for the entry of relief limited to the successful as-applied plaintiffs," *id.* at 431. On balance, the Court of Appeals' Opinion did not substantially expand the scope of relief to be granted Plaintiffs. Rather, if anything, the Opinion diminished the relief to be granted Plaintiffs by directing that this Court's modified injunction should not extend beyond the ten (now nine) individual Plaintiffs in the case. The Third Circuit also ordered, with respect to costs on appeal, that "[t]he parties shall bear their own costs." *See FSC IV*, Judgment (3d Cir. Sept. 1, 2020) [ECF No. 288]. Because the Third Circuit identified no basis to revisit the issue of costs, this Court should decline to do so.

Accordingly, the Court's amended judgment should retain language in its 2018 Judgment stating that each party is to bear its own costs. Defendant's proposed amended judgment, attached hereto, therefore includes this language in Paragraph 6.[1]

---

[1] The parties agreed that no changes to Paragraphs 1, 2, or 5 of the 2018 Judgment were

Dated this 28th day of July, 2021.	Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

*/s/ Kathryn L. Wyer*
KATHRYN L. WYER
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Washington, DC 20005
Tel. (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.1.2(8)(b), I hereby certify that the foregoing document has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that the foregoing document was served via ECF on counsel of record for plaintiffs in the above-captioned case.

Dated: July 28, 2021	/s/
	Kathryn L. Wyer

---

necessary. The parties also agreed that Paragraph 4 of Defendant's proposed amended judgment accurately reflects the Court of Appeals' Opinion with respect to the individual Plaintiffs' as-applied First Amendment claims.