# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREE SPEECH COALITION, INC., et al.** | CASE NO. 2:09-4607 |
| Plaintiffs, | JUDGE MICHAEL M. BAYLSON |
| -vs- | |
| **MERRICK B. GARLAND** Attorney General, | **PLAINTIFFS' NOTICE OF SEPARATE PROPOSED AMENDED JUDGMENT ENTRY** |
| Defendant. | |

This Court requested the parties to submit amendments to its Final Judgment Entry and Decree of August 3, 2018 (ECF 279) following remand by the Third Circuit. *Free Speech Coal. v. Attorney General*, 974 F.3d 408 (3rd Cir. 2020). While the parties are, for the most part, in agreement on those amendments, they disagree about whether the judgment entry should be amended to include an award of costs to Plaintiffs. Now that the litigation has concluded, Plaintiffs contend that, as prevailing parties, they are entitled to an award of the costs of bringing suit. Their proposed amended judgment entry, therefore, includes an order taxing the costs of the litigation to the Defendant.

Fed. R. Civ. P. 54 (d)(1) provides:

> Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law.

Title 28 U.S.C.A. § 2412 sets forth "the extent to which [costs are] are allowed by law" where, as here, the Attorney General in his official capacity is a party:

> (a)(1) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United

States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

After nearly twelve years of litigation, this case has finally come to a conclusion and, with it, the final resolution of Plaintiffs' challenges to the constitutionality of 18 U.S.C. §§ 2257 and 2257A and their implementing regulations, 28 C.F.R. §§ 75.1, *et seq*, under the First and Fourth Amendments.  On their Fourth Amendment claim, Plaintiffs' success was complete. 18 U.S.C. § 2257 (f)(5), 18 U.S.C. § 2257A (f)(5), as well as the portions of 18 U.S.C. 2257 (c) and 18 U.S.C. § 2257A (c) requiring recordkeepers to "make such records available to the Attorney General for inspection at all reasonable times," and 28 C.F.R. § 75.5 were struck down as unconstitutional on their face under the Fourth Amendment and their enforcement enjoined. *See* Defendant's Proposed Amended Judgment Entry (ECF 293-1, Para. 5); Plaintiffs' Proposed Amended Judgment Entry, Para. 5, attached. With respect to the as-applied claims of the individual Plaintiffs (Barbara Alper, Thomas Hymes, Marie Levine, David Levingston, Barbara Nitke, Carol Queen, Carlin Ross, Townsend Enterprises, Inc. dba Sinclair Institute, and David Steinberg) under the First Amendment, their success was likewise complete. The Third Circuit held that 18 U.S.C. §§ 2257 and 2257A and their implementing regulations, 28 C.F.R. §§ 75.1, et seq., were unconstitutional under the First Amendment in their entirety as applied to these Plaintiffs. In keeping with that finding, both parties agree that final judgment should be entered in their favor on those claims and that Defendant be permanently enjoined from enforcing the statutes and regulations against them in their entirety. Defendant's Proposed Amended Judgment Entry (ECF 293-1, Para. 4); Plaintiffs' Proposed Amended Judgment Entry, Para. 4, attached. Plaintiffs are, therefore, "prevailing parties" on these claims.

For purposes of awarding litigation expenses, a "prevailing party" is one who has succeeded on "any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit." *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (finding plaintiff entitled to fee award under 42 U.S.C. § 1988 in prevailing on one of its challenges to school's communication policy under the First Amendment, although unsuccessful on their other First Amendment challenges). The Court in *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, further clarified that a litigant need not prevail on every issue, or even on the central issue in the case, to be considered the prevailing party for purposes of an award of litigation expenses. 532 U.S. 598, 603 (2001).[1] Rather, the determining factor is whether plaintiffs have "receive[d] at least some relief on the merits of [their] claims." Id.

Here, Plaintiffs, received not just "some relief," but substantial relief on their claims. They succeeded on "significant issue[s] in the litigation" and achieved "the benefit [they] sought in bringing suit." As prevailing parties, they are entitled to an award of costs under Fed. R. Civ. P. 54(d)(1) and 28 U.S.C.A. § 2412.[2] Accordingly, they request the Judgment Entry include an order

---

[1] The D.C. Circuit has articulated a three-part test for determining whether a litigant is a prevailing party entitled to an award of expenses:

> (1) there must be a court-ordered change in the legal relationship of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief.

*Initiative & Referendum Inst. v. USPS*, 794 F.3d 21, 23–24 (D.C. Cir. 2015).

> Plaintiffs satisfy all three factors.

[2] *See Pearlstine v. United States*, 649 F.2d 194, 198–99 (3d Cir. 1981) ("[W]hen a district court determines that a prevailing litigant is not entitled to an award of costs, an explanation must be entered on the record.").

taxing the costs of the litigation to the Defendant.

                                               Respectfully submitted,

                                               /s/ J. Michael Murray
                                               J. MICHAEL MURRAY (0019626)
                                               jmmurray@bgmdlaw.com
                                               LORRAINE R. BAUMGARDNER (0019642)
                                               lbaumgardner@bgmdlaw.com
                                               BERKMAN, GORDON, MURRAY & DeVAN
                                               55 Public Square, Suite 2200
                                               Cleveland, Ohio  44113-1949
                                               Telephone: (216) 781-5245
                                               Fax:  (216) 781-8207

                                               *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The foregoing Plaintiffs' Notice of Separate Proposed Amended Judgment Entry was filed electronically on July 30, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ J. Michael Murray
J. MICHAEL MURRAY (0019626)
LORRAINE R. BAUMGARDNER
BERKMAN, GORDON, MURRAY & DeVAN

Attorneys for Plaintiffs