IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREE SPEECH COALITION, INC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK B. GARLAND, <br> Attorney General, <br><br> Defendant. | Civil Action No. 2:09-4607 <br><br> Judge Michael M. Baylson |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF SEPARATE PROPOSED AMENDED JUDGMENT**

Defendant respectfully submits this brief response to Plaintiffs' Notice of Separate Proposed Amended Judgment Entry [ECF No. 294] in order to address aspects of Plaintiffs' proposed amended judgment that Plaintiffs failed to share with Defendant during the course of the parties' discussions attempting to reach agreement on a joint proposed amended judgment. In particular, during the parties' discussions, Plaintiffs proposed that the Court's amended judgment should omit the paragraph in the Court's original Final Judgment and Decree of August 3, 2018 [ECF No. 279], that stated that "[e]ach party is to bear its own costs." *See* Defendant's Notice of Separate Proposed Amended Judgment [ECF No. 293], at 1 (describing Plaintiffs' position as it had been communicated to counsel for Defendant). Plaintiffs' filing, however, not only omits that paragraph but replaces it with a new paragraph that would order Defendant to pay costs without further briefing or consideration. *See* Plaintiffs' Proposed Amended Judgment [ECF No. 294-1] ¶ 6.

Plaintiffs' filing ignores the fact that this Court already considered and rejected the same

1

arguments Plaintiffs present now when the Court issued its original Final Judgment and Decree of August 3, 2018 ("2018 Judgment") [ECF No. 279].[1] Indeed, the Court already exercised its discretion to order the parties to bear their own costs. *See id.* This prior decision was well within the Court's discretion. *Croker v. Boeing Co. (Vertol Div.)*, 662 F.2d 975, 998 (3d Cir. 1981) (en banc) ("The particular circumstances of a case may permit a district court to refuse to award costs altogether . . . ."), *overruled on other grounds*, *Halderman v. Pennhurst State Sch. & Hosp.*, 673 F.2d 628, 644 (3d Cir. 1982) (en banc); 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2668 (2011) (noting that the denial of costs to both sides "has been considered appropriate when neither side entirely prevailed, or when both sides prevailed").

Plaintiffs present no new circumstance suggesting the Court should revisit its prior determination on this issue. Indeed, Plaintiffs fail to establish that the issue of costs is properly before the Court following remand, given that the issue was not raised on appeal; the Third Circuit did not vacate the portion of the 2018 Judgment ordering the parties to bear their own costs; and the Third Circuit's remand was solely in order for the Court's "entry of relief limited to the successful as-applied plaintiff," with respect to Plaintiffs' as-applied First Amendment claims, *Free Speech Coal., Inc. v. Attorney General*, 974 F.3d 408, 320 (3d Cir. 2020). *See Jones v. Pennsylvania State Police*, 794 F. App'x 177, 181 (3d Cir. 2019) (affirming District Court's rejection of arguments that "were outside the scope of the remand) (citing *Skretvedt v. E.I. DuPont*

---

[1] Plaintiffs included a similar paragraph taxing costs against Defendant in Plaintiffs' Submission of Their Proposed Final Judgment Entry filed on July 6, 2018 [ECF No. 271]. *See* Plaintiffs' proposed judgment [ECF No. 271-1], at 4. Defendant opposed inclusion of that paragraph in Defendant's response. *See* Defendant's Notice of Filing Separate Proposed Judgment ("Def. 2018 Reponse") [ECF No. 272], at 12-13. The Court ultimately issued a Final Judgment and Decree that rejected Plaintiffs' proposal, instead ordering that "[e]ach party is to bear its own costs." *See* 2018 Judgment ¶ 6.

*De Nemours*, 372 F.3d 193, 203 (3d Cir. 2004) ("We have consistently rejected ... attempts to litigate on remand issues that were not raised in a ... prior appeal and that were not explicitly or implicitly remanded for further proceedings.")). Moreover, there is little doubt that, had Plaintiffs challenged the Court's order that the parties bear their own costs, the Third Circuit would have affirmed the Court's decision on this issue. *See Interthal v. State Farm Fire & Cas. Co.,* 52 F. App'x 582, 583–84 (3d Cir. 2002) (where results were "mixed," "the District Court did not abuse its discretion in holding that each party should be responsible for its own costs").

The Court's amended judgment should, like its original judgment, order the parties to bear their own costs. But aside from the fact that there is no basis here even to revisit the issue, it would be particularly inappropriate here to include a statement in the amended judgment taxing costs against Defendant with no additional briefing or submission. As Defendant argued in opposition to Plaintiffs' original proposal, a party seeking costs must follow certain procedural steps that Plaintiffs have not followed here. *See* Def. 2018 Response, at 12-13; Local Rule 54.1. Here, moreover, any renewed consideration of costs would again have to consider whether taxation of costs is appropriate under the circumstances of this case, and whether costs should be taxed in favor of Defendant, at least on issues, such as Plaintiffs' First Amendment overbreadth claim, where Defendant prevailed. Thus, any taxation of costs at this point would be premature, even aside from the fact that Plaintiff's proposal is inconsistent with the Court's prior ruling.

Dated this 2nd day of August, 2021.              Respectfully submitted,

                                                   BRIAN M. BOYNTON
                                                   Acting Assistant Attorney General

                                                   BRIGHAM J. BOWEN
                                                   Assistant Director, Federal Programs Branch

                                               */s/ Kathryn L. Wyer*
KATHRYN L. WYER
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Washington, DC  20005
Tel. (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      Pursuant to Local Rule 5.1.2(8)(b), I hereby certify that the foregoing document has been filed electronically and is available for viewing and downloading from the ECF system.  I further certify that the foregoing document was served via ECF on counsel of record for plaintiffs in the above-captioned case.

Dated: August 2, 2021                          /s/
                                                    Kathryn L. Wyer